1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

STEVE TEIXEIRA,

Case No. 2:24-cv-1032

10

Plaintiff,

**NOTICE OF REMOVAL**

11

v.

**28 U.S.C. § 1446**

12
13
14
15

MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
MOZILLA FOUNDATION, a California public
benefit corporation; LAURA CHAMBERS and
her marital community; WINIFRED MITCHELL
BAKER and her marital community, and DANI
CHEHAK and her marital community.

Defendants.

16
17

TO:            Clerk of the Court

18

AND TO:     Plaintiff and their Counsel of Record:

19
20

PLEASE TAKE NOTICE that, for reasons set forth below, Defendants MOZILLA

21

CORPORATION a.k.a M.F. Technologies ("Mozilla"), LAURA CHAMBERS, WINIFRED

22

MITCHELL BAKER, and DANI CHEHAK (collectively "Defendants'"), through their

23

undersigned counsel, hereby remove the above-captioned matter from the Superior Court of the

24

State of Washington for King County to the United States District Court for the Western District

25

of Washington.  This Notice of Removal is filed pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332,

and 28 U.S.C. § 1367.

26

**I.      PROCEDURAL BACKGROUND**

1.      On or about June 13, 2024, Plaintiff Steve Teixeira commenced this action against

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

Defendants in the Superior Court of the State of Washington for King County, Case No. 24-2-14056-5 SEA.  Mozilla was served with the Complaint on June 13, 2024.  See Declaration of Anthony Todaro ("Todaro Decl."), ¶ 3.   A copy of Plaintiff's Complaint filed in this action in the Superior Court of the State of Washington for King County is attached hereto as **Exhibit A**.  A copy of all other process, pleadings, papers, and orders filed in this action in the Superior Court of the State of Washington for King County are attached hereto as **Exhibit B**.

2.      Mozilla Foundation, the other named defendant named in the Complaint, joins in this removal pursuant to 28 U.S.C. § 1446(b)(2)(A) and will separately file a Joinder in Defendants' Notice of Removal.

3.      Defendants are filing this Notice of Removal within thirty (30) days of receipt of the initial pleadings setting forth the claims for relief upon which the action is based.  Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1); *see also Edman v. Kindred Nursing Ctrs. W. LLC*, No. C14-1280 MJP, 2014 WL 11072013, at *1 (W.D. Wash. Nov. 19, 2014) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005)).

4.      In this action, Plaintiff asserts claims against Defendants under the following: (1) Washington Law Against Discrimination, (2) Washington Law Against Discrimination Retaliation, (3) Washington Law Against Discrimination Disclosure of Health Information, (4) False Light Defamation, (5) Violations of the Family and Medical Leave Act, (6) Paid Family and Medical Leave Interference, (7) Silenced No More Act, and (8) Declaratory Relief.

5.      The Superior Court of the State of Washington for King County is located within the Western District of Washington. 28 U.S.C. § 128(b).  Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

6.      A true and complete copy of this Notice of Removal is being served on Plaintiff, through counsel, and a Notice of Filing of Notice of Removal is being filed with the clerk of the Superior Court of the State of Washington for King County. *See* 28 U.S.C. § 1446(d).

7.      Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and documents filed in the state court action are being filed concurrently with this notice.  These documents consist of:

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

| Sub Number | Description |
|---|---|
| 1 | Employment Complaint |
| 2 | Order Setting Case Schedule - Civil |
| 3 | Case Information Cover Sheet |
| 4 | Summons |
| 5 | Summons |
| 6 | Summons |
| 7 | Summons |
| 8 | Summons |
| 9 | Affidavit / Declaration / Certificate of Service |

8.      Defendants have not taken any action to submit the merits of their defenses for a binding decision from the Superior Court of the State of Washington for King County, nor have they otherwise waived their right to remove this action.

9.      By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state and federal law, nor do Defendants concede that Plaintiff has stated any claim upon which relief may be granted.

10.      This action is properly removable under 28 U.S.C. § 1441 because 1) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 and 2) the action arises under the laws of the United States. *See* 28 U.S.C. §§ 1331-1332.

11.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13.      Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original

NOTICE OF REMOVAL - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

14.     Plaintiff's Complaint establishes that he is a resident of King County, Washington and is employed by Mozilla doing business out of Mozilla's Seattle office. *See* Compl., ¶¶ 1, 41.

