Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>            Plaintiff,<br><br>   v.<br><br>MOZILLA CORPORATION, et al.,<br><br>            Defendants. | No. 2:24-cv-01032-RAJ<br><br>MINUTE ORDER |

      The clerk issues the following minute order by the authority of the Honorable Richard A. Jones, United States District Court Judge.

      This matter comes before the Court on the parties' stipulated motion to amend the case schedule. Dkt. # 24. Having reviewed the motion, and the files and pleadings herein, the Court DENIES the motion.

      The parties request a continuance of the trial date and remaining pretrial deadlines with a bare assertion that the parties are engaging in ongoing discovery efforts and that modifying the current pretrial schedule will allow the parties the necessary time to move through discovery efficiently and also conserve the Court's and the parties' resources.

      To obtain an amendment to a scheduling order, the movant must demonstrate good cause. Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met

MINUTE ORDER – 1

despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Adv. Comm. Notes (1983 amendment)). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).

On the record before it, the Court does not find good cause to amend the case schedule. Accordingly, the Court DENIES the parties' Motion to Amend Case Schedule without prejudice to being refiled with additional information to establish good cause.

Should the parties determine to file a renewed motion, they are advised the Court's next available date for trial is February 17, 2026. Further, the Court's calendar generally permits it to enter a decision on dispositive motions within 30 days. *See* Local Rules W.D. Wash. CR 7(b)(5). In order to permit the parties to consider the Court's decision on dispositive motions and plan for trial or an alternative resolution, the Court generally requires at least 30 days between the Court's decision and the trial date. For these reasons, the Court will rarely set the deadline for dispositive motions less than 90 days before the trial date.

DATED this 27th day of March, 2025.

RAVI SUBRAMANIAN,
Clerk of the Court

 */s/ Victoria Ericksen*
Deputy Clerk to Hon. Richard A. Jones

MINUTE ORDER – 2