Exhibit 1

HIS HONORABLE RICHARD A. JONES

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>   Plaintiff,<br><br>v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.<br><br>   Defendants. | Case No. 2:24-cv-1032-RAJ<br><br>**DEFENDANT MOZILLA CORPORATION RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

TO:  Plaintiff Steve Teixeira

AND TO: Plaintiff's Counsel of Record

  Defendant Mozilla Corporation a.k.a M.F. Technologies ("Defendant"), by and through their counsel of record, hereby responds to Plaintiff Steve Teixeira ("Plaintiff") First Set of Interrogatories and Requests for Production to Defendant Mozilla Corporation as follows:

## **GENERAL OBJECTIONS AND DEFINITIONS**

  The following General Objections shall be considered as made, to the extent applicable, in response to each of the Interrogatories and Requests, as if the General Objections were fully set forth in each such response, including those responses which also set forth specific objections.
DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 1
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1.     Defendant objects to each Interrogatory and Request to the extent that it seeks to impose obligations beyond those set forth by the Federal Rules of Civil Procedure.

2.     Defendant objects to each Interrogatory and Request to the extent that it calls for the production of documents or information containing trade secrets, proprietary information, confidential information and other competitively sensitive business or commercial information.

3.     Defendant objects to each Interrogatory and Request to the extent that it seeks privileged documents or privileged information, including, without limitation, documents or information that were prepared, generated, or received for or in anticipation of litigation, documents or information that constitute attorney work product, or documents or information that is protected by a claim of privilege or immunity, including, without limitation, the attorney-client privilege, common interest or joint defense privilege, or any other applicable privilege or immunity. Such documents or information shall not be provided in response hereto, and inadvertent disclosure shall not be deemed a waiver of any privilege, immunity or protection.

4.     Defendant objects to each Interrogatory and Request to the extent it is vague, ambiguous, compound, or does not describe the information sought with sufficient particularity.

5.     Defendant's responses to Plaintiff's Interrogatories and Requests are based on information presently available to Defendant. Defendant reserves the right to supplement and/or amend these responses or to supply additional documents at a later time, if further information becomes available in the course of Defendant's diligent inquiries, through discovery or otherwise. These responses should not be construed as, and do not constitute a waiver of, Defendant's rights to prove additional facts at trial.

6.     Defendant objects to each Interrogatory and Request to the extent it is unduly burdensome, oppressive, or harassing.

7.     Defendant objects to each Interrogatory and Request to the extent that it is overly broad and not limited in time or scope.

8.     To the extent that Defendant states that it will identify or produce documents responsive to the Requests, this is an indication that Defendant has used reasonable diligence to

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 2
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

locate the requested documents it believes, in the exercise of reasonable business and technological usage, are relevant, responsive, and non-privileged. To the extent Plaintiff required Defendant to do more than the foregoing, Defendant objects to each and every Request on the ground that it would subject Defendant to oppression, harassment, and undue burden.

## ANSWER TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person involved in considering or approving changes to Plaintiff's job title, job duties, or employment status from October 1, 2023 to the present. For each person, describe their involvement in each proposed or enacted change, and state whether this person was a decisionmaker.

**ANSWER TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Defendant also objects to this Interrogatory on the grounds that the phrase "considering" is vague and ambiguous, thereby making it unduly burdensome for Defendant to provide a response. Without waiving the objections, Defendant responds as follows:

Mitchell Baker: Ms. Baker was the decisionmaker and had the authority to approve changes to Plaintiff's job title, job duties, and employment status from October 1, 2023 through February 8, 2024, the date on which she resigned as the Company's CEO.

Laura Chambers: Ms. Chambers is the decisionmaker and has the authority to approve changes to Plaintiff's job title, job duties, and employment status from February 8, 2024 through the present.

**INTERROGATORY NO. 2:** Identify individuals who have taken a leave of absence in the last ten years and were eligible for a bonus award pursuant to an Executive Individual Achievement Plan or other bonus plan then in effect. For each individual, state the reason for leave and the percentage of bonus award that individual received for the year(s) in which the individual took leave.

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 3
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**ANSWER TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Defendant also objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. Additionally, this Interrogatory is overbroad in time and scope. Further, this Interrogatory asks for information relating to Defendants' employees, regardless of their relation to Plaintiff's allegations in the Complaint. Defendants also object to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges.

**INTERROGATORY NO. 3:** Identify individuals who have taken a leave of absence for their own health condition in the last five years, the date(s) of leave, and the starting and ending dates of employment.

