# Exhibit 6

# Anna Armitage

| | |
|---|---|
| **From:** | Cates, Alexandria <Alexandria.Cates@us.dlapiper.com> |
| **Sent:** | Friday, January 24, 2025 5:07 PM |
| **To:** | Maricarmen Perez-Vargas; Amy K. Alexander; Laura Smith |
| **Cc:** | Mathew Harrington; Sarah Armon; Anna Armitage; Charlotte Edwards; Bittle, Jacey; McFadden, Robert; Darren Feider; Todaro, Anthony; Katie Marchenko; Beth Touschner |
| **Subject:** | RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses |
| **Attachments:** | Mozilla Response to Plaintiff's Meet and Confer re Discovery_ Set One.pdf |

Hi Maricarmen,

Please see our attached correspondence. Our responses to the ESI search term chart will follow on Monday.

Thanks,
Alex

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Wednesday, January 22, 2025 4:24 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex and Anthony,

Thank you for meeting and conferring yesterday. We're following up to summarize the agreements we came to and action items:

Mozilla Corporation Requests

- Mozilla clients have not been asked to consider potentially responsive documents within ESI outside of those identified by search terms. You agreed to ask your client to do this in light of Mozilla's obligation to

1

- conduct a reasonable search for information within its possession and control, not just information that contains specific terms.
- You explained that Slack was imaged on May 15, 2024, and captured all Mozilla Slack messages dating back six months (back to December 15, 2023). At some unknown time, Mozilla updated its Slack subscription to retain information longer and potentially filter by custodians. **You agreed to ask your client when Mozilla updated Slack and how the update changed things (e.g., how long slack messages are retained now and whether it is possible to filter by custodian)**.
    - Separately, we will provide Mozilla with a list of Slack custodians we would like included in searches. We agreed Mozilla would be able to accomplish this by including the Slack usernames/handles of particular individuals in combination with the search terms to identify Slack conversations in which the individuals participated. **Mozilla will then report an updated hit count for Slack data. We will provide these custodians by the end of this week**.
- You stated that at this point, Mozilla is not withholding any documents based on its objections to discovery requests. **Mozilla committed to informing Plaintiff if it ultimately withholds any responsive information based on any of its objections, and to explain why information is being withheld**.
- As to RFPs 1, 2, 5, and 6, Mozilla Corporation will run agreed searches and you will ask your client if they are aware of anything that is not captured by the terms but is responsive.
- Mozilla agreed to define "considering" in Rog 1 to be limited to any individual who had the ability to affect changes to Plaintiff's job title, duties, or employment status and anyone who was consulted by those individuals. **Mozilla Corporation will accordingly supplement if needed. Mozilla Corporation will also provide the descriptions requested in Rog 1, which were omitted from its responses**.
- Mozilla provided that conversations identified in response to Rog 5 were 1:1 conversations.
- Mozilla provided that its response to Rog 7 is complete.
- **The parties are at an impasse as to the scope of RFP 2**. Mozilla will not provide information about the transition of individuals into or out of the CEO role that do not directly involve Plaintiff. Mozilla maintains this information is irrelevant. Plaintiff explained that the performance, timeline, and nature of Ms. Baker's long-planned exit from the CEO position is directly relevant to the long-planned transition of Plaintiff into that position. Further, whether and who else Mozilla was considering for the CEO position, and when, is probative of whether Plaintiff was removed from consideration due to his cancer or due to a competitive process. Plaintiff will move to compel this information as it is directly relevant to the scope of the search and the circumstances under with Plaintiff was considered.
- As to RFP 3, Mozilla Corporation's concerns may be addressed by limiting Slack searches to identified custodians per the process outlined above. **Mozilla Corporation will follow up to confirm it will search through the date of Plaintiff's termination this week**.
- As to RFP 4, Mozilla Corporation will confirm the timeline of its search and will search Ms. Chehak's Mozilla e-mail account for "Steve*".
- As to RFP 7, Mozilla's Corporation's response is complete and nothing was withheld.
- As to RFP 8, Plaintiff will provide a list of common employment policies for Mozilla to produce. Recognizing that policies may be commonly referred to by different names at different organizations, Mozilla will be expansive in interpreting the policies identified in Plaintiff's list (e.g. a "time off policy" would be interpreted to include what is called a "PTO policy" at Mozilla).
- As to Rogs 2 and 3, the parties discussed questions regarding scope and privacy.
    - Plaintiff observed that information about all leaves of absence is relevant, not just those relating to health, because such information identifies comparators. Plaintiff also observed that the temporal scope extending 10 years is reasonable given that Ms. Baker was the CEO during this entire period and the pool of individuals – executives – is small. **Mozilla agreed to consider and get back to Plaintiff by the end of the week**.
    - As to privacy, **Mozilla will consider Plaintiff's authority regarding the production of employees' health information, which was cited in our January 9 letter**. If Mozilla has authority contrary to Plaintiff's position that this information is discoverable because these individuals are comparators, Mozilla will provide it by the end of this week.
    - The above will also apply to Rog 3's request.

