# Exhibit 7

**Anna Armitage**

| | |
|---|---|
| **From:** | Cates, Alexandria <Alexandria.Cates@us.dlapiper.com> |
| **Sent:** | Monday, February 10, 2025 12:02 PM |
| **To:** | Maricarmen Perez-Vargas |
| **Cc:** | Mathew Harrington; Sarah Armon; Laura Smith; Anna Armitage; Charlotte Edwards; Bittle, Jacey; McFadden, Robert; Darren Feider; Todaro, Anthony; Katie Marchenko; Beth Touschner; Amy K. Alexander |
| **Subject:** | RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses |

Good Morning,

Please see our specific responses to each point in red below. We also note that we sent you a meet and confer letter on February 4th asking for time today or tomorrow to discuss and we have yet to hear from you. Please let us know when you are free through Thursday to discuss.

Thank you,
Alex

****

We're responding to your letter dated January 24, 2025 and your January 27, 2025 search term proposal.

We feel the parties are at an impasse on the following points and will move to compel regarding the same: We agree that we are at an impasse. Per the meet and confer letter that we sent you last week regarding your client's answers to our discovery requests, it seems that both sides will be at an impasse with certain issues and likely will both need to go to court. We'd like to only go to court once with written discovery issues, whether that be through traditional methods or through an expediated Joint Motion via CR 37. We are open to discussing the process, but are you agreeable to bringing our discovery issues to the court at the same time?

- Rogs 2-3 regarding the temporal scope and the types of leave that are responsive;
- RFP 2 regarding the CEO transition that does not directly relate to Plaintiff's consideration;
- RFP 6 regarding the TK Law report, which we do not believe to be privileged and is relevant to Plaintiff's claims;
- Individual defendants' proposed methodology and search terms for their personal email accounts. We maintain these should be collected per standard ESI protocols and practices and all search terms applied to identify potentially responsive documents for review.

Regarding RFP 9, we'd like to clarify that documents that are solely related to Ms. Mitchell's husband's and son's cancer would not need to be produced. Is Ms. Mitchell still unwilling to apply this term to her personal email account? We do not believe our client will agree to search her personal account for the past 10 years for the word "cancer" even if you agree to exclude mention of her son and husband. Would you be agreeable to shortening the time limit? If so, we think our client would be more agreeable.

I am also providing the list of Slack custodians Plaintiff requests Mozilla Corporation search for responsive information, using the methodology discussed in our conference: As an initial matter, the below custodial accounts signify a massive expansion from the subset of custodial accounts that we have been discussing throughout this process. We cannot agree to this blanket list without further information from you regarding why these individuals should be included. If you

1

specific reasons for including certain individuals, we will evaluate. Otherwise, we can only agree to the first four individuals.

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael
6. Lindsey O'Brien
7. Carlos Torres
8. Imo Udom
9. Suba Vasudevan
10. Eric Muhlheim
11. Mark Surman
12. Kerry Cooper
13. Karim Lakhani
14. Bob Lisbonne
15. Hugh Molotsi
16. Kristin Skogen Lund
17. Leyla Samiee
18. Sally Richardson
19. Chris Karlof
20. Saud Khalifa
21. LaVonne Copps
22. Hannah Kagan
23. Orville McDonald

Also regarding Slack, could you please confirm whether Mozilla Corporation's updated version permits it to sort information by custodian in a more standard manner? – Yes.

Finally, per our discussion, I am attaching a list of policies that we would consider to be responsive to RFP 8. Thank you, I have passed this list off to the client.

### Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Friday, January 31, 2025 2:29 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>

2

**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex and Anthony,

We're responding to your letter dated January 24, 2025 and your January 27, 2025 search term proposal.

We feel the parties are at an impasse on the following points and will move to compel regarding the same:

- Rogs 2-3 regarding the temporal scope and the types of leave that are responsive;
- RFP 2 regarding the CEO transition that does not directly relate to Plaintiff's consideration;
- RFP 6 regarding the TK Law report, which we do not believe to be privileged and is relevant to Plaintiff's claims;
- Individual defendants' proposed methodology and search terms for their personal email accounts. We maintain these should be collected per standard ESI protocols and practices and all search terms applied to identify potentially responsive documents for review.

Regarding RFP 9, we'd like to clarify that documents that are solely related to Ms. Mitchell's husband's and son's cancer would not need to be produced. Is Ms. Mitchell still unwilling to apply this term to her personal email account?

