HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE TEIXEIRA,

               Plaintiff,

    v.

MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
MOZILLA FOUNDATION, a California
public benefit corporation; LAURA
CHAMBERS and her marital community;
WINIFRED MITCHELL BAKER and her
marital community, and DANI CHEHAK
and her marital community.

               Defendants.

Case No. 2:24-cv-1032-RAJ

**DECLARATION OF ALEXANDRIA
CATES IN SUPPORT OF LCR 37
SUBMISSION**

I, Alexandria Cates, declare as follows:

    1.     I am an attorney at the law firm of DLA Piper LLP (US), counsel for Defendants
MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES ("Mozilla"), LAURA CHAMBERS,
WINIFRED MITCHELL BAKER, and DANI CHEHAK (collectively, "Defendants"), in the
above-captioned action. I am a member in good standing of the State Bar of Washington and have
been admitted to practice law before this Court. I have personal knowledge of the facts set forth in
this Declaration, and if called as a witness, could and would testify competently to such facts under
oath.

    2.     Plaintiff served discovery on Defendant on July 26, 2024.

1

2

3

4

3.      Defendant provided responses on September 10, 2024, after Plaintiff's counsel denied Defendants' request for a two-week extension and only allowed a one-week extension (conditioned on the basis that we produce documents on September 10, 2024). A true and correct copy of that communication is attached hereto as **Exhibit A.**

5

6

7

4.      On October 15, 2024, Defendants provided Plaintiff with their ESI disclosures, disclosing the custodian accounts, third-party data sources, and proposed search terms. A true and correct copy of this communication is attached hereto as **Exhibit B.**

8

9

10

5.      On January 9, 2025, Plaintiff sent Defendants a meet and confer letter addressing specific deficiencies with Defendants' responses. Plaintiff required a response within five days. A true and correct copy of this communication is attached hereto as **Exhibit C.**

11

12

6.      The Parties then engaged in an extensive meet and confer process. The Parties had a meet and confer call on January 21, 2025.

13

14

15

7.      On January 24, 2025, Defendants sent Plaintiff a response to Plaintiff's January 9 2025 meet and confer letter. A true and correct copy of this communication is attached hereto as **Exhibit D.**

16

17

18

8.      On February 10, 2025, Defendants sent Plaintiff a further meet and confer email regarding certain requests. A true and correct copy of this communication is attached hereto as **Exhibit E.**

19

20

21

22

9.      Defendants have gathered more than 737,290 documents from four custodians, expanded the date ranges of such collections at Plaintiff's request, ran 60 search terms across the entirety of these accounts, and are currently in the process of reviewing thousands of documents containing those search terms.

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on April 4, 2025, at Seattle, Washington.

*s/ Alexandria Cates*
Alexandria Cates, WSBA No. 53786

# Exhibit A

| | |
|---|---|
| **From:** | Cates, Alexandria |
| **Sent:** | Friday, August 30, 2024 11:43 AM |
| **To:** | Amy K. Alexander |
| **Cc:** | Maricarmen Perez-Vargas; Mathew Harrington; Sarah Armon; Anna Armitage; Laura Smith; Todaro, Anthony |
| **Subject:** | RE: Teixeira v. Mozilla: Defendants' Discovery |

Hi Amy,

We will be producing documents with our responses. Frankly, I'm a bit surprised at the unwillingness to provide a relatively-standard two-week extension, particularly in light of the upcoming holiday, but we will abide by what you have outlined below.

-Alex

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Friday, August 30, 2024 11:19 AM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Subject:** RE: Teixeira v. Mozilla: Defendants' Discovery

⚠ EXTERNAL MESSAGE

Hello Alex,

By September 3, Defendants will have had 39 days with Plaintiff's discovery requests, which we believe is more than sufficient to respond. Further, as we learned today, Defendants had time in August to collaborate on terminating Mr. Teixeira. We will agree to a one week extension, to September 10, provided you let us know *today* whether Mozilla will be producing documents on September 10.

Sincerely,

**Amy Kangas Alexander** (she/her)
Shareholder | Stokes Lawrence, P.S.
Seattle, Washington | (206) 892-2161 | Amy.Alexander@stokeslaw.com

This e-mail may be attorney-client privileged. If you received it in error, please inform the sender and delete it.

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Thursday, August 29, 2024 12:59 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Cc:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Subject:** Teixeira v. Mozilla: Defendants' Discovery

Hi Amy,

As you know, Defendants' discovery responses are due on Tuesday, September 3rd. May we have a 2-week extension until Tuesday, September 17th? Mozilla had a week-long company-wide conference in Europe two weeks ago, so that delayed some information-gathering for us.

We appreciate the professional courtesy.

Thank you,
Alex

## Alex Cates
Associate

---

T  +1 206 839 4893
F   +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# Exhibit B

| | |
|---|---|
| **From:** | Cates, Alexandria |
| **Sent:** | Tuesday, October 15, 2024 8:16 PM |
| **To:** | 'Amy K. Alexander' |
| **Cc:** | 'Mathew Harrington'; 'Maricarmen Perez-Vargas'; 'Anna Armitage'; 'Charlotte Edwards'; 'Laura Smith'; 'Sarah Armon'; Bittle, Jacey; McFadden, Robert; Todaro, Anthony |
| **Subject:** | RE: Mozilla/Teixeira - discovery responses |

Hi Amy,

Per the terms of the ESI agreement, see below for our disclosures.

## Custodians
1. Steve Texeira, Plaintiff
   a. Emails
   b. Google Drive
   c. Box folder
2. Mitchell Baker, Defendant, Former Chief Executive Officer of Mozilla Corporation, Inc.
   a. Emails
   b. Google Drive
   c. Cellphone
3. Laura Chambers, Defendant -Current Chief Executive Officer of Mozilla Corporation, Inc.
   a. Emails (beginning 2/6/24)
   b. Google Drive
   c. Cellphones (2)
4. Dani Chehak, Defendant - Current Chief People Officer of Mozilla Corporation, Inc.
   a. Emails
   b. Google Drive
   c. Cellphone

## Non-Custodian Data Sources
1. Slack - given the way manner in which Slack was stored during the relevant time period, Slack data is not organized by custodian. Instead, we have a snapshot of Slack data taken on May 15, 2024. Mozilla's Slack retention policy is 6 months, so the snapshot captures all Slack data 6 months prior to the date of the snapshot.

## Third party data sources
1. Cell phone accounts for Mitchell, Laura, and Dani, as mentioned above. We are currently in the process of imaging Laura, Mitchell, and Dani's cellphones.

## Inaccessible Data
1. As mentioned above, Slack data is only retained for 6 months pursuant to Company policy.

## Search Methodology
1. In response to your RFPS, we propose to search the above-listed custodial email and google drive accounts from August 1, 2022 through the May 18, 2024, as well as all Slack data, that mention the following terms for documents:
   a. Promot* w/3 (President or CEO))
   b. CEO w/10 President
   c. CEO w/3 transition
   d. CEO w/5 Steve
   e. Potential w/4 succession

1

    f.   Replac* w/5 CEO
    g.   Succession /4 plan*
    h.   "SVP New Products"
    i.   "SVP Technology"
    j.   Feedback and Steve
    k.   "Performance Review" and Steve
    l.   Steve w/20 performance

Thank you,
Alex

## Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Cates, Alexandria
**Sent:** Wednesday, September 25, 2024 2:58 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Subject:** RE: Mozilla/Teixeira - discovery responses

Hello Amy,

The ESI agreement specifically states that the information you are requesting below be provided within 30 days of the order. The ESI order was entered on September 16th. We will follow the order and get you the information that you are requesting within 30 days, or not later than October 16th. Given the number of individuals implicated in this case and amount of data that we are still in the process of collecting, we cannot give you all of the information you demand by tomorrow. To date, we have collected more than 750,000 emails, slack messages, and documents. We are still in the process of collecting more. Given the immense amounts of data that we have to collect and review in order to respond to your requests, this is going to take us some time.

## Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, September 24, 2024 9:49 AM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>

**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>
**Subject:** Mozilla/Teixeira - discovery responses

⚠ EXTERNAL MESSAGE

Hello Alex and Anthony,

I'm writing with some initial concerns about Defendants' responses to Plaintiff's first set of requests for production. Specifically, on RFP 3-5, Mozilla Corporation states that it will produce communications that "contain search terms agreed to by Plaintiff and Defendant." The same is true for RFP 1 to Ms. Chehak, Ms. Baker, and Ms. Chambers. These responses do not comply with the ESI Protocol, which was negotiated and agreed to nearly contemporaneously with Defendants' responses. Under our ESI Protocol, the producing party must first disclose data sources, including custodians, search terms and queries, file type and date restrictions, and other methodology used to locate responsive ESI and discoverable information, which would include the extent to which Defendants have engaged third party vendors to locate responsive documents. Only after this disclosure might the parties meet and confer about agreed search terms.

We served discovery requests nearly two months ago. It appears that Defendants have not even begun the collection of ESI, and are improperly refusing to do so until Plaintiff provides search terms. This is contrary to the ESI Protocol. We ask that you comply with the ESI Protocol and disclose required initial information no later than Friday, September 27. Please note that Defendants are obligated not only to provide documents found via search terms, but also to locate and produce documents generally responsive to our requests, independent of search terms. At this time, MoCo has produced less than 20 pages of documents in response to our requests, and the individual defendants have produced none. When you respond with the required ESI information, please also advise when Defendants will produce additional documents.

Sincerely,

**Amy Kangas Alexander** (she/her)
Shareholder | Stokes Lawrence, P.S.
Seattle, Washington | (206) 892-2161 | Amy.Alexander@stokeslaw.com

This e-mail may be attorney-client privileged. If you received it in error, please inform the sender and delete it.

# Exhibit C



Amy K. Alexander
(206) 892-2161
Amy.Alexander@stokeslaw.com

Maricarmen Perez-Vargas
(206) 892-2125
Maricarmen.PerezVargas@stokeslaw.com

January 9, 2025

VIA EMAIL

Anthony Todaro
Alexandria Cates
DLP Piper LLP
701 Fifth Avenue, Suite 3900
Seattle, WA 98104
anthony.todaro@us.dlapiper.com
alexandria.cates@us.dlapiper.com

> Re:     *Steve Teixeira v. Mozilla Corporation, et al.*
>          United States District Court of Western District of Washington
>          No. 2:24-cv-01032-RAJ
>          Mozilla Corporation, Dani Chehak, Mitchell Baker, and Laura Chambers
>          Deficient Discovery Responses

Dear Anthony and Alexandria

I am writing regarding a number of issues concerning Mozilla Corporation's and the individual Defendants' responses to Plaintiff's written discovery requests. These initial requests were served on Defendant Mozilla on July 26, 2024, and quite limited: only nine RFPs and seven Interrogatories. Only one Interrogatory and one RFP was served on each of the individual Defendants. Defendant Mozilla provided written responses to these requests on September 13, 2024, but produced only seventeen pages of assorted employee policies. Over five months have passed since Plaintiff's requests were made, and we are concerned with the pace of Defendant's production of responsive documents. Of course, the ESI process is ongoing, but that does not relieve Defendant from its obligations to also search for responsive material outside the ESI process. We also wish to bring to your attention several deficiencies in connection with the written discovery responses from Mozilla Corporation, and insist that Mozilla Corporation supplement its responses and fully produce responsive documents no later than January 17, 2025. Please also provide your availability for a meet and confer on Wednesday, January 15 and 16, 2025.

60606-003 \ Letter

1420 Fifth Avenue, Suite 3000 | Seattle, Washington  98101-2393 | 206.626.6000
120 N. Naches Avenue | Yakima, Washington  98901-2757 | 509.853.3000
www.stokeslaw.com

Anthony Todaro & Alexandria Cates
January 9, 2025
Page 2

### A.    Spoliated data

In **Request for Production No. 3**, Plaintiff requests all Slack messages mentioning Plaintiff from July 1, 2023 to the present. Defendant responds that it will produce only those messages in its "possession or control." Defendant has disclosed that Mozilla Corporation's Slack messages auto-delete after six months, and that Defendant cannot export Slack messages, but rather that they must be captured by screen shot. This concern regarding spoliated Slack messages extends to **Request for Production No. 4**, which requests communications to or from Dani Chehak.

Plaintiff continues to be concerned that Defendant has failed to take reasonable steps to prevent spoliation of Slack messages, such as by turning off auto-delete settings immediately upon receiving Plaintiff's preservation notice on May 13, 2024, by immediately upgrading its software to allow export of Slack data, or instructing custodians to do the same. When did Defendant discover the spoliation of Slack messages? What measures has Defendant taken to prevent further spoliation, and when were those taken? What is the date range of Slack messages that have not been spoliated?

Meanwhile, Defendant has produced no Slack messages, so the extent of Defendant's spoliation has yet to be revealed. Defendant must produce all documents responsive to Request for Production No. 3 no later than January 17, 2025

### B.    General Objections

First, Defendant's general objections are invalid under Fed. R. Civ. P. 34(b)(2)(B), which requires that objections correspond to each item or category requested.

Further, several of Defendant's general objections are not well founded. Defendant objects to the production of documents containing confidential information, however the September 16, 2024 protective order in this case allows Defendant to produce documents designated Confidential. Is Defendant withholding documents on the basis of this objection?

Defendant objects to the production of privileged documents, yet discloses no documents that it withholds pursuant to attorney-client privilege. In order to effectively invoke attorney-client privilege as the basis for non-production, Defendant must expressly make the claim of privilege and describe the nature of the privileged documents. FRCP 26(a)(5). Is Defendant withholding documents on the basis of attorney-client privilege or work product?

Defendant objects that it will produce only those documents that it has "used reasonable diligence" to locate. Nowhere in the civil rules is there a "reasonable diligence" standard for searching for discoverable material. Rather, Defendant is obligated to produce all responsive documents in its possession, custody, or control. What is the "reasonable diligence" that Defendant is using to gather and search its data?

Anthony Todaro & Alexandria Cates
January 9, 2025
Page 3

### C.    Objections based on constitutional right to privacy

Defendant objects to numerous requests on the basis of Article I, section 7 "privacy" concerns. Specifically, Interrogatories 2 and 3, and RFPs 2, 3, 4, 5, and 9 all contain this improper objection designed to shield information that Mozilla wishes to keep private.

Article I, section 7 confers no independent basis for resisting discovery. *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 431, 138 P.3d 1053 (2006). Rather, privacy or other rights are "implicit in the broad purpose and language of [CR 26(c)]." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21, 104 S.Ct. 2199 (1984). Courts routinely hold that the type of personnel information to which Mozilla objects on privacy grounds is discoverable. *Bush v. Pioneer Hum. Servs.*, No. C09-518 RSM, 2010 WL 11682489, at *4 (W.D. Wash. Jan. 8, 2010). Even privacy over medical information does not defeat the broad right of discovery. *Doe v. Puget Sound Blood Ctr.*, 117 Wn.2d 772, 782, 819 P.2d 370 (1991) (trial court did not abuse its discretion ordering the disclosure of blood donor identity because privacy interests did not outweigh Plaintiff's broad right of discovery).

