HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE TEIXEIRA,

        Plaintiff,

v.

MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.

        Defendants.

Case No. 2:24-cv-1032-RAJ

**DEFENDANT MOZILLA CORPORATION, LAURA CHAMBERS, AND DANI CHEHAK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

### SUMMARY OF AMENDED ANSWER OF CERTAIN DEFENDANTS

The Defendants listed below provide this Amended Answer to the First Amended Complaint filed by Steve Teixeira. This prefatory statement addresses some, but not all, of the various misstatements and falsehoods set forth in his Complaint.

First, Mr. Teixeira was not on track for the CEO position. On the contrary, Mr. Teixeira had been underperforming for a significant period in his position as Chief Product Officer ("CPO"). He failed to develop an effective product strategy. He also failed to adequately address the considerable concerns and feedback the Board and CEO raised regarding product strategy,

including actively resisting requests that he engage in generative Artificial Intelligence ("GenAI"). Additionally, he consistently demonstrated poor management of his teams.

Second, Mr. Teixeira had been informed that there was an interim step between CPO and CEO - a President role. He had to succeed in the President role before he could be considered for the CEO position. In 2023, he was informed that his underperformance as CPO precluded him from being on track for the President position.

Third, Mr. Teixeira—not Mozilla—requested a reduced role in the Company due to his medical condition. Notwithstanding his significant underperformance and basis for termination, the Company agreed to Mr. Teixeira's request for the reduced scope. Mr. Teixeira engaged actively and constructively with the Company throughout April 2024 to create this role, before he reversed course and concocted the baseless story that the role was being forced on him as an act of discrimination.

There are many other claims in the complaint that are inaccurate, irrelevant, and misleading, and we look forward to addressing them through legal proceedings.

**AMENDED ANSWER OF CERTAIN DEFENDANTS**

Defendants MOZILLA CORPORATION a.k.a M.F. Technologies ("Mozilla"), LAURA CHAMBERS, and DANI CHEHAK (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses and affirmative defenses in response to the Complaint of Plaintiff STEVE TEIXEIRA ("Plaintiff"). Defendants' amended answer, defenses, and affirmative defenses are based on information and knowledge thus far secured by Defendants, and Defendants reserve the right to amend or supplement their amended answer, defenses, or affirmative defenses based on facts later discovered, pleaded, or offered. To the extent that any express or implied allegations in the Complaint are not specifically admitted herein, Defendants deny such allegations.

I.    **PARTIES**

1.    Defendants admit that Steve Teixeira currently resides in King County,

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

Washington.

2. Defendants admit that Mozilla is a California corporation with its principal place of business in San Francisco, California.

3. Defendants admit that Mozilla is a wholly owned subsidiary of the Mozilla Foundation.

4. Defendants admit that Laura Chambers is an individual residing in Melbourne, Australia.

5. Defendants admit that Dani Chehak is an individual residing in Santa Clara County, California.

6. Defendants admit that Winifred Mitchell Baker is an individual residing in San Mateo County, California.

7. Defendants admit that Mozilla Foundation is a California public benefit corporation with 501(c)(3) status as a non-profit organization.

## II.   JURISDICTION AND VENUE

8. Defendants state that no response is required regarding the allegations in this paragraph because these allegations constitute conclusions of law. To the extent a response is required, Defendants do not dispute that this Court has jurisdiction over this action.

9. Defendants admit that Mozilla opened a co-working space in Seattle but deny that a formal office was ever opened. Mozilla admits that it transacts business in King County, Washington.

10. Defendants admit that Laura Chambers resides in Melbourne, Australia.

11. Defendants admit that Dani Chehak resides in Santa Clara County, California.

12. Defendants admit that Winifred Mitchell Baker resides in San Mateo County, California.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 13, and on that basis deny the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

allegations.

