HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>                 Plaintiff,<br><br>    v.<br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.<br><br>                 Defendants. | Case No. 2:24-cv-1032-RAJ<br><br>**DEFENDANTS MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES, LAURA CHAMBERS, AND DANI CHEHAK'S MOTION TO CONTINUE TRIAL DATE AND AMEND CASE SCHEDULE**<br><br>**NOTE FOR MOTION CALENDAR: May 16, 2025** |

# I. INTRODUCTION

This case is currently set for trial on October 6, 2025, which is the first trial setting. Defendants Mozilla Corporation ("Mozilla"), and Laura Chambers and Dani Chehak (together, the "Individual Defendants") (collectively, "Defendants") respectfully move this Court for an order continuing the current trial date and related pretrial deadlines by 90 to 120 days. Despite diligent efforts, a continuance is necessary to complete written discovery, document production, conduct depositions, resolve pending discovery motions, and prepare dispositive motions.

This is the first continuance request by motion. The parties previously stipulated to continue the trial to December 2025, which the Court denied without prejudice, citing insufficient good cause and noting its next available trial date is February 17, 2026. Although Plaintiff now opposes this motion, Plaintiff cannot demonstrate any prejudice from a brief continuance, while Defendants will be significantly prejudiced if forced to proceed under the current schedule, which makes completing necessary discovery impossible.

# II. BACKGROUND

### A. The Current Trial Schedule.

This case was removed to federal court on July 12, 2024. ECF No. 1. Defendants answered on August 16, 2024. ECF Nos. 14 & 15. The current case schedule was set on August 19, 2024, establishing the following deadlines:

- Trial:                              October 6, 2025
- Expert Disclosures:                 April 9, 2025
- Discovery Motion Cutoff:            May 5, 2025
- Discovery Cutoff:                   June 9, 2025
- Dispositive Motions Cutoff:         July 8, 2025

On March 26, 2025, the parties submitted a stipulation and proposed order to amend the case schedule, proposing to continue the trial date to December 8, 2025. ECF No. 24. The Court denied the stipulation on March 27, 2025 without prejudice, noting that the parties had not demonstrated good cause because the stipulation contained only a bare assertion that the parties

were engaging in ongoing discovery efforts. ECF No. 25. The Court explicitly left open the possibility that the parties would file a renewed stipulation and advised the parties that the next available date for trial was February 17, 2026. *Id*. When Defendants sought to file another stipulation with relevant facts establishing good cause, Plaintiff would not agree to another stipulation despite the fact that it would have only added approximately 70 days. Todaro Decl. ¶ 8.

### B. Significant discovery remains to be completed.

Although the parties have been diligently attempting to complete discovery, there remains significant written discovery, document productions and review, and depositions before the June 9, 2025 cutoff.

#### 1. Written discovery is not complete and multiple discovery motions are pending.

Plaintiff first served written discovery on or about July 26, 2024. Todaro Decl. ¶ 9. Defendants requested a two-week extension but were only granted one week by Plaintiff, conditioned on Defendants producing documents by September 10, 2024. *Id*. Defendants provided written responses on September 10, 2024. *Id*. Although Defendants provided timely responses, Plaintiff did not raise any alleged discovery deficiencies until January 9, 2025, *approximately four months later*. The parties then engaged in meet-and-confer efforts to resolve these disputes for approximately two months. *Id*. On April 8, 2025, the parties submitted an expedited joint motion for discovery pursuant to Local Rule 37 regarding Plaintiff's first set of discovery requests. ECF No. 29. Plaintiff served a second round of written discovery requests on February 26, 2025, to which Defendants served responses on April 2, 2025. *Id*. ¶ 10. The Parties met and conferred on April 21, 2025, and Mozilla promised to supplement responses by April 25, 2025. *Id*. Just last week on April 18, 2025, Plaintiffs served yet a third set of discovery, including 41 additional requests for production. *Id*. ¶ 11.

