UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STEVE TEIXEIRA, | Case No. 2:24-cv-1032-RAJ |
|---|---|
| Plaintiff, | **DECLARATION OF ANTHONY TODARO IN SUPPORT OF DEFENDANTS MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES, LAURA CHAMBERS, AND DANI CHEHAK'S MOTION TO CONTINUE TRIAL AND AMEND CASE SCHEDULE** |
| v. | |
| MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community. | |
| Defendants. | |

I, Anthony Todaro, declare as follows:

1.      I am an attorney admitted to practice in the State of Washington, a Partner with the law firm of DLA Piper LLP (US), and am counsel of record for Defendants in the above-captioned matter. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2.      I submit this declaration in support of Defendants' Motion to Continue Trial Date and Related Deadlines.

3.      This case was removed to federal court on July 12, 2024. Defendants filed their answer on August 16, 2024.

4.      The current case schedule was set on August 19, 2024, establishing the following deadlines:

      a.   Trial date: October 6, 2025

      b.   Expert disclosure deadline: April 9, 2025

      c.   Discovery motions deadline: May 5, 2025

      d.   Discovery cutoff: June 9, 2025

      e.   Dispositive motions deadline: July 8, 2025.

5.      On March 26, 2025, the parties submitted a stipulation and proposed order to amend the case schedule, proposing to continue the trial date to December 8, 2025.

6.      The Court denied the stipulation on March 27, 2025, without prejudice, noting that the parties had not demonstrated good cause because the stipulation contained only a bare assertion that the parties were engaging in ongoing discovery efforts.

7.      The Court explicitly left open the possibility that the parties would file a renewed stipulation and advised the parties that the next available date for trial was February 17, 2026.

8.      When Defendants sought to file another stipulation to include the relevant facts establishing good cause, Plaintiff would not agree despite the fact that it would have only added approximately 70 days.

**A.      Written Discovery**

9.      Plaintiff first served written discovery requests on Defendants on or about July 26, 2024. Defendants requested a two-week extension to respond to these discovery requests, but Plaintiff only agreed to a one-week extension, conditioned on Defendants producing documents by September 10, 2024. Defendants provided written responses to Plaintiff's discovery on September 10, 2024. Despite receiving Defendants' responses in September 2024, Plaintiff did not raise any alleged deficiencies in Defendants' discovery responses until January 9, 2025, approximately four months later. From January 2025 through March 2025, the parties engaged in extensive meet and confer efforts to resolve the discovery disputes without court intervention. On April 8, 2025, the parties submitted an expedited joint motion for discovery pursuant to Local Rule

37 regarding Plaintiff's first set of discovery requests.

10.     Plaintiff served a second round of written discovery requests on February 26, 2025, to which Defendants served responses on April 2, 2025. Parties met and conferred on April 21, 2025, and Mozilla promised to supplement responses by April 25, 2025.

11.     On April 18, 2025, Plaintiff served a third set of discovery requests, including 41 additional requests for production.

12.     Defendants served discovery requests, including interrogatories and requests for production, on September 6, 2024. Plaintiff served responses on October 11, 2024.

13.     Although the parties have met and conferred extensively regarding Plaintiff's responses to Defendants' discovery requests, the parties have reached an impasse and anticipate filing an expedited joint motion for discovery relating to Plaintiff's responses to Defendant's first set of discovery by May 1, 2025.

**B.     Document Productions**

14.     Defendants have gathered more than 737,290 documents in an effort to comply with their discovery obligations. After meeting and conferring extensively with Plaintiff's counsel from January through March 2025 regarding an ESI protocol and appropriate search terms, Defendants ran 60 search terms across that database and undertook to review the approximately 33,000 documents that hit on those search terms. Defendants' first production of documents was on August 1, 2024, and consisted of one 86-page document. Defendants supplemented on September 10, 2024, with 7 documents (18 pages). Defendants next supplemented on April 11, 2025, with 684 documents (2,256 pages) and further supplemented on April 18, 2025, with 611 documents (2,316 pages). In total, Defendants have produced 4,590 pages of documents to date and anticipate making two additional productions within the next two weeks to complete their document production. The pending joint motion for discovery may necessitate further productions. Defendants' production thus far only relates to Plaintiff's first set of discovery. Defendants have not yet turned to the production for Plaintiff's second and third set of Requests for Production of Documents.

15. Plaintiff's first production of documents was not until January 29, 2025, and consisted of 108 documents (261 pages). Plaintiff supplemented on April 7, 2025, with 197 documents (361 pages). Plaintiff further supplemented on April 15, 2025, with 95 documents (347 pages). Plaintiff has not agreed to produce his medical records, which are centrally relevant to his claims and Defendants' defenses in this action, and the parties anticipate submitting an expedited joint motion for discovery by May 1, 2025, which may necessitate further productions from Plaintiff.

**C.    Depositions**

16. To date, no depositions have been taken in this matter. There are currently ten depositions scheduled between May 13 and June 12, 2025. Plaintiff noticed eight, and Defendants noticed one—Plaintiff's deposition. On April 18, 2025, after Defendants noticed Plaintiff's deposition, Plaintiff noticed the 30(b)(6) deposition of Mozilla Corporation—setting it for May 28, 2025, which included 19 topics of examination that Defendants plan to object to. Given the Parties' historical meet and confer efforts, Defendants expect that Plaintiff will likely seek court intervention on this issue as well. Defendants also intend to depose Plaintiff's expert, but that deposition has not yet been scheduled. Based on the current deposition calendar, if the trial schedule stays as currently anticipated, Plaintiff's expert will have to be deposed outside the discovery cutoff deadline. Even if all of the depositions go smoothly and there are no disputes, it will be impossible to obtain the certified court reporters' transcripts and all errata and incorporate them into motions for summary judgment due by the current deadline of July 8, 2025.

17. Plaintiff identified approximately 41 potential witnesses in his initial disclosures.

18. Because Plaintiff is unavailable for a deposition due to a personal family matter from June 2, 2025 through June 9, 2025. Defendants agreed to schedule Plaintiff's deposition on June 12, 2025, after the June 9, 2025 discovery cutoff and less than one month before the dispositive motion deadline. Plaintiff's counsel did not inform Defendants' counsel of Plaintiff's scheduling issues until April 7, 2025, which is the same date they indicated that they would be noting eight depositions beginning May 19, 2025.

19.     Based on the current status of discovery, I believe that the parties will not be able to complete all necessary discovery in time to adequately prepare dispositive motions by the current deadline of July 8, 2025.

20.     I believe that a 90 to 120 day continuance of the trial date and all related pretrial deadlines would provide sufficient time for the parties to: (a) complete the meet and confer process regarding outstanding discovery disputes; (b) resolve any remaining discovery motions; (c) complete document productions; (d) schedule and conduct remaining necessary depositions; (e) obtain certified deposition transcripts and errata sheets; (f) prepare and file dispositive motions; and (g) prepare for trial.

21.     This is the first request for a continuance by motion, although the parties previously submitted a stipulation for continuance that was denied without prejudice.

22.     I do not believe that any party would be prejudiced by the requested continuance. The requested trial date would align with the Court's previously indicated next available trial date of February 17, 2026.

23.     I met and conferred with Plaintiff's counsel telephonically and through written correspondence regarding the subject of this Motion from April 21, 2025 through approximately April 23, 2025. Despite diligent efforts, we could not come to an agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Seattle, Washington on April 25, 2025.


DLA PIPER LLP (US)

*By: s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 25th day of April, 2025.

*s/ Jacey Bittle*
Jacey Bittle, Legal Executive Assistant