THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STEVE TEIXEIRA,

           Plaintiff,

      v.

MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
MOZILLA FOUNDATION, a California
public benefit corporation; LAURA
CHAMBERS and her marital community;
WINIFRED MITCHELL BAKER and her
marital community, and DANI CHEHAK and
her marital community,

           Defendants.

Case No.: 2:24-CV-01032-RAJ

**JOINT LCR 37 MOTION
REGARDING MOZILLA
CORPORATION'S DISCOVERY
REQUESTS TO PLAINTIFF**

## I. DEFENDANT'S INTRODUCTORY STATEMENT

Pursuant to LCR 37, Defendant Mozilla Corporation ("Mozilla,") Laura Chambers, and Dani Chehak (collectively, "Defendants") and Plaintiff Steve Teixeira ("Plaintiff") submit this Joint Motion re Discovery Disagreement ("Joint Motion") regarding Plaintiff's responses and objections to Mozilla Corporations' Request for Production No. 8 ("RFP 8"), Request for Production No. 9 ("RFP 9"), Request for Production No. 10 ("RFP 10"), and for such other and further relief as this Court may deem just and proper.

This Joint Motion arises because Plaintiff Steve Teixeira has refused to provide his medical records, despite their central role in Plaintiff's claims and Defendants' defenses. Plaintiff explicitly stated that he is seeking non-economic emotional distress damages based on his allegation the

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 1
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Defendants discriminated against him on the basis of his disability, yet he repeatedly refuses to provide any medical records stating the same. *See generally*, ECF 28, First Amended Complaint ("FAC"). Specifically, Plaintiff alleges that Defendants' actions "have resulted in stress, anxiety, and inability to sleep." *Id.* ¶ 106. He further alleges that he and his wife "have also suffered significant non-economic damages," including "humiliation, anxiety, stress, and emotional distress." *Id.* ¶ 119. Plaintiff also seeks damages for his "emotional well-being" related to his false light claim. *Id.* ¶ 143. Plaintiff alleges that his termination and removal as Chief Product Officer ("CPO") were due to his cancer diagnosis and related leave. *Id.* ¶¶ 116, 133. These allegations are untrue, as Defendants had documented concerns about Plaintiff's performance before Plaintiff was diagnosed with cancer. *See generally,* ECF 14, Answer to Complaint filed by Mozilla Corporation ("Mozilla Answer."). In fact, Plaintiff himself suggested, and was ultimately offered, a different role—one he specifically helped to structure—that he requested solely citing his health as a reason. *Id.* Now, he argues that he had no health constraints and never asked for a reduced role. *See* FAC, ¶¶ 101, 114. These claims put Plaintiff's physical and emotional condition squarely at issue.

Mozilla served its first set of discovery requests to Plaintiff on September 6, 2024. Declaration of Alex Cates ("Cates Decl."), ¶ 2, Ex. A. RFPs 8-10 requested medical records to support Plaintiff's emotional distress claim, medical records pre-dating his diagnosis, and medical records from the limited time period of March 1, 2024 to May 23, 2024 regarding Plaintiff's ability to return to work. *Id.* Plaintiff served his responses on October 11, 2024. *Id.,* ¶ 3, Ex. B. Plaintiff objected to RFPs 8-10, mainly on the basis that Plaintiff's medical records are protected by the psychotherapist-patient privilege and the doctor-patient privilege.

On February 4, 2025, Defendants sent Plaintiff a letter outlining the deficiencies in Plaintiff's response to Defendants' first set of requests. *Id.,* ¶ 4, Ex. C. The Parties then met and conferred on those issues on February 24, 2025. *Id.,* ¶ 5. The conference specifically addressed RFPs 8-10. *Id.* During the Parties' conference, Plaintiff's counsel represented that they were still conferring with their client about whether they were going to assert an emotional distress claim, and they would get back to Defendants on that point. *Id.*

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 2
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

On March 17, 2025—only one month ago—Plaintiff's counsel stated that they could "confirm that at this time Mr. Teixeira is only seeking garden variety emotional distress damages for his own emotional distress." *Id.*, ¶ 7, Ex. D. On March 21, 2025, Defendants' counsel asked Plaintiff to confirm that they would "not use Steve's medical testimony or records at trial, will not rely on any medical lay or expert witness testimony, and will not rely on healthcare records to support [their] claims." *Id.* On March 31, 2025, Plaintiff still had not responded to Defendants' March 21, 2025 email, so Defendants followed up. *Id.* Plaintiff's counsel responded that Plaintiff "declines to waive any health care privilege." *Id.* On April 2, 2025, Defendants' counsel noted that Plaintiff's response did not answer Defendants' question. In response, Plaintiff's counsel stated that they declined to waive healthcare privileged under RCW 49.60.510, but they offered to stipulate that Plaintiff had cancer. *Id.* On April 3, 2025, Defendants explained their position that Plaintiff waived any argument that he was entitled to protection under the healthcare privilege, given Plaintiff's claims. *Id.* On April 4, 2025, Plaintiff's counsel stated that they would only be willing to produce medical records "sufficient to show Mr. Teixeira's cancer diagnosis," which Defendants declined.

