HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE TEIXEIRA,

                              Plaintiff,

        v.

MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
MOZILLA FOUNDATION, a California
public benefit corporation; LAURA
CHAMBERS and her marital community;
WINIFRED MITCHELL BAKER and her
marital community, and DANI CHEHAK
and her marital community.

                              Defendants.

Case No. 2:24-cv-1032-RAJ

**DECLARATION OF ALEXANDRIA
CATES IN SUPPORT OF
DEFENDANTS' LCR 37 SUBMISSION**

I, Alexandria Cates, declare as follows:

        1.      I am an attorney at the law firm of DLA Piper LLP (US), counsel for Defendants

MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES ("Mozilla"), LAURA CHAMBERS,

and DANI CHEHAK (collectively, "Defendants"), in the above-captioned action. I am a member

in good standing of the State Bar of Washington and have been admitted to practice law before this

Court. I have personal knowledge of the facts set forth in this Declaration, and if called as a

witness, could and would testify competently to such facts under oath.

2.      Defendant served its first set of discovery requests to Plaintiff on Defendant on September 6, 2024. A true and correct copy of Mozilla's Request for Production of Documents, Set One, is attached hereto as **Exhibit A.**

3.      Plaintiff served his responses on October 11, 2024. A true and correct copy of Plaintiff's Responses to Mozilla's Request for Production of Documents, Set One, is attached hereto as **Exhibit B.**

4.      On February 4, 2025, Defendants sent Plaintiff a letter outlining the deficiencies in Plaintiff's response to Defendants' first set of requests. A true and correct copy of this correspondence is attached hereto as **Exhibit C.**

5.      On February 24, 2025, the Parties held a telephonic meet and confer conference which specifically addressed RFPs 8-10.

6.      During the meet and confer conference, Plaintiff's counsel represented that they were still conferring with their client about whether they were going to assert an emotional distress claim and therefore produce medical records.

7.      From March 17, 2025 through April 18, 2025, the Parties exchanged numerous emails regarding Plaintiff's repeated refusal to produce Plaintiff's medical records. A true and correct copy of this communication is attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on April 21, 2025, at Seattle, Washington.

_s/ Alexandria Cates_____
Alexandria Cates, WSBA No. 53786

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>              Plaintiff,<br><br>    v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.<br><br>              Defendants. | Case No. 2:24-cv-1032<br><br>**DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

      Pursuant to Rules 26 and 24 of the Federal Rules of Civil Procedure, Defendant Mozilla Corporation requires that, within thirty (30) days of service of these requests for production, Plaintiff Steve Teixeira. respond to each request for production set forth below to counsel for Mozilla Corporation, DLA Piper LLP (US), Attn: Anthony Todaro, 701 Fifth Avenue, Suite 6900, Seattle, Washington 98104-7029, anthony.todaro@dlapiper.com.  These requests are deemed continuing under Rule 26 of the Federal Rules of Civil Procedure, and the responses and production are to be supplemented promptly upon acquisition of further or additional information or documents.

# DEFINITIONS AND INSTRUCTIONS

## A.    Definitions

The following definitions apply to each of the following requests and shall be deemed incorporated therein:

1.    The terms "you," "your," "yourself," and "Plaintiff" refer to Plaintiff Steve Teixeira.

2.    The term "Defendant" refers to Defendant Mozilla Corporation.

3.    The term "Defendants" refers to Mozilla Corporation, Mozilla Foundation, Laura Chambers, Winifred Mitchell Baker, and Dani Chehak.

4.    The term "Complaint" refers to the Complaint you filed in the Superior Court of Washington for King County, Case No. 24-2-14056-5 SEA on or about June 24, 2024.

5.    The terms "document" and "documents" are to be construed broadly and are defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. "Document" or "documents" includes, without limitation, any medium upon or by which information is or can be recorded, including but not limited to papers, books, letters, labels (and other identifying markings), e-mails, electronically-stored information, facsimile transmissions, notes, drafts, diaries, reports, analyses, studies, invoices, promotional literature, sales literature, profit projections, computer generated information, audits, checks, bank statements, calendars, records, correspondence, memoranda, notebooks, photographs, pictures, diagrams, graphs, charts, drawings and sketches, non-written material such as videotapes, audiotapes, tape recordings, CDs, and electronic and computer data compilations, translated, if indicated, into a reasonably usable format.

6.    The terms "referring," "relating to," and "concerning" include in whole or in part directly or indirectly, analyzing, containing, supporting, concerned with, connected with, dealing with, constituting, describing, relevant to or pertaining to the identified person, document or subject matter.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

7.    The terms "communicate" and "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, electronic mail, electronic message, personal delivery, social media, or otherwise without limitation.

8.    The terms "person" and "persons" any natural person, individual, corporation, proprietorship, partnership, association, joint venture, limited liability company, trust, company, firm, or other form of legal entity, organization, or arrangement.

9.    The word "all" includes "any"; the word "any" includes "all."

10.    The use of the terms "and," "or," and "and/or" should be construed conjunctively and disjunctively for the broadest possible meaning.

**B.    <u>Instructions</u>**

1.    Whenever appropriate to bring within the scope of these Requests for Production of Documents, information would lead to the discovery of relevant evidence, the singular form of a word shall also mean the plural.

2.    All references to "document" or "documents" are to those (a) in your possession, custody or control, or (b) under your control, though located elsewhere, including documents in the possession, custody or control of your attorneys, accountants, representatives, officers, employees, agents, or investigators.

3.    In the event that you object to any Requests for Production of Documents or any part thereof, you are requested to respond to all parts of such request to which such objection does not apply.

4.    Defendant requests that you respond to the requests below consistent with any order entered in the above-captioned action governing the production of electronically-stored information.

5.    Each request set forth should be construed independently, and not in reference to any other request for purposes of limitation, unless otherwise expressly stated.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All communications, including postings and direct messages, that mention or relate to the allegations in this lawsuit from August 1, 2022 to the present in each account listed in response to Interrogatory No. 1.

**Request for Production No. 2:**

All communications between you and any other person concerning the allegations in your Complaint.

**Request for Production No. 3:**

All documents prepared by you including but not limited to notes, records, logs, notebooks, reports, correspondence or itineraries, that relate to your claims in your Complaint.

**Request for Production No. 4:**

All communications between you and any other current or former Mozilla employee or Board Member from August 1, 2022 to the present that relate to the allegations in your Complaint.

**Request for Production No. 5:**

All postings on your private CaringBridge site referenced in paragraph 76 of the Complaint.

**Request for Production No. 6:**

All documents that relate to the emotional distress, reputational damage, humiliation, anxiety, and stress that you allege you suffered as a result of Defendants' actions.

**Request for Production No. 7:**

All documents that relate to the emotional distress, reputational damage, humiliation, anxiety, and stress that you allege your wife suffered as a result of Defendants' actions.

**Request for Production No. 8:**

All medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records.

**Request for Production No. 9:**

All medical records from August 1, 2019 to August 1, 2022.

**Request for Production No. 10:**

All medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment.

**Request for Production No. 11:**

All communications you had with Russell Reynolds Associates regarding your potential employment and/or employment with Mozilla.

**Request for Production No. 12:**

All documents that were relied upon when drafting your responses to your Initial Disclosures.

**Request for Production No. 13:**

All documents referred to in Interrogatory 18.

