THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STEVE TEIXEIRA,

          Plaintiff,

     v.

MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
MOZILLA FOUNDATION, a California
public benefit corporation; LAURA
CHAMBERS and her marital community;
WINIFRED MITCHELL BAKER and her
marital community, and DANI CHEHAK and
her marital community,

          Defendants.

Case No.:  2:24-CV-01032-RAJ

PLAINTIFF'S SECOND MOTION TO
COMPEL DISCOVERY REQUESTS
TO MOZILLA CORPORATION AND
INDIVIDUAL DEFENDANTS

NOTE ON MOTION CALENDAR:
May 27, 2025

## I.  INTRODUCTION

Defendants Mozilla Corporation ("Mozilla") and its executives (its interim CEO Laura Chambers, and its Chief People Officer Dani Chehak, "Individual Defendants") (collectively, "Defendants") discriminated against Plaintiff Steve Teixeira, the company's Chief Product Officer, removing him from his position and terminating him after he was diagnosed with treatable cancer and went on lawfully protected leave.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 1

STOKES LAWRENCE, P.S.
1420 5TH AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

Defendants continue to refuse to produce basic and tailored comparator information about other employees whose treatment is relevant to Plaintiff's disability discrimination claims. Mozilla further inappropriately continues to claim privilege for certain documents, and has not in the alternative agreed to Plaintiff's reasonable suggestion that the documents be reviewed *in camera* for privilege. The Court should compel this discoverable comparator information and review information related to the cultural assessment prepared by TK Law for Mozilla for privilege, and order Mozilla to produce this information if the Court finds it is not privileged.

## II.  FACTUAL BACKGROUND

### A.    Statement of Facts

This dispute arises out of Mozilla Corporation's ("Mozilla's") and leadership's discrimination against Plaintiff, a former Mozilla executive, due to his cancer diagnosis in October 2023. *See generally* ECF No. 28 ("Am. Compl.").[1] Am. Compl. ¶¶ 16-105. Plaintiff's damages are extensive; Plaintiff had a multi-million dollar annual compensation package, including significant bonuses and incentive compensation.

### B.    Discovery

The parties previously submitted a Joint LCR 37 motion to compel regarding Plaintiff's requests on April 8, 2025. Dkt. # 29. The disputes raised herein cover similar but not identical topics.

The disputed discovery requests and Defendants' responses are attached to the declaration of Mathew Harrington, and relevant requests are excerpted herein for convenience. Harrington Decl. Exs. A - C.

---

[1] Mozilla and Individual Defendants Chambers and Chehak are represented by the same counsel. Defendant Mitchell Baker was formerly represented by the same counsel as Mozilla, but she has since substituted separate counsel. Dkt. # 36. This Motion does not involve Defendant Baker.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 2

**STOKES LAWRENCE, P.S.**
1420 5TH AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

The parties exchanged letters regarding the current dispute on April 11 & April 16. Declaration of Mathew Harrington ("Harrington Decl.") ¶ 6 & Ex. E. Counsel for the parties met and conferred regarding these issues on April 21, 2025. *Id.* ¶ 5 & Ex. D. On April 21, Plaintiff proposed major concessions and compromises in order to resolve this dispute, and on April 28, Defendants flatly rejected any attempt at compromise. *Id.*

As evidenced by the foregoing, and pursuant to the certification of the undersigned counsel for Plaintiff, Plaintiff has in good faith conferred with the Defendants who have failed to make discovery (Defendants Mozilla Corporation, Laura Chambers, and Dani Chehak) in an effort to resolve the dispute without court action. Despite conferences via videoconference, letter, and email, the parties have reached impasse. Because today is the last day to service discovery motions, and because impasse was not apparent until last week, Plaintiff was unable to make use of the expedited discovery dispute procedures described in Local Civil Rule 37(a)(1)(B), per preference of the Court.

## III.  ANALYSIS AND ARGUMENT

A.    **Mozilla Should be Compelled to Disclose Information about Other Employees Who Separated from Mozilla after Taking Leaves of Absence (like Plaintiff) and/or after Requesting Disability Accommodation (like Plaintiff).**

1.    **Text of Interrogatory Nos. 8-10, 12, and Requests for Production Nos. 11 and 21 to Mozilla.**

**INTERROGATORY NO. 8:** Identify all Mozilla Corporation employees who separated from employment with Mozilla Corporation within six months of taking a leave of absence, including the circumstances of their separations (voluntary or involuntary), since January 1, 2015.

