# Exhibit E



Amy K. Alexander
(206) 892-2161
Amy.Alexander@stokeslaw.com

Maricarmen Perez-Vargas
(206) 892-2125
Maricarmen.PerezVargas@stokeslaw.com

April 11, 2025

VIA EMAIL

Anthony Todaro
Alexandria Cates
DLP Piper LLP
701 Fifth Avenue, Suite 3900
Seattle, WA 98104
anthony.todaro@us.dlapiper.com
alexandria.cates@us.dlapiper.com

      Re:    *Steve Teixeira v. Mozilla Corporation, et al.*
             United States District Court of Western District of Washington
             No. 2:24-cv-01032-RAJ
             Mozilla Corporation, Dani Chehak, and Laura Chambers' Deficient Discovery Responses

Dear Anthony and Alexandria:

      We write regarding a number of concerning issues in Mozilla Corporation's ("Mozilla's") and Individual Defendants Dani Chehak and Laura Chambers' ("Individual Defendants'") (collectively, "Defendants") responses to Plaintiff's second written discovery requests. Once again, Defendants have failed to take seriously their discovery obligations and responses are filled with improper and inappropriate boiler plate objections that appear to have been largely copy and pasted in response to each request, without regard for the nature of the individual requests or the information sought.

      Defendants' intentionally slow and obstructive discovery pace is hindering upcoming depositions in May, and is unacceptable in light of this case's June discovery cutoff. Plaintiff insists Defendants supplement their responses by April 18, 2025, including production of documents identified by Defendants in their responses that clearly do not require an ESI search. If Defendants are unwilling to make this supplementation and production, please provide your availability for a meet and confer on April 16 and 17, 2025.

60606-003 \ Letter

1420 Fifth Avenue, Suite 3000 | Seattle, Washington 98101-2393 | 206.626.6000
120 N. Naches Avenue | Yakima, Washington 98901-2757 | 509.853.3000
www.stokeslaw.com

Anthony Todaro & Alexandria Cates
April 11, 2025
Page 2

### A.     Blanket Boilerplate Objections

Once again, Defendants have made sweeping boilerplate objections to *every single* discovery request, without regard to the application of the objections to the requests, and without any indication of whether responsive documents are being withheld. *See, e.g.*, Answer to Interrogatory ("ROG") 18 to Mozilla (objecting that the request seeks "documents" when the ROG requests no documents whatsoever). These include objections that Defendants have invented, yet use liberally, such as objections based on privacy protections by the Washington State Constitution in response to requests for information *about Plaintiff*. Mozilla's Response to Request for Production ("RFP") 25. The Federal Rules of Civil Procedure expressly impose a duty on parties to fully respond to discovery requests and furnish all available information and do not permit such generic, cut-and-paste objections.

Objections to discovery requests must be specific. Fed. R. Civ. P. 33(a)(4) ("The grounds for objecting . . . must be stated *with specificity*.") (emphasis added); 34(b)(2)(C). Courts do not consider the frivolous, general, or conclusory objections repeated verbatim throughout Defendants' responses to be legitimate. *Johnson v. Jones*, 91 Wn. App. 127, 133-34 (1998) (blanket responses do "not satisfy the specificity requirements of the discovery rules"); *Salazar v. Monaco Enters.*, 2015 WL 8773279, at *4 (E.D. Wash. Dec. 14, 2015) ("The prohibition against general or blanket objections to discovery requests has long been established."); *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149-50 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a [discovery request] are insufficient to assert a privilege.").

Defendants' responses make it impossible to decipher whether any responsive material is being withheld on the basis of their broad, repetitive objections. The Federal Rules prohibit such obfuscation. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

Defendants have been inconsistent in their representations about withheld documents, and this is not the first time Plaintiff has raised this issue. During the parties' meet and confer held January 21, 2025, you claimed no responsive documents were being withheld, and committed to informing Plaintiff if any responsive documents ultimately were withheld on the basis of broad generic objections to Plaintiff's first discovery requests. However, in direct contradiction to these representations and the reality of Defendants' incomprehensible responses, your written correspondence regarding that meeting dated January 24, 2025, bafflingly claims "Mozilla made clear in its specific responses . . . what it would and would not be producing."

Defendants' objections continue to be improper and in violation of the basic requirements of the Federal Rules. Plaintiff insists that Defendants clarify what responsive documents are being withheld with respect to all discovery requests to date, and on what *specific* bases, by April 18, 2025.

Anthony Todaro & Alexandria Cates
April 11, 2025
Page 3

### B. Mozilla's Specific Responses

#### 1. ROGs 8-10, 12, RFPs 11, 16-17, and 21

Mozilla continues to refuse to provide basic information about comparators necessary for Plaintiff to investigate his claims. The above-identified requests seek legitimate comparator information regarding similarly situated employees to Plaintiff: Mozilla employees' whose employment ended shortly after taking a leave of absence, employees who separated from employment shortly after requesting disability accommodations, other employees in high-level leadership at Mozilla who were not terminated, and practices regarding the treatment of employees who raised complaints about discrimination. This is all discoverable information about legitimate potential comparators. *Litvack v. Univ. of Washington*, 30 Wn. App. 2d 825, 846 546 P.3d 1068, 1079 (2024); *Johnson v. Dep't of Soc. & Health Servs.*, 80 Wn. App. 212, 227, 907 P.2d 1223 (1996); *Ellingson v. Spokane Mortg. Co.*, 19 Wn. App. 48, 54, 573 P.2d 389 (1978)). Mozilla must produce information responsive to these requests for Plaintiff to adequately investigate his disability discrimination claim.

