THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community,<br><br>　　　　Defendants. | Case No.: 2:24-CV-01032-RAJ<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE TRIAL DATE AND AMEND CASE SCHEDULE |

## I.   INTRODUCTION

Defendants have been anything but diligent when it comes to discovery in this matter, and now seek relief only because they wish they had been more diligent.[1] At best, Defendants have mismanaged discovery, previously claiming there was "plenty of time" to complete discovery, until they ran out of time, and at worst, Defendants have intentionally dragged their feet to secure a later trial date in a case involving cancer discrimination claims, which would only benefit them.

---

[1] Plaintiff responds here to Defendants Mozilla Corporation ("Mozilla"), Chambers, and Chehak's Motion, as well as Joinders by Defendants Baker and the Mozilla Foundation ("the Foundation"). Dkt. #s 40, 43, 47.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE TRIAL DATE AND AMEND CASE SCHEDULE - 1

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

The reality is Defendants seek relief from a problem of their own creation, and most of the "prejudice" Defendants cite would work against Plaintiff, and affect Defendants little if at all. However, delay would prejudice Plaintiff significantly, as memories fade, documents are lost, and expense would continue to mount. Defendants have inexcusably neglected their discovery obligations in this matter and have failed to justify an extension.

## II.    FACTUAL BACKGROUND

This dispute arises out of Mozilla Corporation's ("Mozilla's") and leadership's discrimination against Plaintiff, a former Mozilla executive, due to his cancer diagnosis in October 2023. *See generally* Dkt. # 28 ("Am. Compl."). Plaintiff initiated this action almost a year ago, on June 12, 2024, by privately serving but not filing his Complaint on Mozilla Corporation ("Mozilla") under Washington Civil Rule 3. Declaration of Amy K. Alexander ("Alexander Decl.") ¶ 2. With the consent of all Defendants, Mozilla filed the Complaint in federal court, removing the action to this court on a month later on July 12, 2024. Plaintiff served all Defendants with discovery requests shortly after, on July 26, 2024. Alexander Decl. ¶ 2.

Both Mozilla and the Foundation began the discovery process seeking extensions. They waited until their responses were almost due to request extensions, Mozilla requesting two weeks and the Foundation requesting *six*. Alexander Decl. Exs. 1 & 2.[2] When Plaintiff's counsel inquired about these last-minute requests, the Foundation's counsel responded that there was "plenty of time to engage in discovery" because "the trial date [was] over a year" away. Alexander Decl. Ex. 1. Mozilla's counsel expressed similar sentiments. Alexander Decl. Ex. 2.

---

[2] The Foundation has been represented by the same law firm throughout the case. Mozilla and Individual Defendants Chambers and Chehak have been represented by the same law firm throughout. Defendant Baker was represented by the same counsel as Mozilla until April 2025, when she retained her own separate counsel. Dkt. # 36.

1    Defendants then continued a pattern of minimal compliance and evasion with respect to
2    their discovery obligations. Plaintiff first raised concerns about Mozilla's discovery responses on
3    September 24, 2024. Alexander Decl. Ex. 3. Specifically, Plaintiff noted Mozilla's and Individual
4    Defendants' failure to adhere to the parties' ESI protocol, and the fact that Defendants had not
5    even begun to collect ESI. *Id.* Plaintiff also requested more information about Defendants'
6    production. *Id.* Defendants responded with excuses. *Id.*

7    Plaintiff raised similar concerns with the Foundation at this time. Alexander Decl. Ex. 4.
8    The Foundation failed to timely make ESI disclosures required by the parties' ESI protocol, and
9    did not do so until more than a month after Plaintiff's counsel's initial request, and additional
10   follow up. *Id.*

11   Mozilla and Individual Defendants made required ESI and search methodology disclosures
12   on October 15, 2024. Alexander Decl. Ex. 5. Plaintiff requested that Mozilla and Individual
13   Defendants include additional search terms, and Mozilla and Individual Defendants did not
14   respond to this request until after being prodded a month later. *Id.* ("Since our e-mail from a month
15   ago below, we have not heard anything from Mozilla Corporation . . . [b]ecause we have not heard
16   anything . . . and there has been no request for further discussion or a meet and confer, we assume
17   Mozilla Corporation accepts our proposed changes and has begun the process of applying them to
18   its ESI to provide responsive information."). Only then did Mozilla's counsel respond that they
19   had been "processing the terms" for more than a month. *Id.*

20   Since then, Defendants have continued to drag their feet and delay wherever possible, as
21   outlined below.

22   Trial is currently set for October 6, 2025, later than either party originally requested in the
23   Joint Status Report. Alexander Decl. ¶ 10. On March 27, 2025, the court denied the parties'
24

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
CONTINUE TRIAL DATE AND AMEND CASE SCHEDULE - 3

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  stipulated motion to amend the case schedule for lack of good cause shown. Dkt. # 25. Before this
2  order, Plaintiff was amenable to a short two-month continuance, at Defendants' request, to
3  December 2025, in an attempt to cooperate with Defendants, extend professional courtesy, and
4  avoid motions practice. But the court's order advised the parties that the soonest available date
5  would be February 17, 2026, four months after the original trial date, thereby pushing this dispute
6  into a third year. Dkt. # 25. Anything more than a short delay is unacceptable and prejudicial to
7  Plaintiff (as further outlined below), who has an interest in a prompt day in court.

