HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>                      Plaintiff,<br><br>    v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.<br><br>                      Defendants. | Case No. 2:24-cv-1032-RAJ<br><br>**DEFENDANTS MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES, LAURA CHAMBERS, AND DANI CHEHAK'S REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE AND AMEND CASE SCHEDULE** |

## I.  INTRODUCTION

Plaintiff's opposition mischaracterizes Defendants' diligence in discovery and unfairly portrays Defendants as engaging in strategic delay tactics. In fact, Defendants have made good faith efforts to comply with discovery obligations in the face of significant challenges, including voluminous document collection and production (over 2,760 documents comprising 10,925 pages compared to Plaintiff's 411 documents totaling 1,038 pages), complex ESI negotiations, and the practical constraints of the current case schedule. Plaintiff's complaints also ring hollow given that it took him *over nine months* to finally make less than a tenth of the volume of production in response to Defendants' initial document demands.

Setting aside the parties' starkly different views of diligence, the reality is that a modest continuance of trial to February 17, 2026 would allow the parties to complete discovery, brief

REPLY IN SUPPORT OF MOTION TO CONTINUE
CASE SCHEDULE
CASE NO. 2:24-CV-1032-RAJ - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

dispositive motions on an adequate record, and prepare for trial without prejudicing anyone. Plaintiff was amenable to the continuance just a month or so ago, but now refuses to agree, yet cites no credible prejudice. By contrast, under the current schedule, it will be impossible to complete discovery and adequately prepare motions for summary judgment. This case is on the original trial setting and, if granted, this would be the first continuance in a significant, multi-claim, multi-party lawsuit with four sets of counsel, tens of thousands of pages of discovery, over ten depositions, and where Plaintiff just recently amended his complaint and continues to change his theories of the case.

Because Plaintiff's opposition offers no principled reason to deny a continuance and Defendants have met Rule 16(b)(4)'s "good cause" standard under *Lavin v. United Techs. Corp.*, No. 2:13-CV-09384-CAS, 2014 WL 4402244, at *3 (C.D. Cal. Sept. 5, 2014) (citing *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981)), the request for a brief continuance should be granted.

## II.   ARGUMENT

### A.   Defendants have been diligent throughout discovery.

Plaintiff's opposition attempts to recast Defendants' diligent discovery efforts as "delay," while ignoring or misconstruing the facts. Contrary to Plaintiff's characterization, Mozilla has been diligent in discovery. Plaintiff incorrectly asserts that Mozilla did not begin to address discovery deficiencies until January 2025. While Plaintiff did send an email on September 24, 2024, the email dealt primarily with ESI negotiations, not substantive deficiencies in Mozilla's discovery responses or productions. Alexander Declaration Ex. 3. Notably, following the September 24, 2024 email, Plaintiff never sent any formal communication about Mozilla's actual responses to discovery requests until January 2025, despite denying Mozilla's request for a modest two-week extension in September. Todaro Decl. ¶ 9.

Mozilla has been cooperative with ESI negotiations, agreeing to most of Plaintiff's proposed search terms despite their overbroad nature. *Id*. ¶ 14. Mozilla has been transparent about the time needed to process and collect the extensive data requested by Plaintiff. Alexander Decl.,

REPLY IN SUPPORT OF MOTION TO CONTINUE
CASE SCHEDULE
CASE NO. 2:24-CV-1032-RAJ - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

Ex. 3. The ESI collection process became more complex when Plaintiff demanded data through the date of Plaintiff's termination rather than the date he was placed on leave, requiring Mozilla to re-collect data from custodians. Declaration of Alexandria Cates ("Cates Decl.), ¶ 4. Additionally, collecting and processing Slack communications proved technically challenging, given the fact that Mozilla upgraded their Slack system during that time, which was shared with Plaintiff's counsel at the initial LCR 26(f) conference. *Id*. ¶ 5. Despite these obstacles, Mozilla has worked diligently to meet its discovery obligations. *Id*.

