THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>      Plaintiff,<br><br>    v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community,<br><br>      Defendants. | Case No.: 2:24-CV-01032-RAJ<br><br>REPLY TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY REQUESTS TO MOZILLA CORPORATION AND INDIVIDUAL DEFENDANTS |

## I. INTRODUCTION

Defendants Mozilla Corporation ("Mozilla"), Dani Chehak, and Laura Chambers' (collectively, "Defendants'") arguments are conclusory and circular. They ignore the basic premise that what is *discoverable* in litigation is a superset of what is *admissible and relevant*, and their arguments presuppose that Plaintiff was not subject to discrimination or treated differently from his peers. That is the subject of this litigation and what Plaintiff seeks to investigate. The Court should allow basic and essential discovery.

PLAINTIFF'S REPLY ISO 2nd MOT. TO COMPEL - 1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## II.  ARGUMENT

Information is relevant, and discoverable, if it is "reasonably calculated to lead to the discovery of admissible evidence." *Plintron Techs. USA LLC v. Phillips*, 2025 WL 1070497, at *1 (W.D. Wash. Apr. 9, 2025). By nature, information that must be disclosed in discovery is broader than what will be admissible. Fed. R. Civ. P. 26(b)(1) ("Information . . . need not be admissible in evidence to be discoverable."). Plaintiff's requests are reasonably calculated to permit him to identify admissible comparator evidence and evidence of Mozilla's policies and practices with respect to discrimination concerns. The Court should compel production.

### A.    Plaintiff is entitled to reasonable investigation of the treatment of comparators

#### 1.    Potential comparators do not have to be identical

Comparators "need not be identical; they must only be similar in all material respects." *Ballou v. McElvain*, 29 F.4th 413, 423 (9th Cir. 2022). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Id.* "Materiality depends on the context and is a question of fact that 'cannot be mechanically resolved.'" *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011). Comparators need not report to the same supervisor or have the same job responsibilities. *Cooper v. Window Rock Unified Sch. Dist.*, 2023 WL 2463765, at *7 (D. Ariz. Mar. 10, 2023), *aff'd*, 2024 WL 575138 (9th Cir. Feb. 13, 2024).

Plaintiff seeks information about employees who had comparable circumstances to his own in that they: (1) were separated from employment with Mozilla within six months of taking a leave of absence; (2) separated from employment after requesting a disability accommodation; (3) made discrimination complaints; (4) were singled out in that their discrimination complaints were not investigated; and (5) were executives at a similar level as Plaintiff, as part of Mozilla's Executive Steering Committee. Not all of the employees identified by these interrogatories will be appropriate comparators supporting Plaintiff's claims, but responses to these interrogatories will

permit Plaintiff to identify individuals who are appropriate comparators, and identify situations in which Plaintiff was singled out in a discriminatory manner.[1]

Additionally, Defendants' arguments presuppose the discriminatory conduct did not occur. Defendants attempt to distinguish *Litvack* by arguing that the employees Plaintiff seeks information about did not commit acts of comparable seriousness because they were not performing poorly. *Litvack v. Univ. of Washington*, 30 Wn. App. 2d 825, 846 (2024). *Litvack* supports Plaintiff's arguments in that he is an employee *with* a disability, seeking information about Mozilla's treatment of employees with and without this characteristic. Part of Plaintiff's claim is that he was unfairly criticized and terminated due to his disability, and that these actions were unwarranted. ECF No. 28. Mozilla's argument that Plaintiff's potential comparators did not commit acts of comparable seriousness because they did not receive similar criticism assumes Mozilla's actions against Plaintiff were legitimate, which is the dispute at the heart of this case. Plaintiff is not required to take Mozilla's word for this.

Finally, Defendants argue both that *only* executives are appropriate comparators[2] *and* that performance evaluations of the Executive Steering Committee, of which Plaintiff was a member, are "untethered to any claim." ECF No. 60 ("Response") at 4. Defendants cannot have it both ways – Defendants cannot concede executives are comparators and withhold evidence relevant to their status as comparators. Defendants further argue that comparing Plaintiff' to other executives who were not "similarly situated" because they were performing satisfactorily is not a "valid

---

[1] HR executive Chehak testified during her deposition that to her knowledge Plaintiff is the only individual who has complained of discrimination yet was not interviewed regarding their complaint. Perez-Vargas Decl. Ex. 1 at 198:11-203:17. There is also no evidence that Plaintiff's complaint was investigated, and the findings of an investigation were never shared with Plaintiff. *Id.*

[2] Despite Defendants' oft repeated complaint that Plaintiff is unwilling to compromise, Plaintiff suggested a significant compromise in the interest of resolving this dispute. Plaintiff offered to limit ROGs 8-10 to only executive members of the Steering Committee for the last five years. Defendants declined this compromise without explanation. ECF No. 49-4 at 3.

