Exhibit 2

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

_____

STEVE TEIXEIRA,                         )
                                        )
                   Plaintiff,           )
                                        )
              v.                        ) No. 2:24-cv-01032
                                        )
MOZILLA CORPORATION a.k.a. M.F.         )
Technologies, a California              )
corporation; MOZILLA FOUNDATION, a      )
California public benefit               )
corporation; LAURA CHAMBERS and         )
her marital community; WINIFRED         )
MITCHELL BAKER and her marital          )
community; and DANI CHEHAK and her      )
marital community,                      )
                                        )
                   Defendants.          )

_____

     VIDEOTAPED VIDEOCONFERENCE 30(b)(6) DEPOSITION

     OF MOZILLA FOUNDATION UPON ORAL EXAMINATION OF

                    MARK SURMAN

_____


          Witness located in Toronto, Ontario

             Taken Remotely via Zoom




DATE TAKEN:  MAY 13, 2025

REPORTED BY: BARBARA CASTROW, RMR, CRR, CCR

          WA CCR #2395 | OR CSR #22-0010


BUELL REALTIME REPORTING, LLC
206.287.9066 I 800.846.6989

Teixeira v. Mozilla Corporation, et al.                30(b)(6) Mark Surman

Page 178

1  threat of litigation.

2      Q.   When did she tell you that?

3      A.   I don't recall specifically.  I think in May,

4  maybe early June.  I'm not sure.  Well, it would have

5  been before that text message, so it would have been in

6  May.

7      Q.   Were you aware that Steve had concerns about

8  how he had been treated by Mozilla Corporation?

9      A.   Not specifically beyond that text message.

10      Q.   Do you know if anyone at Mozilla Corporation

11  ever investigated Steve's concerns?

12      A.   I don't.

13      Q.   Are you aware of any deficiencies that have

14  been identified with Mozilla Corporation's practices and

15  culture with respect to diversity and inclusion

16  initiatives?

17           MR. FEIDER:   Object on form; foundation, and

18  that there's pending motion practice on these topics.

19           MR. TODARO:   And object to the extent that

20  this calls for any attorney-client communications.

21      Q.   (By Ms. Perez-Vargas)   Would you like me to

22  repeat the question?

23      A.   Yeah.   So I think, as Darren indicated, if we

24  had received -- I think we did at one point receive an

25  external report.   One of our board members had requested

Teixeira v. Mozilla Corporation, et al.                30(b)(6) Mark Surman

Page 179

1  an external report on diversity, equity, inclusion, and

2  it was provided under privilege.

3      Q.  Which board member requested the report?

4      A.  I can't recall.  I just recall it coming as a

5  matter of a request.

6      Q.  Do you remember when the report was provided?

7      A.  I don't.

8      Q.  Was the request about business practices with

9  relation to diversity and inclusion?

10      A.  I don't recall the specific request.  I just

11  remember receiving the report.

12      Q.  Did the report contain legal advice?

13      A.  I don't think so.

14      Q.  So what did it say?

15      MR. TODARO:  Objection.  The company has

16  asserted a privilege on this.  It was an attorney-led

17  report.  I appreciate the question in which he says that

18  he doesn't necessarily interpret it as containing legal

19  advice.  But you know that it's our position that it

20  does, and that it's the subject of motion practice at

21  the moment.

22      So I think it's improper to even try and ask

23  that at this point.

24      MS. PEREZ-VARGAS:  Are you instructing the

25  witness not to answer this question?

Teixeira v. Mozilla Corporation, et al.                30(b)(6) Mark Surman

Page 180

1              MR. TODARO:   I don't have control over the

2   witness, Maricarmen.  You know that.  I am making --

3              MS. PEREZ-VARGAS:   I'm sorry.  I can't see

4   who is talking.  Is it Anthony?

5              MR. TODARO:   Apologies.  Apologies.

6        I don't have control over this witness, but

7   this is an issue that exists between the MoCo and

8   Plaintiff and is being -- is before the court right now.

9              MS. PEREZ-VARGAS:   The witness just

10  testified that he does not believe the report contained

11  legal advice.

12     Q.   (By Ms. Perez-Vargas)  So I'm going to ask you

13  again, Mr. Surman, what was in the report?

14             MR. TODARO:   So, Maricarmen, just so we're

15  clear, I just want to be clear on this, you know that

16  the company has asserted a privilege.  You know that

17  it's before the court right now.  So if you persist in

18  this, my position is you do so at your own jeopardy.

19        I'd suggest you hold it until we get a ruling.

20  But I've said what I can say.

21             MS. PEREZ-VARGAS:   I understand.  Sorry.

22  This is still Anthony talking?

23             MR. TODARO:   It is.

24             MS. PEREZ-VARGAS:   So, Anthony, are you

25  trying to instruct the witness not to answer this

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Page 181

1  question?

2          MR. TODARO:  I am informing the witness of

3  what you already know, which is that we have made the --

4  we regard the report as privileged.  It is currently

5  pending before the court, that determination.

6          I don't believe it's proper of you and in good

7  faith to ask that of this witness, given that.  But I

8  don't have control over the witness.  So there you go.

9          MR. FEIDER:  I'm instructing -- to be clear

10 for the record, I'm instructing the witness not to

11 respond to this question.

12          MS. PEREZ-VARGAS:  Okay.  Sorry.  That was

13 Darren?

14          MR. FEIDER:  Sorry.  That was Darren,

15 Maricarmen.  Sorry.

16          MS. PEREZ-VARGAS:  Sorry.  I just can't see

17 who is talking.  I don't mean to be difficult about

18 this.

19          Okay.  So I understand, Darren, that you are

20 instructing the witness not to answer this question

21 despite the witness having said that the report did not

22 contain any legal advice.

23          I'm going to reserve the right to recall this

24 witness and question him as to this topic, depending on

25 the ruling we receive from the court.

Teixeira v. Mozilla Corporation, et al.                    30(b)(6) Mark Surman

Page 207

1                          C E R T I F I C A T E

2

3    STATE OF WASHINGTON

4    COUNTY OF KING

5

6           I, Barbara K. Castrow, a Certified Court Reporter

7    in and for the State of Washington, do hereby certify

8    that the foregoing transcript of the deposition of Mark

9    Surman, having been duly sworn, on May 13, 2025, is true

10   and accurate to the best of my knowledge, skill and

11   ability.

12          IN WITNESS WHEREOF, I have hereunto set my hand

13   and seal this 26th day of May, 2025.

14

15

16

17

18          _____

19          Barbara K. Castrow, CCR, RMR, CRR

20          Certified Court Reporter #2395

21

22   My certification expires:

23   November 24, 2025

24

25