HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MOZILLA CORPORATION a.k.a. M.F. TECHNOLOGIES, a California Corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community; and DANI CHEHAK and her marital community;<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-01032-RAJ<br><br>ORDER |

## I.　INTRODUCTION

THIS MATTER comes before the Court on Defendants Mozilla Corporation a.k.a. M.F. Technologies ("Mozilla"), Laura Chambers ("Chambers"), and Dani Chehak ("Chehak") (collectively, "Defendants")'s Motion to Continue Trial and Amend Case Schedule.  Dkt. # 40.[1]  Plaintiff Steve Teixeira ("Plaintiff") filed a Response, to which Defendants replied.  Dkt. ## 53, 57.

For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

---

[1] Defendants Winifred Mitchell Baker and Mozilla Foundation each filed a Notice of Joinder to the Motion.  Dkt. ## 43, 47.

ORDER – 1

## II. BACKGROUND

This is an employment discrimination and retaliation case concerning the actions of Defendants following Plaintiff's cancer diagnosis. Although the matters concerning discovery are more pertinent than the underlying facts of this case, the Court will outline them briefly and as alleged in Plaintiff's First Amended Complaint. Plaintiff was formerly the Chief Product Officer of Mozilla Corporation and on the trajectory to become the company's next CEO. Dkt. # 28 at 1. In October 2023, Plaintiff received a medical diagnosis confirming the presence of ocular melanoma, prompting him to take a ninety-day medical leave for treatment. *Id*. Upon his return, Mozilla "campaigned to demote or terminate [Plaintiff] [,] citing groundless concerns and assumptions about his capabilities as an individual living with cancer." *Id*. Interim Chief Executive Officer Chambers and Chief People Officer Chehak "were clear" with Plaintiff that due to his diagnosis, he could not continue as Chief Product Officer or in any capacity as a Mozilla employee beyond 2024. *Id*. After voicing his opposition to this news, Mozilla placed him on indefinite administrative leave. *Id.* at 1–2. Plaintiff's First Amended Complaint asserts eight employment discrimination and retaliation-based causes of action against Defendants. *Id.* at 15–21.

The Court entered its case schedule on August 19, 2024, with trial set to commence on October 6, 2025. Dkt. # 16. The deadline to submit dispositive motions and motions challenging expert witness testimony is July 8, 2025. *Id*. The parties previously submitted a stipulation and proposed order to amend the case schedule and continue the trial date to December 8, 2025. Dkt. # 24. The Court denied the stipulation without prejudice, finding a lack of good cause due to its terse and barren nature. Dkt. # 25. In its Order denying the stipulation, the Court advised the parties that the next available trial date was February 17, 2026. *Id.* at 2. Defendants now move the Court to continue the trial and related dates approximately 90 to 120 days, citing outstanding discovery motions the Court has yet to adjudicate and other reasons related to judicial economy. *See generally* Dkt. # 40.

ORDER – 2

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16(b)(6), a court may modify a prior scheduling order "for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16; LCR 16(b)(6). It is a "well established" principle that "[d]istrict courts have [the] inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (internal quotation marks omitted). "'All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)).

The Ninth Circuit has generally considered four factors when determining the merits of a motion to modify a scheduling order: (1) the degree of prejudice to the moving party without modification; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the party of the moving party, if any. *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). "When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed." *Id*.

### IV. DISCUSSION

**A.  Degree of Prejudice to Defendants**

The Court finds that Defendants will face substantial prejudice without a continuance. As stated, *supra*, the dispositive motions deadline is July 8, 2025, and the deposition schedule concluded on June 12, 2025. The Court concurs with Defendants that given the complexity of this case, the numerous causes of actions, and the multitude of parties and potential witnesses, having fewer than four weeks to obtain certified transcripts,

ORDER – 3

review those transcripts, and incorporate the pertinent testimony into dispositive motions would hinder their ability to prepare an adequate defense. Dkt. # 40 at 6. The Court understands the time it takes to process transcripts and their integral part in assisting with the preparation of dispositive motions. Plaintiff does not address the hasty turnaround regarding these transcripts in his Response, instead focusing almost exclusively on alleging bad faith and dilatory practices by Defendants. Dkt. # 53 at 5–8. The Court will briefly address these contentions when discussing the fourth criterion elucidated by the Ninth Circuit.

