THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>        Plaintiff,<br><br>    v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community,<br><br>        Defendants. | Case No.: 2:24-CV-01032-RAJ<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Noted for: September 17, 2025<br>Without Oral Argument |

Plaintiff Steve Teixeira respectfully requests an order granting leave to file a second amended complaint to update his claims related to his Long Term Incentive Plan ("LTIP") compensation. Teixeira makes this request under Fed. R. Civ. P. 15(a)(2) based on Mozilla's post-complaint failure to pay his LTIP compensation in 2025 and information learned during depositions about Mozilla Corporation's ("Mozilla's") decision to withhold this compensation from him. Teixeira also strikes claims under the Washington Law Against Discrimination ("WLAD") for disclosure of his health information, removes the Mozilla Foundation (the "Foundation") as a defendant, and strikes Mitchell Baker as a defendant in his retaliation claim.

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT - 1

Finally, Teixeira seeks to add psychiatric injuries in light of the Court's August 26, 2025 verbal ruling regarding the production of his medical records. Declaration of Maricarmen C. Perez-Vargas Ex. 1 (redline of proposed Second Amended Complaint).

All of these amendments stem from Defendants' discriminatory treatment and retaliatory termination of Teixeira in mid to late 2024, and Teixeira's additional LTIP claims are an evolution of his original claim for declaratory relief as to the LTIP compensation. At the time the complaint was filed in 2024, the LTIP compensation was not yet due and had not yet been withheld and thus Teixeira sought declaratory relief that this compensation would be owed. Since filing, Mozilla in fact failed to pay the LTIP compensation when due, establishing its liability for breach of contract and wrongful withholding. These claims were not ripe at the time of filing, but are now.

## I.    FACTUAL BACKGROUND

This dispute arises out of Mozilla leadership's discrimination against Teixeira, a former Mozilla executive, due to his cancer diagnosis in October 2023. *See generally* ECF No. 28. Teixeira's damages are extensive; Teixeira had a multi-million dollar compensation package, including significant bonuses, incentive compensation, and critical health care coverage.

Mozilla recruited and hired Teixeira as its Chief Product Officer in August 2022. Declaration of Maricarmen C. Perez-Vargas ("Perez-Vargas Decl.") Ex. 2 (Teixeira Deposition) at 33:11-17; 49:23-24. Teixeira's compensation had three principal elements: base salary, an individual achievement bonus ("Bonus"), and LTIP compensation. Perez-Vargas Decl. Ex. 3. Teixeira's Bonus was based on his individual results, while the LTIP compensation reflected overall company performance. *Id.* at p. 2.

Mozilla promised Teixeira additional LTIP grants each year, which it would pay in three installments over the subsequent three years. At hire in August 2022, he signed his first LTIP

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT - 2

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Agreement, and was paid the first installment of this award in February 2023. Perez-Vargas Decl. Ex. 4; Ex. 5. He was granted an additional LTIP award for 2023, reflected in his 2023 LTIP Agreement. Perez-Vargas Decl. Ex. 6. In February 2024, he received the second installment of his 2022 LTIP award, and the first installment of his 2023 LTIP award. Perez-Vargas Decl. Ex. 7. Both LTIP Agreements guaranteed Teixeira a prorated portion of his LTIP compensation if he were terminated without cause prior to the next payment date. Perez-Vargas Decl. Ex. 4 at p. 6, § 4; Perez-Vargas Decl. Ex. 6 at p. 6, § 4. The Agreements do not define "cause."

At the beginning of October 2023, Teixeira was diagnosed with ocular melanoma, a rare form of cancer that would be treated by the removal of his left eye. Perez-Vargas Decl. Ex. 2 (Teixeira Deposition) at 141:11-13; 146:9-12. He informed Defendant Mitchell Baker, Mozilla's then-CEO, of his diagnosis, and took a medical leave of absence under the federal Family and Medical Leave Act ("FMLA") and Washington's Paid Family and Medical Leave Act ("PFML"). Perez-Vargas Decl. Ex. 2 (Teixeira Deposition) at 141:14-16; ECF No. 28 ¶¶ 44-46. Teixeira was on leave from October 2023 until February 2024. Perez-Vargas Decl. Ex. 2 (Teixeira Deposition) 145:15-22; Perez-Vargas Decl. Ex. 8 (Baker Deposition) 102:10-13.

