HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>                 Plaintiff,<br><br>    v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.<br><br>                 Defendants. | Case No. 2:24-cv-1032-RAJ<br><br>**MOZILLA DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Noted for Hearing: September 17, 2025 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 5
II. BACKGROUND ............................................................................................................ 6
    A. The deadline to amend the pleadings has long passed. ........................................... 6
    B. Plaintiff has long avoided disclosure of any psychiatric injury. ............................. 7
III. Legal Standard ............................................................................................................... 9
IV. ARGUMENT ................................................................................................................ 10
    A. Plaintiff makes no attempt to satisfy Rule 16's good cause standard in seeking to add "psychiatric injury" to his claimed damages; Plaintiff cannot even satisfy Rule 15. ............................................................................................................... 10
    B. Adding LTIP breach-of-contract and wage-withholding claims is futile because the claims fail as a matter of law. ........................................................................ 12
        1. The Plan Language Controls ................................................................... 13
        2. Pursuant to the LTIP Incentive Plan, Mozilla had sole discretion to determine cause. .................................................................................... 13
V. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
    465 F.3d 946 (9th Cir. 2006) ..................................................................................11

*Badgett v. Security State Bank*,
    116 Wn.2d 563 (1991) ............................................................................................13

*Bonin v. Calderon*,
    59 F.3d 815 (9th Cir. 1995) ..............................................................................12, 14

*Bowles v. Reade*,
    198 F.3d 752 (9th Cir. 1999) ...................................................................................9

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) .................................................................................9

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*,
    175 Wash. App. 840, 309 P.3d 555 (2013), aff'd, 180 Wash.2d 954, 331 P.3d
    29 (2014) ................................................................................................................13

*Grant v. United States*,
    2011 WL 5554878 (E.D. Cal. Nov. 15, 2011) ........................................................9

*Jackson v. Laureate, Inc.*,
    186 F.R.D. 605 (E.D. Cal. 1999) ...........................................................................10

*Johnson v. Hewlett-Packard Co.*,
    809 F. Supp. 2d 1114 (N.D. Cal. 2011), aff'd, 546 F. App'x 613 (9th Cir.
    2013) ......................................................................................................................12

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .........................................................................8, 9, 10

*MacDonald v. Hayner*,
    43 Wn. App. 81 (1986) ..........................................................................................13

*Mortg. Indus. Sols., Inc. v. Collabera, Inc.*,
    No. CV11-4008-CAS ............................................................................................12

*Murray v. Schriro*,
    745 F.3d 984 (9th Cir. 2014) .................................................................................13

*Shermoen v. United States*,
   982 F.2d 1312 (9th Cir. 1992) .................................................................................13

*Talyancich v. Microsoft Corp.*,
   No. C12-1128-JCC, 2012 WL 12941690 (W.D. Wash. Nov. 2, 2012) ...................14

*Texaco v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991) ..............................................................................11, 12

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
   715 F.3d 716 (9th Cir. 2013), *aff'd sub nom* ...........................................................12

*Watkins v. ESA Mgmt., LLC*,
   30 Wash. App. 2d 916, 547 P.3d 271 (2024) ...........................................................13

**Other Authorities**

Fed. Rule Civ. Proc. 15 ...............................................................................5, 8, 9, 10, 11

Fed. Rule Civ. Proc. 16 ...............................................................................5, 9, 10, 11, 12

Fed. Rule Civ. Proc. 35 ...............................................................................................12

I.  INTRODUCTION

Defendants Mozilla Corporation ("Mozilla"), Laura Chambers, and Dani Chehak (collectively, "Defendants") respectfully submit this Opposition to Plaintiff Steve Teixeira's Motion for Leave to File an Amended Complaint ("Motion"). Plaintiff seeks to amend his complaint to: (i) add "psychiatric damages" to his purported harm; and (ii) add breach of contract and willful withholding of wages claims relating to the Long Term Incentive Plan ("LTIP"). For the reasons set forth below, Plaintiff's Motion should be denied.[1]

Plaintiff seeks to radically enlarge this litigation after discovery is nearly closed, expert reports have been served, multiple depositions have been completed, and the Court-ordered deadline to amend pleadings has long since expired. He now asks to (1) inject a brand-new theory of *psychiatric injury*—the very issue he repeatedly disavowed for more than a year and shielded from discovery until *just hours* after the Court compelled production of his medical records—and (2) add breach of contract and wage-withholding claims predicated on payment of a Long-Term Incentive Plan ("LTIP") that the governing plan documents *foreclose as a matter of law*. Plaintiff's motion for leave to amend his complaint should be denied for the following reasons:

