HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE TEIXEIRA,

                    Plaintiff,

        v.

MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
MOZILLA FOUNDATION, a California public
benefit corporation; LAURA CHAMBERS and
her marital community; WINIFRED MITCHELL
BAKER and her marital community, and DANI
CHEHAK and her marital community.

                    Defendants.

Case No. 2:24-cv-1032-RAJ

**DECLARATION OF ANTHONY
TODARO IN CONNECTION WITH
CERTAIN DEFENDANTS'
OPPOSITION TO MOTION TO
AMEND AND IN SUPPORT OF
MOTION TO CONTINUE**

I, Anthony Todaro, declare as follows:

1.      I am an attorney admitted to practice in the State of Washington, a Partner with the law firm of DLA Piper LLP (US) and am counsel of record Defendants MOZILLA CORPORATION a.k.a M.F. TECHNOLOGIES ("Mozilla"), LAURA CHAMBERS, and DANI CHEHAK (collectively, "Defendants"), in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I submit this declaration in connection with Defendants' Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint and Defendant's Motion to Continue.

DECLARATION OF ANTHONY TODARO - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

3.     On September 6, 2024, Mozilla propounded its First Set of discovery requests seeking Plaintiff's complete medical records to the extent they may relate to causation or damages.

4.     Plaintiff served his written responses to these requests on October 11, 2024, objecting to these requests and maintaining that such records were irrelevant and privileged due to his limited damages claims. A true and correct copy of Plaintiff's Responses to Mozilla's Request for Production of Documents, Set One, is attached hereto as **Exhibit A.**

5.     Throughout the course of this litigation, Plaintiff has repeatedly and expressly disclaimed any intent to seek damages beyond "garden variety" mental distress or to rely on medical evidence beyond oncology records. Plaintiff's counsel further confirmed this position in written responses to Mozilla's First Set of Interrogatories. A true and correct copy of Plaintiff's Responses to Mozilla's Interrogatories, Set One, is attached hereto as **Exhibit B**.

6.      On February 24, 2025, the Parties held a telephonic meet and confer conference which specifically addressed Requests for Production Nos. 8-10.

7.     From March 17, 2025 through April 18, 2025, the Parties exchanged numerous emails regarding Plaintiff's medical records. Plaintiff again continued to assert privilege over medical records and affirmatively stated multiple times that Plaintiff was not seeking damages for any diagnosed physical or psychiatric injury. A true and correct copy of this written communication is attached hereto as **Exhibit C.**

8.     On June 11, 2025, Plaintiff supplemented their Responses to Mozilla's First Set of Interrogatories. There, in response to Defendants' Interrogatory No. 7, Plaintiff made no mention of psychological damages and referred only to "emotional distress damages in an amount to be determined at trial." A true and correct copy of Plaintiff's Supplemental Interrogatory Responses to Mozilla's Interrogatories, Set One, is attached hereto as **Exhibit D.**

9.     Defendants took Plaintiff's deposition on June 12, 2025. During the course of the deposition, Plaintiff's counsel repeatedly instructed Plaintiff not to answer questions relating to his medical condition and treatment.

DECLARATION OF ANTHONY TODARO - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

10. On May 01, 2025, the parties submitted a Joint LCR 37 Motion regarding Plaintiff's refusal to produce medical records. In that motion, Plaintiff again confirmed he was not seeking recovery for psychiatric harm and was not relying on medical evidence beyond oncology records.

11. Relying on Plaintiff's representations, Defendants crafted their discovery and expert strategies accordingly.

12. On August 26, 2025, the Court held a hearing regarding the aforementioned joint motion concerning Plaintiff's refusal to produce medical records. During that hearing, the Court ordered Plaintiff to produce medical records.

13. That same day, on August 26, 2025—barely 2 hours after the Court ordered Plaintiff to produce his medical records—Plaintiff's counsel, for the very first time in this litigation, indicated that Plaintiff intended to amend his complaint to include claims for psychiatric injury. This abrupt reversal came only after Plaintiff had repeatedly and unequivocally disclaimed any such damages throughout the case. A true and correct copy of this correspondence is attached hereto as **Exhibit E.**

14. Notwithstanding the Court's statements at the August 26, 2025 hearing that discovery requests seeking "all" documents are disfavored, only three days after that hearing Plaintiff served Defendants with a new round of discovery, including two requests for admission, two interrogatories, and eleven requests for production—eight of which seek "all" documents. Defendants will require additional time to address these broad and burdensome requests, which serves as a further, independent reason that the current trial date and related deadlines should be continued. A true and correct copy of Plaintiff's recent discovery requests served on August 29, 2025 are attached hereto collectively as **Exhibit F**.

15. The Court's initial Case Schedule Order, issued on August 19, 2024, expressly set the deadline for amending pleadings as April 9, 2025.

