**EXHIBIT A**

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>    Plaintiff,<br><br>  v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community,<br><br>    Defendants. | Case No.: 2:24-CV-01032-RAJ<br><br>DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF *AND RESPONSES THERETO* |

Plaintiff Steve Teixeira ("Plaintiff"), by and through his counsel of record, hereby responds to Defendant Mozilla Corporation's ("Mozilla Corp.'s") First Set of Requests for Production to Plaintiff Steve Teixeira as follows:

**PRELIMINARY STATEMENT**

Plaintiff makes the following statement regarding Mozilla Corp.'s Requests for Production:

1. Plaintiff may rely, at any time including trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

or inadvertence. However, Plaintiff is under no duty to supplement any response that was complete when made except as provided by Federal Rule of Civil Procedure ("Rule") 26(e).

2. The specific responses set forth below are for the purposes of discovery only, and Plaintiff neither waives nor intends to waive, but expressly reserves any and all objections Plaintiff may have as to the relevance, competence, materiality, admissibility or use in this proceeding of any information, documents or writings produced, identified or referred to herein, or to the introduction of any evidence in this proceeding relating to the subjects covered by such responses.

3. The specific responses set forth below are based upon Plaintiff's good faith interpretation of the language used in the Discovery Requests, and Plaintiff reserves the right to amend or supplement further its responses in the event that Mozilla Corp. asserts an interpretation that differs from Plaintiff's interpretation.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All communications, including postings and direct messages, that mention or relate to the allegations in this lawsuit from August 1, 2022 to the present in each account listed in response to Interrogatory No. 1.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects to this request as overbroad and vague as the term "relate to" is undefined. Plaintiff further objects to this Request to the extent this information is in Defendants' custody and control. Plaintiff further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, psychotherapist-patient privilege, marital privilege, or doctor-patient privilege. Without waiving these objections, Plaintiff Responds as follows: pursuant to the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20, Plaintiff will identify search terms that will capture

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 2

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

potentially responsive communications and produce all responsive, non-privileged communications, if any.

**REQUEST FOR PRODUCTION NO. 2:**

All communications between you and any other person concerning the allegations in your Complaint.

**RESPONSE:** Plaintiff objects to this Request as overbroad and vague with respect to the term "concerning," which is not defined. Plaintiff further objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Without waiving these objections, Plaintiff Responds as follows: *see* objections and Response to Request for Production ("RFP") No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All documents prepared by you including but not limited to notes, records, logs, notebooks, reports, correspondence or itineraries, that relate to your claims in your Complaint.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects that the term "relate to" is vague and undefined. Plaintiff further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, psychotherapist-patient privilege, marital privilege, or doctor-patient privilege. Plaintiff further objects to this Request as compound. Without waiving these objections, Plaintiff Responds as follows: Plaintiff will search for and produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 4:**

All communications between you and any other current or former Mozilla employee or Board Member from August 1, 2022 to the present that relate to the allegations in your Complaint.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 3

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects to this request as overbroad and vague as the term "relate to" is undefined. Plaintiff further objects to this Request to the extent this information is in Defendants' custody and control. Without waiving these objections, Plaintiff Responds as follows: pursuant to the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20, Plaintiff will identify search terms that will capture potentially responsive communications and produce all responsive, non-privileged communications, if any.

**REQUEST FOR PRODUCTION NO. 5:**

All postings on your private CaringBridge site referenced in paragraph 76 of the Complaint.

**RESPONSE:** Plaintiff objects to this Request as overbroad and untethered from the issues in this litigation. Plaintiff will agree to produce only CaringBridge posts that are related to Plaintiff's ability to do his work for Mozilla Corporation or that include statements about Plaintiff's work for Mozilla Corporation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to the emotional distress, reputational damage, humiliation, anxiety, and stress that you allege you suffered as a result of Defendants' actions.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is an impermissible omnibus request that fails to identify any item or category of items with reasonable particularity. Plaintiff further objects to the term "relate to" as vague and undefined. Plaintiff further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, psychotherapist-patient privilege, marital privilege, or doctor-patient privilege. Without waiving these objections, Plaintiff Responds as follows: pursuant to the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20,

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 4

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Plaintiff will identify search terms that will capture potentially responsive documents and produce all responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to the emotional distress, reputational damage, humiliation, anxiety, and stress that you allege your wife suffered as a result of Defendants' actions.

