# EXHIBIT C

# Igbokwe, Danielle

| From: | Cates, Alexandria |
| --- | --- |
| Sent: | Friday, April 18, 2025 1:52 PM |
| To: | Amy K. Alexander; Maricarmen Perez-Vargas |
| Cc: | Mathew Harrington; Sarah Armon; Laura Smith; Anna Armitage; Bittle, Jacey; McFadden, Robert; Darren Feider; Todaro, Anthony; Katie Marchenko; Beth Touschner; Igbokwe, Danielle |
| Subject: | RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses |

Thank you. I believe the parties are at an impasse as to RFP 10 for all the reasons we have reiterated below.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Thursday, April 17, 2025 4:45 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠ EXTERNAL MESSAGE

Alex,

Mozilla's RFP 10 states: "All medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment." I have confirmed that we have no responsive records relating to Mr. Teixeira's ability to return to work, and in fact Mr. Teixeira had returned to work for the time period requested. I understand from your message that Mozilla Corporation is also seeking medical records that might possibly relate to Mr. Teixeira's ability to log into work on any given afternoon, whether due to surgery or a headache, based on its own inexpert evaluation**.** This is overbroad and protected by privilege and we will not produce such records. If Mozilla Corporation is contending somehow that Mr. Teixeira taking occasional PTO to manage medical needs arising from cancer treatment relates to his ability to work, then Mozilla Corporation can access its own internal records without invading Mr. Teixeira's privacy.

1

With respect to your request to supplement responses, we will certainly supplement responses before the close of discovery.

**Amy K. Alexander**
Attorney | Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, April 15, 2025 11:31 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Amy,

To be clear, the records need not specifically mention his ability to work. Medical records that mention any anticipated consequences of his treatment that may affect his ability to work, or dates that he will have to be out that would also affect his ability to work, would be responsive, even if they do not explicitly mention his job or Mozilla. If you still stand by your position that you have no documents that are responsive to RFP 10, please let us know when we can except a supplemental updated response to RFP 10.

Thank you for confirming you stand by your objections to RFP 8.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Monday, April 14, 2025 3:57 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>

**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

> ⚠ **EXTERNAL MESSAGE**

Hi Alex,

Thanks for your message. Subject to your clarification that Mozilla is seeking documents related to Mr. Teixeira's ability to work due to cancer, and without waiving our objections or applicable privilege, we have no documents that are responsive to RFP 10.

We stand on our objections to producing mental health records, as Mr. Teixeira is alleging only garden variety emotional distress damages. Under RCW 49.60.510, he does not waive privilege by asserting a claim under the WLAD.

**Amy K. Alexander**
Attorney | Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, April 14, 2025 1:56 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Amy,

We appreciate your position, but we simply do not agree for all the reasons we have already laid out in our prior communications. As we already explained below, Plaintiff has placed his health status at issue in the case by alleging that he was willing and able to perform the duties of the CPO role, which Mozilla disputes. Plaintiff also alleges that Defendants placed his health status in a false light, and we need the records to be able to defend against that claim.

For RFP 10, yes, that is confirmed.

Please let us know by **EOD tomorrow** whether you are going to be providing the records we requested. Otherwise, we will be moving to compel.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Wednesday, April 9, 2025 4:35 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠️ EXTERNAL MESSAGE

Hello Alex,

Mozilla Corporation contends that it is entitled to a swath of mental health records simply because the word "anxiety" appears in his complaint. This is in spite of "anxiety" being within the definition of emotional distress damages, and Mr. Teixeira confirming that he is merely seeking garden variety emotional distress damages, not damages for diagnosed physical or psychiatric injury, nor does he intend to rely on medical evidence such as the testimony of a medical provider or expert witness. Mozilla is simply not entitled to mental health records. *Dawson v. S. Corr. Entity*, No. C19-1987RSM, 2021 WL 2012310, at *3 (W.D. Wash. May 20, 2021) ("damages related to stress, loss of enjoyment of life, humiliation, embarrassment, fear, **anxiety**, and anguish/grief as a result of Defendant's conduct...are not medical diagnoses, but merely lay observations of harm that Plaintiffs claim the children experienced as a result of Defendants' alleged actions."). This is abusive and intrusive discovery conduct wholly unsupported by RCW 49.60.510's protection of plaintiffs just like Mr. Teixeira, as well as analogous federal caselaw.