15.     For purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant Mozilla is a California corporation with its principal place of business in San Francisco, California. *See* Compl., ¶ 2; Declaration of Matthew Becker In Support of Removal ("Becker Decl."), ¶ 2.

16.     Similarly, a nonprofit is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022).  Defendant Mozilla Foundation is a California public benefit corporation with 501(c)(3) status as a non-profit and is headquartered in San Francisco, California. *See* Compl., ¶¶ 7, 13.

17.     Defendant Laura Chambers is a resident of San Mateo County, California. *See* Compl., ¶ 4.

18.     Defendant Dani Chehak is a resident of Santa Clara County, California. *See* Compl., ¶ 5.

19.     Defendant Winifred Mitchell Baker is a resident of San Mateo County, California. *See* Compl., ¶ 6.

20.     Thus, there is complete diversity because Plaintiff is a citizen of Washington and Defendants are citizens of California.

## II.     THIS COURT HAS DIVERSITY JURISDICTION

21.     If there is complete diversity between the parties and the plaintiff's claim satisfies the $75,000 threshold, the district court may exercise jurisdiction over the claims. *See* 28 U.S.C. § 1367(a).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.,*

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

*LLC v. Owens*, 574 U.S. 81, 89 (2014).  A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate the amount placed in controversy by a plaintiff exceeds the jurisdictional minimum.  *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997).

22.     Plaintiff's Complaint is silent as to the total amount of damages.  However, a reasonable reading of Plaintiff's Complaint is sufficient to indicate that the sought-after relief exceeds the $75,000 threshold required under 28 U.S.C. Section 1332(a).

23.     "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Commc'ns., Inc*., 627 F.3d 395, 400 (9th Cir. 2010).  Defendants deny the validity and merits of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom.  However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, it is readily apparent that Plaintiff's claims establish an amount in controversy well in excess of the jurisdictional minimum of $75,000.

24.     To determine whether the minimum amount in controversy has been satisfied when no specific dollar amount has been prayed for, the Court must determine "if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than [$75,000]."  *Kitchen v. First Student Inc*., No. 3:20-cv-05658-RAJ, 2020 WL 6537527 at *1 (W.D. Wash. Nov. 6, 2020) (citing Local Rules W.D. Wash LCR 101(a)).  The Court must look at the damages that are claimed by the plaintiff and all other relief that a court may grant, should the plaintiff be victorious.  *See Barry v. Safeco Ins. Co. of Am*., No. C19-1946-JCC, 2020 WL 813998, at *2 (W.D. Wash. Feb. 19, 2020) (stating that such relief includes plaintiff's actual damage, statutorily authorized treble damages, and attorneys' fees).

25.     "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart*, 574 U.S. at 87.  If the plaintiff or the court questions a defendant's amount in

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

controversy allegation, removal is proper where the "district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  28 U.S.C. § 1446(c)(2)(B); *see also Singer v. State Farm Mut. Auto Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997).

26.     "Under [the preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *Kitchen*, 2020 WL 6537527 at *2.  *See also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

27.     A demand letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.  *See Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (holding that a demand letter for $100,000 was sufficient to support removal based on diversity jurisdiction).  In this instance, on May 13, 2024, Plaintiff sent Defendants a demand letter stating that Plaintiff's estimated damages would be in the mid-eight figure range (i.e., $10,000,000.00+).  *See* Todaro Decl., ¶ 3.

28.     In addition to relying on Plaintiff's statement in the demand letter, a review of the potentially recoverable damages asserted in the Complaint supports removal. Economic damages, non-economic damages, general damages, attorneys' fees, punitive damages, and injunctive relief are all included in determining the amount in controversy.  *See Anthony v. Sec. Pac. Fin. Servs., Inc*., 75 F.3d 311, 315 (7th Cir. 1996) (prayer for actual and punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Barry*, 2020 WL 813998, at *2 (treble damages and attorneys' fees included in determining amount in controversy).

29.     Plaintiff's Complaint alleges that Defendants' actions have resulted in lost wages, bonuses, benefits, participation in the executive long term incentive program, as well as non-economic damages and attorneys' fees and costs.  *See Compl*., ¶¶ 115, 116, 117, 136, 141, 144,

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

148.

30.     At this time, Plaintiff is earning a base salary of $500,000.  *See* Becker Decl., ¶ 5. Plaintiff's annual bonus target is 40% of his base salary.  *Id*.  His 2023 LTIP Award is $3,250,000. *Id*.