**ANSWER TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Defendant also objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. Additionally, this Interrogatory is overbroad in time and scope. Further, this Interrogatory asks for information relating to Defendants' employees, regardless of their relation to Plaintiff's allegations in the Complaint. Defendants also object to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges.

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 4
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**INTERROGATORY NO. 4:** State the reason Mozilla placed Plaintiff on administrative leave on May 23, 2024.

**ANSWER TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Without waiving the objections, Defendant responds as follows:

Plaintiff was placed on an administrative leave in an effort to provide the parties time to determine whether (or under what circumstances or pursuant to what terms and conditions) the parties could enter into a mutually acceptable agreement regarding Plaintiff's separation from employment with Mozilla and the disputes that had arisen between the parties, as Plaintiff had expressed a desire to reach such an agreement at that time.

**INTERROGATORY NO. 5:** Identify all instances that Plaintiff was informed that his performance at Mozilla Corporation did not meet expectations. For each instance, identify the date it occurred, the individuals present, and the nature of the feedback.

**ANSWER TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Without waiving the objections, Defendant responds as follows:

- On July 31, 2023, Ms. Baker emailed Plaintiff in response to a slide deck that Plaintiff prepared for an upcoming Board meeting, which provided an update on the Product team's MozSocial/Pocket work. Ms. Baker stated that there was a voice missing in the work and asked Plaintiff to add more regarding Pocket's value proposition and how Pocket's value remails vital. She also noted that the Product team was not meeting the KPI's for desktop usage and asked what Product was doing to change this.

- On August 1, 2023, Baker sent Plaintiff a second email, stating that she had time to further

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 5
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

review the slide deck, and noting that the deck was not as she expected because she thought that the new project was going to be "pocket with social features" and not a "broad-based TBD social product with a content platform using some of pocket's capabilities."

- On August 25, 2023, Board member Hugh Molotsi met with Plaintiff to discuss the Board's concerns that Plaintiff had not discussed or vetted the MozSocial strategy with anyone and to discuss concerns that had been raised by the Board about Plaintiff's leadership strategy. At this meeting, Molotsi specifically informed Plaintiff that he was very concerned about Plaintiff's MozSocial proposal and he provided insight into what Plaintiff needed to do to make the proposal more compelling.
- At the August all-hands meeting, Board member Kerry Cooper met with Plaintiff and explicitly told Plaintiff that she would never invest in MozSocial as it had been laid out. She asked Plaintiff to create a ten-page business plan.
- On August 23, 2023, Ms. Cooper sent Plaintiff an email documenting their conversation.
- On September 11, 2023, Ms. Baker traveled to Plaintiff's home in Redmond, Washington to discuss MozSocial, communications with the Products team, Product's strategy and planning, and personal growth. At this meeting, Plaintiff was told that Product was not ready to support a transition into the President role (the role that Plaintiff would have to succeed in before he had any chance of becoming CEO). Ms. Baker told Plaintiff that Product needed to be more robust (focusing on structure and leadership) and successful (end results).
- On September 23, 2023, after Plaintiff noted that he did not feel great about the September 11th meeting, Plaintiff and Ms. Baker met again to discuss his future at the Company. Ms. Baker made clear that Plaintiff would need to make improvements and demonstrate success within MozProd before he would be considered for any other role.
- On February 2, 2024, Ms. Chambers flew to Seattle for Plaintiff's first day back following his leave. Ms. Chambers planned to get Plaintiff up to speed on what he missed and walk through her concerns about the state of the Products team. Their conversation included

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 6
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1         problem areas that needed to be addressed.

2 - February 6, 2024: Dani Chehak had a conversation with Plaintiff regarding his behavior the previous day where he undermined the Company's reorganization plan. During this meeting, Ms. Chehak told him that he damaged his relationship with the steering committee. He was told that he needed to own the reorganization message and that the decision to engage in a reorganization in the first place had been a result of his actions that occurred well before the previous three months. He was told that it was clear that he didn't want to be a part of the reorganization message, and if he didn't, he could delay the return from his leave until the end of February. If he didn't want to take that option, he needed to "commit to a significant change in your behavior and your approach" regarding the reorganization.

- March 21, 2024: Ms. Chambers sent Plaintiff his 2023 performance review and asked Plaintiff if he would like to discuss. He responded, stating, "there is nothing here that is going to be productive to discuss."

- Defendant also refers to communications and documents discussing Plaintiff's performance, which will be produced in response to Plaintiff's First Set of Requests for Production of Documents.

**INTERROGATORY NO. 6:** Describe all Communications with Plaintiff relating to any accommodations requested by Plaintiff or relating to all instances in which Plaintiff notified you, whether express, formal, or otherwise, of a potential disability or potential need for a disability accommodation.