2

- As to RFP 5, Mozilla will inform Plaintiff if it ultimately withholds information on the basis of its objections, and will explain why to Plaintiff.
- As to RFP 6, Mozilla maintains the requested information is privileged. **Mozilla will provide information to Plaintiff about the maintenance and distribution of the TK Law Report (including redacted versions, partial versions, or summaries thereof) by the end of this week**.
- As to RFP 9, Mozilla provided that it has not run the requested search and does not know how many documents would be identified. Plaintiff requested that Ms. Baker and/or Mozilla IT run the search over 10 years to identify whether there is an overbreadth issue. **Mozilla agreed to consider this and will confirm by the end of this week**.
- As to RFPs 3 and 4, Mozilla will inform Plaintiff if it withholds any information based on its privacy objections. Plaintiff maintains there is no expectation of Privacy in anything shared on a company platform.

Requests to Individual Defendants

As to Rog 1, defendants only responded as to social media accounts where defendants self-report that they communicated with or about Plaintiff.

As to RFP 1, defendants object that this request is too broad, but confirm they have not collected personal email accounts for *any* individual defendants or run searches on that data. The only searches that have been run on this data have been completed manually by the defendants themselves. Ms. Baker maintains she does not have an email account that contains responsive information and the mitchellbakerremix@gmail.com account was created solely to communicate with counsel. Mozilla confirmed it has not been running searches across individual defendants' personal email accounts and has not collected this data. Mozilla would not disclose the personal email addresses of Ms. Chehak or Ms. Baker that pre-existed this litigation.

As we communicated during our discussion, we were surprised to learn Mozilla's position that it was unaware that Plaintiff had requested, and Mozilla had agreed to, running searches on personal email accounts when Plaintiff requested "ALL" data sources be searched. This is another example of Mozilla's failure to take its discovery obligations seriously. On October 15, 2024, counsel disclosed "emails" as among the custodial data sources for all individual defendants, and proposed searching these "emails." Attached, you will find the chart Plaintiff sent to Mozilla on November 12, 2024, requesting additional searches. You'll see at the bottom of the chart, "ALL" is defined as "**a custodian's personal and Mozilla email/productivity suite, Google Drive (or other local or cloud based file storage), cell phone storage including text messaging, SLACK)**". On December 13, 2024, Mozilla provided the attached response. Mozilla did not object to Plaintiff's definition of ALL and in fact listed particular personal email addresses that would be searched for "Steve* AND Teixeira." Mozilla unequivocally agreed to include personal email data for custodians as part of the data that was searched, and has continued to reinforce that agreement in its discourse. Today was the first time Mozilla shared that information had never even been collected**. Mozilla agreed to confirm by next week that it will honor its agreement to include personal email data in its searches and collect the same**. Individual defendants maintain they will only search personal email accounts identified in response to discovery requests.

Regards,

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 1:58 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Amy,

I apologize, I did not appreciate that Monday was a holiday. We are both free on Tuesday from 10-1 or from 2-5.

Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

DLA Piper LLP (US)
dlapiper.com

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 11:30 AM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Hello Alexandria,

We had asked for availability on January 15 and 16. Is counsel unavailable those days? Monday, January 20 is Martin Luther King Jr. Day, and it will be difficult to gather the necessary participants. What is your availability on Friday, January 17 or Tuesday, January 21?

Thanks,

**Amy K. Alexander**
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**

1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 11:20 AM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Amy,

We are available Monday between 9-11, and from 11:30 – 4:00.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 8:36 AM
**To:** Laura Smith <Laura.Smith@stokeslaw.com>; Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ **EXTERNAL MESSAGE**

Alexandria and Anthony: We requested your availability for a meet and confer five days ago, and have heard nothing. Please let us know when you are available.

**Amy K. Alexander**
Attorney | Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Laura Smith <Laura.Smith@stokeslaw.com>
**Sent:** Thursday, January 09, 2025 2:55 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <jacey.bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Amanda Masters <amasters@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>
**Subject:** Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Good Afternoon Counsel:

Please see attached a letter of today's date from Attorneys Amy Alexander and Maricarmen Perez-Vargas regarding the above-referenced matter.
Thank you.