I am also providing the list of Slack custodians Plaintiff requests Mozilla Corporation search for responsive information, using the methodology discussed in our conference:

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael
6. Lindsey O'Brien
7. Carlos Torres
8. Imo Udom
9. Suba Vasudevan
10. Eric Muhlheim
11. Mark Surman
12. Kerry Cooper
13. Karim Lakhani
14. Bob Lisbonne
15. Hugh Molotsi
16. Kristin Skogen Lund
17. Leyla Samiee
18. Sally Richardson
19. Chris Karlof
20. Saud Khalifa
21. LaVonne Copps
22. Hannah Kagan
23. Orville McDonald

Also regarding Slack, could you please confirm whether Mozilla Corporation's updated version permits it to sort information by custodian in a more standard manner?

Finally, per our discussion, I am attaching a list of policies that we would consider to be responsive to RFP 8.

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, January 27, 2025 3:24 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi All,

Please see Mozilla's attached response to the ESI search terms.

Thanks,
Alex

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Cates, Alexandria
**Sent:** Friday, January 24, 2025 5:07 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Please see our attached correspondence. Our responses to the ESI search term chart will follow on Monday.

Thanks,
Alex

## Alex Cates
Associate

T +1 206 839 4893
F +1 206 494 1797
M +1 425 275 6289
alexandria.cates@us.dlapiper.com

DLA Piper LLP (US)
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Wednesday, January 22, 2025 4:24 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex and Anthony,

Thank you for meeting and conferring yesterday. We're following up to summarize the agreements we came to and action items:

Mozilla Corporation Requests

- Mozilla clients have not been asked to consider potentially responsive documents within ESI outside of those identified by search terms. You agreed to ask your client to do this in light of Mozilla's obligation to conduct a reasonable search for information within its possession and control, not just information that contains specific terms.
- You explained that Slack was imaged on May 15, 2024, and captured all Mozilla Slack messages dating back six months (back to December 15, 2023). At some unknown time, Mozilla updated its Slack subscription to retain information longer and potentially filter by custodians. **You agreed to ask your client when Mozilla updated Slack and how the update changed things (e.g., how long slack messages are retained now and whether it is possible to filter by custodian).**
    - o Separately, we will provide Mozilla with a list of Slack custodians we would like included in searches. We agreed Mozilla would be able to accomplish this by including the Slack usernames/handles of particular individuals in combination with the search terms to identify Slack conversations in which the individuals participated. **Mozilla will then report an updated hit count for Slack data. We will provide these custodians by the end of this week**.

- You stated that at this point, Mozilla is not withholding any documents based on its objections to discovery requests. **Mozilla committed to informing Plaintiff if it ultimately withholds any responsive information based on any of its objections, and to explain why information is being withheld**.
- As to RFPs 1, 2, 5, and 6, Mozilla Corporation will run agreed searches and you will ask your client if they are aware of anything that is not captured by the terms but is responsive.
- Mozilla agreed to define "considering" in Rog 1 to be limited to any individual who had the ability to affect changes to Plaintiff's job title, duties, or employment status and anyone who was consulted by those individuals. **Mozilla Corporation will accordingly supplement if needed. Mozilla Corporation will also provide the descriptions requested in Rog 1, which were omitted from its responses**.
- Mozilla provided that conversations identified in response to Rog 5 were 1:1 conversations.
- Mozilla provided that its response to Rog 7 is complete.
- **The parties are at an impasse as to the scope of RFP 2**. Mozilla will not provide information about the transition of individuals into or out of the CEO role that do not directly involve Plaintiff. Mozilla maintains this information is irrelevant. Plaintiff explained that the performance, timeline, and nature of Ms. Baker's long-planned exit from the CEO position is directly relevant to the long-planned transition of Plaintiff into that position. Further, whether and who else Mozilla was considering for the CEO position, and when, is probative of whether Plaintiff was removed from consideration due to his cancer or due to a competitive process. Plaintiff will move to compel this information as it is directly relevant to the scope of the search and the circumstances under with Plaintiff was considered.
- As to RFP 3, Mozilla Corporation's concerns may be addressed by limiting Slack searches to identified custodians per the process outlined above. **Mozilla Corporation will follow up to confirm it will search through the date of Plaintiff's termination this week**.
- As to RFP 4, Mozilla Corporation will confirm the timeline of its search and will search Ms. Chehak's Mozilla e-mail account for "Steve*".
- As to RFP 7, Mozilla's Corporation's response is complete and nothing was withheld.
- As to RFP 8, Plaintiff will provide a list of common employment policies for Mozilla to produce. Recognizing that policies may be commonly referred to by different names at different organizations, Mozilla will be expansive in interpreting the policies identified in Plaintiff's list (e.g. a "time off policy" would be interpreted to include what is called a "PTO policy" at Mozilla).
- As to Rogs 2 and 3, the parties discussed questions regarding scope and privacy.
    - Plaintiff observed that information about all leaves of absence is relevant, not just those relating to health, because such information identifies comparators. Plaintiff also observed that the temporal scope extending 10 years is reasonable given that Ms. Baker was the CEO during this entire period and the pool of individuals – executives – is small. **Mozilla agreed to consider and get back to Plaintiff by the end of the week**.
    - As to privacy, **Mozilla will consider Plaintiff's authority regarding the production of employees' health information, which was cited in our January 9 letter**. If Mozilla has authority contrary to Plaintiff's position that this information is discoverable because these individuals are comparators, Mozilla will provide it by the end of this week.
    - The above will also apply to Rog 3's request.
- As to RFP 5, Mozilla will inform Plaintiff if it ultimately withholds information on the basis of its objections, and will explain why to Plaintiff.
- As to RFP 6, Mozilla maintains the requested information is privileged. **Mozilla will provide information to Plaintiff about the maintenance and distribution of the TK Law Report (including redacted versions, partial versions, or summaries thereof) by the end of this week**.
- As to RFP 9, Mozilla provided that it has not run the requested search and does not know how many documents would be identified. Plaintiff requested that Ms. Baker and/or Mozilla IT run the search over 10 years to identify whether there is an overbreadth issue. **Mozilla agreed to consider this and will confirm by the end of this week**.
- As to RFPs 3 and 4, Mozilla will inform Plaintiff if it withholds any information based on its privacy objections. Plaintiff maintains there is no expectation of Privacy in anything shared on a company platform.