**Interrogatories 2** and **3**, and **RFP 2 and 9** all request tailored comparator information about executives, individuals who have taken a health-related leave of absence, other candidates or incumbents to the CEO role that is relevant and discoverable, and Defendant Mitchell Baker's perspective on employees with cancer, which is Plaintiff's comparable medical condition. Further, **RFP 2** requests information about Mitchell Baker, a Defendant in the matter and alleged perpetrator of discrimination, so information about her performance and future as Mozilla's CEO is eminently relevant.

**RFP 3 and 4** merely request communications on Mozilla-sponsored communication channels, yet Mozilla objects on the basis of a constitutional right to privacy. Employees have no reasonable expectation of privacy when communicating on employer devices, using employer channels.

Privacy issues "can easily be addressed by the entry of a protective order." *Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018). Here, the parties already enjoy a protective order under which Defendant may mark information confidential. "At the end of the day, a party may not withhold relevant, unprivileged information on the grounds that it is private, especially when a protective order could alleviate those privacy concerns." *Bush v. Pioneer Hum. Servs.*, No. C09-518 RSM, 2010 WL 11682489, at *3 (W.D. Wash. Jan. 8, 2010).

These objections are meritless. Defendant must amend its responses and withdraw all improper objections based on Article I, section 7.

### D.    Documents to be produced

Defendant Mozilla stated that documents will be produced in response to RFP No. 1 (requesting documents related to Interrogatory No. 1 – changes to Plaintiff's role at Mozilla);

Anthony Todaro & Alexandria Cates
January 9, 2025
Page 4

RFP No. 2 (requesting documents related to Mozilla CEO transition); Interrogatory No. 5 (Plaintiff performance); and Interrogatory No. 6 (reasonable accommodations).

Mozilla Corporation was served with nine RFPs and seven Interrogatories on July 26, 2024. It is now January 9, 2025. Defendant has produced no documents responsive to RFP No. 1 or No. 2, nor Interrogatory No. 5 or No. 6. Defendant has not even indicated when they will be producing such documents, much of which should be independent and apart from Defendant's ESI process. We are concerned that Defendant is not taking its discovery obligations seriously. We request that you complete your production no later than January 17, 2025.

### E.      Defendant Mozilla improperly relies on search terms to the exclusion of generally responsive documents

In response to multiple requests for production (**RFPs 3, 4,** and **5**), Mozilla Corporation commits only to producing documents containing search terms agreed upon by the parties. This is an unduly narrow view of Defendant's discovery obligations under Federal Rules of Civil Procedure 26 and 33, which require the production of documents and ESI "in the responding party's possession, custody, or control." Thus, Defendant has an obligation to search for responsive documents that is independent of, and in addition to, the application of search terms to a custodian's data.

Plaintiff requires that Defendant undertake reasonable efforts to identify and produce all documents in its possession and control that are responsive to RFPs 3, 4, and 5, regardless of whether they are turned up by search terms. This includes, but is not limited to, handwritten or hard copy documents, documents maintained outside of designated ESI databases, and documents Defendant knows to exist, such as those in personnel files.

### F.      Incomplete or No Response by Mozilla Corporation

**Interrogatory No. 1**: This interrogatory requests the identity of individuals who were involved in considering or approving changes to Plaintiff's job title, duties, or employment status, including a description of each person's involvement and whether this person was a decisionmaker. Defendant objected on the basis of privilege, and also contends that the word "considering" is vague. Defendant went on to identify Mitchell Baker and Laura Chambers, but stated only the time periods that they had decision-making authority.

Defendant must identify whether it is withholding information on the basis of attorney-client privilege, and the basis for asserting that the identity of decisionmakers is somehow privileged communication. Further, Defendant does not describe how the word "considering" is vague. Plaintiff invites Defendant to meet and confer to provide clarity regarding Defendant's purported confusion. Defendant's response proposes that only two individuals ever had any involvement in the terms and conditions of Plaintiff's employment, and that Ms. Baker and Ms. Chambers did not confer or discuss Plaintiff's role with any other individual at any time. Documents already produced by Mozilla Foundation and Plaintiff demonstrate that Defendant's response is incomplete and inadequate.

Anthony Todaro & Alexandria Cates
January 9, 2025
Page 5

Finally, Defendant does not provide a description of each person's involvement in any proposed or actual changes to Plaintiff's job title, duties, or employment status.

Please supplement this interrogatory with a complete response to the requested information by January 17, 2025.

**Interrogatory No. 5:** Defendant fails to provide information regarding all individuals present for each instance of performance management. Please supplement this Interrogatory with a complete response by January 17, 2025.

**Interrogatory No. 7:** Defendant provides no information regarding training for its employees around the use of medical leave. Please confirm that Defendant has disclosed all information responsive to Interrogatory No. 7.

**Request for Production No. 2:** Plaintiff requests all documents from January 2022 to the present related to the transition of individuals into Mozilla's CEO role. Plaintiff objects that information regarding "any individual" with respect to the CEO role is not relevant, and unilaterally limits its response only to Plaintiff's hiring and potential transition to the CEO position, and proposes unduly limited search terms.

Defendant's objection is misplaced. Information regarding Mozilla's plans, options, considerations, and contingencies related to the CEO position is relevant to Plaintiff's claim that he was intended to take the CEO role before his cancer diagnosis, and Mozilla's defense that he was not intended to take the CEO role. Information regarding the incumbent and potential alternative successors is necessary to evaluate and assess Mozilla's defense that Mr. Teixeira was not the intended successor prior to his cancer diagnosis. Mozilla must apply the search terms in Exhibit A and produce all responsive documents.

**Request for Production No. 3:** Plaintiff requests all communications via Slack that mention Plaintiff in a limited date range from July 1, 2023 to the present. Defendant objects that this is overbroad, burdensome, not proportional, and not relevant to claims and defenses. Mozilla states that it will only produce documents that contain certain search terms. This is an improper limitation on Plaintiff's valid discovery request. Mozilla cannot unilaterally re-write Plaintiff's request, nor has Mozilla disclosed a hit count supporting its bare assertion that Plaintiff's request, as written, is disproportionate or burdensome.

For much of this period, Mr. Teixeira was on leave, which likely limits the volume of responsive communications. Further, Defendant identifies only 156 hits for the "Steve* AND Teixeira" search term in Slack, showing that Defendant is attempting to evade the collection and production of responsive documents through unduly limited search terms on a body of data that is already limited due to Defendant's spoliation. Mozilla must apply the more expansive search terms in Exhibit A and produce all responsive documents.

**Request for Production No. 4:** Plaintiff requests all communications to or from Defendant Dani Chehak that mention or related to Plaintiff from May 1, 2022 to the present.

Anthony Todaro & Alexandria Cates
January 9, 2025
Page 6

Defendant objects based on privilege, yet does not state whether documents are being withheld. Defendant objects that this is overbroad, burdensome, not proportional, and not relevant to any party's claims or defenses. Dani Chehak is Mozilla's Chief People Officer. Communications with Ms. Chehak regarding Mr. Teixeira therefore will involve either (1) discussions of Mr. Teixeira's performance or job status, which is directly relevant; or (2) discussions of the job performance of individuals in Mr. Teixeira's organization, which Mozilla has placed at issue in this case ("Plaintiff failed to rectify critical gaps in leadership roles…" Mozilla Answer, paragraph 110) and are therefore relevant.