14.     Defendants admit that Plaintiff generally worked out of King County, Washington.

15.     Defendants admit that Plaintiff generally worked out of King County, Washington.

### III.     FACTS

16.     Defendants admit that the Mozilla project was founded in Santa Clara in 1998, when Netscape made the decision to release the Netscape browser program code to the public under an open-source license.

17.     Defendants admit that Mozilla Foundation is funded in part by profits generated from Mozilla's products.

18.     Defendants admit that Mozilla's work is guided by its manifesto. Defendants state that no response is required regarding the allegations in this paragraph because the document referenced speaks for itself. Defendants deny the remaining allegations set forth in paragraph 18 of the Complaint.

19.      Defendants admit that Mozilla's work is guided by its manifesto. Defendants deny the remaining allegations set forth in paragraph 19 of the Complaint.

20.     Defendants admit that Mozilla's work is guided by its manifesto.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 22, and on that basis deny the allegations.

23.     Defendants admit that Plaintiff became Mozilla's Chief Product Officer ("CPO") in August 2022.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 24, and on that basis deny the

allegations.

25. Defendants admit that, on or around January 2023, Ms. Baker had a conversation with Plaintiff regarding the potential that Plaintiff could succeed her should he demonstrate success in the products organization and his company-wide leadership skills. The succession plan was always a multi-step process by which Plaintiff would potentially be eligible for the role of "President," and then, if successful, he could be eligible for the role of CEO. Plaintiff and Ms. Baker agreed that they would see how 2023 progressed and reassess at the end of the year.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 26, and on that basis deny the allegations.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 27, and on that basis deny the allegations.

28. Defendants admit that Plaintiff was tasked with leading Mozilla Products Group ("MozProd") and was tasked with the responsibility of strategy, delivery, and operation of Mozilla's commercial product portfolio. Defendants deny the remaining allegations set forth in paragraph 28 of the Complaint.

29. Defendants admit that approximately three quarters of Mozilla personnel were within MozProd.

30. Defendants admit that Firefox has not yet returned to growth. Defendants deny the remaining allegations set forth in paragraph 30 of the Complaint.

31. Defendants admit that the Firefox browser search revenue constitutes approximately 88% of Mozilla's revenue. Defendants deny the remaining allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 5

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

34. Defendants admit that Plaintiff received an "Above Achievement" rating for 2022 (representing a five-month period of employment from August to December) and note that Plaintiff then received a "Below Achievement" rating for 2023, evincing a consistent decline in performance and overall failure to meet Company objectives and demonstrate a cohesive product vision.

35. Defendants admit that the Company opened a coworking space in Seattle. Defendants deny the remaining allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny that Plaintiff developed formal plans for any product, nor did Plaintiff present any of his working ideas in a formal plan for approval from Mozilla leadership. Plaintiff was repeatedly told that his ideas lacked specificity and substance, that he did not have a viable business plan (or any formal plan), and that any theoretical ideas that Plaintiff had were based on unvalidated assumptions. Defendants deny the remaining allegations set forth in paragraph 37 of the Complaint.

38. Defendants state that no response is required regarding the allegations in paragraph 38 because the document referenced speaks for itself.

39. Defendants state that no response is required regarding the allegations in paragraph 39 because the document referenced speaks for itself.

40. Defendants deny that Ms. Baker or other senior executives praised Plaintiff at the Company's All-Hands event in Montreal in August 2023. The Board and the CEO had very significant concerns about Plaintiff's product strategy and tasked two Board members to meet separately with Plaintiff at the Company All-Hands event to relay these concerns to Plaintiff. Both Board members asked Plaintiff to perform a deeper dive on a product that they could evaluate, which Plaintiff failed to do. Defendants deny the remaining allegations set forth in paragraph 40 of the Complaint.