Defendants served written discovery requests on September 6, 2024. *Id*. ¶ 12. Plaintiff served responses on October 11, 2024. *Id*. Although the parties have met and conferred extensively

regarding Plaintiff's responses, the parties have reached an impasse and anticipate filing an expedited joint motion for discovery under Local Rule 37 relating to Plaintiff's responses to Defendants' first set of discovery by May 1, 2025. *Id*. ¶ 13. Defendants have already provided their submission to Plaintiff and expect Plaintiff's response by April 28, 2025.

### 2. The parties have not completed their document productions.

Defendants gathered more than 737,290 documents in an effort to comply with their discovery obligations. *Id*. ¶ 14. After meeting and conferring extensively with Plaintiff's counsel from January through March 2025 regarding an ESI protocol and appropriate search terms, Defendants ran 60 search terms across that database and undertook to review the approximately 33,000 documents that hit on those search terms. *Id*. Defendants have produced 4,590 pages of documents to date and anticipate making two additional productions within the next two weeks to complete their document production. *Id*. The pending joint motion for discovery may or may not necessitate further productions. *Id*. Moreover, Defendants' production thus far only relates to Plaintiff's first set of discovery. Defendants have not yet turned to the production for Plaintiff's second and third set of Requests for Production of Documents. *Id*.

While Plaintiff made an initial production of approximately 108 documents in January 2025, he supplemented that production only recently, producing 197 documents on April 7, 2025, and 95 documents on April 15, 2025. *Id*. ¶ 15. Plaintiff has not agreed to produce certain documents centrally relevant to his claims in this action, and the parties anticipate submitting a Local Rule 37 joint motion for discovery by May 1, 2025, which may necessitate further productions from Plaintiff. *Id*.

### 3. Ten depositions are currently set from May 13, 2025 through June 12, 2025, with additional deposition remaining to be scheduled.

Given the incomplete status of written discovery, no depositions have yet been taken in this case. *Id*. ¶ 16. There are currently ten depositions scheduled between May 13 and June 12, 2025. These depositions also include Plaintiff's, which Defendants agreed to take on June 12, 2025, *after* the current discovery cutoff and less than one month before the dispositive motion

deadline, because Plaintiff is unavailable due to family reasons from June 2, 2025 through June 9, 2025, which is the date discovery closes. *Id.* ¶ 18. Just last week, on April 18, 2025, after Defendants noticed Plaintiff's deposition, Plaintiff noticed the 30(b)(6) deposition of Mozilla Corporation, which included 19 examination topics. Defendants are in the process of serving objections to this 30(b)(6). *Id.* Defendants also intend to depose Plaintiff's expert, but that deposition has not yet been scheduled. *Id.* Based on the current deposition calendar, if the trial schedule stays as currently anticipated, Plaintiff's expert will have to be deposed outside the discovery cutoff deadline. *Id.* Even if all depositions proceed as scheduled without disputes, it will be impossible to obtain certified court reporters' transcripts and errata sheets and to incorporate them into motions for summary judgment due by the current deadline of July 8, 2025. *Id.* ¶ 19.

### III.    ARGUMENT

#### A.    Legal Standard

Federal Rule of Civil Procedure 16 governs the modification of a court's scheduling order, and Local Rule 16(b)(6) provides that that a court's scheduling order may be modified "for good cause and with the judge's consent." Rule 16's good cause standard generally considers the diligence of the party seeking the amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1991). Under this standard, establishing good cause generally requires that the scheduling order cannot reasonably be adhered to despite the diligence of the party seeking the extension. *Id; see also Youngevity Int'l, Corp. v. Smith*, No. 16-Ccv-704 BTM (JLB), 2017 WL 6730078, at *3 (S.D. Cal. Dec. 29, 2017). Additionally, in the Ninth Circuit, courts consider four factors when determining whether a scheduling order should be modified: (1) the degree of prejudice to the moving party without modification, (2) the degree of prejudice to the nonmoving party from a modification, (3) the impact of a modification at that stage of litigation on the orderly and efficient conduct of the case, and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party, if any. *Lavin v. United Techs. Corp.*, No. 2:13-CV-09384-CAS, 2014 WL 4402244, at *3 (C.D. Cal. Sept. 5, 2014). "When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the

opponent and no more than slight inconvenience to the court, modification should be allowed." *Id.* Here, each of the four factors weighs in favor of a short continuance.