On April 8, 2025, Defendants also asked Plaintiff to confirm whether Plaintiff would be producing medical records in response to RFP 10, consistent with Plaintiff's original response. For the first time (and after agreeing to produce), Plaintiff's counsel asked what relevance such a request had if they were willing to stipulate to the fact that Plaintiff had cancer. *Id.* Defendants responded that Plaintiff had placed his health status at issue in the case by (1) alleging that he was willing and able to perform the duties of the CPO role, which Defendants dispute, and by (2) alleging that Defendants placed his health status in a false light. Therefore, Defendants need such records to dispute Plaintiff's allegations. *Id.* On April 14, 2025, Plaintiff's counsel stated they had no responsive documents responsive to RFP 10. *Id.* On April 15, 2025, Defendants explained that the records need to specifically mention his ability to work to be responsive. *Id.* On April 17, 2025, Plaintiff again stated that there were no responsive records to RFP 10. *Id.* On April 18, 2025, Defendants noted that the parties were at an impasse. In sum, after several back-and-forth

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 3
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

discussions regarding the healthcare privilege under RCW 49.60.510, Plaintiff ultimately refused to produce any healthcare records responsive to RFPS 8, 9, or 10.

Throughout the discovery process, Plaintiff has refused to work collaboratively to reach resolution on disputed issues. Plaintiff's health status is a central issue in this litigation, particularly given his allegations of discrimination based on his medical condition and related damage allegations. Despite the relevance of these medical records to the case, Plaintiff has repeatedly refused to produce them. This refusal is particularly striking, given evidence suggesting that Plaintiff himself initiated discussions about a reduced role precisely because of his health. Mozilla Answer ¶¶ 70, 72. These medical records are crucial and directly relevant, as Plaintiff's medical condition and treatment are at the core of this litigation and are central to the allegations in the Complaint. Plaintiff cannot use privilege as both a sword (claiming damages and alleging discrimination based on his condition) and a shield (blocking discovery into the very condition and its effects).

## II.  PLAINTIFF'S STATEMENT

Defendants Mozilla Corporation ("Mozilla") and its executives CEO Laura Chambers, Chief People Officer Dani Chehak, and former CEO Mitchell Baker ("Individual Defendants") (collectively, "Defendants") removed Plaintiff from his position and terminated him immediately following his diagnosis and treatment for cancer.

It is undisputed that Plaintiff has cancer. In September 2023, Plaintiff began experiencing blurred vision, which was the first symptom of the ocular melanoma with which he was diagnosed on October 3, 2023. ECF 28, First Amended Complaint ("FAC") ¶ 43; 44. Plaintiff was later diagnosed with a separate, slow-growing cancer known as a neoendrocrine tumor on his pancreas. One of these cancers metastasized to his liver, which was treated starting in 2024. FAC ¶ 110.

Mr. Teixeira was approved for a leave of absence under the Family and Medical Leave Act and Paid Family and Medical Leave Act from October 30, 2023 to February 1, 2024. FAC ¶ 48. Within the first several weeks of his return to work, Defendant Laura Chambers (with whom Plaintiff had never worked) gave Mr. Teixeira a poor performance review and 50% of his bonus.

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 4
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1    FAC ¶ 71. She then began a process of narrowing Mr. Teixeira's role, citing concerns about his

2    capabilities and capacity due to his cancer. FAC ¶ 72. Yet Mr. Teixeira was working full time, and

3    had not requested accommodation. FAC. ¶¶ 73; 74. Seeing the writing on the wall, Mr. Teixeira

4    initially attempted to collaborate with Ms. Chambers on a redesigned role. When it became clear

5    that Mozilla intended to demote Plaintiff to be a time-limited individual contributor, he declined.

6    FAC ¶¶ 80-82. On April 25, 2024, Mr. Teixeira complained to Ms. Chambers that Mozilla

7    appeared motivated to push him out because of his cancer. FAC ¶ 83. Mozilla immediately isolated

8    Mr. Teixeira, excluded him from meetings, stripped him of responsibilities, and placed him on

9    involuntary administrative leave on May 23, 2024. FAC. ¶ 92. He was terminated with two days'

10   notice on September 1, 2024. FAC. ¶ 102.

11          Mozilla issued several discovery requests for medical records. RFP 8 requests medical

12   records referring to treatment for emotional distress. RFP 9 requests medical records preceding

13   Mr. Teixeira's cancer diagnosis and employment with Mozilla. RFP 10 requests medical records

14   following Mr. Teixeira's return from leave that "relate to your ability to return to work."

15          This case will not be decided based on medical records. Mr. Teixeira's diagnosis is not at

16   issue—all parties agree he was diagnosed with cancer. Mr. Teixeira's ability to return to work is

17   not at issue, either. He had returned to work at the time of his firing, and Mozilla was urging him

18   to continue to work and accept a demoted position terminating at the end of the calendar year. Nor

19   does Mr. Teixeira claim damages which will depend on medical records; because his emotional

20   distress claim is confined to garden variety emotional distress, the law shields him from invasive

21   discovery.