Dated this 6th day of September, 2024      DLA PIPER LLP (US)

*s/ Anthony Todaro*

Anthony Todaro, WSBA No. 30391
Alexandria Cates, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: anthony.todaro@us.dlapiper.com
E-mail: alexandria.cates@us.dlapiper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2024, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

Mathew L. Harrington
Amy K. Alexander
STOKES LAWRENCE, P.S.
1420 5th Avenue, 30th Floor
Seattle, WA 98101
E-mail: mathew.harrington@stokeslaw.com
amy.alexander@stokeslaw.com
Maricarmen.Perez-Vargas@stokeslaw.com
sarah.armon@stokeslaw.com
anna.armitage@stokeslaw.com
laura.smith@stokeslaw.com

☐ Via Hand Delivery

☐ Via U.S. Mail

☒ Via E-mail

☐ Via the Court's E-Service Device

*Attorneys for Plaintiff Steve Teixeira*

Darren Feider, WSBA No. 22430
SEBRIS BUSTO JAMES P.S.
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
T: 425 454-4233
F: 425 453-9005
E-mail: dfeider@sbj.law
epruzinsky@sbj.law
kmarchenko@sbj.law
amasters@sbj.law

☐ Via Hand Delivery

☐ Via U.S. Mail

☒ Via E-mail

☐ Via the Court's E-Service Device

*Attorneys for Defendant Mozilla Foundation*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 6th day of September, 2024

*s/ Jacey Bittle*
Jacey Bittle, Legal Administrative Assistant

DEFENDANT'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

# EXHIBIT B

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STEVE TEIXEIRA,

              Plaintiff,

     v.

MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
MOZILLA FOUNDATION, a California
public benefit corporation; LAURA
CHAMBERS and her marital community;
WINIFRED MITCHELL BAKER and her
marital community, and DANI CHEHAK and
her marital community,

              Defendants.

Case No.: 2:24-CV-01032-RAJ

DEFENDANT MOZILLA
CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF *AND
RESPONSES THERETO*

Plaintiff Steve Teixeira ("Plaintiff"), by and through his counsel of record, hereby

responds to Defendant Mozilla Corporation's ("Mozilla Corp.'s") First Set of Requests for

Production to Plaintiff Steve Teixeira as follows:

## PRELIMINARY STATEMENT

Plaintiff makes the following statement regarding Mozilla Corp.'s Requests for

Production:

1. Plaintiff may rely, at any time including trial, upon subsequently discovered information

or information omitted from the specific responses set forth below as a result of mistake, oversight

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES
THERETO - 1

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

or inadvertence. However, Plaintiff is under no duty to supplement any response that was complete when made except as provided by Federal Rule of Civil Procedure ("Rule") 26(e).

2.    The specific responses set forth below are for the purposes of discovery only, and Plaintiff neither waives nor intends to waive, but expressly reserves any and all objections Plaintiff may have as to the relevance, competence, materiality, admissibility or use in this proceeding of any information, documents or writings produced, identified or referred to herein, or to the introduction of any evidence in this proceeding relating to the subjects covered by such responses.

3.    The specific responses set forth below are based upon Plaintiff's good faith interpretation of the language used in the Discovery Requests, and Plaintiff reserves the right to amend or supplement further its responses in the event that Mozilla Corp. asserts an interpretation that differs from Plaintiff's interpretation.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All communications, including postings and direct messages, that mention or relate to the allegations in this lawsuit from August 1, 2022 to the present in each account listed in response to Interrogatory No. 1.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects to this request as overbroad and vague as the term "relate to" is undefined. Plaintiff further objects to this Request to the extent this information is in Defendants' custody and control. Plaintiff further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, psychotherapist-patient privilege, marital privilege, or doctor-patient privilege. Without waiving these objections, Plaintiff Responds as follows: pursuant to the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20, Plaintiff will identify search terms that will capture

potentially responsive communications and produce all responsive, non-privileged communications, if any.

**REQUEST FOR PRODUCTION NO. 2:**

All communications between you and any other person concerning the allegations in your Complaint.

**RESPONSE:** Plaintiff objects to this Request as overbroad and vague with respect to the term "concerning," which is not defined. Plaintiff further objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Without waiving these objections, Plaintiff Responds as follows: *see* objections and Response to Request for Production ("RFP") No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All documents prepared by you including but not limited to notes, records, logs, notebooks, reports, correspondence or itineraries, that relate to your claims in your Complaint.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects that the term "relate to" is vague and undefined. Plaintiff further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, psychotherapist-patient privilege, marital privilege, or doctor-patient privilege. Plaintiff further objects to this Request as compound. Without waiving these objections, Plaintiff Responds as follows: Plaintiff will search for and produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 4:**

All communications between you and any other current or former Mozilla employee or Board Member from August 1, 2022 to the present that relate to the allegations in your Complaint.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects to this request as overbroad and vague as the term "relate to" is undefined. Plaintiff further objects to this Request to the extent this information is in Defendants' custody and control. Without waiving these objections, Plaintiff Responds as follows: pursuant to the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20, Plaintiff will identify search terms that will capture potentially responsive communications and produce all responsive, non-privileged communications, if any.

**REQUEST FOR PRODUCTION NO. 5:**

All postings on your private CaringBridge site referenced in paragraph 76 of the Complaint.

**RESPONSE:** Plaintiff objects to this Request as overbroad and untethered from the issues in this litigation. Plaintiff will agree to produce only CaringBridge posts that are related to Plaintiff's ability to do his work for Mozilla Corporation or that include statements about Plaintiff's work for Mozilla Corporation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to the emotional distress, reputational damage, humiliation, anxiety, and stress that you allege you suffered as a result of Defendants' actions.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects to the term "relate to" as vague and undefined. Plaintiff further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, psychotherapist-patient privilege, marital privilege, or doctor-patient privilege. Without waiving these objections, Plaintiff Responds as follows: pursuant to the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20,

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 4

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Plaintiff will identify search terms that will capture potentially responsive documents and produce all responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to the emotional distress, reputational damage, humiliation, anxiety, and stress that you allege your wife suffered as a result of Defendants' actions.

**RESPONSE:** Plaintiff objects to this request as overbroad, harassing, and untethered from the issues in this litigation. Plaintiff further objects to this request as seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege.

**REQUEST FOR PRODUCTION NO. 8:**

All medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records.

**RESPONSE:** Plaintiff objects to this Request as overbroad and seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff also objects to the term "medical records" as vague and undefined.

**REQUEST FOR PRODUCTION NO. 9:**

All medical records from August 1, 2019 to August 1, 2022.

**RESPONSE:** Plaintiff objects to this Request as overbroad and seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff further objects to this Request as harassing and untethered from the issues in this litigation. Plaintiff also objects to the term "medical records" as vague and undefined as to which types of records are sought. It is further vague and undefined as to whose medical records are sought, though based on Plaintiff's good faith interpretation of the request, Defendant is seeking records based on Plaintiff's own medical care. Plaintiff will not produce medical records from before Plaintiff's cancer diagnosis in October 2023.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 5

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**REQUEST FOR PRODUCTION NO. 10:**

All medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment.

**RESPONSE:** Plaintiff objects to this Request as seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff also objects to the term "medical records" as vague and undefined. Without waiving these objections, Plaintiff Responds as follows: Plaintiff will search for and produce responsive, non-privileged records, if any.