**ANSWER TO INTERROGATORY NO. 8:**
Defendant objects to this Interrogatory on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Defendant also objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 3

STOKES LAWRENCE, P.S.
1420 5ᵀᴴ AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

defenses. This Interrogatory asks for information relating to Defendant's employees, regardless of their relation to Plaintiff's allegations in the Complaint. Additionally, this Interrogatory is overbroad in time and scope. This Interrogatory seeks information spanning nearly a decade (and seven years before Plaintiff was hired). Defendant also objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges.

**INTERROGATORY NO. 9:** Identify all Mozilla Corporation employees who separated from employment with Mozilla Corporation after requesting a disability accommodation, including the circumstances of their separations (voluntary or involuntary), since January 1, 2015.

**ANSWER TO INTERROGATORY NO. 9**: Defendant objects to this Interrogatory on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Defendant also objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. This Interrogatory asks for information relating to Defendant's employees, regardless of their relation to Plaintiff's allegations in the Complaint. Additionally, this Interrogatory is overbroad in time and scope. This Interrogatory seeks information spanning nearly a decade (and seven years before Plaintiff was hired). Defendant also objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges.

**INTERROGATORY NO. 10:** As to the employees identified in Answers to Interrogatories Numbers 8 and 9, provide their most recent annual review ratings immediately before taking leave and their first annual review ratings immediately after taking leave.

**ANSWER TO INTERROGATORY NO. 10:** Defendant objects to this Interrogatory on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Defendant also objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. This Interrogatory asks for information relating to Defendant's employees, regardless of their relation to Plaintiff's allegations in the Complaint. Additionally, this Interrogatory is overbroad in time and scope. This Interrogatory seeks information spanning nearly a decade (and seven years before Plaintiff was hired). Defendant also objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges.

**INTERROGATORY NO. 12:** Identify any internal discrimination complaints for which the process identified in response to Interrogatory No. 10 was not followed, including how the process was not followed and the reason(s) why the process was not followed.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 4

**STOKES LAWRENCE, P.S.**
1420 5ᵀᴴ AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

**ANSWER TO INTERROGATORY NO. 12:** Defendant objects to this Interrogatory on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Defendant also objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. Additionally, this Interrogatory is overbroad in time and scope. This Interrogatory seeks information spanning nearly a decade (and seven years before Plaintiff was hired), which is excessive and not reasonably limited in time and scope. Further, this Interrogatory asks for information relating to Defendant's employees, regardless of their relation to Plaintiff's allegations in the Complaint. Defendant also objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges.

**REQUEST FOR PRODUCTION NO. 11:** Produce all performance evaluations for 2022-2024 for Mitchell Baker and all members of the Executive Steering Committee including Laura Chambers, Ian Carmichael, Dani Chehak, Eric Muhlheim, Lindsey O'Brien, Girish Rao, Brad Smallwood, Carlos Torres, Imo Udom, Kristen Trubey, and Suba Vasudevan.

**ANSWER TO REQUEST FOR PRODUCTION NO. 11:** Defendant objects to this Request on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy. Defendant also objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. Additionally, this Request is overbroad in time and scope. Further, this Request asks for information relating to Defendant's employees, regardless of their relation to Plaintiff's allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 21:** Produce all complaints or reports made to Mozilla Corporation's Human Resources department regarding mistreatment or discrimination based on disability from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, complaints that merely mention or relate to mistreatment are over encompassing and will not necessarily relate to Plaintiff's claims or defenses. Additionally, this Request is overbroad in time and scope. This Request seeks information spanning nearly a decade (and seven years before Plaintiff was hired). Further, Defendant also objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Finally, Defendant objects to this Request on the grounds that it seeks documents containing information pertaining to individuals, the disclosure of which would constitute a violation of any individual's right of privacy under Article I, Section 7 of the Washington Constitution and/or any other constitutional, statutory, or common law right of privacy.