#### 2. ROGs 13, 17, 18

In the rare instances where Mozilla actually responds to interrogatories, most of the answers are insufficient. ROG 13 asks Mozilla to "describe in detail" why Plaintiff's employment was terminated, including the facts Mozilla considered, and Mozilla simply cites "poor performance." Poor performance as to what aspects of Plaintiff's role? What facts led Mozilla to make this determination?

Similarly, ROG 17 asks Mozilla to "describe in detail" Plaintiff's actions that resulted in Mozilla's reorganization, as Mozilla asserted in answer to ROG 5. Mozilla broadly states Plaintiff's "mismanagement" resulted in the reorganizations. This is not responsive, and does not identify the actions Mozilla was referring to in ROG 5, specifically Mozilla's claim that the reorganization was "due to [Plaintiff's] actions that occurred well before the previous three months." Mozilla must supplement these answers.

Mozilla appears not to have even read ROG 18, which requests disclosure of whether any members of the Steering Committee or Mitchell Baker use applications such as Signal, Telegram, Snapchat, iMessage, SMS, or other messaging applications, and whether such applications automatically delete messages on any timeline. Mozilla objects the ROG "seeks *documents* containing information pertaining to individuals . . ." and goes on to recite Mozilla's standard objections. These objections bear no relation to the ROG, but Plaintiff will respond anyway to ensure there is no confusion: this ROG requests *specific* information, does not request any documents, does not implicate any privacy rights, is not overly broad, and does not in any way implicate privilege. It is limited to Defendant Mitchell Baker and the Steering Committee, several of whom are defendants in this action. Mozilla's objections to this ROG are meaningless and effectively wave any objections. In addition, we understand that earlier this year, Mozilla informed employees that they could no longer discuss work-related matters via third party apps such as Signal, Telegram, etc. Clearly, Mozilla sought to correct what was widespread employee use of

Anthony Todaro & Alexandria Cates
April 11, 2025
Page 4

third-party communication apps. Information about these accounts is discoverable. Mozilla must respond to this ROG.

### 3. RFP 10

Mozilla declines to produce notes from Steering Committee meetings from June 1, 2023, to the present, insisting it will only produce responsive material until June 1, 2024. Plaintiff insists that Mozilla produce responsive information that would capture the date of his termination, through September 1, 2024.

### 4. RFP 14

Mozilla objects that this RFP is overbroad. Plaintiff will revise the request to capture Mozilla Corporation *leadership* meetings that refer to Plaintiff or the CPO role from May 1, 2023 to the present, including notes or recordings from the Fortnightly90 meeting on November 1, 2023.

### 5. RFP 22

Mozilla claims that *all* documents referring or relating to Plaintiff's termination are privileged. That claim stretches credulity. In Washington, the party invoking the attorney-client privilege or work product protection bears the burden of establishing an entitlement to it. *Dietz v. Doe*, 131 Wn.2d 835, 844 (1997). Attorney-client privilege protects communications between a client and their attorney where the client is seeking legal advice. *Id.* Work product privilege only protects materials prepared in anticipation and at the direction of an attorney (or by an attorney). *Limstrom v. Ladenburg*, 136 Wash. 2d 595, 611 (1998).

Mozilla's assertion that *all* documents relating to Plaintiff's termination, which was a *business* decision, fall under these categories, is not credible. Communications among company leadership absent the inclusion of attorneys providing legal advice would not fall under these categories.

If Mozilla continues to insist that all responsive documents are privileged, please produce a privilege log demonstrating this by April 18, 2025. This should not be burdensome if Mozilla has indeed reviewed and made this determination about all responsive documents, as it claims.

### 6. RFPs 26 and 27 and RFP 2 to Individual Defendants

Mozilla continues to claim that information about the cultural assessment conducted by TK Law is protected by the attorney-client privilege. Plaintiff again requests that Mozilla submit these materials for *in camera* review and allow the Court to decide.

### 7. RFP 29

Mozilla objects that this RFP requesting documents and correspondence describing any decisions to restructure leadership at Mozilla is "over encompassing" and "will not necessarily

Anthony Todaro & Alexandria Cates
April 11, 2025
Page 5

relate to the claims or defenses." Discovery is, by definition, at times, over encompassing. "Not necessarily relate" is not the standard for production under FRCP 26. Discoverable information includes any information reasonably calculated to lead to the discovery of admissible and relevant information. The fact that a request might capture information that is not ultimately relevant is not a valid objection or basis for withholding all responsive documents. Mozilla must comply with this request.

### C. Requests to Individual Defendants

As a whole, Individual Defendants' responses are inadequate. In response to ROG 2, Individual Defendants selectively choose to provide user information for some accounts but not for others (e.g. "Facebook," "Instagram," etc.). Individual Defendants must provide user information for all identified accounts. As to RFP 3, regarding information about Mozilla's CEO transition, Plaintiff reserves the right to address this issue once the Court has issued a decision on the pending LCR 37 Joint Motion to Compel.

### D. Pace of Discovery

As Defendants are aware, the close of discovery is approaching on June 9, 2025. The Court denied the parties' joint stipulation to amend the case schedule on March 27, 2025. Until today, Defendants had only produced 100 pages of documents. Defendants have ignored Plaintiff's counsel's repeated requests that they provide a date by which they anticipate completing production, including e-mails sent April 3, 2025 and today.

Defendants' delay is prejudicing Plaintiff's ability to prepare for depositions.

### E. Conclusion

If Defendants do not agree to provide all of the above described information, please provide your availability for a meet and confer regarding these issues on April 16 or 17, 2025.

Sincerely,

STOKES LAWRENCE, P.S.

Amy K. Alexander
Maricarmen Perez-Vargas

cc: Darren A. Feider
Amanda V. Masters
Daniel Weiskopf