    Once impasse was clear, Defendants waited another month to bring this motion, and elected
    not to use the expedited LCR 37 joint motion procedure, opting for a longer motion calendar
    instead.

### III. ARGUMENT

Defendants seek relief for a problem they have created – whether by neglect or intention – and the court should not reward this behavior. A scheduling order may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where a parties' own neglect and delay creates the perceived need for a continuance, the motion should not be granted, because case schedules should only be modified "if [they] cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee's Notes; *Virtru Corp. v. Microsoft Corp.*, 2025 WL 1070520, at *1 (W.D. Wash. Apr. 9, 2025). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5).

The court considers the following factors when determining whether a continuance is justified: "(1) the requesting party's diligence in preparing its defense; (2) the need for a

continuance; (3) the inconvenience granting the continuance would cause to the court, the opposing parties, and witnesses; and (4) the hardship the requesting party would experience if denied a continuance." *Vaughn v. Cohen*, 2025 WL 82226, at *1 (W.D. Wash. Jan. 13, 2025). All of these factors weigh against granting a continuance here.

### A. Defendants have been anything but diligent in conducting discovery.

Any difficulty Defendants are experiencing due to the current calendar is a problem of their own creation. Defendants' reasons for seeking a continuance amount to complaints that there is not enough time left in the case schedule for them to complete discovery to their satisfaction, but "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5). And the delays Defendants complain of were caused almost entirely by them.

Defendants began the discovery process by seeking delays, claiming there was "plenty of time," for discovery and complaining about Plaintiff's adherence to the case schedule and deadlines. Alexander Decl. Exs. 1, 2 (Defendants sought significant extensions on their first discovery deadlines, claiming there was "plenty of time" to complete discovery). The Foundation went as far as to admit in its objections to written discovery:

> Mozilla Foundation requested an extension [of six weeks] to respond to this discovery request to provide a full and complete answer. Plaintiff declined to agree to the extension request, instead agreeing to a one-week extension despite the June 2025 deadline for discovery.

Alexander Decl. Ex. 6.

Defendants then proceeded at a snail's pace. Mozilla and the Foundation only produced approximately 205 pages of documents combined until April 2025 (almost nine months after originally requested), dragged out the process of negotiating search terms and methodologies by waiting weeks to respond to Plaintiff's requests, and failed to make their own additional requests

until April 2025. Alexander Decl. ¶11, Exs. 1-3, 5. The Foundation was weeks late in making basic ESI disclosures, without any explanation. Alexander Decl. Ex. 4. Individual Defendants have yet to produce any documents in response to requests issued July 2024. Alexander Decl. ¶ 11.

Mozilla incorrectly asserts that Plaintiff did not raise concerns about discovery deficiencies until January 2025 – Plaintiff's counsel raised concerns in an email dated September 24, 2024, 14 days after Mozilla's responses were served. Alexander Decl. Ex. 3 ("I'm writing with some initial concerns about Defendants' responses to Plaintiff's first set of requests for production."). Indeed, Mozilla should not have required a deficiency letter to adhere to discovery obligations at all, but at every turn, Plaintiff has had to prod and cajole Defendants to engage with their obligations. Alexander Decl. Exs. 3 (requesting ESI disclosures from Mozilla); 4 (requesting ESI disclosures from the Foundation weeks after they were due); 5 (noting Mozilla had declined to respond to Plaintiff's search term requests for a month). And Mozilla notably omits that it took almost four months to send its own deficiency letter to Plaintiff, further delaying discovery disputes. Alexander Decl. ¶ 12.