Moreover, Mozilla's document productions have been far more substantial and burdensome than Plaintiff's. Defendants have now produced 2,760 documents comprising 10,925 pages in seven rolling productions after having reviewed over 33,000 documents. Todaro Decl., ¶ 14. Much of the delay in initiating the review stemmed from a lengthy but diligent negotiation over ESI terms, which brought the initial collection of 737,000 documents down to the review set. *Id*. That negotiation took approximately two months from January-March 2025. *Id*. By contrast, it took Plaintiff until April 25, 2025 to complete his production of just 1,038 pages in response to Defendants' requests served *in July 2024*. *Id*. ¶ 15. It is striking that Plaintiff can complain of delay and lack of diligence when it took him *nine months* to make that production.

Although Plaintiff insinuates that no activity occurred until January, the record shows continuous engagement: the parties negotiated an ESI protocol in September, exchanged custodian and search-term proposals in October, had telephonic meet and confer conferences in January, and continued said meet-and-confer sessions through March. *Id*. ¶¶ 9-14. Plaintiff's claim that Defendants "waited until April" conveniently omits the tens of thousands of files counsel were processing—at Plaintiff's insistence on broader date ranges and additional custodians—and the slack-data collection that required specialized vendor collection.

Plaintiff's claims of "strategic gamesmanship" also miss the mark. His first (and oft-repeated) purported example of so-called strategic delay is a snippet from a September 2024 email from *Mozilla Foundation*'s counsel in which she states that "we have plenty of time to engage in discovery" in the context of a request for an extension to respond to discovery to Mozilla

REPLY IN SUPPORT OF MOTION TO CONTINUE
CASE SCHEDULE
CASE NO. 2:24-CV-1032-RAJ - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

1   Foundation. Alexander Decl., Ex. 1. Mozilla Foundation's counsel's statement was in response to
2   Plaintiff's counsel's reticence to agree to an extension, wherein Plaintiff's counsel notes that the
3   discovery at issue was "one Interrogatory and one RFP." *Id*. It is more than a stretch to claim that
4   this statement by *non-movant* Mozilla Foundation somehow demonstrates "strategic
5   gamesmanship" on the part of Defendant Mozilla Corporation and the individual defendants. Not
6   only is the statement taken out of context (as it referred to the "one Interrogatory and one RFP"
7   issued to Mozilla Foundation), it is also belied by the nearly contemporaneous communications
8   between Defendants' (Mozilla Corporation and the individual defendants) counsel in which
9   Defendants' counsel was transparent about the large volume of information collected and the time
10  it would take to process. *Id*. Ex. 3 ("Given the immense amounts of data that we have to collect
11  and review in order to respond to your requests, this is going to take us some time.")

12  Plaintiff next accuses Defendants of refusing to grant an extension of the expert disclosure
13  deadline, but takes that refusal completely out of context. Opp. at 7:13-20. After the Court denied
14  the parties' stipulation to continue the trial date, Defendants' counsel sent Plaintiff's counsel a
15  revised stipulation that included the factual bases for the continuance (as the Court's Order
16  suggested the parties do). Alexander Decl. Ex. 7. Plaintiff then suddenly refused to agree to the
17  continuance despite that the Court's available date only moved things by about two months (yet
18  cited no prejudice by that delay) noting that Plaintiff would oppose any motion by Defendants. *Id*.
19  In that email, Plaintiff's counsel did, however, note that Plaintiff would be "amenable to moving
20  **only** the expert disclosure deadline." *Id*. (emphasis in original). Defendants' rejection of a
21  stipulation for the expert deadline was in that context—where Plaintiff performed an about face,
22  refusing to agree to the stipulated continuance but agreeing only to an extension that Plaintiff
23  needed. That was not gamesmanship; rather it was a refusal to agree to a lopsided and unfair
24  stipulation with no apparent rationale behind it.