PLAINTIFF'S REPLY ISO 2nd MOT. TO COMPEL - 3

comparator analysis," "performance is inherently individual," and "the mere fact that other executives may not have received similar criticism does not suggest Plaintiff was unfairly singled out due to disability." Response at 5. Again, these arguments presuppose Defendants' only motivations for their criticism of Plaintiff were legitimate, nondiscriminatory ones. Defendants argue Plaintiff is not entitled to the information he seeks to investigate his discrimination claim because there was no discrimination.

By Defendants' logic, if employees who are *not* executives are inappropriate comparators, and executives are also inappropriate comparators, Plaintiff has no comparators in a global corporation with almost 2,000 employees. These arguments are not tenable.

### 2. Defendants' concerns about privacy ring hollow

Defendants continue to broadly invoke "privacy concerns," citing the Washington Constitution, which has no application in this private dispute. Article I Section 7 of the Washington Constitution says "no person shall be disturbed in his private affairs, or his home invaded, *without authority of law*." (emphasis added). Pretrial discovery is authorized by law; it is "accorded broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "The broad right of discovery is based on the general principal that litigants have the right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Id.*

The information Plaintiff seeks about other employees is not particularly private or sensitive and could be designated as confidential by the protective order in this case. Plaintiff seeks information about leaves of absences and accommodation requests (without detailed information about the leaves or requests), circumstances of separation (voluntary/involuntary), performance ratings, and discrimination complaints and investigations. The authorities Defendants cite *support* Plaintiff's entitlement to this type of information. In *Bush*, the court granted plaintiff's motion to

compel information that was similar: complaints made against his harassing supervisor and complaints made at his worksite. *Bush v. Pioneer Hum. Servs.*, 2010 WL 11682489, at *3 (W.D. Wash. Jan. 8, 2010). The court blocked only plaintiff's request for full personnel files, which Plaintiff does not seek here. *Id. Ghering* similarly dealt with a request for entire personnel files, and is inapplicable. *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994).

**B.    Ample evidence suggests the TK Law report and related documents are not privileged**

The parties have extensively briefed the issue of privilege as it applies to the TK Law report, and Plaintiff will not repeat his arguments. ECF No. 48 at 8-10; ECF No. 29 at 17-18, 20. Plaintiff notes only the following: (1) Defendants' witnesses support Plaintiff's arguments that the TK Law report and related materials provide extensive factual and business information, which is not privileged; (2) work product privilege protects only materials prepared in anticipation of actual litigation; and (3) the self critical analysis privilege does not exist in this circuit or apply here.

First, Mark Surman, Executive Director of Defendant Mozilla Foundation, in his 30(b)(6) deposition on behalf of the Foundation testified that the TK Law did not contain legal advice as far as he could remember. Perez-Vargas Decl. Ex. 2. at 178:13-179:13. Chehak, Mozilla's Chief of People, testified that employees generally knew the analysis was being done, the analysis was discussed in company-wide settings, employees expected results would be shared, and she drafted a summary of the TK Law report that was more widely circulated. Perez-Vargas Dec. Ex. 1 at 296:23-300:23, 304:22-305:10. This testimony shows that the TK Law report is at least *in part* subject to disclosure, and Defendants could redact privileged legal analysis and advice, if any. This shows there are materials and summaries about the TK Law report that are not privileged and are subject to disclosure.