Another consideration is the three outstanding discovery motions the Court has yet to adjudicate. The parties filed joint motions for discovery on April 8, 2025, and May 1, 2025. Dkt. ## 29, 44. Most recently, Plaintiff filed a motion to compel discovery on May 5, 2025. Dkt. # 48. The practice of this Court is to adjudicate all motions in the most efficient manner possible. These three discovery motions concern tens of thousands of documents that may clash with rules governing scope and confidentially. Accordingly, the Court will not sacrifice sound reasoning for sheer expediency, as each motion requires careful consideration. By allowing the Court to rule on these discovery disputes, Defendants (as well as Plaintiff) will be able to prepare more thorough dispositive motions and avoid further disputes as litigation progresses. Thus, a refusal to grant a continuance would prejudice Defendants.

**B.    Prejudice to Plaintiff**

The docket in this case indicates that granting the requested 90 to 120-day continuance will not prejudice Plaintiff. Plaintiff previously stipulated to continue the trial to December 2025. Dkt. # 25. Granting Defendants' Motion would likely engender a trial date in February 2026. Seventy additional days to what Plaintiff previously agreed does not create prejudice.

In his Response, Plaintiff posits that "[a]s time passes, memories fade and evidence is lost." Dkt. # 53 at 10. The evidence itself overcomes this assertion, as the parties have

ORDER – 4

actively preserved electronically stored information and Defendants represent that they have "imaged custodians' cell phones, Google Drives, and secured a full Slack snapshot." Dkt. # 57 at 5–6. Plaintiff argues that "[p]ushing this case into 2026 would be extremely prejudicial to [him], an individual with cancer . . . ." However, Plaintiff has never invoked RCW 4.44.025, which allows courts to give priority to cases "in which a party is frail and over seventy years of age [or] a party is afflicted with a terminal illness . . . ." RCW 4.44.025. Plaintiff has also not moved for an expedited trial. The Court thus finds that granting a continuance would not prejudice Plaintiff.

### C. Orderly and Efficient Conduct of the Case

A modification at this stage of litigation would assist in facilitating orderly and efficient conduct of the case. The Court already addressed this issue when discussing the degree of prejudice to Defendants, but it will highlight them once more. The current case schedule would not make the last deposition transcript available until the end of June, thereby leaving Defendants with no more than two weeks, in addition to practical concerns like the Fourth of July holiday, to receive certified transcripts, prepare excerpts, and draft motions for summary judgment. This is not tenable and contravenes the orderly administration of justice. The Court's rulings on the three discovery motions may also affect the drafting of dispositive motions. There is no doubt that granting a continuance will lead to more order and efficiency.

### D. Degree of Willfulness, Bad Faith, or Inexcusable Neglect

Plaintiff's Response consists mostly of accusing Defendants of engaging in purposeful delay and stalling. Defendant counters these assertions by providing exhibits that allegedly show their cooperation and willingness to participate in the discovery process. The Court will not wade into the minutiae of this fourth factor, as the previous three overwhelmingly favor granting a continuance. While the Court does not take a position on how "willful" Defendants have been, as such conduct is close to impossible to decipher from the evidence, Plaintiff certainly falls short of showing any bad faith or

ORDER – 5

excusable neglect on their part.[2]

## V.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to Continue Trial and Amend Case Schedule. Dkt. # 40. The Courtroom Deputy is instructed to enter a new case schedule.

Dated this 25th day of June, 2025.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[2] For example, Plaintiff accuses Defendants of "strategic gamesmanship," pointing to an email from counsel for non-movant Mozilla Foundation stating that there is "plenty of time for discovery." Dkt. # 54-1 at 2–4. Plaintiff is attempting to extrapolate the content of this email by an initial non-movant and joining party to claim strategic gamesmanship by the Defendants who actually filed this Motion. The Court rejects this tactic and finds it one of several examples in which Plaintiff cannot establish Defendants' alleged bad faith or inexcusable neglect.

ORDER – 6