In February 2024, Teixeira returned to work from his medical leave of absence. *Id.* Almost immediately, Teixeira suspected that his cancer and leave had changed his position at the company: Mozilla awarded him an unprecedented 50% of his target Bonus for fiscal year 2023 (he received 105% of his Bonus for 2022, prior to his cancer). Perez-Vargas Decl. Ex. 5; Ex. 7. He received 2022 and 2023 installments of LTIP compensation in February 2024. *Id.*

Soon after, Teixeira's suspicions were confirmed when Laura Chambers, Mozilla's new interim CEO, delivered an extremely negative performance review which bore little relation to Teixeira's experience and performance prior to his diagnosis and leave. Perez-Vargas Decl. Ex. 2

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT - 3

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  (Teixeira Deposition) at 170:10-171:12; 181:7-182:2. Chambers had been supervising Teixeira
2  only a few weeks at this point, so Teixeira made an effort to provide Chambers a more balanced
3  view of his contributions by providing data and context on his performance prior to her arrival as
4  interim CEO. *Id.*; Perez-Vargas Decl. Ex. 9 (Chambers Deposition) 81:23-25; Perez-Vargas Decl.
5  Ex. 2 (Texiera Deposition) 178:25-180:25. Chambers dismissed it. *Id.*

6  At Chambers' request, Mozilla board member Bob Lisbonne approached Teixeira on
7  February 21, 2024 and encouraged him to consider a reduced role at the company. Perez-Vargas
8  Decl. Ex. 10 (Lisbonne Deposition) 94:15-98:6. Teixeira wanted to stay at the helm of Product,
9  which Lisbonne reported to Chambers. *Id*. But Chambers kept pressing the issue with Teixeira,
10 which surprised Lisbonne. *Id.* at 101:15-25. In conversations in March, 2024, Chambers admits to
11 "opening the door" to a smaller role for Teixeira because "a lot has changed" in the approximately
12 4 months he had been on leave. Perez-Vargas Decl. Ex. 9 (Chambers Deposition) at 189:15-190:7.
13 Chambers asserted that her plan to demote him was meant to enable him to "work[] through his
14 challenging ongoing health issues." Perez-Vargas Decl. Ex. 11.

15 Bowing to Chambers' pressure campaign, Teixeira began talking with Chambers and Dani
16 Chehak, Mozilla's Chief of People, about a reshaped role at Mozilla. Perez-Vargas Decl. Ex. 2
17 (Teixeira Deposition) at 187:22-189:11; Perez-Vargas Decl. Ex. 12. What Chambers and Chehak
18 proposed on April 20, 2024 (less than three months after Teixeira's return from leave) sent the
19 chilling message that Teixeira's health now disqualified him to be an executive at Mozilla: He
20 could continue only in an individual contributor role (meaning he would go from leading Mozilla's
21 largest division to having no reports) with a 30% reduction in salary and this new position would
22 terminate at the end date of December 31, 2024. Perez-Vargas Decl. Ex. 13, 14. Teixeira balked.
23 In the background, Chambers was hypothesizing that Teixeira would end up on long-term
24

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT - 4

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

disability before the term concluded, researched Teixeira's death benefits, explicitly tied the new position to Teixeira's health, and told the Mozilla Board that Teixeira's demotion was take-it-or-leave-it: "[w]e are not approaching this as a negotiation." Perez-Vargas Decl. Ex. 15, 16.

Chambers and Chehak had also made a plan for Teixeira's LTIP, assuring that he was entitled to LTIP compensation "payable in February 2025." Perez-Vargas Decl. Ex. 14. They arrived at this figure by prorating his full year of LTIP compensation for work Teixeira had already performed: "four months served in 2024 as the CPO." Perez-Vargas Decl. Ex. 14.

This was the first time Mozilla proposed a reduced salary and limited term to Teixeira. Perez-Vargas Decl. Ex. 2 (Teixeira Deposition) at 202:3-23. On April 29, 2024, Teixeira reported to Chambers and Chehak that he believed the reduced role, his negative performance review, reduced bonus, and the narrative about Teixeira's performance were a "smoke screen for the discrimination" he experienced due to his cancer. Perez-Vargas Decl. Ex. 17.