*First*, Plaintiff cites the incorrect standard governing his motion. He wrongly asserts that Rule 15's "liberal" amendment standard applies. In fact, because the deadline established by the Court to amend the pleadings in this case has passed, under binding Ninth Circuit authority Plaintiff must establish "good cause" under Rule 16(b). Plaintiff neither acknowledges nor satisfies the "good-cause" standard, and on this basis alone his motion must be denied. Plaintiff's eleventh-hour reversal on psychiatric damages—hours after being ordered to produce records—reflects strategic delay, not inadvertence. There is no good cause for Plaintiff's proposed amendment.

---

[1] Plaintiff's proposed amendments also include eliminating Mozilla Foundation as a defendant to this action, eliminating defendant Mitchell Baker from Claim Two, and eliminating his claim under the Washington Law Against Discrimination ("WLAD") based on alleged disclosure of health information (Claim Three). See ECF No. 70-1. Defendants do not oppose those changes, though Plaintiffs can nonsuit parties and claims without leave of court and irrespective of Defendants' position.

***Second***, under either standard, Plaintiff's attempt at near the close of discovery to dramatically alter the scope of his claimed damages in this case should not be permitted. Plaintiff has known about his purported psychiatric harm since the inception of this case yet waited until an adverse ruling in discovery to spring his proposed amendment. Plaintiff cannot demonstrate the requisite good cause to dramatically alter the scope of this case by introducing psychiatric damages claims he has previously disclaimed. Plaintiff's undue delay will severely prejudice Defendants, who have crafted their discovery and expert strategies around the current pleadings.

***Third***, Plaintiff's proposed amendments relating to the LTIP are futile because they fail as a matter of law. The plan documents themselves foreclose Plaintiff's recovery because they provide that Plaintiff was not entitled to payment if he was terminated "with cause," the determination of which is defined in the plan as within Mozilla's *sole discretion*. Since Mozilla determined that Plaintiff had not performed his duties and therefore terminated him with cause, Plaintiff's proposed LTIP claims fail as a matter of law and amendment would be futile.

Defendants are contemporaneously moving to continue the trial and related deadlines in light of Plaintiff's revelation of purported psychiatric injury and to allow for the analysis of Plaintiff's yet-to-be-produced medical records. But even if the Court grants Defendants' motion to continue the trial date—which is necessary under any scenario to permit Defendants to conduct discovery regarding Plaintiff's apparent condition—amendment is not justified here and Plaintiff's motion should be denied.

## II.     BACKGROUND

### A.     The deadline to amend the pleadings has long passed.

This employment discrimination case was removed to this Court on July 12, 2024. ECF No. 1. On August 19, 2024, the Court issued an Order Setting Trial Date and Related Dates, in which it set the deadline for amending the pleadings as April 9, 2025. ECF No. 16. On June 25, 2025, the Court granted Defendants' motion to continue the trial date over Plaintiff's objection but did not continue the deadline to amend the pleadings. ECF Nos. 64 & 65.

**B.     Plaintiff has long avoided disclosure of any psychiatric injury.**

In the currently operative pleading, Plaintiff seeks damages that "include substantial reputational damage, humiliation, anxiety, stress, and emotional distress in such kinds and amounts as will be proven at trial," "stress, anxiety, and inability to sleep," and "damages to his emotional well-being." ECF No. 28 at ¶¶ 106, 119, 143. At no point anywhere in Plaintiff's First Amended Complaint is there any allegation of clinically diagnosed psychiatric harm. *Id*. As a result, Defendants crafted their discovery strategy to explore Plaintiff's non-economic harm. Additionally, as Plaintiff's medical and psychiatric diagnoses could lead to the discovery of admissible evidence relating to causation (*e.g.*, whether Plaintiff's alleged harm was due to factors independent of Defendants' alleged conduct) and other merits issues (*e.g.*, Plaintiff's ability to return to work), Defendants propounded discovery seeking those records. Mozilla issued several discovery requests for medical records. *See, e.g.,* Todaro Decl., ¶¶ 3-4, Ex. A (RFP 8 requesting medical records referring to treatment for emotional distress; RFP 9 requesting medical records preceding Plaintiff's cancer diagnosis and employment with Mozilla; RFP 10 requesting medical records following Mr. Teixeira's return from leave that "relate to [Plaintiff's] ability to return to work.")