16. On June 25, 2025, the Court granted Defendants' motion to continue the trial date and issued a new order establishing revised trial and related dates. Critically, however, the Court's

DECLARATION OF ANTHONY TODARO - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1    new order **did not extend or alter the previously established deadline for amending pleadings**.

2    The amendment deadline thus remained firm and binding, notwithstanding the continuance of

3    other case deadlines.

4          17.    Plaintiff's motion for leave to amend was filed more than four months after the

5    Court's deadline for amending pleadings had passed. Plaintiff did not seek to extend the

6    amendment deadline or alert the Court or Defendants to any anticipated amendment prior to the

7    deadline.

8          18.    A true and correct copy of the Mozilla Corporation Long-Term Incentive Plan, as

9    adopted effective April 19, 2013 and Amended and Restated effective October 25, 2016 is attached

10   hereto as **Exhibit G**.

11         19.    As of the date of this declaration, Defendants have not received any of Plaintiff's

12   medical or psychiatric records. However, Plaintiff has indicated an intent to name additional expert

13   witnesses and/or call treating providers to testify at trial.

14         20.    Discovery is currently set to close on September 29, 2025, with dispositive motions

15   due October 28, 2025, and trial set for January 26, 2026. Defendants have not had the opportunity

16   to conduct discovery regarding Plaintiff's newly disclosed psychiatric claims, including reviewing

17   records, deposing providers, or retaining medical experts, or to otherwise respond and evaluate

18   plaintiff's medical condition from the perspective of causation on all of the claimed injuries.

19         21.    Earlier today, we conducted a meet and confer with Plaintiff's counsel on the issue

20   of continuance of the trial date and Defendants' request for approximately nine months to complete

21   the needed discovery and properly present issues on summary judgment. Plaintiff's counsel

22   disagreed that a continuance was needed, notwithstanding stating that they now intend to call

23   additional medical witnesses. At the close of the discussion, Plaintiff's counsel requested a number

24   of days to present the issue to their client. I indicated to please get back to me today, as we intended

25   to file, but that I would agree to strike the motion should their client overrule his counsel and

26   indicate agreement to a continuance. Plaintiff's counsel responded with the following proposal:

DECLARATION OF ANTHONY TODARO - 4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1
2
3
4
5
6

I mentioned on the call today the possibility of adjusting certain deadlines as an alternative to your proposed 6-9 month continuance. Here's our proposal: All parties would disclose additional witnesses and expert witnesses by September 26, 2025, with reports and other disclosures by report-writing experts by October 3. Additionally disclosed witnesses may be deposed past the discovery cutoff (September 29), but before October 10. We are comfortable with our ability to file any Daubert motion before the cutoff on October 28, and given that these matters relate to damages, we do not anticipate this affecting summary judgment motions. Please note that it remains our position that under applicable law, therapy records are inadmissible and privileged if Mr. Teixeira does not seek to introduce them or call a treating provider or expert witness to testify about them. RCW 49.60.510.

7
8
9
10
11
12
13
14
15
16
17
18
19
20

22.    Plaintiff's proposal thus offered to extend the percipient and expert disclosure deadlines (which have already passed and which were not extended by the Court's prior Order, *see* ECF No. 65) and to permit depositions of those newly disclosed witnesses by October 10. Plaintiff's counsel's proposal is untenable for a host of reasons, including but not limited to the following: Defendants have no context or information regarding Plaintiff's medical condition or what this apparent psychiatric condition is and are not in possession of Plaintiff's medical records. Defendants thus cannot possibly even know what Defendants would be responding to and what sorts of experts may be needed, much less have adequate time to identify and retain experts, get them records, take depositions of treating witnesses, perhaps conduct a CR 35 exam (which Plaintiff is sure to resist), get reports issued and allow Plaintiff an opportunity to depose our experts, as well as for all parties to then follow with Daubert motions, if warranted. In light of the Court's admonishment to file motions affecting the case schedule as soon as possible, I elected to file the motion and to continue to meet and confer with Plaintiff's counsel in the hopes that we could reach resolution.

21
22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

Executed at Seattle, Washington on September 10, 2025.

24
25

DLA PIPER LLP (US)

26

*By: s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391

DECLARATION OF ANTHONY TODARO - 5

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on September 10, 2025, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system which will send notification of such filing to all

4    parties or their counsel of record.

5    Dated this 10th day of September, 2025.

6                                        *s/ Jenelle Barrett*
                                         Jenelle Barrett, Legal Executive Assistant
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF ANTHONY TODARO - 6                    DLA Piper LLP (US)
                                                     701 Fifth Avenue, Suite 6900
                                                     Seattle, WA  98104-7044 | Tel: 206.839.4800