**RESPONSE:** Plaintiff objects to this request as overbroad, harassing, and untethered from the issues in this litigation. Plaintiff further objects to this request as seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege.

**REQUEST FOR PRODUCTION NO. 8:**

All medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records.

**RESPONSE:** Plaintiff objects to this Request as overbroad and seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff also objects to the term "medical records" as vague and undefined.

**REQUEST FOR PRODUCTION NO. 9:**

All medical records from August 1, 2019 to August 1, 2022.

**RESPONSE:** Plaintiff objects to this Request as overbroad and seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff further objects to this Request as harassing and untethered from the issues in this litigation. Plaintiff also objects to the term "medical records" as vague and undefined as to which types of records are sought. It is further vague and undefined as to whose medical records are sought, though based on Plaintiff's good faith interpretation of the request, Defendant is seeking records based on Plaintiff's own medical care. Plaintiff will not produce medical records from before Plaintiff's cancer diagnosis in October 2023.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 5

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**REQUEST FOR PRODUCTION NO. 10:**

All medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment.

**RESPONSE:** Plaintiff objects to this Request as seeking information protected by the psychotherapist-patient privilege and the doctor-patient privilege. Plaintiff also objects to the term "medical records" as vague and undefined. Without waiving these objections, Plaintiff Responds as follows: Plaintiff will search for and produce responsive, non-privileged records, if any.

**REQUEST FOR PRODUCTION NO. 11:**

All communications you had with Russell Reynolds Associates regarding your potential employment and/or employment with Mozilla.

**RESPONSE:** Plaintiff will search for and produce responsive, non-privileged communications, if any.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that were relied upon when drafting your responses to your Initial Disclosures.

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Without waiving this objection, Plaintiff responds as follows: Plaintiff did not rely on any non-privileged documents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents referred to in Interrogatory 18.

**RESPONSE:** See documents produced herewith. Plaintiff will search for and produce additional responsive, non-privileged documents, if any.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 6

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## ATTORNEY'S CR 26 CERTIFICATION

The undersigned attorney certifies pursuant to Civil Rule 26(g) that he or she has read each response and objection to these discovery requests, and that to the best of his or her knowledge, information, and belief formed after a reasonable inquiry, each is (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

DATED this 11th day of October, 2024.

STOKES LAWRENCE, P.S.

By: */s/ Amy Alexander*
Amy Alexander (WSBA #44242)
Mathew Harrington (WSBA #33276)
Maricarmen Perez-Vargas (WSBA # 54344)
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
Amy.alexander@stokeslaw.com
Mathew.Harrington@stokeslaw.com
Maricarmen.Perez-Vargas@stokeslaw.com
Attorneys for Plaintiff Steve Teixeira

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 7

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I caused the foregoing *Response to Defendant Mozilla Corporation's First Set of Requests for Production of Documents* to be:

☒   Via e-mail to the following:

*Counsel for Mozilla Foundation*

Darren A. Feider
Amanda V. Masters
Sebris Busto James
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
dfeider@sbj.law
amasters@sbj.law

*Counsel for Mozilla Corp, Laura Chambers,
Winifred Mitchell Bakers and Dani Chehak*

Anthony Todaro
Alexandria Cates
DLA Piper LLP
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Anthony.todaro@us.dlapiper.com
Alexandria.cates@us.dlapiper.com

/s/Anna Armitage
Anna Armitage, Practice Assistant

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND RESPONSES THERETO - 8

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000