However, please note that in the very unlikely event that Mozilla Corporation successfully obtains Mr. Teixeira's medical records, and seeks to use them at trial, Mr. Teixeira reserves the right to name additional expert witnesses and/or call his treating providers to testify.

With respect to RFP 10, I will note that during the time period requested (March 1-May 23, 2024), Mr. Teixeira *was actually working and doing his job* until Mozilla forced him on leave, so it is unclear the relevance of documents showing his "ability to return" to work. What relevance do these records have if we are willing to stipulate to the fact of Mr. Teixeira's cancer and even produce records sufficient to show his cancer? Can you identify the element of any of Mr. Teixeira's claims that this relates to? Can you also confirm that in RFP 10, Mozilla is seeking records regarding Mr. Teixeira's ability to work due to cancer?

Thank you,

**Amy K. Alexander**
Attorney | Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Tuesday, April 8, 2025 2:28 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Mozilla disagrees with your interpretation of both RCW 49.60.510 and the relevant case law. Additionally, Plaintiff has an obligation to produce his medical records outside the emotional distress context, given that Plaintiff has put his health status at issue outside the emotional distress context. *See* Compl. ¶ 139.

First, RCW 49.60.510 does not create a blanket protection against disclosure of medical records when a plaintiff seeks emotional distress damages. The statute protects health care privilege *unless* the plaintiff affirmatively *places their condition at issue.* That is precisely the point here: by alleging discrimination based on a disability—Mr. Teixeira has affirmatively placed his medical records at issue in this litigation. (Compl. pg. 14-17, ¶¶ 106–126). Plaintiff has asserted claims of discrimination based on a disability and explicitly alleged "anxiety"—which Washington courts have recognized can constitute a psychiatric injury. (*See* Compl. ¶. 117); *Stratton v. Dep't of Labor & Indus.*, 7 Wn. App. 652, 654 (1972). As such, your attempt to distinguish *Konda*, is misplaced. The plaintiff in *Konda* alleged anxiety—and so does Mr. Teixeira. (*See* Compl. ¶. 117.). This allegation goes beyond vague "humiliation" or "embarrassment" and brings Mr. Teixeira's mental and emotional health directly into issue, triggering the right to discover relevant medical records. Please confirm that you will not be producing Plaintiff's medical records that are responsive to RFPs 8 & 9. We feel as though we have met our meet and confer obligation on this issue, and plan to move forward with a Joint LRC 37 motion.

Second, our citation to *Lavington v. Hillier* is not irrelevant. *Lavington* underscores the principle that when a plaintiff places their medical status issue, the defendant has a right to access relevant medical records to mount a fair defense. The argument that Defendants do not get access to Plaintiff's medical records because Plaintiff only asserts "garden variety emotional distress" is missing the greater point—Plaintiff has placed his health status at issue in the case by alleging that he was willing and able to perform the duties of the CPO role. Plaintiff also alleges that Defendants placed his health status in a false light. As you know, a defense to a defamation claim is truth. Defendants need Plaintiff's records to put forth a fair defense. Given this, we cannot agree to your stipulation to only provide medical records relating to Plaintiff's cancer diagnosis. Please confirm that you will not be producing Plaintiff's medical records that are responsive to RFP 10. We note that Plaintiff agreed to produce in your initial responses, but we have not yet seen any medical records and it seems as though you may be walking back from your initial position. If you are planning to produce, please let us know when we can expect the production. If you are not planning to produce, we feel as though we have met our meet and confer obligation on this issue, and plan to move forward with a Joint LRC 37 motion.

5

Thank you,
Alex

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Friday, April 4, 2025 12:58 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

---

⚠ EXTERNAL MESSAGE

Alex,

It appears that Mozilla continues to ignore the plain language of RCW 49.60.510: Mr. Teixeira does not waive any health care privilege by asserting garden variety emotional distress damages. The legislature clearly determined that individuals who have suffered employment discrimination do not throw open their medical files as a condition to seeking justice and damages. *Lavington v. Hillier* doesn't even cite RCW 49.60.510. It's irrelevant.