31.     While Plaintiff's employment has not been terminated and Plaintiff remains on paid administrative leave (*See Compl*., ¶ 92) and thus has not suffered any damages associated with termination, it is clear that, at a minimum, Plaintiff is proceeding under the theory that his earning potential has diminished, given his assertion that he was being positioned as the successor CEO of Mozilla.  *Id*. at  ¶¶ 24, 25, 26, 27, & 42.  If Plaintiff were to succeed under this theory, Plaintiff could recover front pay.  *See Weil v. Citizens Telecom Servs. Co., LLC*, No. C15-0835JLR, 2019 WL 5862965, at *2 (W.D. Wash. Nov. 8, 2019) (noting that Washington law dictates that employees "who prove claims of employment discrimination are entitled to back pay, front pay, or both so long as the employee establishes that his or her lost wages or earnings were caused by the discriminatory acts at issue."); 29 U.S. Code § 2617(a)(1)(A)(i)(I) (if Plaintiff were to succeed on his FMLA interference cause of action, he could potentially recover damages "equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation.")

32.     Even assuming *arguendo* that Plaintiff recovered front pay for six months at $500,000.01, he would recover $250,000.01, which is well above the $75,000 figure.  Of course, this only assumes that a promotion to CEO would be a .01 cent increase, which is highly unlikely, and does not take into consideration an increase in bonus or equity.

33.     This does not include emotional distress claims, which can significantly increase damage awards.  Indeed, specific jury awards in discrimination and retaliation employment cases in Washington indicate that verdict awards well in excess of the jurisdictional requisite have been awarded to plaintiffs in cases alleging discrimination and retaliation.  For example, the following juries awarded the plaintiff substantial fees in damages:

a.   *Brown v. King County*, No. 2:16-cv-01340, U.S. Dist. Ct., W.D. Wash., June 23,

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

2024-RAJ   Document 1   Filed 07/12/24   Page 8 of 12

2021, at ECF No. 137: $900,252 in damages ($671,300 of which were allocated to emotional distress) for a case involving discrimination under WLAD.

    b.   *Chen v. City of Medina*, No. 2:11-cv-02119, U.S. Dist. Ct. W.D. Wash., March 26, 2013: $2,012,944 in damages for a case asserting state and federal claims of discrimination.

34.    Additionally, if Plaintiff were to succeed on his claim under RCW 49.44.211 (Silenced No More Act), Plaintiff could recover "actual or statutory damages of $10,000, whichever is more…"

35.    Attorneys' fees may be included in determining the amount in controversy where recoverable by statute. *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 201-02 (1933); *Galt*, 142 F.3d at 1156. In the Ninth Circuit, future attorneys' fees through trial can be considered as well as attorneys' fees incurred through the filing of the Complaint. *Galt*, 142 F.3d at 1155. Because Plaintiff asserts claims under 49.60 RCW, 29 U.S.C. § 2617, 50A.40 RCW, and RCW 49.44.211, which authorize an award of reasonable attorneys' fees, Plaintiff's attorney fees are included in the computation of the $75,000 jurisdictional amount in controversy and will further increase the amount in controversy.

36.    Attorneys' fees can be significant in discrimination and retaliation cases. *See* Todaro Decl., ¶ 4. Fees are not limited to those accrued at the time of removal. *See Roe v. Teletech Customer Care Mgmt.* (CO), LLC, No. C07-5149 RBL, 2007 WL 1655172, at *4 (W.D. Wash. June 6, 2007).

37.    Based on Defendant's experience litigating similar labor and employment cases, Defendant estimates that Plaintiff's counsel will spend at least 100 hours litigating this case. Todaro Decl., ¶ 4. At a rate of $300 per hour, which is a reasonable amount in Seattle, Plaintiff will likely seek at least $30,000 in fees. *See e.g., Barabin v. AstenJohnson, Inc.*, No. C17-0597JLR, 2017 WL 4129655, at *2 (W.D.Wash., Sep. 15, 2017) (finding that the plaintiff's attorneys' rate of $325 per hour was reasonable for the Seattle legal community). Accordingly, $30,000 is an extremely conservative estimate of attorneys' fees in controversy for Plaintiff—and

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1    a fee request by his counsel would likely be significantly more if he were to prevail in this action.