**ANSWER TO INTERROGATORY NO. 6:**

        Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Without waiving the objections, Defendant responds as follows:

        On October 3, 2023, Plaintiff informed Defendant that he was diagnosed with cancer. He

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 7
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

requested that he take medical leave in late October/early November 2023, which was granted. Plaintiff returned from leave on or around February 1, 2024. On April 2, 2024, Plaintiff informed Defendant that his cancer spread and that he wanted to take on a smaller role. Plaintiff later said he would like to have the new role finalized and communicated prior to his surgery on April 26, 2024. In the days and weeks that followed, Plaintiff had numerous conversations with Ms. Chambers about the new role. Plaintiff and Ms. Chambers created a document memorializing their conversations, which Plaintiff himself edited. On April 16, 2024, Plaintiff asked Ms. Chambers if they were ready to start "expanding the tent of who is in the know" about the new role.

Defendant also refers to communications and documents discussing Plaintiff's accommodations, which will be produced in response to Plaintiff's First Set of Requests for Production of Documents.

**INTERROGATORY NO. 7:** Describe in detail how Defendant trained its employees regarding discrimination, retaliation, and use of medical leave between January 1, 2022 and May 23, 2024.

**ANSWER TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Without waiving the objections, Defendant responds as follows:

Mozilla uses a third-party vendor, Everfi, to train its employees. Mozilla requires bi-annual or annual training on discrimination and retaliation, depending on an employee's location. After an employee begins employment with Mozilla, they receive an invitation to complete the course and have 60 days to do so. The course was initially rolled out in September 2021. Those required to take the course annually also were issued the course in October 2022. Mozilla launched the bi-annual training again in October 2023 for all current employees.

The training takes 90-120 minutes to complete. Employees are given a copy of Mozilla's Policy Against Harassment, Discrimination and Retaliation and Mozilla's Open Door Policy during the training (which are also located on the Company's intranet, Confluence). All employees are required to take the supervisor level course regardless of their level of employment.
DEFENDANT MOZILLA CORPORATION'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 8
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** All Documents regarding or related to your response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. Without waiving the objections, Defendant responds as follows: Defendant will produce documents relevant to this request (if any).

**REQUEST FOR PRODUCTION NO. 2:** All documents from January 2022 to the present related to or regarding the hiring, transition, succession, or removal of individuals as Mozilla CEO, including but not limited to correspondence with members of the Mozilla and Mozilla Foundation boards of directors.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, information regarding the hiring, terms, or or removal of any individual from the CEO position is not relevant to Plaintiff's claims or defenses. Defendant also objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Defendant objects to this Request on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Without waiving the objections, Defendant responds as follows:

Defendant will produce documents from January 2022 to the present regarding Plaintiff's hiring and potential transition to and/or succession to the CEO position.

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 9
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**REQUEST FOR PRODUCTION NO. 3:** All Communications sent via internal messaging platforms such as Slack that mention or relate to Plaintiff from July 1, 2023, to the present.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, communications that merely mention or relate to Plaintiff are over encompassing and will not necessarily relate to claims or defenses. Defendant also objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Finally, Defendant objects to this Request on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Without waiving the objections, Defendant responds as follows:

Defendant will agree to produce certain custodian communications in Defendant's possession and control sent via Defendant's Slack systems from July 1, 2023 to the present that contain search terms agreed to by Plaintiff and Defendant.

**REQUEST FOR PRODUCTION NO. 4:** All Communications to or from Dani Chehak that mention or relate to Plaintiff from May 1, 2022 to the present.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, communications that merely mention or relate to Plaintiff are over encompassing and will not necessarily relate to claims or defenses. Defendant also objects to this Request on the grounds that it seeks information protected by the attorney-

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 10
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

client privilege, work-product doctrine, and/or other applicable privileges. Finally, Defendant objects to this Request on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Without waiving the objections, Defendant responds as follows:

Defendant will agree to produce non-privileged communications in its possession to or from Dani Chehak that mention or relate to Plaintiff from May 1, 2022 to the present that contain search terms agreed to by Plaintiff and Defendant.

**REQUEST FOR PRODUCTION NO. 5:** All Documents containing an assessment, evaluation, discussion of, or comment on the job performance of Plaintiff.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, this request is not limited to certain individuals or limited to a particular date range. Defendant also objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Finally, Defendant objects to this Request on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Without waiving the objections, Defendant responds as follows:

Defendant will agree to produce certain non-privileged custodian documents in Defendant's possession and control that contain search terms agreed to by Plaintiff and Defendant regarding Plaintiff's performance.