Regards,

**Laura Smith**
Practice Assistant

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2165 | Office: 206.626.6000
Laura.Smith@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this

communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.



**DLA Piper LLP (US)**
701 Fifth Avenue
Suite 6900
Seattle, Washington 98104-7044
www.dlapiper.com

Anthony Todaro
anthony.todaro@us.dlapiper.com
T  206.839.4830
F  206.494.1802

January 24, 2025

Amy K. Alexander
Maricarmen Perez-Vargas
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101

Re: *Steve Teixeira v. Mozilla Corporation, et al.*
United States District Court of Western District of Washington
No. 2:24-cv-01032-RAJ

Dear Amy and Maricarmen,

Defendants Mozilla Corporation ("Mozilla"), Mitchell Baker, Laura Chambers, and Dani Chehak (the "Individual Defendants") (collectively, "Defendants"), write in response to your letter dated January 9, 2025, regarding the alleged deficiencies in Mozilla Corporation's and the Individual Defendants' discovery responses, as well as our meet and confer conference on January 21, 2025 and your subsequent email dated January 23, 2025.

At the outset, we must express our disappointment with your allegations that we have not responded to discovery in a timely manner. Plaintiff served discovery on Defendants on July 26, 2024. Defendants provided responses on September 9, 2024, after Plaintiff's counsel denied our request for a two-week extension and only allowed a one-week extension (conditioned on the basis that we produce documents on September 9, 2024). After Defendants served their responses to discovery on September 9, 2024, Defendants did not hear from Plaintiff for over two months, and only then was it about ESI search terms, not about specific discovery deficiencies. Plaintiff did not send a meet and confer letter addressing any of the specific deficiencies with Defendants' responses until January 9, 2025—a full ***four months*** after Defendants served responses. Defendants have been cooperative throughout the entire process. Any allegation to the contrary is baseless and, if continued, will not be taken well.

We address each of your concerns under the specified headings below.

I.  **Slack, Email Data, and ESI**

Defendants acknowledge that Mozilla Corporation's Slack messages auto-delete after six months. Defendants do not appreciate Plaintiff's spoliation allegation – Defendants have been upfront about Slack's data retention policy data since the beginning of this case. Specifically, Defendants informed Plaintiff's counsel about Mozilla's policy during the parties' initial Rule 26 conference. As we noted during our meet and confer call, Mozilla has fulfilled its duty to preserve all relevant Slack data. Mozilla can confirm that all Slack data kept in connection with the Company's regular data retention policies (i.e., going back 180 days) has been preserved since the time when the notice came in and has been preserved since.

Mozilla is agreeable to expanding the date range of the Slack data to be searched to and through Mr. Teixeira's termination, following review of Plaintiff's suggestions on custodians and keyword searches, which Plaintiff agreed to provide Defendants with by the end of the week.

Finally, with regard to documents stored on Mozilla's ESI systems, Defendants' counsel will agree to ask Defendants for potentially responsive documents located within ESI outside those identified by search terms, even though Mozilla does not believe it has an obligation to do so.

## II.   General Objections

As is standard with written discovery answers, Mozilla prefaced its answers to Interrogatories and Requests for Production of Documents with general objections. As Mozilla represented on the call, Mozilla is not currently withholding any documents based on its general objections to Plaintiff's discovery requests.

However, Mozilla made clear in its specific responses to Plaintiff's Request for Production of Documents what it would and would not be producing. Mozilla will produce a privilege log for any privileged documents that it is withholding, as discussed further below in response to Request No. 6.

## III.   Interrogatories

### A.   Interrogatory No. 1

Mozilla agrees to supplement its response to Interrogatory No. 1 in response to Plaintiff's proposed definition of "considering" as meaning any individual who had the ability to affect changes to Plaintiff's job title, duties, or employment status and anyone who was consulted by those individuals. Mozilla will also provide a supplemental response that describes each individual's involvement with each change.

### B.   Interrogatory Nos. 2-3

Interrogatory No. 2 requests information regarding employees who have been on leaves of absence for the past 10 years and are eligible for a bonus award pursuant to an Executive Individual Achievement Plan. Interrogatory No. 3 requests information on the names of employees who have been on a leave of absence for a health condition for the past five years. Mozilla maintains its objections. As noted in its original objections, Interrogatory No. 2 is overbroad in time and scope. Mozilla cannot agree to a 10-year scope. Additionally, Mozilla objects to scope on the basis that Plaintiff is not limiting their request to health-related leaves of absence. Further, with regard to Interrogatory No. 3, Mozilla objects on the basis that the request seeks information regarding *any* employee, not just those who were similarly situated to Plaintiff. Moreover, even if Plaintiff's request was narrowed to similarly situated employees, Plaintiff has not alleged a disparate treatment claim in his case. The requested information is simply not relevant to Plaintiff's causes of action.