6

Requests to Individual Defendants

As to Rog 1, defendants only responded as to social media accounts where defendants self-report that they communicated with or about Plaintiff.

As to RFP 1, defendants object that this request is too broad, but confirm they have not collected personal email accounts for *any* individual defendants or run searches on that data. The only searches that have been run on this data have been completed manually by the defendants themselves. Ms. Baker maintains she does not have an email account that contains responsive information and the mitchellbakerremix@gmail.com account was created solely to communicate with counsel. Mozilla confirmed it has not been running searches across individual defendants' personal email accounts and has not collected this data. Mozilla would not disclose the personal email addresses of Ms. Chehak or Ms. Baker that pre-existed this litigation.

As we communicated during our discussion, we were surprised to learn Mozilla's position that it was unaware that Plaintiff had requested, and Mozilla had agreed to, running searches on personal email accounts when Plaintiff requested "ALL" data sources be searched. This is another example of Mozilla's failure to take its discovery obligations seriously. On October 15, 2024, counsel disclosed "emails" as among the custodial data sources for all individual defendants, and proposed searching these "emails." Attached, you will find the chart Plaintiff sent to Mozilla on November 12, 2024, requesting additional searches. You'll see at the bottom of the chart, "ALL" is defined as "**a custodian's personal and Mozilla email/productivity suite, Google Drive (or other local or cloud based file storage), cell phone storage including text messaging, SLACK)**". On December 13, 2024, Mozilla provided the attached response. Mozilla did not object to Plaintiff's definition of ALL and in fact listed particular personal email addresses that would be searched for "Steve* AND Teixeira." Mozilla unequivocally agreed to include personal email data for custodians as part of the data that was searched, and has continued to reinforce that agreement in its discourse. Today was the first time Mozilla shared that information had never even been collected. **Mozilla agreed to confirm by next week that it will honor its agreement to include personal email data in its searches and collect the same**. Individual defendants maintain they will only search personal email accounts identified in response to discovery requests.

Regards,

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com   |   stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 1:58 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

7

Hi Amy,

I apologize, I did not appreciate that Monday was a holiday. We are both free on Tuesday from 10-1 or from 2-5.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 11:30 AM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Hello Alexandria,

We had asked for availability on January 15 and 16. Is counsel unavailable those days? Monday, January 20 is Martin Luther King Jr. Day, and it will be difficult to gather the necessary participants. What is your availability on Friday, January 17 or Tuesday, January 21?

Thanks,

**Amy K. Alexander**
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 11:20 AM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage

<Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Amy,

We are available Monday between 9-11, and from 11:30 – 4:00.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 8:36 AM
**To:** Laura Smith <Laura.Smith@stokeslaw.com>; Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alexandria and Anthony: We requested your availability for a meet and confer five days ago, and have heard nothing. Please let us know when you are available.

**Amy K. Alexander**
Attorney | Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Laura Smith <Laura.Smith@stokeslaw.com>
**Sent:** Thursday, January 09, 2025 2:55 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>;

9

Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <jacey.bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Amanda Masters <amasters@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>
**Subject:** Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Good Afternoon Counsel:

Please see attached a letter of today's date from Attorneys Amy Alexander and Maricarmen Perez-Vargas regarding the above-referenced matter.
Thank you.

Regards,

**Laura Smith**
Practice Assistant

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2165  |  Office: 206.626.6000
Laura.Smith@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.