Mozilla states that it will only produce documents that contain certain search terms. This is an improper limitation on Plaintiff's valid discovery request. Mozilla cannot unilaterally re-write Plaintiff's request, nor has Mozilla disclosed a hit count supporting its bare assertion that Plaintiff's request, as written, is disproportionate or burdensome. Mozilla must apply the search terms in Exhibit A and produce all responsive documents.

**Request for Production No. 7**: Defendant produced several policies, but not all. Please supplement this RFP with a complete response by January 17, 2025.

**Request for Production No. 8:** Defendant objects that Mozilla has no "employee handbook." The bundle of employee-facing company policies related to all aspects of employment is commonly referred to as an "employee handbook" whether or not such policies are collected in a single physical or electronic document labeled "handbook." Plaintiff requests that Mozilla supplement its response with such policies. Alternatively, at Defendant's election, Plaintiff will propound another Request for Production for such policies.

## G.    **Documents and Information Mozilla Corporation Refuses to Provide**

**Interrogatory Nos. 2** and **3**: These Interrogatories request the identity of individuals who have taken a leave of absence, information about their eligibility for bonus compensation (Rog 2), and information about their dates of employment (Rog 3). Defendant objects that these requests violate privacy rights, are overly broad, unrelated to Plaintiff's complaint, and seek privileged information. Defendant appears to refuse to disclose information, yet seeks no protective order.

As discussed above, Article 1, section 7 confers no blanket protection on the disclosure of this information. Rather, it is subsumed within the general balancing of Fed. R. Civ. Pro. 26(c), which favors broad disclosure of information. Here, the information requested is narrowly tailored in time and scope to seek information about true comparators to Plaintiff: those who also took leave and were eligible for the same executive compensation to which Plaintiff is entitled. This information is clearly relevant and discoverable, and concerns about privacy are ameliorated by the parties' existing protective order.

**Request for Production No. 5:** Mozilla's objections to RFP No. 5, requesting documents regarding Plaintiff's performance, are misplaced. Defendant objects on the basis that documents commenting on Plaintiff's performance are "not relevant to any party's claims or

Anthony Todaro & Alexandria Cates
January 9, 2025
Page 7

defenses" yet Paragraph 110 of Defendant's Answer states, "The reason action was taken with respect to Plaintiff's employment [was] based solely on his poor performance and his failures to achieve expectations." Defendant objects based on privilege, yet does not state whether documents are being withheld. Finally, Defendant asserts that "individuals'" privacy rights are violated by this request. Plaintiff is requesting documents about his own performance. Is Defendant asserting that evaluators have a constitutional right to privacy? Or is Defendant asserting Mr. Teixeira's constitutional right to privacy on his behalf? Either way, this objection must be struck.

Defendant states that it will produce only "certain" documents in response to this request, yet does not state what criteria is applies or what documents it withholds. Regardless, all documents related to Defendant's job performance are discoverable, and withholding any documents on this basis is unfounded and a breach of Defendant's discovery obligations.

**Request for Production No. 6:** Mozilla appears to refuse to produce documents related to the work of Tiangay Kemokai Law, P.C. "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Mozilla must clarify whether it is withholding documents.

Plaintiff understands that Mozilla Corporation retained Tiangay Kemokai Law, P.C. in February 2022 to conduct an evaluation of Mozilla Corporation's performance in providing a diverse, equitable, and inclusive workplace culture. This evaluation and its accompanying documents are clearly relevant to the claim regarding Mozilla's discriminatory treatment of Mr. Teixeira, as well as comparators and Mozilla's pattern-and-practice, and must be produced.

**Request for Production No. 9:** Mozilla appears to refuse to produce communications with Defendant Mitchell Baker using the term "cancer," citing vague privacy concerns and unfair burden. "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Mozilla must clarify whether it is withholding documents, and Plaintiff requests that Mozilla apply the "cancer*" search term to ten years' of Ms. Baker's documents as stated in Exhibit A.

Responsive documents are clearly relevant comparator information, as Mozilla's past approach to disability and leave speaks to its pattern or practice under Mitchell Baker's leadership of excluding individuals with cancer. Defendant's objection based on burden is not well founded, as Defendant has provided no hit count with respect to this RFP 9. Plaintiff invites Mozilla to meet and confer about whether a confidentiality designation or redaction would ameliorate any concerns about medical privacy of third parties.

## H.      Individual Defendant responses

Each of the individual defendants' verified responses to their **Interrogatory No. 1** is deficient. Each fail to disclose social media accounts. Based on simple browser searches, Ms. Baker, Ms. Chehak, and Ms. Chambers all appear to have multiple social media profiles

60606-003 \ Letter

Anthony Todaro & Alexandria Cates
January 9, 2025
Page 8

associated with their names. Clearly, a reasonable inquiry was not conducted here and each of these responses must be supplemented.

Plaintiff is concerned that the individual Defendants are not taking their discovery disclosure obligations seriously.

In addition, in their respective **Interrogatory Nos.** 1, Ms. Baker and Ms. Chehak appear intent to wall off their personal email accounts from discovery, contending that the only documents in this account that are "in relation to Plaintiff" are privileged. This is inappropriate, and an abuse of discovery. There may be responsive documents in this account that are not "in relation to Plaintiff," as a document is discoverable if it is relevant to the claims and defenses, not if it is "in relation to Plaintiff." Were Ms. Chehak's and Ms. Baker's emails captured? Have they been deleted? Did counsel search them for non-privileged responsiveness? Did the individual defendants do so? Or were the defendants merely taken at their word that each and every possibly responsive document is privileged? Defendant Chehak and Defendant Baker must include all personal email addresses in any search of responsive documents, and produce a privilege log.

The identical objections by Defendant Baker, Defendant Chehak, and Defendant Chambers to **Request for Production Nos. 1** are not well founded. Each object that communications regarding Plaintiff since May 1, 2022 are somehow not relevant to the claims or defenses, or protected by a constitutional right to privacy. Each defendant must disclose whether she is withholding any communications based on her objections, and apply the search terms in Exhibit A and produce all responsive documents in each and every account she maintains.

Sincerely,

STOKES LAWRENCE, P.S.