41. Defendants admit that Mozilla opened a coworking space in Seattle in or around

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

1   September 2023.

2   42.  Defendants admit that Ms. Baker had communications with Plaintiff in September 2023 regarding succession planning. In September 2023, Ms. Baker informed Plaintiff that he was not on track to move to a President role. Ms. Baker and Plaintiff spoke again in late September, at which time Ms. Baker made it clear to Plaintiff that he would need to make improvements and demonstrated success within MozProd before he could be considered for any other role. Defendants admit that a document used the phrase "transitioning parties" but deny that such document suggests that Plaintiff was on track for the President role. Defendants deny the remaining allegations set forth in paragraph 42 of the Complaint.

43.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 43, and on that basis deny the allegations.

44.  Defendants admit that Plaintiff informed Mozilla that he was diagnosed with cancer on October 3, 2023.

45.  Defendants admit that Plaintiff is 52 years old.

46.  Defendants admit that Mozilla approved Plaintiff's request for leave under the FMLA and Washington's Paid Family and Medical Leave Act ("WPFML").

47.  Defendants admit that Plaintiff's responsibilities were distributed to various members of Mozilla's senior leadership team, including the SVP of Strategy and Operations, the Chief Marketing Officer, and the Senior Vice President, Innovation Ecosystems. Defendants deny the remaining allegations set forth in paragraph 47 of the Complaint.

48.  Defendants admit that Plaintiff was on FMLA and WPFML leave from October 30, 2023, through February 1, 2024.

49.  Defendants admit that Plaintiff was on FMLA and WPFML leave from October 30, 2023, through February 1, 2024.

50.  Defendants admit that Ms. Baker stepped down as Mozilla's CEO on or about

1  February 8, 2024, and that Laura Chambers was appointed as interim CEO on or about that same
2  day.

3  51.  Defendants deny the allegations set forth in paragraph 51 of the Complaint.

4  52.  Defendants deny the allegations set forth in paragraph 52 of the Complaint.

5  53.  Defendants deny that Plaintiff was not aware of layoffs prior to his return from
6  leave.  Defendants deny the remaining allegations set forth in paragraph 53 of the Complaint.

7  54.  Defendants lack knowledge or information sufficient to form a belief about the
8  truth of the allegations set forth in the Complaint's paragraph 54, and on that basis deny the
9  allegations.

10  55.  Defendants deny the allegations set forth in paragraph 55 of the Complaint.

11  56.  Defendants deny the allegations set forth in paragraph 56 of the Complaint.

12  57.  Defendants deny the allegations set forth in paragraph 57 of the Complaint.

13  58.  Defendants deny the allegations set forth in paragraph 58 of the Complaint.

14  59.  Defendants deny that the layoffs were designed to "increase profit margins."
15  Defendants deny the remaining allegations set forth in paragraph 59 of the Complaint.

16  60.  Defendants deny that Plaintiff was to falsely take responsibility for the layoff
17  decision-making.  Defendants deny the remaining allegations set forth in paragraph 60 of the
18  Complaint.

19  61.  Defendants deny the allegations set forth in paragraph 61 of the Complaint.

20  62.  Defendants deny the allegations set forth in paragraph 62 of the Complaint.

21  63.  Defendants deny the allegations set forth in paragraph 63 of the Complaint.

22  64.  Defendants admit the allegations set forth in paragraph 64 of the Complaint.

23  65.  Defendants state that no response is required regarding the allegations in
24  paragraph 65 because the document referenced speaks for itself.

25  66.  Defendants deny the allegations set forth in paragraph 66 of the Complaint.