### B.   Judicial Economy Warrants Continuance of the Trial Date.

#### 1.   Defendants will be prejudiced if a stay is not granted.

Without a continuance, Defendants face substantial prejudice to their ability to prepare an adequate defense. First, Defendants cannot reasonably prepare dispositive motions by the July 8, 2025 deadline given the compressed deposition schedule that extends through June 12, 2025. Even in the best-case scenario where all depositions proceed without delay or dispute, Defendants would have fewer than four weeks to obtain certified transcripts, review them, and incorporate that testimony into dispositive motions. This timeline is particularly problematic considering the fact that Plaintiff's deposition—often the most critical deposition for summary judgment—is scheduled for June 12, 2025 due in part to Plaintiff's own personal obligations, giving Defendants virtually no time to receive and analyze the transcript before the dispositive motion deadline.[1] And Plaintiff just noticed Mozilla's corporate deposition just last week setting it for May 28, 2025. Todaro Decl., ¶ 16. This deposition, which will likely require more than one witness given that it includes 19 topics of examination, cannot go forward on that date given the incomplete status of productions and discovery in this case. Finally, Defendants are still in the process of scheduling Plaintiff's expert deposition, which makes the prospect of completing them with time to incorporate them into any dispositive motions impossible.

Second, Plaintiff's deposition may reveal the need for third-party discovery, including additional depositions. Plaintiff identified approximately 41 potential witnesses in his initial disclosures. *Id*. ¶ 17. Given the combination of having not received the majority of Plaintiff's document production until just weeks ago and not having the benefit of Plaintiff's testimony to guide any further discovery, Defendants will be severely prejudiced if they are unable to conduct

---

[1] As discussed earlier, Plaintiff's deposition was scheduled outside the discovery cutoff date because he has personal family obligations from June 2-June 9, 2025. The current discovery cutoff is June 9, 2025. Plaintiff's counsel did not inform Defendants' counsel of Plaintiff's scheduling issues until April 7, 2025, which is the same date they indicated that they would be noting eight depositions beginning May 19, 2025.  Todaro Decl., ¶ 18.

needed third-party discovery after taking Plaintiff's deposition.

Third, the parties have discovery disputes that remain unresolved. One expedited joint discovery motion is already pending before the Court (ECF No. 29), and another is anticipated by May 1, 2025, which requests Plaintiff's medical records that are key to Plaintiff's claims and Defendants' defense of this matter. *Id*. ¶ 15. The resolution of these motions may require additional discovery, which cannot reasonably be completed before the current discovery cutoff—given the parties' history with respect to discovery and the fact that (i) the parties are still in the process of meeting and conferring regarding Plaintiff's second set of discovery, (ii) Defendants are awaiting responses to their second set affirmative discovery, (iii) Plaintiff has only last week served a third set of discovery, , and (iv) Plaintiff just served a 30(b)(6) motion on Mozilla, which includes 19 topics of examination that Defendants plan to object to, it is likely additional judicial intervention may be required in the future. Additional disputes may also arise regarding the over 10 depositions scheduled in the next month or so.

**2.       A short continuance will not prejudice Plaintiff.**

Plaintiff cannot demonstrate any meaningful prejudice from a 90 to 120 day continuance. This case was first removed to federal court in July 2024, less than one year ago. Todaro Decl., ¶ 3. The requested continuance would extend the trial date to approximately February 2026, which aligns with the Court's previously indicated next available trial date of February 17, 2026.