22          Plaintiff objected to RFP 8, 9, and 10. Many of these records retain their privilege, and

23   others were not relevant to the claims or defenses. In an effort to compromise, On April 2, 2025,

24   Plaintiff offered to stipulate to Mr. Teixeira's cancer diagnoses. Cates Decl. Ex. D at 7-8. Mozilla

25   refused this offer. *Id.* at 7. On April 4, 2025, Mr. Teixeira went further with his compromise

26   proposal, offering to produce medical records sufficient to establish his cancer diagnoses. *Id.* at 6.

     Mozilla refused that offer as well. *Id.* at 5.

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 5
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Plaintiff requests his fees and costs incurred opposing this motion and RFP 8, 9, and 10.

*See* Declaration of Amy Alexander ("Alexander Decl.") ¶¶ 1-5.

### III.  DISPUTED DISCOVERY REQUESTS

REQUEST FOR PRODUCTION NO. 8: All medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records.

RESPONSE: Plaintiff objects to this Request as overbroad and seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff also objects to the term "medical records" as vague and undefined.

REQUEST FOR PRODUCTION NO. 9: All medical records from August 1, 2019 to August 1, 2022.

RESPONSE: Plaintiff objects to this Request as overbroad and seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff further objects to this Request as harassing and untethered from the issues in this litigation. Plaintiff also objects to the term "medical records" as vague and undefined as to which types of records are sought. It is further vague and undefined as to whose medical records are sought, though based on Plaintiff's good faith interpretation of the request, Defendant is seeking records based on Plaintiff's own medical care. Plaintiff will not produce medical records from before Plaintiff's cancer diagnosis in October 2023.

REQUEST FOR PRODUCTION NO. 10: All medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment.

RESPONSE: Plaintiff objects to this Request as seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff also objects to the term "medical records" as vague and undefined. Without waiving these objections, Plaintiff Responds as follows: Plaintiff will search for and produce responsive, non-privileged records, if any.

**A.   Defendants' Argument: Plaintiff has waived any applicable privilege for relevant records by claiming damages and unequivocally placing his medical condition at the center of this litigation.**

While federal law recognizes a privilege protecting confidential communications between a psychotherapist and patient, this privilege, like other privileges, can be waived.[1] *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The privilege is waived when a plaintiff places their mental or emotional condition at issue affirmatively in the pleadings. *See Equal Empl. Opportunity Comm'n*

---

[1] In Washington, these privileges provide essentially the same protection. *See Magney v. Truc Pham*, 195 Wash. 2d 795 (2020); *Lodis v. Corbis Holdings, Inc.*, 172 Wash. App. 835 (2013).

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 6
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*v. Cheesecake Factory, Inc.*, No. C16-1942JLR, 2017 WL 3887460, at *4 (W.D. Wash. Sept. 6, 2017) (citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994)). Plaintiff's primary objection to the RFPs relies on the psychotherapist-patient and doctor-patient privileges, invoking RCW 49.60.510 to argue he can claim "garden variety" emotional distress damages without waiving both privileges. Plaintiff's position misinterprets the law and ignores the multiple ways he has placed his physical and mental condition at issue in this case.

### 1. Plaintiff's claim for disability discrimination independently places his medical condition at issue.

Plaintiff alleges disability discrimination under Washington Law Against Discrimination ("WLAD"). FAC ¶¶ 108-117. By asserting discrimination based on disability under WLAD, Plaintiff has irrevocably put his medical condition, treatment, and its effects directly at issue. *See* RCW 49.60.510(1)(b). The plain language of the law states that:

> "By requesting noneconomic damages under this chapter, a claimant **does not** place his or her health at issue or waive any health care privilege under RCW 5.60.060 or 18.83.110, or any other law, **unless** the claimant **[either]**: (a) alleges a specific diagnosed physical or psychiatric injury as a proximate result of the respondents' conduct, and relies on the records or testimony of a health care provider or expert witness to seek general damages; **or** (b) *alleges failure to accommodate a disability or alleges discrimination on the basis of a disability.*" *Id*. (Emphasis Added.)

RCW 49.60.510(2) limits health care records and communications between a claimant and their provider to those "(a) created or occurring in the period beginning two years immediately preceding the first alleged unlawful act for which the claimant seeks damages and ending at the last date for which the claimant seeks damages, unless the court finds exceptional circumstances to order a longer period of time; and (b) relating specifically to the diagnosed injury, to the health care provider or providers on which the claimant relied in the action, or the disability specifically at issue in the allegations." Defendants agreed to limit the scope of RFP 9 to all medical records from the two years prior to Plaintiff's diagnosis. *See* Cates Decl., Ex C.