**REQUEST FOR PRODUCTION NO. 11:**

All communications you had with Russell Reynolds Associates regarding your potential employment and/or employment with Mozilla.

**RESPONSE:** Plaintiff will search for and produce responsive, non-privileged communications, if any.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that were relied upon when drafting your responses to your Initial Disclosures.

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Without waiving this objection, Plaintiff responds as follows: Plaintiff did not rely on any non-privileged documents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents referred to in Interrogatory 18.

**RESPONSE:** See documents produced herewith. Plaintiff will search for and produce additional responsive, non-privileged documents, if any.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 6

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## ATTORNEY'S CR 26 CERTIFICATION

The undersigned attorney certifies pursuant to Civil Rule 26(g) that he or she has read each response and objection to these discovery requests, and that to the best of his or her knowledge, information, and belief formed after a reasonable inquiry, each is (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

DATED this 11th day of October, 2024.

STOKES LAWRENCE, P.S.

By: _/s/ Amy Alexander_
    Amy Alexander (WSBA #44242)
    Mathew Harrington (WSBA #33276)
    Maricarmen Perez-Vargas (WSBA # 54344)
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Telephone:  (206) 626-6000
    Fax:  (206) 464-1496
    Amy.alexander@stokeslaw.com
    Mathew.Harrington@stokeslaw.com
    Maricarmen.Perez-Vargas@stokeslaw.com
    Attorneys for Plaintiff Steve Teixeira

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 7

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2024, I caused the foregoing *Response to Defendant Mozilla Corporation's First Set of Requests for Production of Documents* to be:

☒      Via e-mail to the following:

*Counsel for Mozilla Foundation*

Darren A. Feider
Amanda V. Masters
Sebris Busto James
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
dfeider@sbj.law
amasters@sbj.law


*Counsel for Mozilla Corp, Laura Chambers,*
*Winifred Mitchell Bakers and Dani Chehak*

Anthony Todaro
Alexandria Cates
DLA Piper LLP
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Anthony.todaro@us.dlapiper.com
Alexandria.cates@us.dlapiper.com


                                     */s/Anna Armitage*
                                     Anna Armitage, Practice Assistant

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# EXHIBIT C



**DLA Piper LLP (US)**
701 Fifth Avenue
Suite 6900
Seattle, Washington 98104-7044
www.dlapiper.com

Anthony Todaro
anthony.todaro@us.dlapiper.com
T   206.839.4830
F   206.494.1802

February 4, 2025

Amy K. Alexander
Maricarmen Perez-Vargas
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101

Re: *Steve Teixeira v. Mozilla Corporation, et al.*
United States District Court of Western District of Washington
No. 2:24-cv-01032-RAJ

Dear Amy and Maricarmen,

Defendants Mozilla Corporation ("Mozilla"), Mitchell Baker, Laura Chambers, and Dani Chehak (the "Individual Defendants") (collectively, "Defendants") write to meet and confer with you regarding Plaintiff's responses to Defendants' First Set of Interrogatories. We have reviewed the responses and find them to be deficient in several respects, as detailed below. We request that you supplement or amend your responses to cure these deficiencies within 14 days of the date of this letter or provide your availability for a meet and confer call regarding these deficiencies on February 10th or 11th.

We address each of our concerns under the specified headings below.

**I.      Interrogatories**

    **A.   Interrogatory No. 2**

This interrogatory asks for each person who witnessed the incident that is the subject of this lawsuit, and, for each such person, state their name, address, telephone number, and the substance of their testimony. Plaintiff responded that Plaintiff "interprets this Interrogatory to cover the period of time since June 12, 2024, the day on which Plaintiff initiated this action…" This interrogatory specifies that it is asking for information about discussions plaintiff has had about the **matters** alleged in his complaint. The complaint describes events as far back as early 2023. Accordingly, this interrogatory covers any conversations Plaintiff has had with anyone as far back as early 2023 regarding the allegations in the complaint. Defendants request that Plaintiffs supplement accordingly.

Moreover, the interrogatory requests information about the date(s) of the communication, the parties to the communication, the witnesses to the communication, and the substance of the communication. Plaintiff provides a list of over 70 individuals, but does not provide any information about the dates, substance, or witnesses to any relevant conversations. While Plaintiff notes that some communications were electronic and will be captured in an ESI search, Plaintiff also notes that "Plaintiff had some verbal conversations with these individuals…" Plaintiff must provide further details for any individual whose conversations and the details of such conversations will not be captured by Plaintiff's document production. Defendants request that Plaintiffs supplement accordingly.

**B.   Interrogatory No. 3**

This interrogatory asks for information about the contact and conversations Plaintiff had with Mozilla's current or former employees or Board member from May 24, 2024 to the present, including the date and place of the communication, the parties to the communication, the witnesses to the communication, and the substance to the communication. Plaintiff listed approximately 30 individuals, but did not provide any details as to the date of the conversations, the parties to the conversation, or the substance of the conversation. While Plaintiff notes that some communications were electronic and will be captured in an ESI search, Plaintiff also notes that "Plaintiff had some verbal conversations with these individuals…"

Additionally, Plaintiff objects on the basis that "much of this information is in Defendants' custody and control as Defendants are the custodians of Plaintiff's Mozilla e-mail address and Slack accounts." Defendants will not be in possession of many of Plaintiff's communications, given that the date of this interrogatory asks for information regarding communications after Plaintiff no longer had access to his Mozilla accounts.

**C.   Interrogatory Nos. 4 and 5**

Theses interrogatories ask for a description of the statements that Plaintiff alleges Mozilla's leadership made that inappropriately disclosed information about Plaintiff's diagnosis, treatment, and medical leave or placed Plaintiff's health status in a false light. For each statement, Defendants asked Plaintiff to identify who made the statement, the date it was made, who the statement was made to, how the statement was made, and the substance of the statement.

Plaintiff provided a list of five statements. Plaintiff failed to provide certain information for all five statements. For example, regarding the statement that Plaintiff alleges Mitchell made at the first all-hands meeting, Plaintiff does not provide information on who Mitchell said the statement to. Additionally, Plaintiff notes that on May 23, 2023 (the date of which is likely a typo, but please confirm), Adam Fishman made a statement to "employees", but Plaintiff fails to identify who those employees are. Finally, Plaintiff notes that "Mozilla representatives" made a statement to Leigh Honeywell, CEO of Tall Poppy, but doesn't say who the "Mozilla representatives" were or how the statement was made (i.e., was the statement written or verbal). Please provide a supplemental response addressing these deficiencies.

**D.   Interrogatory No. 7**

This interrogatory asks Plaintiff to state each category of damage that Plaintiff claims to have suffered because of action or inaction taken on behalf of Defendants, describe in detail the nature and amount of the damages sought, and how the damages were calculated. Plaintiff responds that Plaintiff will be seeking general damages, economic damages, statutory damages, liquidated damages, declaratory judgment, attorney fees and costs, and prejudgment interest.

Federal rules mandate that a party must provide "a computation of each category of damages claimed" and make available the documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries suffered. Fed. R. Civ. P. 26(a)(1)(A)(iii).  If plaintiff intends to request a specific dollar amount at trial, he needs to provide a calculation of such damages. *See e.g., Warren v. Bastyr Univ.*, No. 2:11-CV-01800-RSL, 2013 WL 1412419, at *8 (W.D. Wash. Apr. 8, 2013) ("While plaintiff is not expected to predict how the jury will react to the evidence at trial, the Federal Rules require her to provide a computation related to each category of damages claimed and supporting documents at the outset of the case"); *Sharma v. City of Vancouver,* No. C06-5688-BHS, 2007 WL 4376177, at *2 (W.D. Wash. Dec. 13, 2007) (requiring the plaintiff to provide a computation of his non-economic damages and the evidentiary material supporting that computation). Accordingly, please supplement.