1

**2.      Plaintiff seeks discoverable comparator information necessary to investigate his claims.**

In Interrogatory Nos. 8-10, 12, and Requests for Production Nos. 11 and 21 to Mozilla, Plaintiff seeks information about the separations and performance evaluations of similarly situated employees: those who separated shortly after taking a leave of absence and/or requesting disability accommodations. Plaintiff endured discrimination in the form of unfounded performance criticism, a forced leave of absence, and ultimately, his termination, after taking a medical leave of absence from Mozilla. *See* Am. Compl. ¶¶ 16-107. It is thus essential that Plaintiff be permitted to investigate how similarly situated employees were treated. *Litvack v. Univ. of Washington*, 30 Wn. App. 2d 825, 846, 546 P.3d 1068, 1079 (2024) (comparator information is one way to establish pretext by an employer as to discrimination claims); *Johnson v. Dep't of Soc. & Health Servs.*, 80 Wn. App. 212, 227, 907 P.2d 1223 (1996); *Ellingson v. Spokane Mortg. Co.*, 19 Wn. App. 48, 54, 573 P.2d 389 (1978). As outlined in Plaintiff's previous motion, generalized and unremarkable privacy concerns do not defeat the broad right of discovery, especially where, as here, there is a protective order in place to address and counterbalance these very concerns. *See* Dkt. No. 29 at 8.

Notwithstanding his entitlement to comparator information, Plaintiff offered to limit Interrogatories 8-10 above to only members of the Steering Committee (Mozilla's small leadership team) and for only the last five years. This would have been much narrower than the original requested information, and the offer was made in an effort to reach compromise and avoid motions practice. Mozilla refused this reasonable compromise. Harrington Decl. Ex. D. Plaintiff also offered to limit Interrogatory 12 and RFP 21 above to only disability discrimination complaints and only disability discrimination complaints over the last five years. Again, this would have been

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 6

**STOKES LAWRENCE, P.S.**
1420 5TH AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

much narrower, and was an offer extended in an effort to proceed with the case and avoid motions practice. Again, Mozilla refused this reasonable compromise. Harrington Decl. Ex. D.

Mozilla should be compelled to produce comparator information as originally requested. Mozilla's treatment of other employees is germane to its biases relating to employees who separated from employment within 6 months of taking protected leave of absence (ROG 8). Mozilla's treatment of other employees is also discoverable, so that Plaintiff may adequately learn of how Mozilla has treated other employees who separated from their employment after requesting protected disability leave (ROG 9). How Mozilla evaluated and reviewed these kinds of employees (ROG 10) is also discoverable in a case such as this. How Mozilla responded to internal complaints of discrimination (ROG 12 and RFP 21) is relevant to Mozilla's retaliatory response to Plaintiff's own complaint. Whether Mozilla was equally critical of other Steering Committee executives responsible for domains overlapping with Plaintiff's domain is relevant to whether Plaintiff was unfairly singled out in performance reviews compared to non-disabled executives (RFP 11). Of course, a ruling in Plaintiff's favor does not pre-judge whether this information is admissible. At this time, the Court would merely be ordering disclosures under a protective order, which should not be controversial, and would reserve for trial any objections to admissibility.

**B.    Mozilla Should be Compelled to Disclose Summaries, Follow Up, Communications, etc. about the TK Law assessment of Mozilla's Cultural Competence, i.e., its Discriminatory Practices.**

> **1.    Text of Requests for Production Nos. 26 and 27 to Mozilla, and Request for Production No. 2 to Individual Defendants.**

**REQUEST FOR PRODUCTION NO. 26:** Produce all reports, summaries, follow-ups, tracking documents, or excerpts related to the report and assessment of Mozilla Corporation by TK Law.

**RESPONSE TO REQUEST NO. 26:** Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Defendant also objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, communications that merely

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 7

STOKES LAWRENCE, P.S.
1420 5TH AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

mention or relate to the TK Law report or assessment are over encompassing and will not necessarily relate to claims or defenses.

**REQUEST FOR PRODUCTION NO. 27:** Produce all Correspondence regarding the TK Law investigation, report, recommendations, assessment, and implementation of same.

**RESPONSE TO REQUEST NO. 27:** Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Defendant also objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, communications that merely mention or relate to the TK Law report or assessment are over encompassing and will not necessarily relate to claims or defenses.

**REQUEST FOR PRODUCTION NO. 2:** Produce any documents and communications discussing the TK Law report or assessment.

**RESPONSE TO REQUEST NO. 2:** Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges. Defendant objects to this Request as overly broad, unduly burdensome, and not reasonably tailored or proportional to the needs of this case insofar as it seeks information that is not relevant to any party's claims or defenses. In particular, documents and/or communications that merely mention the TK Law report or assessment are over encompassing and will not necessarily relate to the relevant claims or defenses at issue in this case.