Some of Defendants' delays appear to have been due to gamesmanship rather than neglect. For example, Defendants waited an entire month to bring this Motion after the court's denial of the parties' stipulated motion to amend the case schedule. Dkt. # 25.[3] Plaintiff notified Defendants on April 1, 2025 that Plaintiff could not stipulate to a trial date that pushed the calendar into 2026, and Defendants waited almost four weeks to bring this Motion seeking such continuance. Alexander Decl. Ex. 7; *Vaughn v. Cohen*, 2025 WL 82226, at *1 (W.D. Wash. Jan. 13, 2025) (a party's delay in seeking continuance weighs against granting it). And Defendants declined to use

---

[3] Plaintiff initially agreed to a limited continuance of the trial date and associated deadlines to December 2025 in order to cooperate with Defendants and avoid unnecessary motions practice. Plaintiff made clear to Defendants that further delay would be prejudicial. Alexander Decl. Ex. 7. The court denied the parties' stipulated motion, noting that the next available trial date would be February 17, 2026. Dkt. # 25.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE TRIAL DATE AND AMEND CASE SCHEDULE - 6

the expedited LCR 37 joint motion procedure for this Motion, needlessly opting for a longer motion calendar. Alexander Decl. Ex. 8; LCR(a)(2)(I) ("If the parties all agree to do so, they may use the expedited joint motion procedure for other types of motions, including but not limited to . . . *motions for relief from a deadline*.") (emphasis added).

During the six weeks since the court's denial of the stipulated Motion, Plaintiff has made efforts to diligently pursue and conduct discovery, including completing his production in response to Mozilla's and the Foundation's first round of requests, scheduling depositions, making travel arrangements, and working with Defendants to schedule their own depositions within the discovery period. Alexander Decl. ¶ 15, Ex. 14. Meanwhile, Defendants laid in wait before bringing this Motion. To grant a continuance now, after Plaintiff has taken meaningful steps to complete discovery within the existing calendar, would significantly prejudice Plaintiff and reward Defendants' dereliction.

Indeed, Defendants have intentionally obstructed Plaintiff's ability to complete thorough discovery. After the stipulated motion to continue deadlines was denied, Plaintiff requested to stipulate to extending only the expert disclosure deadline, a deadline Defendants originally had expressed interest in extending. Alexander Decl. Ex. 7. Defendants declined to extend this deadline without explanation, presumably in retaliation for Plaintiff's refusal to stipulate to a continuance of all deadlines into 2026, or in hopes of holding Plaintiff to deadlines while seeking relief from their own. Alexander Decl. Ex. 7. Six days later, on April 9, 2025, Plaintiff made a complete expert witness disclosure, and Defendants disclosed no experts. Alexander Decl. ¶ 9.

The fact that Defendants would not extend Plaintiff's timeline to make expert disclosures while seeking extensions for themselves suggests intentional delay for strategic advantage,

particularly considering this case involves an individual diagnosed with cancer seeking his day in court. Such gamesmanship should not be rewarded.

**B.     There is no need for a continuance, and denying a continuance would not cause Defendants hardship.**

Most of the difficulty Defendants cite to justify a continuance will be difficulty that Plaintiff, not Defendants, will face under the current schedule. But Plaintiff has been diligent about engaging in discovery.

The "compressed" deposition schedule will be burdensome for Plaintiff, not Defendants. Of the ten noted depositions for May and June, Plaintiff will be taking nine, and Defendants will be taking only one, jointly. Alexander Decl. Ex. 9. Plaintiff began scheduling depositions on April 7, 2025, well before the June 9 discovery cutoff, and gave Defendants plenty of notice of the individuals he intended to depose and the fact that he intended to conduct 30(b)(6) depositions of Mozilla and the Foundation. Alexander Dec. Ex. 9.[4] On this same day, Plaintiff's counsel notified Defendants that Plaintiff would not be available for a deposition June 2-9 due to family obligations. *Id.* Notably, it was Plaintiff, not Defendants, who first raised the topic of Plaintiff's deposition, and Plaintiff provided availability to be deposed prior to the discovery cutoff. *Id.* It was the Foundation, not Plaintiff, that requested a June 12, 2025 deposition (three days after the discovery cutoff). *Id.* Mozilla agreed. *Id.* This was weeks before Defendants moved for a continuance. Defendants did not mention the need for a global continuance when asking to take one deposition, Plaintiff's deposition, after the discovery cutoff. *Id.*

The only other witness Defendants have sought to depose is Plaintiff's expert, Liliya McClean. *Id.* Defendants provided Ms. McClean's availability on April 17, 2025, almost a month

---

[4] The surprise which Mozilla, Chambers, and Chehak express in their Motion to the idea that Plaintiff intends to conduct 30(b)(6) depositions in a case where two defendants are business entities stretches credulity.

ago, and have heard nothing in response. *Id.* To the extent Defendants seek to depose anyone else, that is news to Plaintiff, and Defendants' neglect to identify deponents and schedule depositions does not justify a continuance. *Vaughn v. Cohen*, 2025 WL 82226, at *1 (W.D. Wash. Jan. 13, 2025) (desire for more time to complete unscheduled depositions does not weigh in favor of continuance); *see also Olson Kundig Inc. v. Apollo Design Studio LLC*, 2025 WL 1180366, at *2 (W.D. Wash. Apr. 23, 2025) (same).