25  Next, Plaintiff points to Defendants' agreement to take Plaintiff's deposition after the
26  discovery cutoff, suggesting this demonstrates Defendants believed the current schedule was
    workable. However, this arrangement was made *solely* to accommodate Plaintiff's stated

REPLY IN SUPPORT OF MOTION TO CONTINUE
CASE SCHEDULE
CASE NO. 2:24-CV-1032-RAJ - 4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

unavailability during the last week and half of the discovery period and in light of the fact that Plaintiff continues to produce documents and Defendants wish to take Plaintiff's deposition with all documents in hand, as well as the fact there are outstanding discovery issues in front of the Court that may impact Plaintiff's deposition. Cates Decl. ¶ 6, Ex. A. Mozilla's accommodation of Plaintiff's schedule should not be used against Mozilla as evidence that a continuance is unnecessary.

Finally, Plaintiff criticizes Defendants for "declining" the LCR 37 expedited procedure, but that rule applies to discovery motions and does not govern case-schedule modifications. Opp. at 6:21-7:4. The parties used the joint-motion format for their discovery dispute on April 8, 2025 and will do so again. A motion to continue trial is properly brought under Rule 16(b)(4) and LCR 7. As Defendants' counsel pointed out to Plaintiff's counsel, the LCR 37 procedure appears to apply only to discovery disputes and thus Defendants did not believe it was an available option. Had it been available, Defendants would have agreed to use it. After the Court denied the parties' stipulation, Defendants attempted to proceed under the current schedule. It became quickly evident, however, after several discovery disputes arose, Plaintiff propounded two sets of additional discovery, and served a comprehensive 30(b)(6) notice with nineteen topics, that the current schedule was simply not feasible. Plaintiff's accusations of gamesmanship are therefore unfounded.

### B.    Plaintiff will not be prejudiced by the requested continuance.

Plaintiff's claims of prejudice from a continuance are overstated and flimsy. Plaintiff previously agreed to a December 2025 trial date, and the Court's offered February 2026 date is a mere six weeks later. This modest extension would not cause any prejudice to Plaintiff, let alone "significant" prejudice. Plaintiff cites three purported elements of so-called prejudice, none of which stand up to any scrutiny.

First, Plaintiff argues that "[a]s time passes, memories fade and evidence is lost." Opp. at 10:17-18. But there is no basis for any claim of evidence loss; the parties have actively preserved ESI, and Defendants have already imaged custodians' cell phones, Google Drives, and secured a

full Slack snapshot. The continuance would not affect those efforts, and in any event, under Plaintiff's preferred schedule, the discovery cutoff is imminent. As to "memory loss," Plaintiff identifies no witness whose memory will fade in the additional two months requested beyond the continuance to which Plaintiff already agreed.

Next, Plaintiff cites increased expense (Opp. at 11:1-3), but cost considerations cut both ways, as Defendants have borne the lion's share of discovery costs, including third-party vendors for Slack and advanced analytics. Plaintiff's incremental costs (and there is no evidence that the cost would be greater by spreading out the work rather than compressing it) over an additional two months are negligible compared to those already incurred by Defendants.

Finally, while Plaintiff briefly references his cancer diagnosis, he has never invoked RCW 4.44.025 or otherwise sought an expedited trial. Opp. at 11:7-10. While Mozilla is sympathetic to Plaintiff's health concerns, simply citing Plaintiff's cancer diagnosis is not sufficient grounds to deny a reasonable continuance necessary for adequate trial preparation, particularly without any supporting evidence or formal request for an expedited trial under RCW 4.44.025.

Ultimately, the primary "burden" of the current compressed schedule will fall on Mozilla, not Plaintiff. Mozilla must review Plaintiff's document production, defend over nine depositions, conduct depositions of Plaintiff and his expert (and potentially others, depending on what is learned in recent discovery), and prepare for summary judgment motions—all within an extremely condensed timeframe. The requested continuance would allow both parties adequate time to prepare their cases properly.