1   Defendants broadly cite fear of litigation from other "unrelated" sources as supporting the
2   work product privilege of the TK Law report, but that is not the standard. Work product privilege
3   does not protect material prepared due to a broad, nebulous fear of general litigation; the
4   anticipated litigation must be specific. *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, WL
5   3602524, at *3 (W.D. Wash. Aug. 13, 2021). General legal analysis as to potential risk is not
6   protected. *HSS Enters., LCC v. Amco Ins. Co* 2008 WL 163669, at *6 (W.D. Wash. Jan. 14, 2008)
7   (legal analysis regarding the coverage of insurance policies not protected because such analysis
8   was "pure investigation and evaluation" and "[s]uch material, even if generated by the defendant
9   after the complaint was filed, was not prepared in anticipation of litigation if the material only
10  concerned facts and did not involve legal opinions or thoughts about the defendant's trial strategy
11  and posture."). "More than the mere possibility of litigation must be evident for materials to be
12  considered immune from discovery under the work product doctrine." *See Heath v. F/V ZOLOTOI*,
13  221 F.R.D. 545, 549 (W.D. Wash. 2004) (internal quotation omitted). The burden is on the party
14  asserting work product privilege to show the withheld information was prepared in anticipation of
15  litigation, and Defendants have failed to meet this burden. *Id.*

16  Plaintiff needs this information because it forms a part of Mozilla's policies and practices
17  with respect to discrimination, and factually identifies known gaps in those practices. Chehak
18  testified that Plaintiff is the only individual she is aware of who raised a discrimination complaint
19  who was not interviewed. Perez-Vargas Decl. Ex. 1 at 198:11-203:17. Mozilla has agreed to
20  provide its policies; the TK Law report sheds light on its actual practices.

21  Finally, the self-critical analysis privilege does not exist in the Ninth Circuit, and would
22  not apply here if it did. The case Defendants cite in support of this privilege expresses skepticism
23  at its existence. *Dowling v. Am. Hawaii Cruises, Inc.*, 971 F.2d 423, 426 (9th Cir. 1992) ("This

circuit has not yet considered whether there exists a so-called privilege of self-critical analysis . . . . . even if such a privilege exists . . .").

Additionally, the type of analysis conducted here is not the type in which there is a strong public interest in preserving privacy, nor would the information be curtailed if discoverable. Cases analyzing the purported privilege have done so as to situations involving significant concerns of health or safety. *See Bredice v. Doctors Hosp., Inc.,* 50 F.R.D. 249 (D.D.C. 1970), *aff'd,* 479 F.2d 920 (D.C. Cir. 1973) (minutes of hospital staff meetings regarding procedures to improve patient care could be protected from discovery in a malpractice suit because of the important public interest in having hospitals critically evaluate the quality of the care they provide). And as in *Dowling*, Defendants here have "many incentives to conduct such reviews that outweigh the harm that might result from disclosure . . . [t]he most prominent of these is surely the desire to avoid law suits arising from" discrimination complaints. *See Dowling*, 971 F.2d at 426. Moreover, there is evidence that the analysis was not performed with an expectation that the entire analysis and conclusions would be kept private – just the opposite. Perez-Vargas Decl. Ex. 1 at 296:23-300:23, 304:22-305:10.

Plaintiff notes that Defendants' arguments as to the TK Law report are just as conclusory as their arguments about comparators. Defendants argue that the privilege of the report is "apparent and unrefuted," Response at 8, which is obviously not true because Plaintiff refutes it. Defendants distinguish *Koumoulis* by arguing the analysis in that case was "operational, not legal." *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 29 F. Supp. 3d 142, 147 (E.D.N.Y. 2014). Plaintiff argues that at least part of the TK Law report is an operational, fact-based report providing business advice because the intent was for the report to inform Mozilla's business practices (and likely to be shared with its workforce). Plaintiff again requests the Court conduct an *in camera* review of the report

PLAINTIFF'S REPLY ISO 2nd MOT. TO COMPEL - 7

to determine whether the report and related documents are privileged in their entirety, or whether part or all of them must be disclosed.

### III.  CONCLUSION

Plaintiff requests the Court compel disclosure of important comparator information, the TK Law report, and related documents.

DATED this 27th day of May, 2025.

>STOKES LAWRENCE, P.S.
>
>By: /s/Maricarmen Perez-Vargas
>   Amy Alexander (WSBA #44242)
>   Mathew Harrington (WSBA #33276)
>   Maricarmen Perez-Vargas (WSBA # 54344)
>   1420 Fifth Avenue, Suite 3000
>   Seattle, WA 98101-2393
>   Telephone:  (206) 626-6000
>   Fax:  (206) 464-1496
>   Amy.alexander@stokeslaw.com
>   Mathew.Harrington@stokeslaw.com
>   Maricarmen.Perez-Vargas@stokeslaw.com
>   Attorneys for Plaintiff Steve Teixeira
>
>   I certify that this memorandum contains 2,094 words, in compliance with the Local Civil Rules