Immediately after this complaint, on May 2, 2024, Chehak instructed Teixeira not to discuss his discrimination concerns with anyone at Mozilla. Perez-Vargas Decl. Ex. 2 (Teixeira Deposition) at 187:17-21. Chehak even pressured Teixeira to resign, asking him how he could work for a company he felt was discriminatory. Perez-Vargas Decl. Ex. 18 (Chehak Deposition) at 211:20-214:25; Perez-Vargas Decl. Ex. 19.

On May 6, 2024, Mozilla presented Teixeira with a separation agreement. ECF No. 28 ¶ 90. On May 21, 2024, Mozilla unilaterally placed Teixeira on administrative leave and removed his access to Mozilla's communication streams, including Slack. Perez-Vargas Decl. Ex. 2 (Teixeira Deposition) at 214:1-12; Ex. 18 (Chehak Deposition) at 232:9-18.

Teixeira initiated this action on June 12, 2024 by serving the Complaint on Mozilla. With the consent of all defendants, Mozilla on July 12, 2024 filed and removed the action to this Court.

1  Teixeira's complaint asserts discrimination and retaliation claims under the Washington Law
2  Against Discrimination ("WLAD"), violations of the federal Family and Medical Leave Act
3  ("FMLA") and Washington state Paid Family and Medical Leave Act ("PFML"), false light
4  defamation, violations of the Silenced No More Act, and declaratory judgment as to Teixeira's
5  2024 LTIP. ECF No. 1.

On September 1, 2024, after the Complaint was filed, and after Teixeira had for months languished on administrative leave, Mozilla terminated on a few days' notice Teixeira's employment. Perez-Vargas Decl. Ex. 20. When pressed for a written reason for termination, Mozilla curtly stated performance and restructuring as the reason. *Id.* Mozilla did not communicate any determination of "cause" to Teixeira, or that it had made a finding of "cause" as a basis to withhold the LTIP.

LTIP compensation is generally paid each year in February. In February 2025, Mozilla did not pay Teixeira any LTIP compensation, or provide any notice that it was withholding the LTIP compensation or a reason for doing so. *See* ECF No. 28 ¶ 107, ECF No. 38 ¶ 107. Mozilla's nonpayment is contrary to both the LTIP Agreements signed by Teixeira and Mozilla's representation that Teixeira had earned this compensation through at least April 2024.

On August 26, 2025, during a discovery conference before the Court, the Court verbally ruled that Teixeira must produce medical records related to his psychiatric treatment. Perez-Vargas Decl. ¶ 24.

## II.   PROPOSED AMENDMENTS

Teixeira seeks to amend his complaint to revise the claim for declaratory judgment of LTIP would be owed and transform it into breach of contract claims for breach of his 2022 and 2023 LTIP Agreements and Mozilla's resulting wrongful withholding of wages (i.e., LTIP

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT - 6

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

compensation). When Teixeira originally brought suit in June 2024, Mozilla had not yet breached the Agreements or withheld LTIP compensation owed to Teixeira. Teixeira included in his original complaint a claim for declaratory judgment that he was entitled to LTIP compensation under the 2022 and 2023 LTIP Agreements for his work performed in 2024. ECF No. 1-2. The breach of contract and wrongful withholding claims then accrued during this lawsuit. In February 2025 Mozilla failed to make these payments, and during deposition testimony taken in May and June 2025, Teixeira learned that Mozilla's withholding was both willful and unlawful.

With this amendment, Teixeira also narrows his Complaint, by voluntarily striking (1) claims for disclosure of health information under WLAD, (2) the Foundation as a defendant under any claim, and (3) Baker as an individual defendant as to the WLAD retaliation claim. This narrowing is in the interest of judicial efficiency and is supported by deposition testimony from May and June 2025.

Counsel has conferred on these proposed amendments. On June 23, 2025, counsel for Mozilla (the defendant against whom Teixeira seeks to add claims) and Teixeira spoke on the phone regarding the proposed amendments. Declaration of Mathew Harrington ("Harrington Decl.") at ¶¶2-4. At that time, counsel for Mozilla represented Mozilla's understanding that wrongful withholding was implied by the existing complaint. On July 30, 2025, counsel for Mozilla Corporation stated that Mozilla would not stipulate to the proposed amendments and asked that the issue be decided by a Rule 15 motion. Perez-Vargas Decl. Ex. 21. On August 27, 2025, counsel for Mozilla confirmed it would not agree to amendments related to the Court's August 26, 2025 oral rulings. Harrington Decl. ¶ 5.