Plaintiff vehemently opposed providing his medical records or providing any facts relating to any psychological diagnosis. Todaro Decl., ¶¶ 4-7 Exs. A-C. During meet-and-confer communications, Plaintiff's counsel asserted privilege over any medical records or facts relating to any clinical diagnoses, and repeatedly disclaimed any allegation of psychiatric harm relating to Defendants' alleged conduct:

- "We can confirm that at this time Mr. Teixeira is only seeking garden variety emotional distress damages for his own emotional distress." *Id.*, Ex. C.
- "We stand on our objections to producing mental health records, as Mr. Teixeira is alleging only garden variety emotional distress damages." *Id*.
- "Mr. Teixeira [sic] confirming that he is merely seeking garden variety emotional distress

damages, *not damages for diagnosed physical or psychiatric injury*, nor does he intend to rely on medical evidence such as the testimony of a medical provider or expert witness."

Defendants specifically propounded Interrogatory No. 7, requesting that "[f]or each item or category of damage [Plaintiff] claim[s] to have suffered because of action or inaction on behalf of Defendants, describe in detail the nature and amount of the damages sought and how the damages were calculated." Plaintiff's supplemental response made no mention of psychological damages or the presence of a psychiatric injury, instead referring only to "[e]motional distress damages in an amount to be determined at trial." *Id.*, Ex. D.

Unable to reach resolution, on May 5, 2025 the parties submitted a Joint LCR 37 Motion. ECF No. 44. Therein, Plaintiff confirmed that he was not seeking recovery for psychiatric harm. *Id.* ("Nor does Mr. Teixeira claim damages which will depend on medical records; because his emotional distress claim is confined to garden variety emotional distress . . . [Plaintiff] requests noneconomic damages, *but not damages for a specific diagnosed physical or psychiatric injury caused*.") Plaintiff went so far as to refer back to his "vociferous assurances that he is not seeking to introduce evidence that Mozilla caused or worsened a diagnosis of, for example, Generalized Anxiety Disorder or a related clinical diagnosis." *Id*.

Yet despite those "vociferous assurances," just *hours* after the Court ruled that Plaintiff was ordered to produce all of his medical records, not just those relating to oncology (ECF No. 67), Plaintiff's counsel indicated—*for the first time*—that Plaintiff would seek to amend his complaint to include psychiatric injury as an element of his damages: "In light of the Court's ruling during today's discovery conference regarding Plaintiff's medical records, we intend to include amended pleadings that Defendants have caused Plaintiff psychiatric injury along with the amendments we have already discussed in or[sic] motion to amend. Please confirm whether Defendants oppose this amendment as well." Todaro Decl., ¶ 12 Ex. E. The fact that Plaintiff had apparently suffered a "psychiatric injury" was omitted from Plaintiff's answer to Interrogatory No. 7 and was a complete surprise to Defendants.

### III.     Legal Standard

When, as here, the Court has set a date by which the pleadings must be amended, a party seeking amendment must first demonstrate "good cause" under Rule 16(b); only if that showing is made does the Court examine Rule 15(a)'s more liberal standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Good cause exists only if "the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*

Courts within this Circuit undertake a three-step inquiry in determining "diligence" under Rule 16's good cause standard. *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011). To demonstrate diligence under Rule 16's "good cause" standard, the movant must show: (1) that he was diligent in assisting the Court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order. *Id.* (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

The Court next considers the Rule 15 factors—undue delay, bad faith, prejudice, and futility—with prejudice and futility receiving the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Even under Rule 15's more relaxed standard, "[l]iberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

## IV. ARGUMENT

### A. Plaintiff makes no attempt to satisfy Rule 16's good cause standard in seeking to add "psychiatric injury" to his claimed damages; Plaintiff cannot even satisfy Rule 15.

The Court's Scheduling Order required any motion to amend the pleadings to be filed by *April 7, 2025*. ECF 16. Plaintiff's motion—filed *August 27, 2025*, more than four months late—does not even cite Rule 16, let alone show diligence or good cause for his proposed amendments. The mere fact that the Court later continued the trial to February 2026 (over Plaintiff's vehement objection) does not revive the lapsed amendment deadline; the Court expressly declined to adjust the amendment deadline. ECF 66.