*Konda* is also distinguishable. The plaintiff in that case claimed a failure to accommodate and specific diagnosable injuries such as anxiety, weight loss, and gastrointestinal issues. We make no such claims here. We have already assured you that Mr. Teixeira seeks garden variety damages only, yet Mozilla insists on its attempts to pry into his private medical records, which Mr. Teixeira has in no way placed at issue in this case.

We are willing to produce medical records sufficient to show Mr. Teixeira's cancer diagnoses.

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Thursday, April 3, 2025 3:05 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

We disagree with your reading of RCW 49.60.510. Plaintiff is alleging a disability discrimination cause of action, so has waived the privilege pursuant to RCW 49.60.510(b). *See Konda v. United Airlines, Inc.*, No. 2:21-CV-01320-LK, 2023 WL 2864562, at *3 (W.D. Wash. Apr. 10, 2023) (compelling the plaintiff to produce her medical records to her employer, even though she argued there was no dispute as to her disability or her accommodation). Moreover, it is our position that Plaintiff has an obligation to provide his medical records outside of the emotional distress context. *Lavington v. Hillier,* 22 Wash. App. 2d 134, 147, 510 P.3d 373, 381 (2022) (noting that plaintiff's argument that she did not intend to rely on her medical records to prove her emotional distress claim failed to recognize that the defendants "could use her medical records to *defend* against her emotional distress claim. And her medical records clearly had the capacity to lead to the discovery of admissible evidence regardless of whether the records themselves were admissible."). We also will not agree to a stipulation. Plaintiff's records will be relevant outside the context of the emotional distress claim. For example, Plaintiff argues that he was willing and able to continue in his role as CPO, which is contrary to what he was saying at the time he returned from leave (See Complaint, ¶¶ 73 & 86).  We don't see a scenario where this information is not used in the case. If you are not willing to provide the records, we will need to seek a request from the court.

Thanks,

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Wednesday, April 2, 2025 1:00 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>

**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

> ⚠ EXTERNAL MESSAGE

Alex,

Plaintiff does not plan to waive healthcare privilege pursuant to RCW 49.60.510, which permits a Plaintiff to seek garden variety emotional distress damages without waiver of privilege. We are not required to make the kind of stipulations you are asking for, rather we are entitled by Washington law to simply assert the privilege in response to your discovery request. Even under conditions where Mr. Teixeira asserts the privilege he may nonetheless seek garden variety noneconomic damages.

Is it medical records regarding Mr. Teixeira's cancer condition that you are concerned about here? We are willing to enter into stipulation that Mr. Teixeira has cancer if that is going to be in question at trial. Please let us know if you would like to consider a stipulation about Mr. Teixeira's cancer condition.

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Wednesday, April 2, 2025 10:55 AM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Your response does not answer my question. It seems as though you are refusing to confirm that Plaintiff will not offer medical lay or expert testimony at trial in support of any claims of non-economic damages? If that is the case, this means Plaintiff is both refusing to produce medical records and refusing to confirm that he will not offer medical injury testimony at trial. Is that correct? We need an agreement to produce medical records or a confirmation that medical testimony will not be offered, or else we will need to move to compel.

We ask that you respond by EOD tomorrow, given the pending deadlines.

Thank you,

8

Alex

## Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Tuesday, April 1, 2025 1:01 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠️ **EXTERNAL MESSAGE**

Hi Alex,

Mr. Teixeira declines to waive any health care privilege.

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com   |   stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Monday, March 31, 2025 9:12 AM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

I just wanted to follow up on the last point in my below email. Thank you.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Cates, Alexandria
**Sent:** Friday, March 21, 2025 12:40 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Maricarmen,

Please see below in red. Thank you.