2        38.    Based on Plaintiff's Complaint, there is no question that the amount-in-controversy

3    in this case exceeds $75,000.

4    **III.    THIS COURT HAS FEDERAL QUESTION JURISDICTION**

5        39.    In addition to diversity jurisdiction, this Court also has original jurisdiction under

6    28 U.S.C. § 1441(a) given Plaintiff's claim under the Family and Medical Leave Act ("FMLA"),

7    29 U.S.C. § 2601 *et seq.*

8        40.    The district courts of the United States have original jurisdiction over claims

9    "arising under the…laws…of the United States."  28 U.S.C. § 1331.  Under 28 U.S.C. § 1441(a),

10   a "civil action brought in a state court of which the district courts of the United States have original

11   jurisdiction" may be removed by the defendant to the "district court of the United States for the

12   district and division embracing the place where such action is pending."  Moreover, Ninth Circuit

13   courts have "broad adjudicatory authority" over matters arising under the laws of the United States.

14   *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012).

15       41.    Here, the Complaint asserts a civil action arising under the laws of the United

16   States, and thus raises a federal question appropriate for adjudication in district court.  *See*

17   *generally Currier v. First Magnus Fin. Corp.*, No. 3:11-cv-00132-RCJ-VPC, 2011 WL 4043423,

18   at *1 (D. Nev. Sept. 8, 2011) (noting that the "vast majority of cases brought under the general

19   federal-question jurisdiction of the federal courts are those in which federal law creates the cause

20   of action…" (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

21   Plaintiff's fifth cause of action alleges that Defendant interfered with Plaintiff's protected leave in

22   violation of the Family Medical Leave Act, a federal statute.

23       42.    To the extent Plaintiff's claims are also based upon Washington state law, the

24   district court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the state law claims

25   arise out of the same events and transactions between the parties.

26       43.    As the requirements of federal question jurisdiction are met, removal is proper

under 28 U.S.C. § 1331.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that the above-referenced action now pending in the Superior Court of the State of Washington for King County be removed therefrom in its entirety to this Court, as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Superior Court of the State of Washington for King County proceed no further unless and until the case is remanded.

Dated this 12th day of July, 2024.

DLA PIPER LLP (US)

By: *s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*s/ Alexandria Cates*
Alexandria Cates, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:    206.839.4800
E-mail:  anthony.todaro@us.dlapiper.com
E-mail:  alexandria.cates@us.dlapiper.com

*Attorneys for Defendants MOZILLA*
*CORPORATION a.k.a M.F.*
*TECHNOLOGIES, LAURA CHAMBERS,*
*WINIFRED MITCHELL BAKER, and DANI*
*CHEHAK*

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **<u>VERIFICATION</u>**

Pursuant to Western District of Washington Local Rule 101(c), the undersigned counsel for Defendants' MOZILLA CORPORATION a.k.a M.F. Technologies, LAURA CHAMBERS, WINIFRED MITCHELL BAKER, and DANI CHEHAK, hereby verifies that the pleadings and other documents attached hereto are true and correct copies of the pleadings and documents in the state court proceeding. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington, this 12th day of July, 2024.

*s/ Anthony Todaro*

Anthony Todaro, WSBA No. 30391

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Mathew L. Harrington<br>Amy K. Alexander<br>STOKES LAWRENCE, P.S.<br>1420 5th Avenue, 30th Floor<br>Seattle, WA 98101<br>E-mail: mat.harrington@stokeslaw.com<br>amy.alexander@stokeslaw.com<br><br>*Attorneys for Plaintiff Steve Teixeira* | ☐   Via Hand Delivery<br><br>☐   Via U.S. Mail<br><br>☑   Via E-mail<br><br>☑   Via the Court's<br>E-Service Device |
| Darren Feider, WSBA No. 22430<br>SEBRIS BUSTO JAMES P.S.<br>15375 SE 30th Pl., Suite 310<br>Bellevue, Washington 98007<br>T: 425 454-4233<br>F: 425 453-9005<br>E-mail: dfeider@sbj.law<br><br>*Attorneys for Defendant Mozilla*<br>*Foundation* | ☐   Via Hand Delivery<br><br>☐   Via U.S. Mail<br><br>☑   Via E-mail<br><br>☑   Via the Court's<br>E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 12th day of July, 2024

*s/ Jacey Bittle*
Jacey Bittle, Legal Administrative Assistant

NOTICE OF REMOVAL - 12

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800