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 11
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**REQUEST FOR PRODUCTION NO. 6:** Produce all reports, memoranda, and assessments from Tiangay Kemokai Law, P.C. to Mozilla from January 1, 2023 to the present.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. The information sought by this Request is not relevant to Plaintiff's claims or Defendant's defenses.

**REQUEST FOR PRODUCTION NO. 7:** Produce Defendant's policies and procedures from August 1, 2022 to the present regarding discrimination, harassment, and retaliation, including any policy related to the Washington Law Against Discrimination and other discrimination acts.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Without waiving the objections, Defendant responds as follows:

Defendant will produce all non-privileged policies and procedures from August 1, 2022 to the present regarding discrimination, harassment, and retaliation.

**REQUEST FOR PRODUCTION NO. 8:** Produce copies of all Employee Handbooks in effect during Plaintiff's employment.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Without waiving the objections, Defendant responds as follows:

Defendant is unable to comply with this request because an Employee Handbook does not exist.

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 12
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**REQUEST FOR PRODUCTION NO. 9:** Produce all Communications to or from Defendant Winifred Mitchell Baker from January 1, 2015 to the present containing the search term "cancer."

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, this request seeks communications from January 1, 2015 to the present, which encompasses a period of approximately seven years before Plaintiff began working for the Company. Finally, Defendant objects to this Request on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Dated this 10th day of September, 2024

DLA PIPER LLP (US)

By: *s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*s/ Alexandria Cates*
Alexandria Cates, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:   206.839.4800
E-mail: anthony.todaro@us.dlapiper.com
E-mail: alexandria.cates@us.dlapiper.com

*Attorneys for Defendants MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES, LAURA CHAMBERS, WINIFRED MITCHELL BAKER, and DANI CHEHAK*

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 14
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

# CERTIFICATION

The undersigned attorneys for Defendant Mozilla Corporation have read the foregoing Interrogatories and Requests for Production, and Defendant's answers and responses thereto, and states that they are in compliance with applicable Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington, this 10th day of September, 2024.

*s/ Anthony Todaro*
Anthony Todaro, WSBA No 30391
Alexandria Cates, WSBA No. 53789
Attorneys for Defendants Mozilla Corporation, Laura Chambers, Winifred Michell Baker, and Dani Chehak

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 15
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Docusign Envelope ID: 5ED024AD-8752-4F62-9A4B-C82C796A1B22

## VERIFICATION

I, Laura Chambers, the Chief Executive Officer of Mozilla Corporation a.k.a M.F. Technologies, declare under penalty of perjury under the laws of the State of Washington that I have read the foregoing answers and responses to Plaintiff's First Set of Interrogatories and all of the answers and responses are true and correct to the best of my knowledge and belief.

DECLARED this __13__ day of September, 2024.

*Signed by:* Laura Chambers
BE20951752E2449

Mozilla Corporation a.k.a M.F. Technologies

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 17
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, I caused a true and correct copy of the foregoing to be served on the following in the manner indicated:

| | |
|---|---|
| Amy Alexander<br>Mathew Harrington<br>STOKES LAWRENCE, P.S.<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA 98101-2393<br>Telephone: (206) 626-6000<br>Fax: (206) 464-1496<br>Amy.alexander@stokeslaw.com<br>Mathew.Harrington@stokeslaw.com<br>laura.smith@stokeslaw.com<br>sarah.armon@stokeslaw.com<br>Maricarmen.Perez-Vargas@stokeslaw.com<br>anna.armitage@stokeslaw.com<br><br>*Attorneys for Plaintiff Steve Teixeira* | ☐ Via Hand Delivery<br><br>☐ Via U.S. Mail<br><br>☒ Via Email<br><br>☐ Via the Court's CM/ECF System |
| Darren A. Feider<br>Amanda V. Masters<br>SEBRIS BUSTO JAMES<br>15375 SE 30th Pl., STE 310<br>Bellevue, Washington 98007<br>dfeider@sbj.law<br>amasters@sbj.law<br>epruzinsky@sbj.law<br>kmarchenko@sbj.law<br><br>*Attorneys for Defendant Mozilla Foundation* | ☐ Via Hand Delivery<br><br>☐ Via U.S. Mail<br><br>☒ Via Email<br><br>☐ Via the Court's CM/ECF System |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 10th day of September, 2024.

                                           *s/ Jacey Bittle*
                                           Jacey Bittle, Legal Administrative Assistant

DEFENDANT MOZILLA CORPORATION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 17
Civil Case No. 2:24-cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800