Moreover, Mozilla does not believe that the case law cited in Plaintiff's meet and confer letter obligate Mozilla to produce this information. For instance, in *Bush v. Pioneer Hum. Servs.*, the plaintiff requested that the defendant produce various third-party personnel files relating to employees who were not parties in the case. *Bush v. Pioneer Human Servs.*, C09-518 RSM, 2010 WL 11682489, at *4 (W.D. Wash. Jan. 8, 2010). The Court denied the plaintiff's full request, only allowing certain limited personnel files to be produced, stating that "the Court must limit discovery

to the portions of the personnel files that have a reasonable likelihood of containing relevant information." *Id*. at *5. As you likely know, under the American Disabilities Act ("ADA") and FMLA, medical records, including information related to medical leave, should be stored *separately* from personnel files because such information is more sensitive than information that you would find in a personnel file. In fact, the court in Bush stated that "[e]ven if a personnel file may possibly provide information relevant to the credibility of a potential witness, this marginal relevancy does not outweigh employees' privacy interests." *Id*. In the instance of a disparate treatment case, the only reason that the plaintiff would need the requested information would be to provide information regarding a potential witness. Such "marginal" relevancy cannot outweigh the employees' privacy interests.

Similarly, *Doe v. Puget Sound Blood Ctr*. is distinguishable. In that case, the trial court ordered a deceased blood donor's identity to be disclosed after the plaintiff contracted AIDS. *Doe v. Puget Sound Blood Ctr*., 117 Wn.2d 772, 776 (1991). The donor was a potential witness and a potential defendant. *Id*. The Washington Supreme Court noted that "the balancing and weighing of the interests and values are difficult. There is apparent merit on both sides. However, given this record and considering the limitations and restrictions imposed by the trial court," the Supreme Court concluded that there had not been a clear showing of abuse of discretion.[1] The Court did note that there were significant unresolved issues with the privacy rights of a deceased person, but determined they could not rule on that issue given that it was not briefed.

Mozilla stands by its objections and welcomes the Court's input on this subject. Mozilla protects its employees' sensitive data and does not want to run afoul of any privacy law regarding disclosure of sensitive health information by responding to these interrogatories, especially when they are overbroad in time and scope and not directly relevant to Plaintiff's claims.

    **IV.**    **Request for Production**

        **A.**    **Request for Production No. 2**

Request for Production No. 2 requests documents from January 2022 to the present related to or regarding the hiring, transition, succession, or removal of individuals as Mozilla CEO, including but not limited to correspondence with members of the Mozilla and Mozilla Foundation Boards of Directors. Mozilla responded that it would produce documents from January 2022 to the present regarding Plaintiff's hiring and potential transition to and/or succession to the CEO position. As we explained on the meet and confer call, Mozilla's proposed search will encompass the situation that Plaintiff is looking for - i.e., whether Plaintiff was removed from consideration due to his cancer (as that would be encompassed in documentation regarding Plaintiff's potential succession to the CEO position). Additionally, if there was a competitive process and if Plaintiff was removed from the competitive process, such documentation would also be captured by Mozilla's proposed search. Accordingly, Mozilla will not agree to supplement its response.

        **B.**    **Request for Production No. 3**

Mozilla will agree to search Slack data through the date of Plaintiff's termination, as described above in Section I.

        **C.**    **Request for Production No. 4**

---

[1] The order required the plaintiff to keep the donor's identity confidential until and unless the plaintiff joined the donor as a party defendant. *Id*. at 372.

Mozilla will agree to search Ms. Chehak's Mozilla email account through the date of Plaintiff's termination for the term "Steve*," as described above in Section I.

### D. Request for Production No. 5

Request for Production No. 5 asks for all documents containing an assessment, evaluation, discussion of, or comment on the job performance of Plaintiff. Mozilla agreed to produce all non-privileged custodian documents in Defendant's possession and control that contain search terms agreed to by Plaintiff and Defendant regarding Plaintiff's performance. Mozilla has disclosed the search terms that it plans on using to Plaintiff. In the event Mozilla withholds any documents, Mozilla will let Plaintiff know.