Amy K. Alexander
Maricarmen Perez-Vargas

cc: Darren A. Feider
    Amanda V. Masters

# EXHIBIT A

| Name | Hits + Family | Moz Response | Teixeira Proposal | Teixeira Notes |
|---|---|---|---|---|
| CEO AND hire* | 4504 | Please narrow this proposal | CEO w/10 hire* | |
| CEO AND Succession | 2480 | Please narrow this proposal | Keep as is | Information discussing the CEO succession is directly relevant to Plaintiff's claims and this count is not unreasonably high. |
| Steve* AND AI | 6364 | Please narrow this proposal | OK to remove | |
| Steve* AND artificial intelligence | 1833 | Please narrow this proposal | Keep as is | Performance on AI initiatives is at issue and this is not an unreasonably high hit count. |
| Steve* AND Eval* | 1381 | Please narrow this proposal | Keep as is | Plaintiff's performance feedback is at issue and this is not an unreasonably high hit count. |
| Steve* AND Title | 1167 | Please narrow this proposal | OK to remove in favor of "Steve AND title AND change" | |
| Steve* AND Change* | 10283 | Please narrow this proposal | Steve AND title AND change | |
| Steve* AND Employ* | 3032 | Please narrow this proposal | Steve* AND employ* AND role | |
| Steve* AND Leave | 2247 | Please narrow this proposal | Keep as is | Discussions of Plaintiff's leave of absence is at issue and this is not an unreasonably high hit count. |
| Lindsey AND Social | 924 | Please narrow this proposal; Why relevant? | Keep as is | Plaintiff's performance on social initiatives is at issue and this is not an unreasonably high hit count. |
| Lindsey AND Leyla | 981 | Please narrow this proposal; Why relevant? | Leyla AND Lindsey AND Steve* | |
| Steve* AND onboard* | 727 | Please narrow this proposal | OK to remove | |
| Steve* AND performance | 4498 | Please narrow this proposal | Steve w/10 performance | |
| Steve* AND (promot* OR President OR CEO) | 6982 | Please narrow this proposal | | Please break this search out into three and report hits so we can assess which part is problematic. |
| Steve* AND officer | 2768 | Please narrow this proposal | Steve* AND officer AND chief | |
| Steve* AND eye | 716 | Please narrow this proposal | Keep as is | Discussions relating to Plaintiff's disability are relevant and this is not an unreasonably high hit count. |
| Steve* AND Chief | 3457 | Please narrow this proposal | OK to remove | |
| Steve* AND narrative | 683 | Please narrow this proposal | Keep as is | This count is not unreasonably high. |
| Steve* AND layoff* | 705 | Please narrow this proposal | Keep as is | This count is not unreasonably high. |
| Steve* AND term | 4072 | Please narrow this proposal | Steve* AND termin* | |
| Steve* AND generative ai | 753 | Please narrow this proposal | Steve* AND "generative ai" | |
| Steve* AND bonus | 1032 | Please narrow this proposal | Keep as is | Plaintiff's compensation is at issue and this count is not unreasonably high. |
| Steve* AND MAP | 10888 | Please narrow this proposal | OK to remove | |
| Steve* AND Dani AND LaVonne | 538 | Please narrow this proposal | Keep as is | This count is not unreasonably high. |
| Steve* AND Dani AND Hannah | 491 | Please narrow this proposal | Keep as is | This count is not unreasonably high. |
| Steve* AND Dani AND direct* | 978 | Please narrow this proposal | Keep as is | This count is not unreasonably high. |
| Steve* AND treat* | 700 | Please narrow this proposal | Keep as is | This count is not unreasonably high. |
| Steve* AND quit* | 1380 | Please narrow this proposal | Keep as is | This count is not unreasonably high. |
| Steve* | | | | Please apply this term to all Slack data, Baker's personal email, Chambers' personal email, and Chehak's Mozilla and personal email accounts from 5/1/22 to the present. |
| Cancer* | | | | Please apply this term to Baker's personal and work data sources for the past ten years. |

# Exhibit D



**DLA Piper LLP (US)**
701 Fifth Avenue
Suite 6900
Seattle, Washington 98104-7044
www.dlapiper.com

Anthony Todaro
anthony.todaro@us.dlapiper.com
T   206.839.4830
F   206.494.1802

January 24, 2025

Amy K. Alexander
Maricarmen Perez-Vargas
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101

>    Re: *Steve Teixeira v. Mozilla Corporation, et al.*
>    United States District Court of Western District of Washington
>    No. 2:24-cv-01032-RAJ

Dear Amy and Maricarmen,

Defendants Mozilla Corporation ("Mozilla"), Mitchell Baker, Laura Chambers, and Dani Chehak (the "Individual Defendants") (collectively, "Defendants"), write in response to your letter dated January 9, 2025, regarding the alleged deficiencies in Mozilla Corporation's and the Individual Defendants' discovery responses, as well as our meet and confer conference on January 21, 2025 and your subsequent email dated January 23, 2025.

At the outset, we must express our disappointment with your allegations that we have not responded to discovery in a timely manner. Plaintiff served discovery on Defendants on July 26, 2024. Defendants provided responses on September 9, 2024, after Plaintiff's counsel denied our request for a two-week extension and only allowed a one-week extension (conditioned on the basis that we produce documents on September 9, 2024). After Defendants served their responses to discovery on September 9, 2024, Defendants did not hear from Plaintiff for over two months, and only then was it about ESI search terms, not about specific discovery deficiencies. Plaintiff did not send a meet and confer letter addressing any of the specific deficiencies with Defendants' responses until January 9, 2025—a full **_four months_** after Defendants served responses. Defendants have been cooperative throughout the entire process. Any allegation to the contrary is baseless and, if continued, will not be taken well.

We address each of your concerns under the specified headings below.

I.      **Slack, Email Data, and ESI**

Defendants acknowledge that Mozilla Corporation's Slack messages auto-delete after six months. Defendants do not appreciate Plaintiff's spoliation allegation – Defendants have been upfront about Slack's data retention policy data since the beginning of this case. Specifically, Defendants informed Plaintiff's counsel about Mozilla's policy during the parties' initial Rule 26 conference. As we noted during our meet and confer call, Mozilla has fulfilled its duty to preserve all relevant Slack data. Mozilla can confirm that all Slack data kept in connection with the Company's regular data retention policies (i.e., going back 180 days) has been preserved since the time when the notice came in and has been preserved since.

Mozilla is agreeable to expanding the date range of the Slack data to be searched to and through Mr. Teixeira's termination, following review of Plaintiff's suggestions on custodians and keyword searches, which Plaintiff agreed to provide Defendants with by the end of the week.

Finally, with regard to documents stored on Mozilla's ESI systems, Defendants' counsel will agree to ask Defendants for potentially responsive documents located within ESI outside those identified by search terms, even though Mozilla does not believe it has an obligation to do so.

## II.    General Objections

As is standard with written discovery answers, Mozilla prefaced its answers to Interrogatories and Requests for Production of Documents with general objections. As Mozilla represented on the call, Mozilla is not currently withholding any documents based on its general objections to Plaintiff's discovery requests.

However, Mozilla made clear in its specific responses to Plaintiff's Request for Production of Documents what it would and would not be producing. Mozilla will produce a privilege log for any privileged documents that it is withholding, as discussed further below in response to Request No. 6.

## III.    Interrogatories

### A.    Interrogatory No. 1

Mozilla agrees to supplement its response to Interrogatory No. 1 in response to Plaintiff's proposed definition of "considering" as meaning any individual who had the ability to affect changes to Plaintiff's job title, duties, or employment status and anyone who was consulted by those individuals. Mozilla will also provide a supplemental response that describes each individual's involvement with each change.

### B.    Interrogatory Nos. 2-3

Interrogatory No. 2 requests information regarding employees who have been on leaves of absence for the past 10 years and are eligible for a bonus award pursuant to an Executive Individual Achievement Plan. Interrogatory No. 3 requests information on the names of employees who have been on a leave of absence for a health condition for the past five years. Mozilla maintains its objections. As noted in its original objections, Interrogatory No. 2 is overbroad in time and scope. Mozilla cannot agree to a 10-year scope. Additionally, Mozilla objects to scope on the basis that Plaintiff is not limiting their request to health-related leaves of absence. Further, with regard to Interrogatory No. 3, Mozilla objects on the basis that the request seeks information regarding *any* employee, not just those who were similarly situated to Plaintiff. Moreover, even if Plaintiff's request was narrowed to similarly situated employees, Plaintiff has not alleged a disparate treatment claim in his case. The requested information is simply not relevant to Plaintiff's causes of action.