26  67.  Defendants admit only that a report was made, an investigation conducted, and

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 8

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

the matter resolved. Defendants deny the remaining allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. Defendants admit that Plaintiff received a performance review score of "Below Expectations" in March 2024 to denote his overall underperformance in his areas of responsibility. Defendants deny that the performance deficiencies were in any way related to Plaintiff's leave; they were due to poor performance and poor performance alone. The performance review detailed that product performance for the entirety of 2023 was significantly below expectations, Plaintiff had failed to rectify critical gaps in leadership roles, failed to define agreed-upon product strategies and investment approaches, and refused to embrace and develop GenAI despite being requested to by the Board and CEO. Additionally, under Plaintiff's leadership, the product organization in general was ineffectively organized and missing skill sets in essential roles. These issues existed prior to Plaintiff's leave. Plaintiff also refused to repair his relationship with the Board or listen to constructive feedback, refusing to discuss the March 2024 performance review with Ms. Chambers, stating that "there is nothing here that is going to be productive to discuss." Defendants deny the remaining allegations set forth in paragraph 70 of the Complaint.

71. Defendants admit that Plaintiff received 50% of his target bonus because of his poor performance and the score he received on his performance review. Defendants deny that Plaintiff's performance review faulted Plaintiff for taking a leave.

72. Defendants deny that Ms. Chambers suggested Plaintiff move into a different role to free up his time for cancer treatment. On or about March 14, 2024, Plaintiff himself suggested that Ms. Chambers eliminate the CPO role and that his role be split into two parts. He proposed that his role be titled something along the lines of "SVP, New Products." The Company worked with Plaintiff – at Plaintiff's request – to find a reduced role for Plaintiff, notwithstanding his

subpar performance to date.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 73, and on that basis deny the allegations.

74. Defendants admit that Plaintiff had not requested any additional time off in March 2024.

75. Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 76, and on that basis deny the allegations.

77. Defendants admit that, on or about April 2, 2024, Plaintiff informed Defendants that he required additional treatment for his cancer. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in the Complaint's paragraph 77, and on that basis deny the allegations.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 78, and on that basis deny the allegations.

79. Defendants admit that Defendants had been collaborating with Plaintiff on the role of "SVP Technology Strategy," a role which he initially proposed (although under a different name). Defendants admit that, on April 24, 2024, Ms. Chehak sent Plaintiff a summary of their conversation regarding the role.

80. Defendants admit that the proposed compensation for the SVP Technology Strategy role was approximately 40% less than the compensation Plaintiff was making as CPO.

81. Defendants admit that the SVP Technology Strategy role was proposed to end on December 31, 2024, which aligned with the end of Ms. Chambers' term as interim CEO.

82. Defendants admit that Plaintiff declined the offer to serve as SVP Technology

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 10

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

Strategy after collaborating with Defendants all month to create the role.

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85. Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87. Defendants admit that Plaintiff sent Ms. Chehak an email on April 25, 2024, regarding the SVP Technology Strategy role. Defendants deny that any decision-making regarding Plaintiff's performance or role at the Company was related to Plaintiff's cancer diagnosis. Rather, Plaintiff had been underperforming well before his cancer diagnosis because he had failed to rectify critical gaps in leadership roles, he failed to define agreed-upon product strategies and investment approaches, he refused to embrace and develop GenAI despite being requested to by the Board and CEO, and he mismanaged and inefficiently organized the product team. He was not receptive to constructive feedback and failed to repair his broken relationships with Board members. Defendants state that no response is required regarding the remaining allegations in paragraph 87 because the document referenced speaks for itself.

88. Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90. Defendants admit that Plaintiff was presented with a copy of the Company's standard separation agreement on May 6, 2024. Defendants state that no response is required regarding the remaining allegations in paragraph 90 because the document referenced speaks for itself.

91. Defendants admit that Ms. Chambers canceled her 1:1 with Plaintiff because she was recovering from surgery, but she offered to reschedule it with Plaintiff. Defendants admit that Plaintiff's executive assistant was reassigned, and that the chief of staff was terminated.

92. Defendants admit that Plaintiff was placed on administrative leave on May 23, 2024.

93. Defendants admit that Plaintiff's direct reports were reassigned to other Mozilla employees while Plaintiff was placed on administrative leave.