Notably, Plaintiff's own conduct belies any claim of urgency. Plaintiff waited four months (from September 2024 to January 2025) before raising any deficiencies in Defendants' discovery responses. Plaintiff made minimal document productions until very recently, with the majority of documents produced only in April 2025. Moreover, Plaintiff just recently informed Defendants that he was unavailable for a deposition near the discovery cutoff.

Most tellingly, Plaintiff already acknowledged the need for additional time by stipulating to continue the trial date to December 2025—a clear admission that the current schedule is unworkable. If a continuance to December 2025 was acceptable to Plaintiff then, it defies logic to claim that extending the trial by approximately 70 additional days to February 2026 suddenly

creates prejudice. The Court's calendar, not Defendants' request, necessitates this modest additional extension. Plaintiff cannot reasonably maintain that a continuance was appropriate in March but has become prejudicial in April, particularly when the volume of outstanding discovery has only increased with Plaintiff noticing additional depositions, serving more discovery, and additional discovery disputes. If anything, the need for a continuance has only increased since the parties stipulated to continue the trial to December.

### 3. A short continuance will promote efficiency.

Far from disrupting the orderly conduct of this case, a continuance would promote judicial efficiency by allowing the parties to complete discovery in an orderly fashion, resolve discovery disputes, and narrow the issues for trial through well-developed dispositive motions. Without a continuance, the parties face the prospect of conducting rushed depositions, potentially incomplete document productions, and hastily prepared dispositive motions—all of which increase the likelihood of disputes and additional motion practice that could consume judicial resources.

Moreover, proceeding under the current schedule may result in motions for summary judgment based on an incomplete factual record, which could lead to denied motions that might otherwise have been granted with a complete record. Similarly, discovery disputes that might be resolved through the meet-and-confer process given adequate time may instead require court intervention under the compressed schedule.

The Court has already indicated that February 17, 2026, is its next available trial date. ECF No. 25; Todaro Decl., ¶ 7. A continuance aligning with this date would therefore not disrupt the Court's calendar and would ensure that when this case does proceed to trial, it does so on a complete record with a fully developed factual record.

### 4. There is no evidence of bad faith or inexcusable neglect.

Defendants have diligently pursued discovery since the inception of this case. They timely responded to Plaintiff's discovery requests, engaged in extensive meet-and-confer efforts to resolve disputes, and have been systematically reviewing and making productions from a collection of over 737,290 documents. Despite Plaintiff's four-month delay in raising discovery

deficiencies, Defendants worked cooperatively to address concerns and narrow disputes.

The need for a continuance stems not from any neglect or delay on Defendants' part, but rather from the volume and complexity of discovery in this case, compounded by Plaintiff's delayed engagement with discovery issues and recent expansion of the scope of discovery. The parties' previous stipulation to continue the trial date further demonstrates that both sides recognized the need for additional time to complete discovery.

### IV.    CERTIFICATION OF CONFERRAL

Defendants' counsel certifies that it has complied with the Court's conferral requirements in the Court's General Motions Practice procedures. Defendants' counsel conferred with Plaintiff's counsel regarding a motion to stay on April 21, 2025 through April 23, 2025.

### V.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their motion to continue the trial and related dates approximately 90 to 120 days to a date that is convenient for the Court and for the Parties.

Respectfully submitted this 25th day of April, 2025.

DLA PIPER LLP (US)

*By: Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*s/Alexandria Cates*
Alexandria Cates, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
E-mail: anthony.todaro@us.dlapiper.com
E-mail: alexandria.cates@us.dlapiper.com

*Attorneys for Defendants MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES, LAURA CHAMBERS, and DANI CHEHAK*

I certify that this memorandum contains 2,610 words, in compliance with the Local Civil Rules

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 25th day of April, 2025.

*s/ Jacey Bittle*
Jacey Bittle, Legal Executive Assistant