Here, Plaintiff put his medical condition at issue when alleging he was discriminated against due to his cancer. In his Complaint, Plaintiff alleges disability discrimination. FAC ¶¶ 116, 133. This act functions as a waiver of privilege for all pertinent medical records necessary for the

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 7
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

defendant to respond to the claims and defend against them. *See Konda v. United Airlines, Inc.*, No. 2:21-CV-01320-LK, 2023 WL 2864562, at 3 (W.D. Wash. Apr. 10, 2023) (compelling production of medical records in a disability discrimination case even where the disability itself was not disputed, *finding the plaintiff placed her condition at issue by filing a disability discrimination lawsuit*). Notably, *Konda* also explicitly stated that "[t]he WLAD also provides that a plaintiff waives health care privileges in seeking noneconomic damages if she alleges [...] discrimination on the basis of disability." *Id*. at 3. Plaintiff's attempt to distinguish *Konda* because it involved failure-to-accommodate is unavailing; the core principle is that alleging disability discrimination places the underlying condition, and related records, at issue. *See* RCW 49.60.510(1)(a)–(b). Defendants are entitled to the plaintiff's medical records.

### 2.    Plaintiff's allegations put his medical condition at issue beyond "garden variety" distress.

Plaintiff has squarely placed his mental and emotional condition at issue by seeking "non-economic damages." FAC ¶ 119. *See also* RCW 49.60.510(1)(a)–(b); *Konda* 2023 WL 2864562, at 1. Plaintiff has also placed his medical condition at issue by seeking damages for "emotional distress." FAC ¶¶ 106, 119, 143. Consequently, records reflecting diagnosis or treatment for these conditions are directly relevant to his claims and essential for Defendants' ability to assert a proper defense in this case. Defendants are entitled to explore the existence, extent, and cause of Plaintiff's alleged emotional distress. The requested records are highly probative of critical issues, including: (1) whether Plaintiff actually suffered the emotional distress he is now alleging; (2) the severity and duration of any such distress; (3) whether the distress stemmed from Defendants' alleged actions or from other unrelated life stressors or pre-existing conditions; and (4) Plaintiff's efforts, or lack thereof, to mitigate these alleged damages. Without access to records documenting any diagnosis or treatment Plaintiff received, Defendants are severely hampered in their ability to defend against this significant claim for damages.

The Court's decision in *Konda* is directly on point. *Konda*, 2023 WL 2864562, at 3. *Konda* involved a WLAD disability discrimination claim similar to the claim at issue here. *Id*. at 1. In

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 8
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*Konda*, this Court explicitly held that a plaintiff alleging disability discrimination under WLAD "waives the physician-patient privilege concerning relevant medical records simply by filing the lawsuit," and compelled production, dismissing the plaintiff's argument that the defendant was not entitled to medical records because she was only asserting "garden variety" emotional distress. *Id.* at 3. Plaintiff's reliance on the "garden variety" argument is unavailing and ignores the broader context of his lawsuit.

Plaintiff's attempts to shield his records by characterizing his claim as solely "garden variety" emotional distress, citing *Dawson v. S. Corr. Entity*, is misplaced. No. C19-1987RSM, 2021 WL 2012310 (W.D. Wash. May 20, 2021). *See also* Cates Decl., ¶ 7, Ex. D. Even *Dawson* acknowledges that privilege *is* waived by a plaintiff "alleging more complex distress, including 'any specific psychiatric injury or disorder, or unusually severe distress.'" *Id.* (citing *Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000)). Plaintiff's specific direct claim for his *own* "anxiety," —a term often associated with clinical diagnoses and can potentially constitute a psychiatric injury recognized under Washington law—meets this higher threshold. FAC ¶¶ 106, 119, 143. *See also Stratton v. Dep't of Labor & Indus.*, 7 Wn. App. 652, 654 (1972) (recognizing that "anxiety" can constitute a psychiatric injury.).

Furthermore, *Dawson* is factually and legally distinguishable. The emotional distress claims in *Dawson* were made by the **children** of the decedent, not direct claims by the plaintiff for their own suffering. Critically, the plaintiffs in *Dawson* were not even alleging a disability discrimination claim under WLAD, which is central to Plaintiff's case here. Unsurprisingly, *Dawson* does not analyze the relevant statute governing privilege waivers in WLAD cases, RCW 49.60.510, further limiting its relevance. Notably, *Dawson* was decided nearly two years prior to *Konda*.

### 3.    Plaintiff's causes of action place his health directly at issue.

Plaintiff also alleges Mozilla placed his health status in a false light. FAC ¶¶ 139-143. It is well known that truth is an absolute defense to defamation/false light. *Wells Fargo Bank, N.A. v. Genung*, No. C13-0703 JLR, 2013 WL 6061592, at 7 (W.D. Wash. Nov. 18, 2013) ("truth is a

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 9
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

complete defense to a claim of defamation"); *Miller v. Sawant*, 660 F. Supp. 3d 1015, 1020 (W.D. Wash. 2023). Furthermore, Plaintiff alleges he was capable of performing his CPO duties while Defendants contend his performance and potentially his stated capacity were at issue. *Id.* ¶¶ 73, 86 (specifically alleging that he was demoted and terminated because of his cancer diagnosis despite "being able to work full time" and "not request[ing] additional flexibility"). Mozilla is entitled to Plaintiff's medical records to investigate and potentially assert this defense regarding Plaintiff's actual health status and ability to work during the relevant periods.