#### E.   Interrogatory Nos. 9 & 10 and Request for Production Nos. 7 & 8

These requests ask Plaintiff and his wife to describe all medical treatment that they have obtained in relation to the emotional distress claims alleged in the complaint and produce all documents related thereto.  Plaintiff objects on the basis of the psychotherapist-patient privilege and the doctor-patient privilege. However, Plaintiff has alleged that Defendants' conduct has caused him and his wife anxiety. *See e.g.*, Complaint, ¶ 104 ("Defendants' discrimination and the uncertainty now surrounding Mr. Teixeira's future career and medical insurance have resulted in stress, **anxiety**, and inability to sleep."), ¶ 117 ("Plaintiff and his wife have also suffered significant non-economic damages as a proximate result of Defendants' unlawful conduct...[including] anxiety, stress, and emotional distress…"). *See Lavington v. Hillier*, 22 Wn. App. 2d 134, 147, 510 P.3d 373, 381 (2022) (noting that the trial court did not err in allowing the defendants to obtain the plaintiff's medical records to defend against her emotional distress claim, noting that "medical records clearly had the capacity to lead to the discovery of admissible evidence…"). Accordingly, Plaintiff and his wife must produce information, including health care records, about his alleged emotional distress.

Additionally, Plaintiff notes that "Mozilla terminated Plaintiff's employment only last month, and the damages continue to accrue. Discovery is ongoing and it is premature to describe all medical treatment that Plaintiff has obtained…" Plaintiff filed his lawsuit on June 12, 2024 and alleged emotional distress allegations *before* he was terminated. Thus, the date of his termination should have no bearing on his emotional distress treatment plan. Please provide a supplemental response.

#### II.   Request for Production No. 9

Request No. 9 asks for all medical records from August 1, 2019 through August 1, 2022. Plaintiff objects on the basis of the psychotherapist-patient privilege and the doctor-patient privilege, as well as on the basis that it is "harassing" and "untethered" from the issues in this litigation. Plaintiff states that he "will not produce medical records from before Plaintiff's cancer diagnosis in October 2023." Under WLAD, a person waives health care privilege when they allege discrimination on the basis of a disability or when they allege a specific diagnosed physical or psychiatric injury as a proximate result of the respondents' conduct. RCW 49.60.510(1)(a)-(b). This waiver extends to the two years prior to the first unlawful act alleged for which the claimant seeks damages. RCW 49.60.510(2)(a). Accordingly, Defendants will agree to limit this request to all medical records all medical records from two years prior to his diagnosis.

#### III.   Conclusion

We ask that you provide us with an update on your production by February 6, 2025. At that time, we also ask that you let us know if you have withheld any documents on the basis of privilege, and if so, please produce a privilege log as soon as possible.

Sincerely,

Anthony Todaro
Partner

cc: Darren A. Feider
Beth Touschner

# EXHIBIT D

## Igbokwe, Danielle

| | |
|---|---|
| **From:** | Cates, Alexandria |
| **Sent:** | Friday, April 18, 2025 1:52 PM |
| **To:** | Amy K. Alexander; Maricarmen Perez-Vargas |
| **Cc:** | Mathew Harrington; Sarah Armon; Laura Smith; Anna Armitage; Bittle, Jacey; McFadden, Robert; Darren Feider; Todaro, Anthony; Katie Marchenko; Beth Touschner; Igbokwe, Danielle |
| **Subject:** | RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses |

Thank you. I believe the parties are at an impasse as to RFP 10 for all the reasons we have reiterated below.

## Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Thursday, April 17, 2025 4:45 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex,

Mozilla's RFP 10 states: "All medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment." I have confirmed that we have no responsive records relating to Mr. Teixeira's ability to return to work, and in fact Mr. Teixeira had returned to work for the time period requested. I understand from your message that Mozilla Corporation is also seeking medical records that might possibly relate to Mr. Teixeira's ability to log into work on any given afternoon, whether due to surgery or a headache, based on its own inexpert evaluation. This is overbroad and protected by privilege and we will not produce such records. If Mozilla Corporation is contending somehow that Mr. Teixeira taking occasional PTO to manage medical needs arising from cancer treatment relates to his ability to work, then Mozilla Corporation can access its own internal records without invading Mr. Teixeira's privacy.

With respect to your request to supplement responses, we will certainly supplement responses before the close of discovery.

**Amy K. Alexander**
Attorney  |  Shareholder
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, April 15, 2025 11:31 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Amy,

To be clear, the records need not specifically mention his ability to work. Medical records that mention any anticipated consequences of his treatment that may affect his ability to work, or dates that he will have to be out that would also affect his ability to work, would be responsive, even if they do not explicitly mention his job or Mozilla.  If you still stand by your position that you have no documents that are responsive to RFP 10, please let us know when we can except a supplemental updated response to RFP 10.

Thank you for confirming you stand by your objections to RFP 8.

Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Monday, April 14, 2025 3:57 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>

**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Hi Alex,

Thanks for your message. Subject to your clarification that Mozilla is seeking documents related to Mr. Teixeira's ability to work due to cancer, and without waiving our objections or applicable privilege, we have no documents that are responsive to RFP 10.

We stand on our objections to producing mental health records, as Mr. Teixeira is alleging only garden variety emotional distress damages. Under RCW 49.60.510, he does not waive privilege by asserting a claim under the WLAD.

**Amy K. Alexander**
Attorney | Shareholder
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, April 14, 2025 1:56 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Amy,

We appreciate your position, but we simply do not agree for all the reasons we have already laid out in our prior communications. As we already explained below, Plaintiff has placed his health status at issue in the case by alleging that he was willing and able to perform the duties of the CPO role, which Mozilla disputes. Plaintiff also alleges that Defendants placed his health status in a false light, and we need the records to be able to defend against that claim.

For RFP 10, yes, that is confirmed.

Please let us know by **EOD tomorrow** whether you are going to be providing the records we requested. Otherwise, we will be moving to compel.

**Alex Cates**
Associate
_____

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Wednesday, April 9, 2025 4:35 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Hello Alex,

Mozilla Corporation contends that it is entitled to a swath of mental health records simply because the word "anxiety" appears in his complaint. This is in spite of "anxiety" being within the definition of emotional distress damages, and Mr. Teixeira confirming that he is merely seeking garden variety emotional distress damages, not damages for diagnosed physical or psychiatric injury, nor does he intend to rely on medical evidence such as the testimony of a medical provider or expert witness. Mozilla is simply not entitled to mental health records. *Dawson v. S. Corr. Entity*, No. C19-1987RSM, 2021 WL 2012310, at *3 (W.D. Wash. May 20, 2021) ("damages related to stress, loss of enjoyment of life, humiliation, embarrassment, fear, **anxiety**, and anguish/grief as a result of Defendant's conduct...are not medical diagnoses, but merely lay observations of harm that Plaintiffs claim the children experienced as a result of Defendants' alleged actions."). This is abusive and intrusive discovery conduct wholly unsupported by RCW 49.60.510's protection of plaintiffs just like Mr. Teixeira, as well as analogous federal caselaw.