## 2.     The TK Law Report and related information are not privileged.

A report commissioned by Mozilla as well as any associated documents and communications (as requested in Request for Production Nos. 26 and 27 to Mozilla, and 2 to Individual Defendants) are not privileged. In February 2022, Mozilla hired Tiangay Kemokai through her law firm, TK Law, to determine Mozilla's cultural competence. Am. Compl. ¶¶ 64-65. The goal was to better understand the experiences of underrepresented groups *at* Mozilla. *Id.* This included individuals like Plaintiff, who required a medical leave of absence for cancer treatment. Mozilla's policies, practices, and culture related to discrimination and related to individuals like Plaintiff are directly relevant to his disability discrimination claims, and not protected by any privilege.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 8

**STOKES LAWRENCE, P.S.**
1420 5TH AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

The mere fact that an attorney conducts an investigation does not confer the attorney-client privilege. Anton R. Valukas and Robert R. Stauffer, Compliance Programs & Corporate Sentencing Guidelines § 5:23 (2024). "A court adjudicating a privilege claim may determine that an internal investigation involves business advice or the mere collection of facts rather than legal advice and thus deny a privilege to materials generated pursuant to those activities." *Id.* "Federal law extends the privilege to communications about legal subjects, and it is hard to see why a business evaluation meets that description. Hiring lawyers to do consultants' work does not bring a privilege into play." *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003); *see also Osterneck v. E. T. Barwick Indus., Inc.*, 82 F.R.D. 81, 85, Fed. Sec. L. Rep. (CCH) P 96819, 28 Fed. R. Serv. 2d 122 (N.D. Ga. 1979) ("If the purpose of the investigation is merely to provide factual information, the materials may not be privileged[.]"). Reports made up of factual information or business advice are not protected by the attorney-client privilege. *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 29 F. Supp. 3d 142, 145 (E.D.N.Y. 2014). Likewise, work product privilege only extends to "materials prepared in anticipation of litigation." *Dreiling v. Jain*, 151 Wn.2d 900, 918, 93 P.3d 861, 871 (2004); *United States ex rel. Wollman v. Massachusetts Gen. Hosp., Inc.*, 475 F. Supp. 3d 45, 61 (D. Mass. 2020).

The TK Law report was meant to provide business information to Mozilla's leadership, contains almost exclusively factual information, and was not prepared in anticipation of any litigation, let alone this litigation. No privilege attaches. The attorney-client privilege cannot be invoked as a smokescreen to keep the human resources function from discovery. Indeed, the purpose of engaging TK Law to perform a cultural assessment was for Mozilla employees to understand their concerns were heard and addressed. *See* Compl. ¶¶ 64-64. Far from being intended as confidential advice, it was a publicly known effort the existence of which was publicized to

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 9

STOKES LAWRENCE, P.S.
1420 5TH AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000

Mozilla's workforce. The report itself, and documents and correspondence relating to the report and Mozilla's response to the information it learned, are discoverable.

This information is highly relevant to Plaintiff's claims. It examines Mozilla's practices as to certain protected groups, including those with disabilities, during the time that Plaintiff was employed, and Mozilla's response to a third party assessment of its practices. The Court should order its production, or in the alternative, conduct an *in camera* review of the report to determine whether it was prepared in anticipation of litigation, provides actual legal advice, and is privileged.

## IV.  CONCLUSION

Plaintiff seeks essential comparator information and information directly relevant to his claims that is not protected by any privilege. The Court should order Defendants to produce this information.


DATED this 5th day of May, 2025


STOKES LAWRENCE, P.S.

By: */s/ Mathew L. Harrington*
    Amy Alexander (WSBA #44242)
    Mathew Harrington (WSBA #33276)
    Maricarmen Perez-Vargas (WSBA # 54344)
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Telephone:  (206) 626-6000
    Fax:  (206) 464-1496
    Amy.alexander@stokeslaw.com
    Mathew.Harrington@stokeslaw.com
    Maricarmen.Perez-Vargas@stokeslaw.com
    Attorneys for Plaintiff Steve Teixeira

    I certify that this memorandum contains 3,172 words (including excerpts of the discovery requests at issue), in complaince with the Local Civil Rules

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
REQUESTS TO MOZILLA CORPORATION
AND INDIVIDUAL DEFENDANTS - 10

**STOKES LAWRENCE, P.S.**
1420 5TH AVENUE, SUITE 3000
SEATTLE, WA 98101
(206) 626-6000