The Foundation's only argument in favor of a continuance is that the deposition schedule is "unworkable." Dkt. # 47 at 1. This cannot be a genuine concern given the Foundation will take only one deposition and defend only one deposition under the current schedule. Alexander Decl. Ex. 9.

The other concerns Defendants point to – document production and decisions on outstanding discovery motions – will have little or no effect on Defendants. As to document production, Plaintiff has remained diligent, and completed his production regarding Mozilla's and the Foundation's first round of discovery requests on April 25, 2025. Alexander Decl. ¶ 15. Plaintiff does not anticipate difficulty completing his production regarding recently-served requests prior to the discovery cutoff, and well before Plaintiff's June 12 deposition.

With respect to outstanding motions, Mozilla, Chambers, and Chehak have only one discovery motion before the court, and its subject is the narrow issue of production of Plaintiff's medical records. Dkt. # 44. If the court grants Defendants relief on this point, identification and production of the relevant records should not require delay. This one narrow issue, which Defendants did not raise until almost four months after Plaintiff originally objected to producing his medical records, does not justify a continuance. Alexander Decl. ¶ 12.

To the extent Defendants believe they will have difficulty responding in a timely manner to Plaintiff's requests, Defendants have had some of Plaintiff's requests since July 2024, almost a year ago. Alexander Decl. ¶ 2. Additional requests served in February and April 2025, well before the June cutoff and the deadline to serve discovery in May, do not justify a continuance. LCR 16(b)(5); *see Anstead v. Virginia Mason Med. Ctr.*, 2023 WL 3224477, at *3 (W.D. Wash. May 3, 2023) (additional time to review documents "is not adequate grounds for a continuance at this stage in the litigation").

Finally, Ms. Baker's arguments in favor of a continuance are not credible. Although she recently retained her own counsel, Ms. Baker's counsel represented to Plaintiff's counsel that continuance was not needed on his account. Declaration of Mathew L. Harrington ¶ 2. To date, Ms. Baker has yet to produce a single document. Alexander Decl. ¶ 11. It is unclear whether she has even begun collecting responsive information from her email and cell phone despite receiving her first requests in July 2024. Her original responses to Plaintiff's second set of discovery requests did not contain a single substantive response. Alexander Decl. Ex. 10. Ms. Baker's approach to discovery in this case has been intentional, strategic delay, and should not be rewarded.

C.   **Continuance would significantly prejudice Plaintiff and burden the court.**

A continuance at this stage would significantly prejudice Plaintiff and burden the court. As time passes, memories fade and evidence is lost. This can only benefit Defendants and prejudice Plaintiff.

Delay would also undermine Plaintiff's diligent preparation under the current case schedule. Plaintiff has proactively scheduled depositions and kept pace with discovery requests and responses. Plaintiff has abided by the current case schedule, and a change in that schedule would defeat and undermine the measures Plaintiff has taken so far. *Vaughn v. Cohen*, 2025 WL 82226, at *1 (W.D. Wash. Jan. 13, 2025) (non-moving party's diligence in case preparation weighs

against granting a continuance). And a lengthy, protracted schedule increases expenses, which prejudice Plaintiff, an individual, far more than Defendants, which enjoy no resource constraints as well-funded technology enterprises.

And at this stage, the court's calendar likely cannot support a reasonable continuance. While Defendants insist that they seek only a "short" continuance of *four months*, their timeline assumes that the earliest available trial date the court represented more than a month ago is still available. That is unlikely to be the case, because Defendants waited so long to seek relief. Pushing this case well into 2026 would be extremely prejudicial to Plaintiff, an individual with cancer who seeks remedies for the discrimination he experienced from Defendants, and who has been unemployed since then.

### IV.    CONCLUSION

Defendants seek relief from a problem that they created. Delay would benefit Defendants strategically. The burdens Defendants cite would affect them minimally, and the court should not reward apparent gamesmanship. The court should deny Defendants' motion, and keep the current case schedule.

//

//

//

//

//

//

//

//

DATED this 12th day of May, 2024.

STOKES LAWRENCE, P.S.

By: */s/Amy Alexander*
    Amy Alexander (WSBA #44242)
    Mathew Harrington (WSBA #33276)
    Maricarmen Perez-Vargas (WSBA # 54344)
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Telephone: (206) 626-6000
    Fax: (206) 464-1496
    Amy.alexander@stokeslaw.com
    Mathew.Harrington@stokeslaw.com
    Maricarmen.Perez-Vargas@stokeslaw.com

*Attorneys for Plaintiff Steve Teixeira*

I certify that this memorandum contains 3,113 words (including excerpts of the discovery requests at issue), in compliance with the Local Civil Rules