**C.    A continuance is necessary to ensure a fair and orderly process.**

Over ten depositions between May 13 and June 12 is already aggressive; adding 30(b)(6) testimony and potential medical-records follow-up is impossible without extending the schedule. Absent a continuance, the parties will face notice, subpoena, and motion practice on the eve of dispositive-motion briefing. Under the current schedule, the last deposition transcript (Plaintiff's) will not be available until late June, leaving at most ten days to receive certified transcripts, prepare excerpts, draft summary-judgment motions, and assemble supporting evidence. This is

REPLY IN SUPPORT OF MOTION TO CONTINUE
CASE SCHEDULE
CASE NO. 2:24-CV-1032-RAJ - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

inconsistent with the orderly administration of justice.

Multiple discovery issues remain unresolved, making the current schedule impractical. The motion regarding Plaintiff's medical records is critical for Mozilla's ability to meaningfully depose Plaintiff. Without access to these relevant medical records, Mozilla cannot fully explore a key aspect of Plaintiff's claims. This is not a "narrow issue" as Plaintiff suggests, but rather goes to the heart of Plaintiff's claims of disability discrimination and forces Defendants to wait to depose Plaintiff until a time when it will be impossible to obtain the transcript of the deposition (let alone any errata) and review and incorporate Plaintiff's testimony into a motion for summary judgment. And that assumes that there will be no disputes over deposition conduct, for which there is no guarantee.

Additionally, Mozilla needs to depose not only Plaintiff and his expert but also several other witnesses whose identities have emerged through document production and discovery. The compressed deposition schedule does not allow sufficient time to complete all necessary depositions, particularly given the substantial document production that is still ongoing and needs to be reviewed before depositions can be effectively conducted. Plaintiff's claim that Defendants should have known about the need to take additional discovery rings hollow given that Plaintiff only completed his document production in response to Defendants initial discovery requests served nearly a year ago. Plaintiff's productions, of course, have raised other avenues of discovery Defendants need to explore.

Finally, Baker's separate counsel first appeared on April 9. Plaintiff minimizes the practical impact, yet Baker's discovery responses, privilege analyses, and deposition preparation now fall to new counsel. A modest continuance ensures Ms. Baker can participate fully without prejudice to any party.

**D.     Good cause exists under each of the Rule 16(b)(4) factors.**

Under Ninth Circuit authority "[w]hen refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed." *Lavin*, 2014 WL

REPLY IN SUPPORT OF MOTION TO CONTINUE
CASE SCHEDULE
CASE NO. 2:24-CV-1032-RAJ - 7

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

4402244, at *3. Here, each of the four factors generally considered under Rule 16(b)(4) are met. Defendants will be prejudiced if a stay is not granted in that it will be practically impossible to complete discovery and adequately prepare a summary judgment motion. By contrast, Plaintiff will suffer no prejudice from a continuance. A continuance will serve the orderly and efficient conduct of the case in that outstanding discovery, deposition logistics, and dispositive-motion timing require additional time, the requested date is the Court's next available slot, and no other civil case will be displaced. Finally, Defendants have been diligent and there is no evidence of willfulness, bad faith, or inexcusable neglect. The request for a brief continuance should therefore be granted.

### III.   CONCLUSION

Defendants have demonstrated good cause under Rule 16(b)(4) and *Lavin*. Defendants' therefore respectfully request that the Court grant Defendants' motion, continue the trial to February 17, 2026 (or the Court's next available date), and extend all pretrial deadlines accordingly.

Respectfully submitted this 16th day of May, 2025.

DLA PIPER LLP (US)

*By: Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*s/ Alexandria Cates*
Alexandria Cates, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
E-mail:  anthony.todaro@us.dlapiper.com
E-mail:  alexandria.cates@us.dlapiper.com

*Attorneys for Defendants MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES, LAURA CHAMBERS, and DANI CHEHAK*

I certify that this memorandum contains 2,404 words, in compliance with the Local Civil Rules

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 16th day of May, 2025.

*s/ Jacey Bittle*
Jacey Bittle, Legal Executive Assistant

REPLY IN SUPPORT OF MOTION TO CONTINUE
CASE SCHEDULE
CASE NO. 2:24-CV-1032-RAJ - 9

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800