### III.    ARGUMENT

The Court should permit Teixeira to amend his claims. A party may amend a pleading by leave of court, and leave shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *C.f. ex. Rel. Farnan v. Capistrano United School Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (internal quotations and citations omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). A presumption in favor of granting leave to amend exists unless the party opposing the motion can demonstrate prejudice. *Id.*

All of these factors weigh in favor of permitting amendment. Teixeira's claims are based entirely on the 2025 post-filing non-payment of his LTIP and evidence discovered over the course of the last three months during depositions and defendants' document productions, so there was **no undue delay**. These **amendments are not futile**, as they articulate cognizable claims, the merits of which track the existing claim for declaratory relief.

Teixeira has **previously amended the complaint** only once, by stipulation, and only to reflect the factual developments of his termination in September 2024 (which also had not occurred at the time of the complaint's original filing) and Mozilla's failure to pay LTIP compensation for 2024. ECF No. 26-1.

Defendants have been on notice about additional claims since the original complaint was filed, so there is **no prejudice** to adding them, and many of the amendments Teixeira seeks to make reduce claims and narrow issues. Teixeira's LTIP claims also arise naturally from Teixeira's initial complaint, which included a declaratory judgment claim under the very contracts that

Teixeira now alleges were willfully breached. Defendants have been aware of that claim since the beginning of this action, and no new factual record is needed to support any defenses Mozilla might have. The breach of contract and willful withholding claims are necessary to conform the pleadings to the evidence, which is that Mozilla entered into agreements with Teixeira regarding payment of LTIP compensation, withheld that compensation, and did so willfully and wrongfully on the basis of a phantom, undisclosed "cause" termination. There is also no prejudice to Defendants because the deadline for dispositive motions is several months away, on October 28, 2025. ECF No. 65.

There has been no **undue delay.** At the time of the previous amendment, Teixeira was not in possession of the requisite discovery or deposition testimony to assert breach of contract and willful withholding claims. *See, e.g.*, Perez-Vargas Decl. Ex. 14 (produced by Mozilla on April 20, 2025), Perez-Vargas Decl. Ex. 9 (Chambers Deposition, taken May 21, 2025) at 206:23-208:5; 241:13-242:13; 253:6-254:14; Ex. 18 (Chehak Deposition, taken May 22, 2025) at 248:13-254:12. Mozilla had not confirmed its intention to withhold the LTIP payment based on a theretofore undisclosed definition of "cause" and never informed Teixeira that it would withhold the LTIP payment on that basis or any other. Mozilla first made this disclosure in a meet and confer on May 5, 2025, a month after Teixeira's first amended complaint was filed. Perez-Vargas Decl. Ex. 22. Documents received from Defendants in April and May 2025, and deposition testimony taken in May and June 2025, shed light on Mozilla's improper decision to withhold Teixeira's LTIP compensation.

Regarding Teixeira's amendments pleading psychiatric injuries, on August 26, 2025, the Court ordered production of Plaintiff's psychiatric records during a discovery conference with the

parties. Perez-Vargas Decl. ¶ 25. The pleadings must be amended to conform to the evidence that Defendants require to be disclosed in this case.

For all of the reasons stated above, there is no basis for any argument that Teixeira seeks to amend his complaint in **bad faith**.

Finally, Teixeira's removal of WLAD disclosure of health information claims, of the Foundation as a party, and of Defendant Baker as to the retaliation claim narrow the issues before the Court and promote judicial economy.

## IV.    CONCLUSION

Teixeira's new claims associated with his 2024 LTIP compensation are the extension of his original declaratory judgment claim. Teixeira could not have brought these breach of contract and wrongful withholding claims sooner because there had been no breach or wrongful withholding until February 2025. Teixeira did not have the necessary discovery to investigate these claims thoroughly until summer 2025. The Court should permit these amendments and the others Teixeira seeks to make.

//

DATED this 27th day of August, 2025.

STOKES LAWRENCE, P.S.

By: /s/ Mathew Harrington
Amy Alexander (WSBA #44242)
Mathew Harrington (WSBA #33276)
Maricarmen Perez-Vargas (WSBA # 54344)
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
Amy.alexander@stokeslaw.com
Mathew.Harrington@stokeslaw.com
Maricarmen.Perez-Vargas@stokeslaw.com
Attorneys for Steve Teixeira

I certify that this motion contains 2,683 words, in compliance with the Local Civil Rules.