Because Plaintiff offers no explanation—much less good cause—for missing the Court's deadline, Rule 16(b) alone requires denial. *Johnson*, 975 F.2d at 609 (affirming denial where movant "failed to demonstrate diligence"). Although barely addressed in his Motion, Plaintiff's proposed amendment to add "psychiatric harm" to his pleaded damages in order "to conform the pleadings to the evidence" belies the seismic shift in issues Plaintiff seeks to inject into this case at the eleventh hour. Plaintiff's psychiatric injuries conceivably will comprise the bulk of his claimed non-economic damages and opens an entirely new and unexplored area of inquiry.

Plaintiff cites no authority for the confusing assertion that pleadings must be conformed to reflect discovery that Plaintiff resisted producing but has now been ordered to produce. Moreover, Plaintiff's brief reference elides that he is essentially seeking to introduce an entirely new and unexplored element of damages. This tactical about-face constitutes undue delay and "sandbagging"—precisely the conduct Rules 15 and 16 are designed to prevent.

Regarding Rule 16, Plaintiff fails to satisfy any of the diligence factors. Despite knowing about his purported psychiatric harm, Plaintiff did nothing to alert either the Court or Defendants to the possibility that he would seek to amend the pleadings to include claims for psychiatric injury. *Jackson*, 186 F.R.D. 605 at 608 ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such

anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible.")

Indeed, Plaintiff vehemently opposed Defendants' motion to continue the trial and related deadlines, baselessly accusing Defendants of bad faith and dilatory tactics, yet remained completely silent regarding even the possibility of needing to adjust the amendment deadline. ECF No. 53. Given that Plaintiff was undoubtedly aware of his undisclosed psychiatric diagnosis and that he was aware of the Court's schedule, this issue was entirely foreseeable, yet not only did Plaintiff not apprise Defendants or this Court, he actively opposed any changes to the Court's case management Order. *Id*. Plaintiff's proposed amendment must be denied because he has not attempted to—nor can he—establish the requisite diligence under Rule 16.

Even under Rule 15, Plaintiff's proposed amendment must be denied because of the prejudice to Defendants from Plaintiff's undue delay. Under Rule 15, "[s]ome courts have stressed prejudice to the opposing party as the key factor." *Texaco v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." *Id*. A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it "knew or should have known" that amendment was called for. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). For more than a year, Plaintiff insisted he sought only "garden-variety" emotional distress (and altogether declined to disclose that he had, apparently, also suffered a psychiatric injury). Relying on Plaintiff's representations and "vociferous assurances," Defendants crafted their discovery strategy, served expert disclosures, and took depositions. When Defendants nonetheless sought Plaintiff's medical records, Plaintiff claimed they were irrelevant and privileged. Defendants did all that they could do by seeking to compel the production of Plaintiff's records. Now, Defendants will suffer concrete prejudice in that they (i) still have not received a single page of treatment records; (ii) will need to re-depose Plaintiff; (iii) will need to subpoena and depose treating providers; (iv) will potentially seek to conduct an

independent medical evaluation pursuant to Rule 35; and (v) will need to retain psychiatry and vocational experts and prepare disclosures.

"Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013), *aff'd sub nom*. Courts in this Circuit routinely deny amendment where, as here, a party withholds an expansive new damages theory until after discovery is nearly complete, and where a party seeks late in the case schedule to change his or her theory of the case. *Texaco*, 939 F.2d at 799 (eight-month delay between obtaining knowledge of a relevant fact and seeking leave to amend is unreasonable); *Mortg. Indus. Sols., Inc. v. Collabera, Inc.*, No. CV11-4008-CAS AGRX, 2013 WL 440644, at *3 (C.D. Cal. Feb. 4, 2013) ("Leave to amend is often denied, where, as here, a plaintiff had knowledge of the relevant facts and theory of the case long before a plaintiff sought leave to amend"). Plaintiff's request to alter the scope of his damages claim is the type of "late-inning knuckleball [that] would create the sort of moving target courts find to be unduly prejudicial." *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1121–22 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013).

Plaintiff fails to satisfy any standard for amending his complaint to include psychiatric injury and his motion should be denied.