**Alex Cates**
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Sent:** Monday, March 17, 2025 4:17 PM
**To:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

⚠️ **EXTERNAL MESSAGE**

Hi Alex,

Thanks for your clarification. As to outstanding issues:

Would Mozilla Corporation consider searching the reduced list of Slack aliases below as terms within the Slack data? Please let us know by the end of this week, otherwise we will assume we are at an impasse on this issue. <span style="color:red">We can agree to the below except for Nos. 9-12. Mark Surman is a Mozilla Foundation employee, not a Mozilla Corporation employee, so you will need to go through the Mozilla Foundation counsel for his Slack account. Board members do not have Slack accounts, so no account exists for Kerry, Bob, or Hugh.</span>

1. Steve Teixeira
2. Laura Chambers
3. Dani Chehak
4. Mitchell Baker
5. Ian Carmichael
6. Lindsey O'Brien
7. Suba Vasudevan
8. Eric Muhlheim
9. ~~Mark Surman~~
10. ~~Kerry Cooper~~
11. ~~Bob Lisbonne~~
12. ~~Hugh Molotsi~~
13. Leyla Samiee
14. Sally Richardson
15. LaVonne Copps
16. Hannah Kagan

As to a continuance, we are amenable to a 60-day extension, putting trial in early December 2025. It is important to our client that trial remain in this calendar year, and we believe that extension to be reasonable to allow the parties the necessary time to move through discovery efficiently. Please let us know if Mozilla Corporation and individual defendants are in agreement, and we can file a joint motion to continue with Mozilla Foundation (assuming the Foundation agrees as well). <span style="color:red">Yes, we can agree to this. We would propose the following schedule, which gives a bit more time on discovery but keeps our trial date in 2025 :</span>

- <span style="color:red">Initial Expert Reports Due (4/9) – July 9</span>
- <span style="color:red">Discovery motion deadline (5/5) – August 11</span>
- <span style="color:red">Rebuttal Expert Reports (5/9) – Aug 11</span>
- <span style="color:red">Discovery cutoff (6/9) – Aug 20</span>
- <span style="color:red">Dispositive motions (7/8) – September 15</span>
- <span style="color:red">Trial (10/6) – December 6</span>

As to efficient discovery, could you please confirm that Mozilla Corporation and Individual Defendants are proceeding with their search and review as to the requests and methodologies where the parties have reached agreement, and will begin producing responsive information while Court decisions as to disputed issues are pending? Plaintiff's first set of requests were served on July 26, 2024, eight months ago, and we alerted Mozilla Corporation and Individual Defendants to discovery deficiencies on January 9, 2025, beginning the FRCP 26 meet and confer process on January 21, 2025. Although there are issues on which we will need to seek Court intervention, we do not believe it is appropriate to delay identification and production of other responsive information, especially if the parties are to begin depositions in a timely matter. Please confirm Mozilla Corporation and Individual Defendants have begun their search and review as to the requests and methodologies

on which we have reached agreement, and provide a date by which they plan to begin producing documents by the end of this week. Yes, we can confirm that we are in the reviewing process and anticipate a rolling production, beginning April 11th.

Finally, as an update on the questions Mozilla Corporation and Individual Defendants posed to us:

- As to ROGs 2-3, and 5, Mr. Teixeira does not remember more than he disclosed in his discovery responses. Ok.
- As to ROG 4, Mr. Fishman's comments were made in a meeting Mr. Fishman had with members of Mr. Teixeira's team during the week Mr. Teixeira was placed on involuntary leave. His statements should have been captured in notes by meeting attendees, and Mozilla Corporation should have records of attendees who heard the comments. Mr. Teixeira does not know who Leigh Honeywell spoke to and did not ask for this information. Ok.
- As to ROG 9 and RFP 10, we can confirm that at this time Mr. Teixeira is only seeking garden variety emotional distress damages for his own emotional distress. Ok. Can you please confirm that you will not use Steve's medical testimony or records at trial, will not rely on any medical lay or expert witness testimony, and will not rely on healthcare records to support your claims?

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Cates, Alexandria <Alexandria.Cates@us.dlapiper.com>
**Sent:** Wednesday, March 5, 2025 2:43 PM
**To:** Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Charlotte Edwards <charlotte.edwards@stokeslaw.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Darren Feider <dfeider@sbj.law>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Katie Marchenko <kmarchenko@sbj.law>; Beth Touschner <btouschner@sbj.law>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Subject:** RE: Steve Teixeira v. Mozilla Corporation, et al. W.D. WA Case No. 2:24-cv-01032-RAJ - Deficient Discovery Responses

Hi Maricarmen,

Please see our response in red below.

Thanks,

Alex Cates
Associate

T  +1 206 839 4893
F  +1 206 494 1797
M  +1 425 275 6289
alexandria.cates@us.dlapiper.com

12