### E. Request for Production No. 6

Request for Production No. 6 asks for all reports, memorandum, and assessments from Tiangay Kemokai Law, P.C. Mozilla objected on the basis of relevance and privilege. Mozilla stands by its objections and will not produce the report, partial versions, or summaries thereof. The report (referred to as the "TK Law Report") was only viewed by a very select group of individuals – Mitchell Baker (then-CEO), Laura Chambers (current CEO), Carlos Torres (Mozilla's in-house counsel), Dani Chehak (Head of HR), and Leslie Gray (Ms. Baker's Chief of Staff). Plaintiff himself did not see the report. When the report was shared with the former group of individuals, Ms. Torres cautioned them not to share so privilege would be preserved. Mozilla is still gathering information for its privilege report, but will produce a privilege log along with its production of documents that contains information on why the report and any associated summaries remain privileged.

Additionally, Mozilla stands by its objection to Plaintiff's request on relevancy grounds. The TK Law Report was a culture report, commissioned as a DEI initiative to foster inclusively in the workplace around DEI hiring and inclusion. It is not relevant to Plaintiff's causes of action, which include disability discrimination, retaliation, claims under FMLA, and defamation.

### F. Request for Production No. 8

Request for Production No. 8 asks for Mozilla's Employee Handbook. Mozilla responded that it does not have an Employee Handbook. Plaintiff will provide Mozilla with a list of employment-specific policies for Mozilla to reasonably consider.

### G. Request for Production No. 9

Request for Production No. 9 asks for all communications to or from Ms. Baker from January 1, 2015 to the present containing the search term "cancer." We will ask Mozilla's IT department to apply the term "cancer*" to Ms. Baker's Mozilla-based email account for the past ten years. If it is possible, we will provide you with a search term hit report in the coming days. We cannot agree to do the same over Ms. Baker's personal email account. Ms. Baker's husband and son have both had cancer, and accordingly, such emails are both very personal and private.

### V. Individual Discovery Responses

Interrogatory No. 1 requests that each Individual Defendant to "identify all accounts including, but not limited to, email addresses, social media, phone numbers, blogs, etc, **where you have communicated with or about Plaintiff**." The Individual Defendants provided email and social media account information for accounts where they communicated with or about Plaintiff. Plaintiff now

apparently takes issue with the fact that Individual Defendants' counsel did not collect every single social media account, email account, blog, or other online source that the Individual Defendants may have had an account for, review all the communications in each source, and ensure that its clients were telling the truth that they did not communicate with or about Plaintiff on such accounts. Plaintiff apparently has an issue with this, despite the fact that the Individual Defendants provided written verifications declaring, **under penalty of perjury**, that they read all the foregoing responses and "all of the answers are true and correct to the best of my knowledge and belief." Mozilla believes it has satisfied its duty with respect to Interrogatory No. 1 and will not be supplementing.

Request for Production No. 4 to each Individual Defendant requests "[a]ll communications that mention or relate to Plaintiff from May 1, 2022 to the present in each account listed in response to Interrogatory No. 1, excluding accounts associated with your employment with Mozilla." The Individual Defendants agreed to produce communications from the accounts mentioned in Interrogatory No. 1 that mention or relate to Plaintiff from May 1, 2022 to the present.

Plaintiff has requested that Defendant apply all search terms that the parties have been meeting and conferring over to the Individual Defendants' personal email accounts. The Individual Defendants cannot agree to this request (nor did they ever agree to such a request). When the Defendants sent Plaintiff their ESI disclosures on October 15, 2024, Defendants did not agree to search personal email accounts for the proposed terms. Individual Defendants will agree to search "Steve" in their personal accounts. This search term should capture almost all of Plaintiff's proposed ESI search terms, given that most contain "Steve."

Additionally, we will not collect personal email accounts from our clients. Instead, the Individual Defendants will search the term "Steve" in their personal accounts identified in Interrogatory No. 1 while counsel watches (either via screen share on Zoom or in person). If responsive communications are found, they will be transferred to our office. If nothing is found, the respective Individual Defendant will sign a declaration, under penalty of perjury, that they do not have any responsive communications. If Plaintiff takes issue with this approach, they will need to take that issue up with the Court.

VI.     Conclusion

We believe that we can reach a reasonable agreement on most, if not all, of the outstanding requests.[2] If you believe it would be helpful to have another meet and confer call on any of these issues, please do not hesitate to reach out.

Sincerely,


Anthony Todaro
Partner

cc: Darren A. Feider
Beth Touschner

---

[2] In the interest of moving forward and coming to a resolution, Defendants have not addressed every objection Defendants asserted in regard to each Interrogatory or Request for Production. Our failure to mention an objection with respect to a particular request or response does not mean that Defendants are waiving their right to assert the objection at some point in the future.

1616577583.1