Moreover, Mozilla does not believe that the case law cited in Plaintiff's meet and confer letter obligate Mozilla to produce this information. For instance, in *Bush v. Pioneer Hum. Servs.*, the plaintiff requested that the defendant produce various third-party personnel files relating to employees who were not parties in the case. *Bush v. Pioneer Human Servs.*, C09-518 RSM, 2010 WL 11682489, at *4 (W.D. Wash. Jan. 8, 2010). The Court denied the plaintiff's full request, only allowing certain limited personnel files to be produced, stating that "the Court must limit discovery

to the portions of the personnel files that have a reasonable likelihood of containing relevant information." *Id*. at *5. As you likely know, under the American Disabilities Act ("ADA") and FMLA, medical records, including information related to medical leave, should be stored *separately* from personnel files because such information is more sensitive than information that you would find in a personnel file. In fact, the court in Bush stated that "[e]ven if a personnel file may possibly provide information relevant to the credibility of a potential witness, this marginal relevancy does not outweigh employees' privacy interests." *Id*. In the instance of a disparate treatment case, the only reason that the plaintiff would need the requested information would be to provide information regarding a potential witness. Such "marginal" relevancy cannot outweigh the employees' privacy interests.

Similarly, *Doe v. Puget Sound Blood Ctr*. is distinguishable. In that case, the trial court ordered a deceased blood donor's identity to be disclosed after the plaintiff contracted AIDS. *Doe v. Puget Sound Blood Ctr*., 117 Wn.2d 772, 776 (1991). The donor was a potential witness and a potential defendant. *Id*. The Washington Supreme Court noted that "the balancing and weighing of the interests and values are difficult. There is apparent merit on both sides. However, given this record and considering the limitations and restrictions imposed by the trial court," the Supreme Court concluded that there had not been a clear showing of abuse of discretion.[1] The Court did note that there were significant unresolved issues with the privacy rights of a deceased person, but determined they could not rule on that issue given that it was not briefed.

Mozilla stands by its objections and welcomes the Court's input on this subject. Mozilla protects its employees' sensitive data and does not want to run afoul of any privacy law regarding disclosure of sensitive health information by responding to these interrogatories, especially when they are overbroad in time and scope and not directly relevant to Plaintiff's claims.

## IV.    Request for Production

### A.    Request for Production No. 2

Request for Production No. 2 requests documents from January 2022 to the present related to or regarding the hiring, transition, succession, or removal of individuals as Mozilla CEO, including but not limited to correspondence with members of the Mozilla and Mozilla Foundation Boards of Directors. Mozilla responded that it would produce documents from January 2022 to the present regarding Plaintiff's hiring and potential transition to and/or succession to the CEO position. As we explained on the meet and confer call, Mozilla's proposed search will encompass the situation that Plaintiff is looking for - i.e., whether Plaintiff was removed from consideration due to his cancer (as that would be encompassed in documentation regarding Plaintiff's potential succession to the CEO position). Additionally, if there was a competitive process and if Plaintiff was removed from the competitive process, such documentation would also be captured by Mozilla's proposed search. Accordingly, Mozilla will not agree to supplement its response.

### B.    Request for Production No. 3

Mozilla will agree to search Slack data through the date of Plaintiff's termination, as described above in Section I.

### C.    Request for Production No. 4

---

[1] The order required the plaintiff to keep the donor's identity confidential until and unless the plaintiff joined the donor as a party defendant. *Id*. at 372.

Mozilla will agree to search Ms. Chehak's Mozilla email account through the date of Plaintiff's termination for the term "Steve*," as described above in Section I.

### D.    Request for Production No. 5

Request for Production No. 5 asks for all documents containing an assessment, evaluation, discussion of, or comment on the job performance of Plaintiff. Mozilla agreed to produce all non-privileged custodian documents in Defendant's possession and control that contain search terms agreed to by Plaintiff and Defendant regarding Plaintiff's performance.  Mozilla has disclosed the search terms that it plans on using to Plaintiff. In the event Mozilla withholds any documents, Mozilla will let Plaintiff know.

### E.    Request for Production No. 6

Request for Production No. 6 asks for all reports, memorandum, and assessments from Tiangay Kemokai Law, P.C.  Mozilla objected on the basis of relevance and privilege. Mozilla stands by its objections and will not produce the report, partial versions, or summaries thereof. The report (referred to as the "TK Law Report") was only viewed by a very select group of individuals – Mitchell Baker (then-CEO), Laura Chambers (current CEO), Carlos Torres (Mozilla's in-house counsel), Dani Chehak (Head of HR), and Leslie Gray (Ms. Baker's Chief of Staff). Plaintiff himself did not see the report. When the report was shared with the former group of individuals, Ms. Torres cautioned them not to share so privilege would be preserved. Mozilla is still gathering information for its privilege report, but will produce a privilege log along with its production of documents that contains information on why the report and any associated summaries remain privileged.

Additionally, Mozilla stands by its objection to Plaintiff's request on relevancy grounds. The TK Law Report was a culture report, commissioned as a DEI initiative to foster inclusively in the workplace around DEI hiring and inclusion. It is not relevant to Plaintiff's causes of action, which include disability discrimination, retaliation, claims under FMLA, and defamation.

### F.    Request for Production No. 8

Request for Production No. 8 asks for Mozilla's Employee Handbook. Mozilla responded that it does not have an Employee Handbook. Plaintiff will provide Mozilla with a list of employment-specific policies for Mozilla to reasonably consider.

### G.    Request for Production No. 9

Request for Production No. 9 asks for all communications to or from Ms. Baker from January 1, 2015 to the present containing the search term "cancer." We will ask Mozilla's IT department to apply the term "cancer*" to Ms. Baker's Mozilla-based email account for the past ten years. If it is possible, we will provide you with a search term hit report in the coming days. We cannot agree to do the same over Ms. Baker's personal email account. Ms. Baker's husband and son have both had cancer, and accordingly, such emails are both very personal and private.

### V.    Individual Discovery Responses

Interrogatory No. 1 requests that each Individual Defendant to "identify all accounts including, but not limited to, email addresses, social media, phone numbers, blogs, etc, **where you have communicated with or about Plaintiff**." The Individual Defendants provided email and social media account information for accounts where they communicated with or about Plaintiff.  Plaintiff now

apparently takes issue with the fact that Individual Defendants' counsel did not collect every single social media account, email account, blog, or other online source that the Individual Defendants may have had an account for, review all the communications in each source, and ensure that its clients were telling the truth that they did not communicate with or about Plaintiff on such accounts. Plaintiff apparently has an issue with this, despite the fact that the Individual Defendants provided written verifications declaring, **under penalty of perjury**, that they read all the foregoing responses and "all of the answers are true and correct to the best of my knowledge and belief." Mozilla believes it has satisfied its duty with respect to Interrogatory No. 1 and will not be supplementing.

Request for Production No. 4 to each Individual Defendant requests "[a]ll communications that mention or relate to Plaintiff from May 1, 2022 to the present in each account listed in response to Interrogatory No. 1, excluding accounts associated with your employment with Mozilla." The Individual Defendants agreed to produce communications from the accounts mentioned in Interrogatory No. 1 that mention or relate to Plaintiff from May 1, 2022 to the present.

Plaintiff has requested that Defendant apply all search terms that the parties have been meeting and conferring over to the Individual Defendants' personal email accounts. The Individual Defendants cannot agree to this request (nor did they ever agree to such a request). When the Defendants sent Plaintiff their ESI disclosures on October 15, 2024, Defendants did not agree to search personal email accounts for the proposed terms. Individual Defendants will agree to search "Steve" in their personal accounts. This search term should capture almost all of Plaintiff's proposed ESI search terms, given that most contain "Steve."