94. Defendants admit that Plaintiff requested and received a reason for being placed on administrative leave.

95. Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96. Defendants admit that Plaintiff's access to Mozilla's system access was revoked when he was placed on administrative leave.

97. Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98. Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99. Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 100 and, on that basis, deny the allegations.

101. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 101 and, on that basis, deny the allegations.

102. Defendants admit that Plaintiff was terminated on September 1, 2024 and that he was given notice on August 30, 2024. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in the Complaint's paragraph 102, and on that basis deny the allegations.

103. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 103 and, on that basis, deny the allegations.

104. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 104 and, on that basis, deny the allegations.

105. Defendants state that no response is required regarding the allegations in paragraph 105 of the Complaint because the allegations constitute conclusions of law. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 105, and on that basis deny the allegations.

106. Defendants state that no response is required regarding the allegations in paragraph 106 of the Complaint because the allegations constitute conclusions of law. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 106, and on that basis deny the allegations.

107. Defendants deny that Plaintiff was owed any money under the Long Term Incentive Plan Award corresponding to the 2024 fiscal year.

## IV.   CAUSES OF ACTION

### CLAIM ONE – WASHINGTON LAW AGAINST DISCRIMINATION

### (All Defendants)

108. Defendants re-allege and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 108 of the Complaint, as fully stated herein.

109. Defendants state that no response is required regarding the allegations in paragraph 109 of the Complaint because the allegations constitute conclusions of law.

110. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Complaint's paragraph 110 and on that basis deny the allegations

111. Defendants state that no response is required regarding the allegations in paragraph 111 of the Complaint because the allegations constitute conclusions of law.

112. Defendants deny that Plaintiff was performing satisfactory work while employed at Mozilla. The product organization's performance for the entirety of 2023 was significantly

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 13

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

below expectations while under Plaintiff's leadership, Plaintiff failed to rectify critical gaps in leadership roles, the product organization was ineffectively organized and missing skill sets in essential roles, and Plaintiff failed to define agreed-upon product strategies and investment approaches, including into GenAI. Plaintiff also actively refused to listen to any feedback from the CEO or the Board. The reason action was taken with respect to Plaintiff's employment based solely on his poor performance and his failures to achieve expectations.

113. Defendants state that no response is required regarding the allegations in paragraph 113 of the Complaint because the allegations constitute conclusions of law.

114. Defendants state that no response is required regarding the allegations in paragraph 114 of the Complaint because the allegations constitute conclusions of law.

115. Defendants state that no response is required regarding the allegations in paragraph 115 of the Complaint because the allegations constitute conclusions of law.

116. Defendants state that no response is required regarding the allegations in paragraph 116 of the Complaint because the allegations constitute conclusions of law.

117. Defendants state that no response is required regarding the allegations in paragraph 117 of the Complaint because the allegations constitute conclusions of law, but Defendants note that Plaintiff's placement on administrative leave did not result in lost wages or benefits for Plaintiff.

118. Defendants state that no response is required regarding the allegations in paragraph 118 of the Complaint because the allegations constitute conclusions of law.

119. Defendants state that no response is required regarding the allegations in paragraph 119 of the Complaint because the allegations constitute conclusions of law.

### CLAIM TWO – WLAD RETALIATION

### (All Defendants)

120. Defendants re-allege and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 120 of the Complaint, as fully stated herein.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 14

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

121. Defendants state that no response is required regarding the allegations in paragraph 121 of the Complaint because the allegations constitute conclusions of law.

122. Defendants state that no response is required regarding the allegations in paragraph 122 of the Complaint because the allegations constitute conclusions of law.

123. Defendants state that no response is required regarding the allegations in paragraph 123 of the Complaint because the allegations constitute conclusions of law, but with respect to averments of fact made in this paragraph of the Complaint, Defendants deny them as false.

124. Defendants state that no response is required regarding the allegations in paragraph 124 of the Complaint because the allegations constitute conclusions of law.