RPF 10 directly asks for Plaintiff's medical records that relate to Plaintiff's ability to return to work following his cancer treatment. Plaintiff initially answered that "Plaintiff will search for and produce responsive, non-privileged records, if any." Cates Decl., ¶ 3, Ex. B. Yet, Defendants never received any medical records. Cates Decl., ¶ 7, Ex. D. When pressed, Plaintiff's counsel changed their tune and asked for their relevance.

This information is critical for Defendants' defense of the case. Plaintiff himself initiated communications with Defendants about creating a new position for himself that would decrease his workload so he could focus on his health. Mozilla Answer ¶ 72. Plaintiff not only proposed the new role but also actively participated in both defining this new position and shaping the specifics of the job description. *Id.* Defendants agreed and worked with Plaintiff to accommodate his request, despite his less than stellar performance, structuring this role to align with his qualifications and his stated capacity to work. *Id.* Plaintiff now alleges that such conduct was discriminatory. FAC ¶¶ 101, 114. Mozilla needs Plaintiff's medical records to support its defense that the new role was made in collaboration with Plaintiff at his direct request. *See Lavington v. Hillier*, 22 Wash. App. 2d 134, 147, 510 P.3d 373, 381 (2022) (holding that even if plaintiff does not intend to rely on medical records, defendants "could use her medical records to *defend* against her emotional distress claim. And her medical records clearly had the capacity to lead to the discovery of admissible evidence...").

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 10
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

### 4.       Plaintiff's offer of a limited stipulation is insufficient.

Plaintiff's offer to stipulate to his cancer diagnosis and produce records "sufficient to show his cancer" is inadequate. *Id.*, ¶ 7, Ex. D. Defendants require broader discovery into Plaintiff's overall physical and mental health history, including the pre-employment period sought in RFP 9, as well as the limited period requested from March through May 2024 requested in RFP 10 to fairly defend against Plaintiff's claims. A narrow stipulation about the cancer diagnosis alone does not provide the necessary context.

These requests are directly relevant and essential to determining the causation and extent of Plaintiff's alleged injuries, particularly his claim for significant emotional distress damages. FAC ¶¶ 119,143. Plaintiff claims that Defendants' actions caused him specific harms like "stress, anxiety, and inability to sleep." *Id.* ¶ 106. To fairly assess whether these conditions were actually caused or exacerbated by Defendants' conduct—a core element Plaintiff must prove—Defendants must understand Plaintiff's baseline physical and emotional health *before* the events at issue occurred, and indeed, before his employment began. Additionally, Plaintiff's overall physical health when he returned from leave is relevant to show his ability to perform job functions and to directly counter claims that Defendants mischaracterized his health status and forced him into a reduced role.

Far from being "untethered" from the litigation, Plaintiff's health history prior to his employment and cancer diagnosis is fundamental to the core issue of causation and provides essential context for evaluating all his subsequent claims. Therefore, a narrow stipulation about the cancer diagnosis alone does not provide the necessary information for Defendants to prepare their defense. By the nature of his claims, he has waived privilege for relevant medical records sought in RFPs 8-10.

/////

/////

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 11
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1

**B.    Plaintiff's Response**

2

3

    **1.    Washington law squarely shields production of mental health records requested in RFP 8.**

4

5

    Mozilla contends it is entitled to psychologist-patient privileged medical records, unlimited

6

in time, because Mr. Teixeira pleaded that Mozilla's discriminatory actions caused him emotional

7

distress. This is precisely the scenario that Washington's legislature sought to preclude when it

8

passed RCW 49.60.510, which protects and preserves the psychologist-patient privilege when a

9

victim of workplace discrimination alleges "garden variety" emotional distress.

10

    State law governs privilege where a federal court is sitting in diversity. *Microsoft Corp. v.*

11

*Immersion Corp.*, No. C07-936RSM, 2008 WL 11343462, at *2 (W.D. Wash. Mar. 24, 2008);

12

Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for

13

which state law supplies the rule of decision."). Here, the case was removed under both diversity

14

and federal question jurisdiction, under which circumstances the court may apply state privilege

15

law. *See Konda v. United Airlines, Inc.*, No. 2:21-CV-01320-LK, 2023 WL 2864562, at *2 (W.D.

16

Wash. Apr. 10, 2023). Regardless, under both Washington and federal approaches to this issue,

17

Mr. Teixeira's psychiatric, psychological, or counseling records are protected from disclosure.

18

    RCW 49.60.510 states:

19

    By requesting noneconomic damages under this chapter, a claimant does not place his or her health at issue or waive any health care privilege under RCW 5.60.060 or 18.83.110, or any other law, unless the claimant:

20

21

    (a) Alleges a specific diagnosed physical or psychiatric injury as a proximate result of the respondents' conduct, **and** relies on the records or testimony of a health care provider or expert witness to seek general damages; or

22

23

    (b) Alleges failure to accommodate a disability or alleges discrimination on the basis of a disability.