However, please note that in the very unlikely event that Mozilla Corporation successfully obtains Mr. Teixeira's medical records, and seeks to use them at trial, Mr. Teixeira reserves the right to name additional expert witnesses and/or call his treating providers to testify.

With respect to RFP 10, I will note that during the time period requested (March 1-May 23, 2024), Mr. Teixeira *was actually working and doing his job* until Mozilla forced him on leave, so it is unclear the relevance of documents showing his "ability to return" to work. What relevance do these records have if we are willing to stipulate to the fact of Mr. Teixeira's cancer and even produce records sufficient to show his cancer? Can you identify the element of any of Mr. Teixeira's claims that this relates to? Can you also confirm that in RFP 10, Mozilla is seeking records regarding Mr. Teixeira's ability to work due to cancer?

Thank you,

**Amy K. Alexander**
Attorney | Shareholder
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, April 8, 2025 2:28 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Mozilla disagrees with your interpretation of both RCW 49.60.510 and the relevant case law. Additionally, Plaintiff has an obligation to produce his medical records outside the emotional distress context, given that Plaintiff has put his health status at issue outside the emotional distress context. *See* Compl. ¶ 139.

First, RCW 49.60.510 does not create a blanket protection against disclosure of medical records when a plaintiff seeks emotional distress damages. The statute protects health care privilege *unless* the plaintiff affirmatively *places their condition at issue.* That is precisely the point here: by alleging discrimination based on a disability—Mr. Teixeira has affirmatively placed his medical records at issue in this litigation. (Compl. pg. 14-17, ¶¶ 106–126). Plaintiff has asserted claims of discrimination based on a disability and explicitly alleged "anxiety"—which Washington courts have recognized can constitute a psychiatric injury. (*See* Compl. ¶. 117); *Stratton v. Dep't of Labor & Indus.*, 7 Wn. App. 652, 654 (1972). As such, your attempt to distinguish *Konda*, is misplaced. The plaintiff in *Konda* alleged anxiety—and so does Mr. Teixeira. (*See* Compl. ¶. 117.). This allegation goes beyond vague "humiliation" or "embarrassment" and brings Mr. Teixeira's mental and emotional health directly into issue, triggering the right to discover relevant medical records. Please confirm that you will not be producing Plaintiff's medical records that are responsive to RFPs 8 & 9. We feel as though we have met our meet and confer obligation on this issue, and plan to move forward with a Joint LRC 37 motion.

Second, our citation to *Lavington v. Hillier* is not irrelevant. *Lavington* underscores the principle that when a plaintiff places their medical status issue, the defendant has a right to access relevant medical records to mount a fair defense. The argument that Defendants do not get access to Plaintiff's medical records because Plaintiff only asserts "garden variety emotional distress" is missing the greater point—Plaintiff has placed his health status at issue in the case by alleging that he was willing and able to perform the duties of the CPO role. Plaintiff also alleges that Defendants placed his health status in a false light. As you know, a defense to a defamation claim is truth. Defendants need Plaintiff's records to put forth a fair defense. Given this, we cannot agree to your stipulation to only provide medical records relating to Plaintiff's cancer diagnosis. Please confirm that you will not be producing Plaintiff's medical records that are responsive to RFP 10. We note that Plaintiff agreed to produce in your initial responses, but we have not yet seen any medical records and it seems as though you may be walking back from your initial position. If you are planning to produce, please let us know when we can expect the production. If you are not planning to produce, we feel as though we have met our meet and confer obligation on this issue, and plan to move forward with a Joint LRC 37 motion.

Thank you,
Alex


## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Friday, April 4, 2025 12:58 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex,

It appears that Mozilla continues to ignore the plain language of RCW 49.60.510: Mr. Teixeira does not waive any health care privilege by asserting garden variety emotional distress damages. The legislature clearly determined that individuals who have suffered employment discrimination do not throw open their medical files as a condition to seeking justice and damages. *Lavington v. Hillier* doesn't even cite RCW 49.60.510. It's irrelevant.

*Konda* is also distinguishable. The plaintiff in that case claimed a failure to accommodate and specific diagnosable injuries such as anxiety, weight loss, and gastrointestinal issues. We make no such claims here. We have already assured you that Mr. Teixeira seeks garden variety damages only, yet Mozilla insists on its attempts to pry into his private medical records, which Mr. Teixeira has in no way placed at issue in this case.

We are willing to produce medical records sufficient to show Mr. Teixeira's cancer diagnoses.

**Maricarmen Perez-Vargas**
Attorney
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Thursday, April 3, 2025 3:05 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

We disagree with your reading of RCW 49.60.510. Plaintiff is alleging a disability discrimination cause of action, so has waived the privilege pursuant to RCW 49.60.510(b). *See Konda v. United Airlines, Inc.,* No. 2:21-CV-01320-LK, 2023 WL 2864562, at *3 (W.D. Wash. Apr. 10, 2023) (compelling the plaintiff to produce her medical records to her employer, even though she argued there was no dispute as to her disability or her accommodation). Moreover, it is our position that Plaintiff has an obligation to provide his medical records outside of the emotional distress context. *Lavington v. Hillier,* 22 Wash. App. 2d 134, 147, 510 P.3d 373, 381 (2022) (noting that plaintiff's argument that she did not intend to rely on her medical records to prove her emotional distress claim failed to recognize that the defendants "could use her medical records to *defend* against her emotional distress claim. And her medical records clearly had the capacity to lead to the discovery of admissible evidence regardless of whether the records themselves were admissible."). We also will not agree to a stipulation. Plaintiff's records will be relevant outside the context of the emotional distress claim. For example, Plaintiff argues that he was willing and able to continue in his role as CPO, which is contrary to what he was saying at the time he returned from leave (See Complaint, ¶¶ 73 & 86).  We don't see a scenario where this information is not used in the case. If you are not willing to provide the records, we will need to seek a request from the court.

Thanks,

## Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Wednesday, April 2, 2025 1:00 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>

**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex,

Plaintiff does not plan to waive healthcare privilege pursuant to RCW 49.60.510, which permits a Plaintiff to seek garden variety emotional distress damages without waiver of privilege. We are not required to make the kind of stipulations you are asking for, rather we are entitled by Washington law to simply assert the privilege in response to your discovery request. Even under conditions where Mr. Teixeira asserts the privilege he may nonetheless seek garden variety noneconomic damages.

Is it medical records regarding Mr. Teixeira's cancer condition that you are concerned about here? We are willing to enter into stipulation that Mr. Teixeira has cancer if that is going to be in question at trial.  Please let us know if you would like to consider a stipulation about Mr. Teixeira's cancer condition.

**Maricarmen Perez-Vargas**
Attorney
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Wednesday, April 2, 2025 10:55 AM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Your response does not answer my question. It seems as though you are refusing to confirm that Plaintiff will not offer medical lay or expert testimony at trial in support of any claims of non-economic damages?  If that is the case, this means Plaintiff is both refusing to produce medical records and refusing to confirm that he will not offer medical injury testimony at trial. Is that correct?  We need an agreement to produce medical records or a confirmation that medical testimony will not be offered, or else we will need to move to compel.

We ask that you respond by EOD tomorrow, given the pending deadlines.