**B.    Adding LTIP breach-of-contract and wage-withholding claims is futile because the claims fail as a matter of law.**

Even if Plaintiff could satisfy Rule 16, amendment would be futile with respect to his proposed breach of contract and willful withholding claims relating to Mozilla's refusal to make an LTIP payment because the LTIP documents themselves foreclose recovery as a matter of law.

Futility can stand alone and be a basis by itself to justify denial of amendment. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). "A determination of futility contemplates whether . . . the amendment could present a viable claim on the merits for which relief could be granted."

*Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014). Where the theory presented in the amendment is lacking in legal foundation . . . the court has discretion to deny the motion to amend. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

### 1. The Plan Language Controls

Plaintiff's proposed breach of contract and willful withholding of wages claims are premised on Mozilla's purported obligation to make "Long Term Incentive Plan" payments in 2024 pursuant to the LTIP Participation Agreements. The Participation Agreements expressly incorporate the LTIP Incentive Plan. ECF 70-4 (Perez-Vargas Decl. Ex. 4); ECF 70-6 (Perez-Vargas Decl. Ex. 6). Sections 3.5 and 3.6 of the LTIP Incentive Plan condition payment on either (a) continual employment through the performance period, or (b) termination **"without Cause."** Todaro Decl., Ex. G.[2] Plaintiff does not allege that he was continually employed by Mozilla during the performance period, so whether he was entitled to the LTIP Payment depends on whether he was terminated with or without "cause."

### 2. Pursuant to the LTIP Incentive Plan, Mozilla had sole discretion to determine cause.

Section 2.5 of the LTIP Incentive Plan defines "Cause," including "failure to satisfactorily perform duties or responsibilities, ***as determined by the Company in its sole discretion***." *Id.* (with emphasis added). Washington law enforces "sole discretion" provisions where, as here, they are unambiguous. *MacDonald v. Hayner*, 43 Wn. App. 81, 85-86 (1986) (employer's discretionary decision dispositive absent bad faith); *Badgett v. Security State Bank*, 116 Wn.2d 563, 569-70 (1991) (discretion may not be used to destroy rights but may be exercised where contract reserves unilateral judgment).

---

[2] Consideration of the LTIP Incentive Plan is appropriate here as this opposition is not limited to the allegations made on the pleadings. Nonetheless, even were the Court to limit its analysis to the pleadings, consideration of the LTIP Incentive Plan is appropriate under the "incorporation by reference" doctrine, which permits the review of documents that are alleged in and central to the plaintiff's complaint. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 175 Wash. App. 840, 309 P.3d 555 (2013), aff'd, 180 Wash.2d 954, 331 P.3d 29 (2014), and aff'd, 190 Wash.2d 281, 413 P.3d 1 (2018); *Watkins v. ESA Mgmt., LLC*, 30 Wash. App. 2d 916, 547 P.3d 271 (2024).

Mozilla exercised that contractual discretion and classified Plaintiff's termination as "with Cause" based on documented performance deficiencies predating Plaintiff's medical leave. Answer ¶¶ 70-72. Because eligibility is a condition precedent, Plaintiff's breach and wage-withholding claims fail as a matter of law. *Bonin*, 59 F.3d at 845 (amendment futile where claim legally insufficient); *Talyancich v. Microsoft Corp.*, No. C12-1128-JCC, 2012 WL 12941690, at *2 (W.D. Wash. Nov. 2, 2012) ("Where the defendant's conduct is expressly authorized by the terms of the contract, there is no breach.").

Given that Mozilla had sole discretion to determine that Plaintiff failed to satisfactorily perform, and therefore terminated him with cause, no LTIP payment was due and Plaintiff's proposed amendment would be futile. Plaintiff's motion should therefore be denied.

## V.    CONCLUSION

Plaintiff ignored the Court's amendment deadline, withheld his new psychiatric injury theory until compelled to produce medical records, and proposes futile LTIP claims contradicted by the plan's express language. He cannot establish good cause, and amendment would unduly prejudice Defendants and disrupt the Court's schedule.

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Respectfully submitted this 10th day of September, 2025.

DLA PIPER LLP (US)

By: s / Anthony Todaro
Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
E-mail: anthony.todaro@us.dlapiper.com

*Attorneys for Defendants MOZILLA CORPORATION, LAURA CHAMBERS, and DANI CHEHAK*

I certify that this memorandum contains 3803 words, in compliance with the Local Civil Rules

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 10th day of September, 2025.

*s/ Jenelle Barrett*
Jenelle Barrett, Legal Executive Assistant