Additionally, we will not collect personal email accounts from our clients. Instead, the Individual Defendants will search the term "Steve" in their personal accounts identified in Interrogatory No. 1 while counsel watches (either via screen share on Zoom or in person). If responsive communications are found, they will be transferred to our office. If nothing is found, the respective Individual Defendant will sign a declaration, under penalty of perjury, that they do not have any responsive communications. If Plaintiff takes issue with this approach, they will need to take that issue up with the Court.

## VI.    Conclusion

We believe that we can reach a reasonable agreement on most, if not all, of the outstanding requests.[2] If you believe it would be helpful to have another meet and confer call on any of these issues, please do not hesitate to reach out.


Sincerely,


Anthony Todaro
Partner

cc: Darren A. Feider
Beth Touschner

---

[2] In the interest of moving forward and coming to a resolution, Defendants have not addressed every objection Defendants asserted in regard to each Interrogatory or Request for Production. Our failure to mention an objection with respect to a particular request or response does not mean that Defendants are waiving their right to assert the objection at some point in the future.

# Exhibit E

| | |
|---|---|
| **From:** | Cates, Alexandria |
| **Sent:** | Monday, February 10, 2025 12:02 PM |
| **To:** | Maricarmen Perez-Vargas |
| **Cc:** | Mathew Harrington; Sarah Armon; Laura Smith; Anna Armitage; Charlotte Edwards; Bittle, Jacey; McFadden, Robert; Darren Feider; Todaro, Anthony; Katie Marchenko; Beth Touschner; Amy K. Alexander |
| **Subject:** | RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses |

Good Morning,

Please see our specific responses to each point in red below. We also note that we sent you a meet and confer letter on February 4th asking for time today or tomorrow to discuss and we have yet to hear from you. Please let us know when you are free through Thursday to discuss.

Thank you,
Alex

\*\*\*\*

We're responding to your letter dated January 24, 2025 and your January 27, 2025 search term proposal.

We feel the parties are at an impasse on the following points and will move to compel regarding the same: We agree that we are at an impasse. Per the meet and confer letter that we sent you last week regarding your client's answers to our discovery requests, it seems that both sides will be at an impasse with certain issues and likely will both need to go to court. We'd like to only go to court once with written discovery issues, whether that be through traditional methods or through an expedited Joint Motion via CR 37. We are open to discussing the process, but are you agreeable to bringing our discovery issues to the court at the same time?

- Rogs 2-3 regarding the temporal scope and the types of leave that are responsive;
- RFP 2 regarding the CEO transition that does not directly relate to Plaintiff's consideration;
- RFP 6 regarding the TK Law report, which we do not believe to be privileged and is relevant to Plaintiff's claims;
- Individual defendants' proposed methodology and search terms for their personal email accounts. We maintain these should be collected per standard ESI protocols and practices and all search terms applied to identify potentially responsive documents for review.

Regarding RFP 9, we'd like to clarify that documents that are solely related to Ms. Mitchell's husband's and son's cancer would not need to be produced. Is Ms. Mitchell still unwilling to apply this term to her personal email account? We do not believe our client will agree to search her personal account for the past 10 years for the word "cancer" even if you agree to exclude mention of her son and husband. Would you be agreeable to shortening the time limit? If so, we think our client would be more agreeable.

I am also providing the list of Slack custodians Plaintiff requests Mozilla Corporation search for responsive information, using the methodology discussed in our conference: As an initial matter, the below custodial accounts signify a massive expansion from the subset of custodial accounts that we have been discussing throughout this process. We cannot agree to this blanket list without further information from you regarding why these individuals should be included. If you

1

specific reasons for including certain individuals, we will evaluate. Otherwise, we can only agree to the first four individuals.

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael
6. Lindsey O'Brien
7. Carlos Torres
8. Imo Udom
9. Suba Vasudevan
10. Eric Muhlheim
11. Mark Surman
12. Kerry Cooper
13. Karim Lakhani
14. Bob Lisbonne
15. Hugh Molotsi
16. Kristin Skogen Lund
17. Leyla Samiee
18. Sally Richardson
19. Chris Karlof
20. Saud Khalifa
21. LaVonne Copps
22. Hannah Kagan
23. Orville McDonald

Also regarding Slack, could you please confirm whether Mozilla Corporation's updated version permits it to sort information by custodian in a more standard manner? – Yes.

Finally, per our discussion, I am attaching a list of policies that we would consider to be responsive to RFP 8.  Thank you, I have passed this list off to the client.

## Alex Cates
Associate

_____

T  +1 206 839 4893
F   +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

_____

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Friday, January 31, 2025 2:29 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>

**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex and Anthony,

We're responding to your letter dated January 24, 2025 and your January 27, 2025 search term proposal.

We feel the parties are at an impasse on the following points and will move to compel regarding the same:

- Rogs 2-3 regarding the temporal scope and the types of leave that are responsive;
- RFP 2 regarding the CEO transition that does not directly relate to Plaintiff's consideration;
- RFP 6 regarding the TK Law report, which we do not believe to be privileged and is relevant to Plaintiff's claims;
- Individual defendants' proposed methodology and search terms for their personal email accounts. We maintain these should be collected per standard ESI protocols and practices and all search terms applied to identify potentially responsive documents for review.

Regarding RFP 9, we'd like to clarify that documents that are solely related to Ms. Mitchell's husband's and son's cancer would not need to be produced. Is Ms. Mitchell still unwilling to apply this term to her personal email account?

I am also providing the list of Slack custodians Plaintiff requests Mozilla Corporation search for responsive information, using the methodology discussed in our conference:

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael
6. Lindsey O'Brien
7. Carlos Torres
8. Imo Udom
9. Suba Vasudevan
10. Eric Muhlheim
11. Mark Surman
12. Kerry Cooper
13. Karim Lakhani
14. Bob Lisbonne
15. Hugh Molotsi
16. Kristin Skogen Lund
17. Leyla Samiee
18. Sally Richardson
19. Chris Karlof
20. Saud Khalifa
21. LaVonne Copps
22. Hannah Kagan
23. Orville McDonald

Also regarding Slack, could you please confirm whether Mozilla Corporation's updated version permits it to sort information by custodian in a more standard manner?

Finally, per our discussion, I am attaching a list of policies that we would consider to be responsive to RFP 8.

**Maricarmen Perez-Vargas**
Attorney
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, January 27, 2025 3:24 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi All,

Please see Mozilla's attached response to the ESI search terms.

Thanks,
Alex

## Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Cates, Alexandria
**Sent:** Friday, January 24, 2025 5:07 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Please see our attached correspondence.  Our responses to the ESI search term chart will follow on Monday.