125. Defendants state that no response is required regarding the allegations in paragraph 125 of the Complaint because the allegations constitute conclusions of law.

126. Defendants admit that Ms. Chambers sent Plaintiff an email on April 27, 2024. Defendants state that no response is required regarding the remaining allegations in paragraph 126 because the document referenced speaks for itself.

127. Defendants admit that Plaintiff was placed on administrative leave on May 23, 2024. Defendants deny the remaining allegations set forth in paragraph 127 of the Complaint and refer to the amended answer stated in Paragraph 91.

128. Defendants state that no response is required regarding the allegations in paragraph 128 of the Complaint because the allegations constitute conclusions of law.

## CLAIM THREE – WLAD DISCLOSURE OF HEALTH INFORMATION
### (All Defendants)

129. Defendants re-allege and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 129 of the Complaint, as fully stated herein.

130. Defendants state that no response is required regarding the allegations in paragraph 130 of the Complaint because the allegations constitute conclusions of law.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 15

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

131. Defendants state that no response is required regarding the allegations in paragraph 131 of the Complaint because the allegations constitute conclusions of law.

132. Defendants admit that Plaintiff disclosed that his cancer had spread in early April 2024.

133. Defendants deny the allegations in paragraph 133 of the Complaint and refer to Paragraph 84, above.

134. Defendants deny the allegations set forth in paragraph 134 of the Complaint.

135. Defendants deny the allegations set forth in paragraph 135 of the Complaint.

136. Defendants state that no response is required regarding the allegations in paragraph 136 of the Complaint because the allegations constitute conclusions of law.

137. Defendants deny the allegations set forth in paragraph 137 of the Complaint.

138. Defendants state that no response is required regarding the allegations in paragraph 138 of the Complaint because the allegations constitute conclusions of law.

## CLAIM FOUR – FALSE LIGHT DEFAMATION

### (As To Defendant Mozilla Corporation)

139. Defendants re-allege and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 139 of the Complaint, as fully stated herein.

140. Defendants admit that Mozilla has made statements about Plaintiff's health condition but deny that such disclosures have violated any law.

141. Defendants deny the allegations set forth in paragraph 141 of the Complaint.

142. Defendants deny the allegations set forth in paragraph 142 of the Complaint.

143. Defendants state that no response is required regarding the allegations in paragraph 143 of the Complaint because the allegations constitute conclusions of law.

## CLAIM FIVE – VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

### (All Defendants)

144. Defendants re-allege and incorporate by reference their responses to the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 16

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

allegations set forth in paragraphs 1 through 144 of the Complaint, as fully stated herein.

145. Defendants deny the allegations set forth in paragraph 145 of the Complaint.

146. Defendants state that no response is required regarding the allegations in paragraph 146 of the Complaint because the allegations constitute conclusions of law.

### CLAIM SIX – PAID FAMILY AND MEDICAL LEAVE INTERFERENCE
### (All Defendants)

147. Defendants re-allege and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 147 of the Complaint, as fully stated herein.

148. Defendants deny the allegations set forth in paragraph 148 of the Complaint.

149. Defendants state that no response is required regarding the allegations in paragraph 149 of the Complaint because the allegations constitute conclusions of law.

150. Defendants state that no response is required regarding the allegations in paragraph 150 of the Complaint because the allegations constitute conclusions of law.

### CLAIM SEVEN – SILENCED NO MORE ACT
### (As To Defendant Mozilla Corporation)

151. Defendants re-allege and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 151 of the Complaint, as fully stated herein.

152. Defendants state that no response is required regarding the allegations in paragraph 152 of the Complaint because the allegations constitute conclusions of law.

153. Defendants state that no response is required regarding the allegations in paragraph 153 of the Complaint because the allegations constitute conclusions of law.

### CLAIM EIGHT – DECLARATORY RELIEF
### (As To Defendant Mozilla Corporation)

154. Defendants re-allege and incorporate by reference their responses to the allegations set forth in paragraphs 1 through 154 of the Complaint, as fully stated herein.