24

25

    In his Complaint, Mr. Teixeira alleges emotional distress including embarrassment and

26

humiliation, and "stress, anxiety, and inability to sleep." Compl. ¶¶ 105; 106. He requests non-

economic damages, but not damages for a specific diagnosed physical or psychiatric injury caused

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 12
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

by Mozilla Corporation's discriminatory actions. Mr. Teixeira made that abundantly clear to Mozilla Corporation on April 4, 2024. Cates Decl. Ex. D at 6 ("We have already assured you that Mr. Teixeira seeks garden variety damages only"). Mr. Teixeira then confirmed this again on April 8, 2024. Cates Decl. Ex. D at 4 ("Mr. Teixeira … is merely seeking garden variety emotional distress damages, not damages for diagnosed physical or psychiatric injury, nor does he intend to rely on medical evidence such as the testimony of a medical provider or expert witness."). Under RCW 49.60.510, Mr. Teixeira has not waived privilege. He has not alleged Mozilla caused him specific diagnosed injury, and he is clear that he will not rely on the health care records or testimony for damages.[2] Mozilla's overreaching request is precisely the type of chilling and abusive request that RCW 49.60.510 was intended to curtail.

Mozilla's argument that psychiatric, psychological, or counseling records are "highly probative" is irrelevant because, simply put, these records are privileged.

Mozilla contends that Mr. Teixeira waived privilege by stating in his complaint that he has experienced feelings of "stress, anxiety, and inability to sleep" following Mozilla's discriminatory treatment. Mozilla argues that because that term is "often associated with clinical diagnoses," Mr. Teixeira has waived privilege. Mozilla makes this argument despite Mr. Teixeira's vociferous assurances that he is not seeking to introduce evidence that Mozilla caused or worsened a diagnosis of, for example, Generalized Anxiety Disorder or a related clinical diagnosis.

Mozilla relies on *Konda v. United Airlines, Inc.,* No. 2:21-CV-01320-LK, 2023 WL 2864562, at *3 (W.D. Wash. Apr. 10, 2023), but *Konda* is clear that the Plaintiff waived privilege only *to the extent* that her anxiety, weight loss, loss of appetite, and gastrointestinal issues "constitute specific diagnosed injuries and Konda intends to rely on the records of testimony of a health care provider or expert witness to seek general damages with respect to those conditions."

---

[2] Should the Court grant Mozilla Corporation's motion and order production of health care records under RFP 8, Plaintiff reserves the right to introduce such records or call witnesses to testify about such records.

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 13
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*Konda*, 2023 WL 2864562, at *4. *Konda* did not reach the issue of whether the Plaintiff did in fact waive privilege based on her mere use of the word "anxiety." Plaintiff contends it does not.

The result is the same if federal privilege principles are applied. The Western District of Washington takes a "middle ground" approach to waiver of psychotherapist-patient privilege under which "[a] plaintiff waives the privilege by alleging more complex distress, including "any specific psychiatric injury or disorder, or unusually severe distress." *Dawson v. S. Corr. Entity*, No. C19-1987RSM, 2021 WL 2012310, at *3 (W.D. Wash. May 20, 2021). As described above, Mr. Teixeira alleges no specific psychiatric injury or disorder, or unusually severe distress. He has not waived psychotherapist-patient privilege. This Court consistently holds that allegations of emotional harm such as embarrassment and anxiety, are non-medical and therefore do not waive privilege. *Dawson,* 2021 WL 2012310 at *3; *Karrani v. JetBlue Airways Corp.*, No. C18-01510-RSM, 2019 WL 2269818, at *6 (W.D. Wash. May 28, 2019) (privilege may be waived only if individual alleges anxiety "in a manner that suggests a clinical condition of anxiety.")

### 2.    Plaintiff confirmed it has no records responsive to RFP 10.

In RFP 10, Defendant requests "All medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment." On April 14, 2024, Plaintiff confirmed that he had no documents responsive to RFP 10.

The following day, Defendant attempted to re-write RFP 10 to include records that "need not specifically mention his ability to work" and that such records could include "dates that he will have to be out." This is a blatant attempt to re-write RFP 10. RFP 10 is not a request for any medical records related to Mr. Teixeira's cancer.

Even where evidence is relevant and proportional, the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Mozilla Corporation expands RFP 10 to include all of Mr. Teixeira's records with the argument that these could include dates of Plaintiff's absence due to medical appointments between March 1, 2024 to May 23, 2024. Plaintiff was in fact working during the requested time

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 14
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

period of March 1, 2024 and May 23, 2024 (the day Mozilla forced him on administrative leave). *See* FAC ¶ 74.  To the extent that establishing dates of absence is Mozilla Corporation's purpose in obtaining voluminous, sensitive, and complex medical records, Mozilla Corporation may consult its own internal records of Mr. Teixeira's requests for paid time off. Such an approach would not invade the privacy of Mr. Teixeira, use records that are in Mozilla's own possession and control, and be far less burdensome to Mr. Teixeira.