Thank you,

Alex

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Tuesday, April 1, 2025 1:01 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

---

⚠ EXTERNAL MESSAGE

Hi Alex,

Mr. Teixeira declines to waive any health care privilege.

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, March 31, 2025 9:12 AM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

I just wanted to follow up on the last point in my below email. Thank you.

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Cates, Alexandria
**Sent:** Friday, March 21, 2025 12:40 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Maricarmen,

Please see below in red. Thank you.

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Monday, March 17, 2025 4:17 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ **EXTERNAL MESSAGE**

Hi Alex,

Thanks for your clarification. As to outstanding issues:

Would Mozilla Corporation consider searching the reduced list of Slack aliases below as terms within the Slack data? Please let us know by the end of this week, otherwise we will assume we are at an impasse on this issue. We can agree to the below except for Nos. 9-12. Mark Surman is a Mozilla Foundation employee, not a Mozilla Corporation employee, so you will need to go through the Mozilla Foundation counsel for his Slack account. Board members do not have Slack accounts, so no account exists for Kerry, Bob, or Hugh.

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael
6. Lindsey O'Brien
7. Suba Vasudevan
8. Eric Muhlheim
9. ~~Mark Surman~~
10. ~~Kerry Cooper~~
11. ~~Bob Lisbonne~~
12. ~~Hugh Molotsi~~
13. Leyla Samiee
14. Sally Richardson
15. LaVonne Copps
16. Hannah Kagan

As to a continuance, we are amenable to a 60-day extension, putting trial in early December 2025. It is important to our client that trial remain in this calendar year, and we believe that extension to be reasonable to allow the parties the necessary time to move through discovery efficiently. Please let us know if Mozilla Corporation and individual defendants are in agreement, and we can file a joint motion to continue with Mozilla Foundation (assuming the Foundation agrees as well). Yes, we can agree to this. We would propose the following schedule, which gives a bit more time on discovery but keeps our trial date in 2025 :

- Initial Expert Reports Due (4/9) – July 9
- Discovery motion deadline (5/5) – August 11
- Rebuttal Expert Reports (5/9) – Aug 11
- Discovery cutoff (6/9) – Aug 20
- Dispositive motions (7/8) – September 15
- Trial (10/6) – December 6

As to efficient discovery, could you please confirm that Mozilla Corporation and Individual Defendants are proceeding with their search and review as to the requests and methodologies where the parties have reached agreement, and will begin producing responsive information while Court decisions as to disputed issues are pending? Plaintiff's first set of requests were served on July 26, 2024, eight months ago, and we alerted Mozilla Corporation and Individual Defendants to discovery deficiencies on January 9, 2025, beginning the FRCP 26 meet and confer process on January 21, 2025. Although there are issues on which we will need to seek Court intervention, we do not believe it is appropriate to delay identification and production of other responsive information, especially if the parties are to begin depositions in a timely matter. Please confirm Mozilla Corporation and Individual Defendants have begun their search and review as to the requests and methodologies

on which we have reached agreement, and provide a date by which they plan to begin producing documents by the end of this week. <span style="color:red">Yes, we can confirm that we are in the reviewing process and anticipate a rolling production, beginning April 11th.</span>

Finally, as an update on the questions Mozilla Corporation and Individual Defendants posed to us:

- As to ROGs 2-3, and 5, Mr. Teixeira does not remember more than he disclosed in his discovery responses. <span style="color:red">Ok.</span>
- As to ROG 4, Mr. Fishman's comments were made in a meeting Mr. Fishman had with members of Mr. Teixeira's team during the week Mr. Teixeira was placed on involuntary leave. His statements should have been captured in notes by meeting attendees, and Mozilla Corporation should have records of attendees who heard the comments. Mr. Teixeira does not know who Leigh Honeywell spoke to and did not ask for this information. <span style="color:red">Ok.</span>
- As to ROG 9 and RFP 10, we can confirm that at this time Mr. Teixeira is only seeking garden variety emotional distress damages for his own emotional distress. <span style="color:red">Ok. Can you please confirm that you will not use Steve's medical testimony or records at trial, will not rely on any medical lay or expert witness testimony, and will not rely on healthcare records to support your claims?</span>

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Wednesday, March 5, 2025 2:43 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Please see our response in <span style="color:red">red</span> below.

Thanks,

Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

DLA Piper LLP (US)
dlapiper.com

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Thursday, February 27, 2025 4:02 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Hi Alex,

Upon closer review, we do not believe the length limitations for a joint motion would permit both sides to adequately brief the issues regarding both parties' discovery requests. However, if you are amenable to submitting a joint LCR 37 submission regarding the issues we have raised, we are open to that. Please let us know either way no later than Monday, March 3. Apologies for our delay, but yes we are open to this.

To clarify, does Ms. Baker agree to search her personal email for the term "cancer" and only object to a ten-year scope? Or is her objection to both the term and the temporal scope? The objection is both to the scope and the term.

We do not understand why Mozilla Corporation objects to providing a report including all of the Slack user terms we have requested. The first four users are parties and custodians in this matter and would not capture many responsive interactions in Mozilla Corporations possession and control. The remaining users do not function as custodians, but rather, as search terms tailored to narrow the Slack data Mozilla Corporation would need to review for responsiveness, based on our understanding of the individuals who would have been discussing issues that would be responsive to Plaintiff's requests. This approach was Mozilla Corporation's proposal. If Mozilla Corporation is unwilling to even provide a search term report contemplating the terms it originally suggested, then we will seek relief from the Court on this point as well. It seems as we are at an impasse on this issue.

And, regarding a continuance, we are evaluating and discussing this with our client, but it would be helpful to understand what Mozilla Corporation is proposing. How far do you contemplate pushing things out? We propose a 90-day extension on all deadlines.

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Wednesday, February 26, 2025 3:56 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Please see our responses below in red.

Thank you,

## Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Wednesday, February 12, 2025 11:42 AM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex,

Members of our team are caught up with mediation and trial this week and next, but we are available at the following times:

Friday, 2/14, at 3:00
Wednesday and Thursday, 2/19 and 2/20 in the afternoon

Do any of those windows work for you?

We do not see added efficiencies from a joint response, but are willing to consider them if you think there are some.  Also, the joint local rule CR 37 provides for limited pages, and it seems likely that with the amount of issues in the aggregate between the parties, it would be hard to address all the issues in a single CR 37 process. We would prefer to go the joint response route, as we think that would be preferred by the Court.

We feel the ten year temporal scope is reasonable, so we will bring that issue to the court. To clarify, our intention was not to say that all documents that mentioned Ms. Baker's husband or son could be excluded from the search, but rather, that documents that are *solely* about or involving her husband and/or son, and not Plaintiff, would not be considered responsive and would not need to be produced. Although it is unlikely that she would discuss her husband and/or son and Plaintiff in the same communications, it is possible. We cannot agree to the ten-year temporal scope.

We do not think it is appropriate to treat Slack user search terms the same way custodians are treated. Mozilla Corporation and individual defendants have an obligation to conduct a diligent search of employee communications including or referring to Plaintiff related to his claims and responsive to his discovery requests. This list of names is only necessary because Mozilla Corporation's data retention was inadequate. And, the addition of these names will only narrow the scope of Slack data defendants may be required to review. Could you please provide a search term report that includes the Slack aliases of the individuals we have named and the search terms we have agreed to in order to evaluate whether including all of these aliases would be burdensome? Would you be agreeable to a proposal where we pull and run terms on the first four accounts, and if there is anything found in the discovery process that warrants searching the remaining accounts, we will do so.