Thanks,
Alex

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Wednesday, January 22, 2025 4:24 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ **EXTERNAL MESSAGE**

Alex and Anthony,

Thank you for meeting and conferring yesterday. We're following up to summarize the agreements we came to and action items:

Mozilla Corporation Requests

- Mozilla clients have not been asked to consider potentially responsive documents within ESI outside of those identified by search terms. You agreed to ask your client to do this in light of Mozilla's obligation to conduct a reasonable search for information within its possession and control, not just information that contains specific terms.
- You explained that Slack was imaged on May 15, 2024, and captured all Mozilla Slack messages dating back six months (back to December 15, 2023). At some unknown time, Mozilla updated its Slack subscription to retain information longer and potentially filter by custodians. **You agreed to ask your client when Mozilla updated Slack and how the update changed things (e.g., how long slack messages are retained now and whether it is possible to filter by custodian).**
  - Separately, we will provide Mozilla with a list of Slack custodians we would like included in searches. We agreed Mozilla would be able to accomplish this by including the Slack usernames/handles of particular individuals in combination with the search terms to identify Slack conversations in which the individuals participated. **Mozilla will then report an updated hit count for Slack data. We will provide these custodians by the end of this week.**

- You stated that at this point, Mozilla is not withholding any documents based on its objections to discovery requests. **Mozilla committed to informing Plaintiff if it ultimately withholds any responsive information based on any of its objections, and to explain why information is being withheld**.
- As to RFPs 1, 2, 5, and 6, Mozilla Corporation will run agreed searches and you will ask your client if they are aware of anything that is not captured by the terms but is responsive.
- Mozilla agreed to define "considering" in Rog 1 to be limited to any individual who had the ability to affect changes to Plaintiff's job title, duties, or employment status and anyone who was consulted by those individuals. **Mozilla Corporation will accordingly supplement if needed.  Mozilla Corporation will also provide the descriptions requested in Rog 1, which were omitted from its responses**.
- Mozilla provided that conversations identified in response to Rog 5 were 1:1 conversations.
- Mozilla provided that its response to Rog 7 is complete.
- **The parties are at an impasse as to the scope of RFP 2**. Mozilla will not provide information about the transition of individuals into or out of the CEO role that do not directly involve Plaintiff. Mozilla maintains this information is irrelevant. Plaintiff explained that the performance, timeline, and nature of Ms. Baker's long-planned exit from the CEO position is directly relevant to the long-planned transition of Plaintiff into that position. Further, whether and who else Mozilla was considering for the CEO position, and when, is probative of whether Plaintiff was removed from consideration due to his cancer or due to a competitive process. Plaintiff will move to compel this information as it is directly relevant to the scope of the search and the circumstances under with Plaintiff was considered.
- As to RFP 3, Mozilla Corporation's concerns may be addressed by limiting Slack searches to identified custodians per the process outlined above. **Mozilla Corporation will follow up to confirm it will search through the date of Plaintiff's termination this week**.
- As to RFP 4, Mozilla Corporation will confirm the timeline of its search and will search Ms. Chehak's Mozilla e-mail account for "Steve*".
- As to RFP 7, Mozilla's Corporation's response is complete and nothing was withheld.
- As to RFP 8, Plaintiff will provide a list of common employment policies for Mozilla to produce. Recognizing that policies may be commonly referred to by different names at different organizations, Mozilla will be expansive in interpreting the policies identified in Plaintiff's list (e.g. a "time off policy" would be interpreted to include what is called a "PTO policy" at Mozilla).
- As to Rogs 2 and 3, the parties discussed questions regarding scope and privacy.
  - Plaintiff observed that information about all leaves of absence is relevant, not just those relating to health, because such information identifies comparators. Plaintiff also observed that the temporal scope extending 10 years is reasonable given that Ms. Baker was the CEO during this entire period and the pool of individuals – executives – is small. **Mozilla agreed to consider and get back to Plaintiff by the end of the week**.
  - As to privacy, **Mozilla will consider Plaintiff's authority regarding the production of employees' health information, which was cited in our January 9 letter**. If Mozilla has authority contrary to Plaintiff's position that this information is discoverable because these individuals are comparators, Mozilla will provide it by the end of this week.
  - The above will also apply to Rog 3's request.
- As to RFP 5, Mozilla will inform Plaintiff if it ultimately withholds information on the basis of its objections, and will explain why to Plaintiff.
- As to RFP 6, Mozilla maintains the requested information is privileged. **Mozilla will provide information to Plaintiff about the maintenance and distribution of the TK Law Report (including redacted versions, partial versions, or summaries thereof) by the end of this week**.
- As to RFP 9, Mozilla provided that it has not run the requested search and does not know how many documents would be identified. Plaintiff requested that Ms. Baker and/or Mozilla IT run the search over 10 years to identify whether there is an overbreadth issue. **Mozilla agreed to consider this and will confirm by the end of this week**.
- As to RFPs 3 and 4, Mozilla will inform Plaintiff if it withholds any information based on its privacy objections. Plaintiff maintains there is no expectation of Privacy in anything shared on a company platform.

Requests to Individual Defendants

As to Rog 1, defendants only responded as to social media accounts where defendants self-report that they communicated with or about Plaintiff.

As to RFP 1, defendants object that this request is too broad, but confirm they have not collected personal email accounts for *any* individual defendants or run searches on that data. The only searches that have been run on this data have been completed manually by the defendants themselves. Ms. Baker maintains she does not have an email account that contains responsive information and the mitchellbakerremix@gmail.com account was created solely to communicate with counsel. Mozilla confirmed it has not been running searches across individual defendants' personal email accounts and has not collected this data. Mozilla would not disclose the personal email addresses of Ms. Chehak or Ms. Baker that pre-existed this litigation.

As we communicated during our discussion, we were surprised to learn Mozilla's position that it was unaware that Plaintiff had requested, and Mozilla had agreed to, running searches on personal email accounts when Plaintiff requested "ALL" data sources be searched. This is another example of Mozilla's failure to take its discovery obligations seriously. On October 15, 2024, counsel disclosed "emails" as among the custodial data sources for all individual defendants, and proposed searching these "emails." Attached, you will find the chart Plaintiff sent to Mozilla on November 12, 2024, requesting additional searches. You'll see at the bottom of the chart, "ALL" is defined as "**a custodian's personal and Mozilla email/productivity suite, Google Drive (or other local or cloud based file storage), cell phone storage including text messaging, SLACK)**". On December 13, 2024, Mozilla provided the attached response. Mozilla did not object to Plaintiff's definition of ALL and in fact listed particular personal email addresses that would be searched for "Steve* AND Teixeira." Mozilla unequivocally agreed to include personal email data for custodians as part of the data that was searched, and has continued to reinforce that agreement in its discourse. Today was the first time Mozilla shared that information had never even been collected**. Mozilla agreed to confirm by next week that it will honor its agreement to include personal email data in its searches and collect the same**. Individual defendants maintain they will only search personal email accounts identified in response to discovery requests.

Regards,

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 1:58 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Amy,

I apologize, I did not appreciate that Monday was a holiday. We are both free on Tuesday from 10-1 or from 2-5.

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 11:30 AM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Hello Alexandria,

We had asked for availability on January 15 and 16. Is counsel unavailable those days? Monday, January 20 is Martin Luther King Jr. Day, and it will be difficult to gather the necessary participants. What is your availability on Friday, January 17 or Tuesday, January 21?

Thanks,

**Amy K. Alexander**
Attorney  |  Shareholder
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 11:20 AM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage

<Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Amy,

We are available Monday between 9-11, and from 11:30 – 4:00.

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 8:36 AM
**To:** Laura Smith <Laura.Smith@stokeslaw.com>; Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ **EXTERNAL MESSAGE**

Alexandria and Anthony: We requested your availability for a meet and confer five days ago, and have heard nothing. Please let us know when you are available.

**Amy K. Alexander**
Attorney  |  Shareholder
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Laura Smith <Laura.Smith@stokeslaw.com>
**Sent:** Thursday, January 09, 2025 2:55 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>;

Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <jacey.bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Amanda Masters <amasters@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>
**Subject:** Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Good Afternoon Counsel:

Please see attached a letter of today's date from Attorneys Amy Alexander and Maricarmen Perez-Vargas regarding the above-referenced matter.
Thank you.

Regards,

**Laura Smith**
Practice Assistant
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2165  |  Office: 206.626.6000
Laura.Smith@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.