155. Defendants state that no response is required regarding the allegations in

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 17

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

paragraph 155 of the Complaint because the allegations constitute conclusions of law.

156.   Defendants admit that Plaintiff and Mozilla entered into Long-Term Incentive Plan Participation Agreements on August 1, 2022, and January 1, 2023.

157.   Defendants state that no response is required regarding the allegations in paragraph 157 of the Complaint because the allegations constitute conclusions of law.

## PRAYER FOR RELIEF

Defendants are not obligated to respond to Plaintiff's request for relief. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants deny, generally and specifically, any allegations in Plaintiff's Complaint to which they have not yet responded. Defendants further reserve the right to amend or modify any of their responses to the allegations set forth in Plaintiff's Complaint. Defendants further allege the following defenses and affirmative defenses:

1.   Plaintiff's claims are barred because Plaintiff fails to allege facts sufficient to state any claim against Defendants.

2.   Plaintiff's claims are barred because if the injuries and/or damages in the Complaint occurred, such injuries were proximately caused by and/or contributed to by Plaintiff's own acts or failures to act.

3.   Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.   Plaintiff's claims are barred because Plaintiff's damages, if any, were caused by his own actions in failing to mitigate damages.

5.   Plaintiff's claims are barred under the doctrine of unclean hands.

6.   Plaintiff's claims are barred under the doctrine of laches.

7.   Plaintiff's claims are barred by the doctrine of estoppel.

Defendants reserve the right to amend, modify, revise, or supplement their Amended

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 18

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

Answer and to plead such further affirmative defenses and take such actions as they may deem proper and necessary in their defense upon completing their investigation into Plaintiff's allegations.

Respectfully submitted this 22nd day of April 2025.

        DLA PIPER LLP (US)

        *By: s/ Anthony Todaro*
        Anthony Todaro, WSBA No. 30391
        *s/ Alexandria Cates*
        Alexandria Cates, WSBA No. 53786
        701 Fifth Avenue, Suite 6900
        Seattle, Washington 98104-7029
        Tel:   206.839.4800
        E-mail: anthony.todaro@us.dlapiper.com
        E-mail: alexandria.cates@us.dlapiper.com

        *Attorneys for Defendants*
        *MOZILLA CORPORATION a.k.a*
        *M.F. TECHNOLOGIES,*
        *LAURA CHAMBERS, and DANI CHEHAK*

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
NO. 2:24-CV-1032-RAJ - 19

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Mathew L. Harrington<br>Amy K. Alexander<br>Maricarmen Perez-Vargas<br>STOKES LAWRENCE, P.S.<br>1420 5th Avenue, 30th Floor<br>Seattle, WA 98101<br>E-mail: mat.harrington@stokeslaw.com<br>amy.alexander@stokeslaw.com<br>maricarmen.perez-vargas@stokeslaw.com | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

*Attorneys for Plaintiff Steve Teixeira*

| | |
|---|---|
| Darren Feider<br>Beth Touschner<br>SEBRIS BUSTO JAMES P.S.<br>15375 SE 30th Pl., Suite 310<br>Bellevue, Washington 98007<br>T: 425 454-4233<br>F: 425 453-9005<br>E-mail: dfeider@sbj.law<br>btouschner@sbj.law | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

*Attorneys for Defendant Mozilla Foundation*

| | |
|---|---|
| Daniel M. Weiskopf<br>MCNAUL EBEL NAWROT & HELGREN PLLC.<br>600 University Street, Suite 2700<br>Seattle, Washington 98101<br>T: (206) 467-1816<br>E-mail: dweiskopf@mcnaul.com | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

*Attorney for Defendant Winifred Mitchell Baker*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 22nd day of April, 2025

        *s/ Christine Bento*
        Christine Bento, eFiling Clerk