To be clear, Mr. Teixeira acknowledges that he has waived, to some extent, his physician-patient privilege by asserting claims of disability discrimination. RCW 49.60.510. Mr. Teixeira accordingly has offered to produce medical records establishing his diagnoses.

Mozilla's motion to compel RFP 10 must be denied because RFP 10 doesn't request his medical records. It requests medical records relating to his ability to return to work, and Mr. Teixeira has confirmed he has none.

### 3. Mozilla Corporation's overreaching RFP 9 seeks records of Plaintiff's medical care over a year before his cancer diagnosis.

In RFP 9, Defendant requests "[a]ll medical records from August 1, 2019 to August 1, 2022," essentially asking for medical records for three years prior to Mr. Teixeira's start date at Mozilla. Plaintiff objected on the basis of, among other things, privilege and relevance, and stated it would not produce medical records from before Mr. Teixeira's cancer diagnosis in October 2023. On February 4, 2025, four months after receiving Plaintiff's objections, Defendant acknowledged that RCW 49.60.510 allows the disclosure of records no older than two years before the first alleged unlawful act, and clarified that it was only requesting medical records "from two years prior" to Mr. Teixeira's cancer diagnosis. Cates Decl. Ex. C at 3.

Mr. Teixeira was diagnosed with ocular melanoma on October 3, 2023. Dkt. 28 at ¶ 44. Incorporating Mozilla's acknowledgment of the temporal limitations of RCW 49.60.510, what remains of RFP 9 is a request for Plaintiff's medical records from October 3, 2021 to August 1, 2022.

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 15
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

There is no need for Mozilla to have Mr. Teixeira's medical files from October 3, 2021 through August 1, 2022. This period was over a year before he was diagnosed with cancer, and he didn't even start working at Mozilla until August, 2022. FAC ¶ 23. <u>Mozilla is requesting medical records for a time period in which Mr. Teixeira was not disabled and not working at Mozilla.</u> Mozilla has articulated no relevance to medical records from this time period, and it cannot. The allegations and defenses in this case are entirely divorced from the period of October 3, 2021 through August 1, 2022. Under Fed. R. Civ. P. 26(b)(1), Mr. Teixeira's inherent privacy interest in "all medical records" from before he commenced employment at Mozilla or was diagnosed with cancer far outweighs their probative value.

To the extent Mozilla contends in Reply that it is entitled to records for the two years immediately preceding Mr. Teixeira's diagnosis on the basis of its February 4 letter, Plaintiff has never agreed or acquiesced to such a revision to RFP 9. Mozilla moved to compel based on the RFP 9 it wrote and served, and cannot now contend it is entitled to medical records from an entirely different time period. Regardless, Mr. Teixeira's medical records from the two year period immediately preceding his cancer diagnosis are equally susceptible privacy concerns, and equally devoid of probative value.

Mozilla's efforts in pursuit of RFP 9 lay bare its intention to leverage requests for medical records to make litigation as painful, embarrassing, and expensive for Mr. Teixeira as possible.

## C.    Defendant's Reply[3]

After two months of extensive meet and conferring, during which Plaintiff refused to acknowledge the clear mandate of RCW 49.60.510(b), Plaintiff now—for the first time—concedes, "that he has waived, to some extent, his physician-patient privilege by asserting claims of disability discrimination." Yet, Plaintiff argues that he may selectively produce only records sufficient to "establish his cancer diagnosis," while withholding all other records relating to his

---

[3] This submission references Defendant's Original Answer; Amended Answer to FAC has since been filed. (ECF 38).

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 16
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

disability and his claims of "anxiety." This is improper. Plaintiff's attempt to use the patient-physician privilege as both a sword and a shield is contrary to established law. It is also contrary to the plain text of RCW 49.60.510(b), which Plaintiff conspicuously fails to address. Additionally, Plaintiff ignores Defendants' arguments that Plaintiff's medical records are necessary and relevant for Defendants' defense of the matter. Plaintiff is not entitled to attorney's fees as Plaintiff's failure to acknowledge the clear applicability of RCW 49.60.510(b) and the relevance of the records, necessitated judicial intervention.

## IV.  DEFENDANT'S CONCLUSION

Plaintiff has placed his emotional and physical condition directly at issue through his claims of disability discrimination, false light defamation, anxiety, and significant non-economic damages. Plaintiff's attempt to limit discovery by claiming "garden variety" damages fails because his specific allegations constitute a waiver of privilege under RCW 49.60.510(b) and established case law. His refusal to provide records relevant to baseline health, causation, and treatment, unfairly prejudices Defendants' ability to prepare a defense. The requested medical records in RFPs 8-10 are relevant, non-privileged under the waiver doctrine, and proportional to the needs of the case. Accordingly, Mozilla respectfully requests the Court to compel Plaintiff to either produce all requested records or sign an authorization to release his records.