I want to also note our apparent disagreement over the duty of the Defendants in conducting independent searches for documents outside the ESI process.  As we discussed in the meet and confer, Plaintiff believes that a party should both run search terms under the ESI protocol, but also has a parallel duty to search 'manually' for documents even if those documents would be contained in the collected ESI.  A party that could find a responsive document is not relieved of the duty to go find that document just because it exists in collected ESI that will be searched under ESI protocols.  Our understanding is that Mozilla disagrees, believes it has no such duty, and does not intend to have its personnel search for responsive documents based on a search other than through ESI protocols.  This point is also at impasse. As we stated in our correspondence on January 24, 2025, "Defendants counsel will agree to ask Defendants for potentially responsive documents located within ESI outside those identified by search terms…"

 Regards,

**Maricarmen Perez-Vargas**
Attorney
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, February 10, 2025 12:02 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert

<robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony
<Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner
<btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery
Responses

Good Morning,

Please see our specific responses to each point in red below.  We also note that we sent you a meet and confer letter on
February 4th asking for time today or tomorrow to discuss and we have yet to hear from you. Please let us know when
you are free through Thursday to discuss.

Thank you,
Alex

****

We're responding to your letter dated January 24, 2025 and your January 27, 2025 search term proposal.

We feel the parties are at an impasse on the following points and will move to compel regarding the same:  We agree
that we are at an impasse. Per the meet and confer letter that we sent you last week regarding your client's answers to
our discovery requests, it seems that both sides will be at an impasse with certain issues and likely will both need to go
to court. We'd like to only go to court once with written discovery issues, whether that be through traditional methods
or through an expedited Joint Motion via CR 37. We are open to discussing the process, but are you agreeable to
bringing our discovery issues to the court at the same time?

- Rogs 2-3 regarding the temporal scope and the types of leave that are responsive;
- RFP 2 regarding the CEO transition that does not directly relate to Plaintiff's consideration;
- RFP 6 regarding the TK Law report, which we do not believe to be privileged and is relevant to Plaintiff's
  claims;
- Individual defendants' proposed methodology and search terms for their personal email accounts. We
  maintain these should be collected per standard ESI protocols and practices and all search terms applied
  to identify potentially responsive documents for review.

Regarding RFP 9, we'd like to clarify that documents that are solely related to Ms. Mitchell's husband's and son's cancer
would not need to be produced. Is Ms. Mitchell still unwilling to apply this term to her personal email account?  We do
not believe our client will agree to search her personal account for the past 10 years for the word "cancer" even if you
agree to exclude mention of her son and husband. Would you be agreeable to shortening the time limit? If so, we think
our client would be more agreeable.

I am also providing the list of Slack custodians Plaintiff requests Mozilla Corporation search for responsive information,
using the methodology discussed in our conference:  As an initial matter, the below custodial accounts signify a massive
expansion from the subset of custodial accounts that we have been discussing throughout this process. We cannot agree
to this blanket list without further information from you regarding why these individuals should be included. If you
specific reasons for including certain individuals, we will evaluate. Otherwise, we can only agree to the first four
individuals.

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael

6. Lindsey O'Brien
7. Carlos Torres
8. Imo Udom
9. Suba Vasudevan
10. Eric Muhlheim
11. Mark Surman
12. Kerry Cooper
13. Karim Lakhani
14. Bob Lisbonne
15. Hugh Molotsi
16. Kristin Skogen Lund
17. Leyla Samiee
18. Sally Richardson
19. Chris Karlof
20. Saud Khalifa
21. LaVonne Copps
22. Hannah Kagan
23. Orville McDonald

Also regarding Slack, could you please confirm whether Mozilla Corporation's updated version permits it to sort information by custodian in a more standard manner? – Yes.

Finally, per our discussion, I am attaching a list of policies that we would consider to be responsive to RFP 8.  Thank you, I have passed this list off to the client.

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Friday, January 31, 2025 2:29 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

 **EXTERNAL MESSAGE**

Alex and Anthony,

We're responding to your letter dated January 24, 2025 and your January 27, 2025 search term proposal.

We feel the parties are at an impasse on the following points and will move to compel regarding the same:

- Rogs 2-3 regarding the temporal scope and the types of leave that are responsive;
- RFP 2 regarding the CEO transition that does not directly relate to Plaintiff's consideration;
- RFP 6 regarding the TK Law report, which we do not believe to be privileged and is relevant to Plaintiff's claims;
- Individual defendants' proposed methodology and search terms for their personal email accounts. We maintain these should be collected per standard ESI protocols and practices and all search terms applied to identify potentially responsive documents for review.

Regarding RFP 9, we'd like to clarify that documents that are solely related to Ms. Mitchell's husband's and son's cancer would not need to be produced. Is Ms. Mitchell still unwilling to apply this term to her personal email account?

I am also providing the list of Slack custodians Plaintiff requests Mozilla Corporation search for responsive information, using the methodology discussed in our conference:

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael
6. Lindsey O'Brien
7. Carlos Torres
8. Imo Udom
9. Suba Vasudevan
10. Eric Muhlheim
11. Mark Surman
12. Kerry Cooper
13. Karim Lakhani
14. Bob Lisbonne
15. Hugh Molotsi
16. Kristin Skogen Lund
17. Leyla Samiee
18. Sally Richardson
19. Chris Karlof
20. Saud Khalifa
21. LaVonne Copps
22. Hannah Kagan
23. Orville McDonald

Also regarding Slack, could you please confirm whether Mozilla Corporation's updated version permits it to sort information by custodian in a more standard manner?

Finally, per our discussion, I am attaching a list of policies that we would consider to be responsive to RFP 8.

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393

Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, January 27, 2025 3:24 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi All,

Please see Mozilla's attached response to the ESI search terms.

Thanks,
Alex

## Alex Cates
Associate

---

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Cates, Alexandria
**Sent:** Friday, January 24, 2025 5:07 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Please see our attached correspondence.  Our responses to the ESI search term chart will follow on Monday.

Thanks,
Alex

**Alex Cates**
Associate
_____

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

_____

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Wednesday, January 22, 2025 4:24 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

---

⚠ EXTERNAL MESSAGE

Alex and Anthony,

Thank you for meeting and conferring yesterday. We're following up to summarize the agreements we came to and action items:

Mozilla Corporation Requests

- Mozilla clients have not been asked to consider potentially responsive documents within ESI outside of those identified by search terms. You agreed to ask your client to do this in light of Mozilla's obligation to conduct a reasonable search for information within its possession and control, not just information that contains specific terms.
- You explained that Slack was imaged on May 15, 2024, and captured all Mozilla Slack messages dating back six months (back to December 15, 2023). At some unknown time, Mozilla updated its Slack subscription to retain information longer and potentially filter by custodians. **You agreed to ask your client when Mozilla updated Slack and how the update changed things (e.g., how long slack messages are retained now and whether it is possible to filter by custodian).**
  - Separately, we will provide Mozilla with a list of Slack custodians we would like included in searches. We agreed Mozilla would be able to accomplish this by including the Slack usernames/handles of particular individuals in combination with the search terms to identify Slack conversations in which the individuals participated. **Mozilla will then report an updated hit count for Slack data. We will provide these custodians by the end of this week.**
- You stated that at this point, Mozilla is not withholding any documents based on its objections to discovery requests. **Mozilla committed to informing Plaintiff if it ultimately withholds any responsive information based on any of its objections, and to explain why information is being withheld.**
- As to RFPs 1, 2, 5, and 6, Mozilla Corporation will run agreed searches and you will ask your client if they are aware of anything that is not captured by the terms but is responsive.
- Mozilla agreed to define "considering" in Rog 1 to be limited to any individual who had the ability to affect changes to Plaintiff's job title, duties, or employment status and anyone who was consulted by those

individuals. **Mozilla Corporation will accordingly supplement if needed. Mozilla Corporation will also provide the descriptions requested in Rog 1, which were omitted from its responses**.