## V.  PLAINTIFF'S CONCLUSION

Mr. Teixeira has emphasized repeatedly that he is not waiving psychotherapist-patient privilege, that he is not alleging a specific diagnosable condition caused or worsened by Mozilla's treatment, and that he does not intend to introduce records regarding the same at trial. Yet Mozilla Corporation contends it is entitled to psychiatric, psychological, or counseling records. Mozilla Corporation is not entitled to these records under applicable law, which squarely shields the counseling records of individuals alleging garden variety emotional distress. Mozilla Corporation's escalation of this issue demonstrates either a profound misunderstanding of the legal distinction between garden variety emotional distress damages and damages for a specific

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 17
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

diagnosable condition, or the lengths Mozilla Corporation is willing to go to embarrass and punish Plaintiff for his allegations.

Mozilla Corporation has moved to compel other medical records in RFP 9 and 10 which are either irrelevant to the issues in this case (RFP 9), or which Plaintiff has confirmed he does not have (RFP 10). Plaintiff respectfully requests that the Court deny Mozilla Corporation's motion to compel and award Plaintiff his fees.

DATED this 1st day of May, 2025.

DLA PIPER LLP (US)

*By: /s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
Alexandria Cates, WSBA No. 53786
Danielle Igbokwe, WSBA No. 62714
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:      206.839.4800
E-mail: anthony.todaro@us.dlapiper.com
E-mail: alexandria.cates@us.dlapiper.com
E-mail: danielle.igbokwe@us.dlapiper.com

*Attorneys for Defendants MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES, LAURA CHAMBERS, and DANI CHEHAK*

STOKES LAWRENCE, P.S.

By:  */s/Amy Alexander*
Amy Alexander (WSBA #44242)
Mathew Harrington (WSBA #33276)
Maricarmen Perez-Vargas (WSBA # 54344)
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone:  (206) 626-6000
Fax:  (206) 464-1496
Amy.alexander@stokeslaw.com
Mathew.Harrington@stokeslaw.com
Maricarmen.Perez-Vargas@stokeslaw.com

*Attorneys for Plaintiff Steve Teixeira*

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 18
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

## CERTIFICATION

I certify that the full response by the Plaintiff has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this discovery dispute in accordance with LCR 37(a).

DATED this 1st day of May, 2025

By: /s/ Anthony Todaro
Anthony Todaro (WSBA # 30391)
/s/ Alexandria Cates
Alexandria Cates (WSBA # 53786)
/s/ Danielle Igbokwe
Danielle Igbokwe (WSBA # 62714)

*Attorneys for Defendants Mozilla Corporation a.k.a M.F. Technologies, Laura Chambers, and Dani Chehak*

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 19
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2025, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Amy Alexander, WSBA # 44242<br>Mathew L. Harrington, WSBA #33276<br>Maricarmen Perez-Vargas, WSBA #54344<br>STOKES LAWRENCE, P.S.<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA 98101<br>amy.alexander@stokeslaw.com<br>mathew.harrington@stokeslaw.com<br>Maricarmen.Perez-Vargas@stokeslaw.com<br>sarah.armon@stokeslaw.com<br>anna.armitage@stokeslaw.com<br>laura.smith@stokeslaw.com<br><br>*Attorneys for Plaintiff Steve Teixeira* | ☐    Via Hand Delivery<br><br>☐    Via U.S. Mail<br><br>☒    Via E-mail<br><br>☒    Via the Court's<br>       E-Service Device |
| Daniel M. Weiskopf, WSBA # 44941<br>Richard W. Redmond, WSBA # 58835<br>MCNAUL EBEL NAWROT & HELGREN PLLC<br>600 University St Ste 2700<br>Seattle, WA 98101<br>dweiskopf@mcnaul.com<br>rredmond@mcnaul.com<br>Tdo@mcnaul.com<br>mmonkress@mcnaul.com<br>jhickman@mcnaul.com<br><br>*Attorneys for Defendant Winifred Mitchell Baker* | ☐    Via Hand Delivery<br><br>☐    Via U.S. Mail<br><br>☒    Via E-mail<br><br>☒    Via the Court's<br>       E-Service Device |

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 20
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

| | |
|---|---|
| Darren A. Feider, WSBA No. 22430<br>Beth Touschner, WSBA No. 41062<br>SEBRIS BUSTO JAMES<br>15375 SE 30th St Ste 310<br>Bellevue, WA 98007<br>dfeider@sbj.law<br>amasters@sbj.law<br>kmarchenko@sbj.law<br>epruzinsky@sbj.law<br><br>*Attorneys for Defendant Mozilla Foundation* | ☐    Via Hand Delivery<br><br>☐    Via U.S. Mail<br><br>☑    Via E-mail<br><br>☑    Via the Court's<br>      E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 1st day of May, 2025.

*s/ Jacey Bittle*
Jacey Bitte, Legal Executive Assistant

JOINT LCR 37 SUBMISSION REGARDING DEFENDANT
MOZILLA CORPORATION'S DISCOVERY REQUESTS TO
PLAINTIFF - 21
Civil Case No. 2:24-Cv-1032

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800