- Mozilla provided that conversations identified in response to Rog 5 were 1:1 conversations.
- Mozilla provided that its response to Rog 7 is complete.
- **The parties are at an impasse as to the scope of RFP 2**. Mozilla will not provide information about the transition of individuals into or out of the CEO role that do not directly involve Plaintiff. Mozilla maintains this information is irrelevant. Plaintiff explained that the performance, timeline, and nature of Ms. Baker's long-planned exit from the CEO position is directly relevant to the long-planned transition of Plaintiff into that position. Further, whether and who else Mozilla was considering for the CEO position, and when, is probative of whether Plaintiff was removed from consideration due to his cancer or due to a competitive process. Plaintiff will move to compel this information as it is directly relevant to the scope of the search and the circumstances under with Plaintiff was considered.
- As to RFP 3, Mozilla Corporation's concerns may be addressed by limiting Slack searches to identified custodians per the process outlined above. **Mozilla Corporation will follow up to confirm it will search through the date of Plaintiff's termination this week**.
- As to RFP 4, Mozilla Corporation will confirm the timeline of its search and will search Ms. Chehak's Mozilla e-mail account for "Steve*".
- As to RFP 7, Mozilla's Corporation's response is complete and nothing was withheld.
- As to RFP 8, Plaintiff will provide a list of common employment policies for Mozilla to produce. Recognizing that policies may be commonly referred to by different names at different organizations, Mozilla will be expansive in interpreting the policies identified in Plaintiff's list (e.g. a "time off policy" would be interpreted to include what is called a "PTO policy" at Mozilla).
- As to Rogs 2 and 3, the parties discussed questions regarding scope and privacy.
  - Plaintiff observed that information about all leaves of absence is relevant, not just those relating to health, because such information identifies comparators. Plaintiff also observed that the temporal scope extending 10 years is reasonable given that Ms. Baker was the CEO during this entire period and the pool of individuals – executives – is small. **Mozilla agreed to consider and get back to Plaintiff by the end of the week**.
  - As to privacy, **Mozilla will consider Plaintiff's authority regarding the production of employees' health information, which was cited in our January 9 letter**. If Mozilla has authority contrary to Plaintiff's position that this information is discoverable because these individuals are comparators, Mozilla will provide it by the end of this week.
  - The above will also apply to Rog 3's request.
- As to RFP 5, Mozilla will inform Plaintiff if it ultimately withholds information on the basis of its objections, and will explain why to Plaintiff.
- As to RFP 6, Mozilla maintains the requested information is privileged. **Mozilla will provide information to Plaintiff about the maintenance and distribution of the TK Law Report (including redacted versions, partial versions, or summaries thereof) by the end of this week**.
- As to RFP 9, Mozilla provided that it has not run the requested search and does not know how many documents would be identified. Plaintiff requested that Ms. Baker and/or Mozilla IT run the search over 10 years to identify whether there is an overbreadth issue. **Mozilla agreed to consider this and will confirm by the end of this week**.
- As to RFPs 3 and 4, Mozilla will inform Plaintiff if it withholds any information based on its privacy objections. Plaintiff maintains there is no expectation of Privacy in anything shared on a company platform.

Requests to Individual Defendants

As to Rog 1, defendants only responded as to social media accounts where defendants self-report that they communicated with or about Plaintiff.

As to RFP 1, defendants object that this request is too broad, but confirm they have not collected personal email accounts for *any* individual defendants or run searches on that data. The only searches that have been run on this data

have been completed manually by the defendants themselves. Ms. Baker maintains she does not have an email account that contains responsive information and the mitchellbakerremix@gmail.com account was created solely to communicate with counsel. Mozilla confirmed it has not been running searches across individual defendants' personal email accounts and has not collected this data. Mozilla would not disclose the personal email addresses of Ms. Chehak or Ms. Baker that pre-existed this litigation.

As we communicated during our discussion, we were surprised to learn Mozilla's position that it was unaware that Plaintiff had requested, and Mozilla had agreed to, running searches on personal email accounts when Plaintiff requested "ALL" data sources be searched. This is another example of Mozilla's failure to take its discovery obligations seriously. On October 15, 2024, counsel disclosed "emails" as among the custodial data sources for all individual defendants, and proposed searching these "emails." Attached, you will find the chart Plaintiff sent to Mozilla on November 12, 2024, requesting additional searches. You'll see at the bottom of the chart, "ALL" is defined as "**a custodian's** personal **and Mozilla email/productivity suite, Google Drive (or other local or cloud based file storage), cell phone storage including text messaging, SLACK)"**. On December 13, 2024, Mozilla provided the attached response. Mozilla did not object to Plaintiff's definition of ALL and in fact listed particular personal email addresses that would be searched for "Steve* AND Teixeira." Mozilla unequivocally agreed to include personal email data for custodians as part of the data that was searched, and has continued to reinforce that agreement in its discourse. Today was the first time Mozilla shared that information had never even been collected. **Mozilla agreed to confirm by next week that it will honor its agreement to include personal email data in its searches and collect the same**. Individual defendants maintain they will only search personal email accounts identified in response to discovery requests.

Regards,

**Maricarmen Perez-Vargas**
Attorney
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 1:58 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Amy,

I apologize, I did not appreciate that Monday was a holiday. We are both free on Tuesday from 10-1 or from 2-5.

Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 11:30 AM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

---

⚠ EXTERNAL MESSAGE

Hello Alexandria,

We had asked for availability on January 15 and 16. Is counsel unavailable those days? Monday, January 20 is Martin Luther King Jr. Day, and it will be difficult to gather the necessary participants. What is your availability on Friday, January 17 or Tuesday, January 21?

Thanks,

**Amy K. Alexander**
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, January 14, 2025 11:20 AM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Amy,

We are available Monday between 9-11, and from 11:30 – 4:00.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Tuesday, January 14, 2025 8:36 AM
**To:** Laura Smith <Laura.Smith@stokeslaw.com>; Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠️ **EXTERNAL MESSAGE**

Alexandria and Anthony: We requested your availability for a meet and confer five days ago, and have heard nothing. Please let us know when you are available.

**Amy K. Alexander**
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Laura Smith <Laura.Smith@stokeslaw.com>
**Sent:** Thursday, January 09, 2025 2:55 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <jacey.bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Amanda Masters <amasters@sbj.law>; Katie Marchenko <kmarchenko@sbj.law>
**Subject:** Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Good Afternoon Counsel:

Please see attached a letter of today's date from Attorneys Amy Alexander and Maricarmen Perez-Vargas regarding the above-referenced matter.
Thank you.

Regards,

**Laura Smith**
Practice Assistant
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2165  |  Office: 206.626.6000
Laura.Smith@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended

recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.