**EXHIBIT D**

THE HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
8

9  STEVE TEIXEIRA,                          Case No.:  2:24-CV-01032-RAJ

              Plaintiff,
10                                          DEFENDANT MOZILLA
          v.                                CORPORATION'S FIRST SET OF
11                                          INTERROGATORIES TO PLAINTIFF
   MOZILLA CORPORATION a.k.a. M.F.          *AND FIRST SUPPLEMENTAL*
   Technologies, a California corporation;  *ANSWERS THERETO*
12 MOZILLA FOUNDATION, a California
   public benefit corporation; LAURA
13 CHAMBERS and her marital community;
   WINIFRED MITCHELL BAKER and her
14 marital community, and DANI CHEHAK and
   her marital community,
15
              Defendants.
16

17        Plaintiff Steve Teixeira ("Plaintiff"), by and through his counsel of record, hereby

18 supplements responses to Defendant Mozilla Corporation's ("Mozilla Corp.'s") First Set of

19 Interrogatories to Plaintiff Steve Teixeira as follows:

20                          **PRELIMINARY STATEMENT**

21        Plaintiff makes the following statement regarding Mozilla Corp.'s Interrogatories:

22        1.  Plaintiff may rely, at any time including trial, upon subsequently discovered information

23 or information omitted from the specific responses set forth below as a result of mistake, oversight

24

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

or inadvertence. However, Plaintiff is under no duty to supplement any response that was complete when made except as provided by Federal Rule of Civil Procedure ("Rule") 26(e).

2.   The specific responses set forth below are for the purposes of discovery only, and Plaintiff neither waives nor intends to waive, but expressly reserves any and all objections Plaintiff may have as to the relevance, competence, materiality, admissibility or use in this proceeding of any information, documents or writings produced, identified or referred to herein, or to the introduction of any evidence in this proceeding relating to the subjects covered by such responses.

3.   The specific responses set forth below are based upon Plaintiff's good faith interpretation of the language used in the Discovery Requests, and Plaintiff reserves the right to amend or supplement further its responses in the event that Mozilla Corp. asserts an interpretation that differs from Plaintiff's interpretation.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all accounts, including but not limited to, email addresses, social media, phone numbers, blogs etc. that you have used since August 1, 2022.

**ANSWER:** Plaintiff objects to the terms "social media" and "accounts" as vague and undefined. Without waiving this objection, Plaintiff Answers as follows:

- Steve@stevetex.com
- stevetex@mozilla.com
- stevelt@gmail.com
- Steixe6@wgu.edu
- Caringbridge        public:        caringbridge.org/site/fb0d04ef-229e-3d62-b084-97a0939cfcc8?from=%2Fsearch&fname=Steve

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 2

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

- Caringbridge private: https://www.caringbridge.org/site/2d6760f1-99a3-32d6-b8a4-cac83ff387e0

- www/linkedin.com/in/stevetex

- https://www.facebook.com/stevetex

- www.x.com/stevetex

- Fediverse: @stevetex@mastodon.social

- Fediverse: @stevetex@mozilla.social

- Signal: stevetex.79

- Blind: "int 3"

- Instagram/Threads: @steve_teixeira

- WhatsApp: 4255773882

- Reddit: u/steixeira

- Discord: stevetex

- Bluesky: @stevetex.bsky.social

- Pinterest: steve_teixeira

- Mobile: 425.577.3882

- Home: 425.836.4460

**SUPPLEMENTAL ANSWER**:

- stevetex@uw.edu

- steve_teixeira@hotmail.com


**INTERROGATORY NO. 2:**

Identify each person with whom you have discussed any of the matters alleged in your Complaint, identifying for each such communication 1) the date and place of the communication, 2) the parties to the communication, 3) all witnesses to the communication, and 4) the substance of the communication (but not including the substance of communications involving your counsel that you assert are privileged) in as verbatim a form as possible.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 3

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**ANSWER**: Plaintiff objects to this Interrogatory as compound, overbroad, and vague. Plaintiff also objects with respect to the period(s) of time that are the subjects of the Interrogatory. Plaintiff thus interprets this Interrogatory to cover the period of time since June 12, 2024, the day on which Plaintiff initiated this action in King County Superior Court. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product privilege, or marital privilege. Plaintiff further objects to this Interrogatory as overbroad and harassing to the extent it seeks communications with Plaintiff's family. Plaintiff further objects that much of this information is in Defendants' custody and control as Defendants are the custodians of Plaintiff's Mozilla e-mail address and Slack accounts. Without waving these objections, Plaintiff Answers as follows: Plaintiff has discussed this case with family, friends, and former coworkers. Plaintiff recalls discussing this matter with:

- Ian Carmichael
- Sally Richardson
- Saoud Khalifa
- Orville McDonald
- Hannah Kagan
- LaVonne Copps
- Kait Long
- John Bottoms
- Mike Connor
- Michelle Williams
- Jen Dai
- KeyAnna Schmiedl
- Jenny Hung
- Yeonjoo Smith
- Giorgio Natili
- Yulia Startsev

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 4

- Amber Osborne
- Shagun Chopra
- Kristen Trubey
- Jeremiah Marble
- Doris Deng
- Lina Butler
- Sylvestre Ledru
- Matt Cleinman
- Yaraslau Kurmyza
- Madison Bell
- Shannon French
- Oscar Murillo
- Leyla Samiee
- Emily Moskowitz
- Debra Dycus
- Staci Dycus Rios
- Jeremiah Dycus
- Barbara Hart
- Tom Burnes
- Sandra Burnes
- Patrick D'Antoni
- Julie Donovan
- Cooper Teixeira
- Valerie (Ryan) Teixeira
- Chris Carr
- William Fisher
- Kevin Carey

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 5

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

- Caitlin Carey
- Michael Morris
- Rodrigo Diaz
- Mick Radford
- Eric James
- Gina LaRoche
- Emma Navajas
- Biss McCarthy
- Konner DeLeon
- Scott Moser
- Daniel Moth
- Jenny Moth
- Elan Levy
- Shai Hinitz
- Tina Small
- Salvador Rodriguez
- Joe Bentley
- Todd Bishop
- Helen Teixeira
- Samantha Fisher
- Jeroen Pluimers
- Brandi Dycus
- Vivian Pantelich
- Chelsea Olsen
- Michele Wehrs
- Ray Wehrs
- James Saucier

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 6

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

- Brian Gonzales
- Janice Dorizensky
- Tony Martin
- Karen Boudreaux
- Courtney Devillier

Plaintiff had some verbal conversations with these individuals and some conversations through the accounts identified in Answer to Interrogatory No. 1. Pursuant to Fed. R. Civ. P. 33(d) and the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20, Plaintiff will identify search terms that will capture potentially responsive communications and produce all responsive, non-privileged communications, if any.

**INTERROGATORY NO. 3:**

Identify and describe in detail any contact or communications you have had with any Mozilla current or former employee or Board member from May 24, 2024 to the present, including identifying for each such communication 1) the date and place of the communication, 2) the parties to the communication, 3) all witnesses to the communication, and 4) the substance of the communication in as verbatim a form as possible.

**ANSWER:** Plaintiff objects to this Interrogatory as vague, compound, and overbroad. Plaintiff further objects this Interrogatory is untethered from the issues in this litigation and does not identify with particularity the information it seeks. Plaintiff will only provide information about conversations that are relevant to Plaintiff's claims. Plaintiff further objects that much of this information is in Defendants' custody and control as Defendants are the custodians of Plaintiff's Mozilla e-mail address and Slack accounts. Plaintiff further objects that this Interrogatory appears designed to further monitoring and retaliating against current and former Mozilla employees for engaging in protected activity, such as under RCW 49.44.211. Without waving these objections, Plaintiff Answers as follows: Plaintiff has discussed this case with Mozilla employees and Board members. Plaintiff recalls conversations with the following individuals:

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 7

- Ian Carmichael
- Sally Richardson
- Saoud Khalifa
- Orville McDonald
- Hannah Kagan
- LaVonne Copps
- Kait Long
- John Bottoms
- Mike Connor
- Michelle Williams
- Jen Dai
- KeyAnna Schmiedl
- Jenny Hung
- Yeonjoo Smith
- Giorgio Natili
- Yulia Startsev
- Amber Osborne
- Shagun Chopra
- Kristen Trubey
- Jeremiah Marble
- Doris Deng
- Lina Butler
- Sylvestre Ledru
- Matt Cleinman
- Yaraslau Kurmyza
- Madison Bell
- Shannon F

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 8

- Oscar Murillo
- Leyla Samiee
- Emily Moskowitz

Plaintiff had some verbal conversations with these individuals and some conversations through the accounts identified in Answer to Interrogatory No. 1. Pursuant to Fed. R. Civ. P. 33(d) and the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Protocol") filed at ECF No. 20, Plaintiff will identify search terms that will capture potentially responsive communications and produce all responsive, non-privileged communications, if any.

**INTERROGATORY NO. 4:**

Describe all statements that you allege Mozilla's leadership made that inappropriately or inaccurately disclose information about your diagnosis, treatment, and medical leave. For each statement, identify 1) who made the statement, 2) the date it was made, 3) who the statement was made to, 4) how the statement was made (i.e., in writing, verbal, etc.), and 5) the substance of the communication, in as verbatim a form as possible.

**ANSWER:** Plaintiff objects to this Interrogatory as vague, overbroad, and compound. Plaintiff further objects to this Interrogatory to the extent that it seeks information within Defendants' custody and control. Without waiving these objections, Plaintiff Answers as follows;

- At the first all-hands meeting after Plaintiff went on medical leave, Defendant Mitchell Baker stated that Mozilla would need to get used to a future without Plaintiff.
- **On April 24, 2024:** Mozilla Corp distributed a written Product Org Changes Comms Plan that described in detail "A new role for Steve Teixeira." Pursuant to Fed. R. Civ P. 33(d), see documents produced herewith.
- **On April 25, 2024:** Defendant Laura Chambers begins rolling out new organizational plan to Plaintiff's direct reports, and in one conversation told a group that included Sally

Richardson and Chris Karloff that it would be "tough for Steve to continue running a large team."

- **May 23, 2023:** Adam Fishman stated to employees: "Steve went on leave before. He's going on leave again."

- **Around Nov 2023:** Mozilla representatives told Leigh Honeywell, CEO of Tall Poppy, that Plaintiff was very ill and may not ever return to work.

Discovery is continuing and Plaintiff reserves the right to supplement this answer as new information is discovered.

**SUPPLEMENTAL ANSWER**: Pursuant to Fed. R. Civ. P. 33(d), see, e.g., MC_0000983, MC_001008, MC_0001212, MC_0001277, MC_0001368, MC_0002886, MC_0007904, for additional examples of responsive statements. Plaintiff notes these documents, among others with similar statements, were produced by Defendants, are with Defendants' custody and control.

## INTERROGATORY NO. 5:

Describe all statements that you allege Defendants made that placed your health status in a false light. For each statement, identify 1) who made the statement, 2) the date it was made, 3) who the statement was made to, 4) how the statement was made (i.e., in writing, verbal, etc.), and 5) the substance of the communication, in as verbatim a form as possible.

**ANSWER:** Plaintiff objects to this Interrogatory as compound. Plaintiff further objects to this Interrogatory to the extent that it seeks information within Defendants' custody and control. Without waiving these objections, Plaintiff Answers as follows: see Answer to Interrogatory No. 4.

## INTERROGATORY NO. 6:

If you have ever been a party to (including, but not limited to, a plaintiff or defendant in) or otherwise testified or provided a deposition, affidavit, declaration or other written statement as part of any civil, criminal, or administrative proceeding, grievance procedure, or other similar

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 10

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

proceeding (including, but not limited to, any bankruptcy or divorce proceeding), provide for each such case or other proceeding: 1) the date of filing or initiation of any such case or other proceeding, and 2) the complete caption of the case or other proceeding, including the body before which the case or proceeding was brought (e.g., United States District Court for the Western District of Washington; U.S. Equal Employment Opportunity Commission; King County Superior Court), 3) the parties to the same, and 4) the docket or other similar identification number assigned to the case.

**ANSWER:** Plaintiff objects to this Interrogatory is compound and overbroad in its temporal scope. Plaintiff will provide responsive, non-privileged information, if any, dating back to January 1, 2010. Without waiving these objections, Plaintiff Answers as follows: None.

**INTERROGATORY NO. 7:**

For each item or category of damage you claim to have suffered because of action or inaction on behalf of Defendants, describe in detail the nature and amount of the damages sought and how the damages were calculated.

**ANSWER:** Plaintiff objects to this Interrogatory as compound and to the extent that it seeks information protected by the attorney-client privilege or work product privilege. *Weber v. Biddle*, 72 Wn.2d 22, 29 (1967) ("[T]he opposing party cannot be required to put on a dress rehearsal of the trial."). Without waiving these objections, Plaintiff Answers as follows: discovery is ongoing. Plaintiff has not yet determined the full amount of damages sustained due to Defendants' conduct. Plaintiff cannot provide an exact computation of damages because certain categories of damages continue to accrue and depend on Defendants' future actions, and others will require discovery from Defendants and/or expert analysis to ascertain. To the extent damages calculations are based, in whole or in part, upon expert opinion and testimony, all expert opinions and testimony will be disclosed pursuant to Federal Rules of Civil Procedure 26(a)(2) and (c)(2), this Court's Local Rules, and the applicable Scheduling Order(s) issued by this Court. The categories of damages that will be sought include: general damages, economic damages, statutory damages, including

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 11

liquidated damages, where applicable. In addition to damages, Plaintiff seeks a declaratory judgment; attorney fees and costs; and prejudgment interest. Discovery is continuing and Plaintiff reserves the right to supplement this answer as new information is discovered.

**SUPPLEMENTAL ANSWER:** Plaintiff seeks the following categories of damages, in addition to such other and further relief as the Court may deem just and proper:

- Lost future wages in the amount of approximately $35,041,570.00 plus merit and cost of living increases, which accounts for Plaintiff's salary, LTIP, and other bonuses over ten years;

- Lost wages in the amount of approximately $117,361.12 for Plaintiff's 2023 Executive Bonus;

- Willfully withheld wages in the amount of approximately $2,762,499 for Plaintiff's 2024 LTIP compensation;

- Approximately $568,240.12  in increased insurance costs over ten years;

- Lost benefits and retirement contributions over ten years;

- Emotional distress damages in an amount to be determined at trial;

- Prejudgment interest on willfully withheld 2024 LTIP compensation and other amounts as permitted by law;

- Double damages on willfully withheld LTIP compensation; and

- Attorneys' fees and costs, which continue to accrue.

## INTERROGATORY NO. 8:

Describe any events or stressors in your life unrelated to your employment with Mozilla that may have caused or contributed to your alleged emotional distress.

**ANSWER:** Plaintiff objects to the terms "events" and "stressors" as vague and undefined. Without waiving these objections, Plaintiff Answers as follows: Plaintiff's cancer has contributed to his emotional distress since his diagnosis.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 12

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**INTERROGATORY NO. 9:**

Describe all medical treatment that you have obtained in relation to the emotional distress claims that you allege in your Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it seeks information protected by the psychotherapist-patient privilege or the doctor-patient privilege. Further, Mozilla's actions are still unfolding in this matter, Mozilla terminated Plaintiff's employment only last month, and damages continue to accrue. Discovery is ongoing and it is premature to describe all medical treatment that Plaintiff has obtained, if any, for his emotional distress.

**INTERROGATORY NO. 10:**

Describe all medical treatment that your wife has obtained in relation to the emotional distress claims that you allege your wife suffered in your Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad, harassing, and untethered from the issues in this litigation. Plaintiff further objects to this Interrogatory as seeking information protected by the psychotherapist-patient privilege and the doctor-patient privileges.

**INTERROGATORY NO. 11:**

Please describe the alleged economic damages you have suffered from August 1, 2022 to August 30, 2024.

**ANSWER:** Plaintiff objects to this interrogatory as compound and to the extent that it seeks information protected by the attorney-client privilege or work product privilege. *Weber v. Biddle*, 72 Wn.2d 22, 29 (1967) ("[T]he opposing party cannot be required to put on a dress rehearsal of the trial."). Without waiving these objections, Plaintiff Answers as follows: discovery is ongoing. Plaintiff has not yet determined the full amount of damages sustained due to Defendants' conduct. Plaintiff identifies the following economic damages identified and sustained as a result of Defendants' conduct to date:

1.  Reduced 2023 bonus due to Defendants' false job performance narrative.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS THERETO - 13

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

2.   Reduced 2024 bonus due to involuntary leave and termination.

3.   Reduced wages due to unfulfilled promise of promotion and retention.

4.   Reduced wages due to termination.

5.   Drastically reduced future income potential due to termination and reputational damages.

6.   Increased healthcare costs due to termination.

*See also* Answer to Interrogatory No. 7.

**SUPPLEMENTAL ANSWER**: Plaintiff supplements this Answer to note that he did not receive his 2024 bonus due to involuntary leave and termination.


**INTERROGATORY NO. 12:**

Identify all facts that support your assertion that you "built a new organization to improve efficiencies across product lines, created additional focus on Mozilla's first-party advertising business, drove automation of Mozilla's manually-driven display advertising products, led the acquisition of Fakespot to diversity references and grow Mozilla's AI capabilities, reduced investment in the money-losing Pocket product, set about repairing services infrastructure, and began a new effort to explore Moz Social," as alleged in Paragraph 33 of your Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad and vague. Plaintiff further objects to this Interrogatory to the extent that this information is within Defendants' possession, custody, and control. Plaintiff further objects that this request seeks a dress rehearsal for trial, and requests seeking "all facts" are improper. Without waiving these objections, Plaintiff Answers as follows: when Plaintiff joined Mozilla in August, 2022, the company's product development operations did not meet the minimum standards expected of a software company. When Plaintiff assumed the role of Chief Product Officer product development operations at Mozilla suffered from deficiencies in strategy, processes, leadership, and underperformance. Plaintiff and Defendant Baker discussed on several occasions that bringing Mozilla's software building operations to a healthy state was a multiyear project. Plaintiff assessed the organization and put in place the conditions for turnaround into a professional organization by, among other things, deploying

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 14

improvements in talent management, hiring, organization, strategy, analytics, and product development. Discovery is continuing and Plaintiff reserves the right to supplement this answer as new information is discovered.

**SUPPLEMENTAL ANSWER**: See also Expert Witness Disclosure.


**INTERROGATORY NO. 13:**

Identify all facts that support your assertion that you were involved in generating Mozilla's Generative AI capabilities, as alleged in Paragraph 39 of your Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory as vague and undefined as to the term "Generative AI capabilities." Plaintiff further objects to this Interrogatory to the extent that this information is within Defendants' possession, custody, and control. Plaintiff further objects that this request seeks a dress rehearsal for trial, and requests seeking "all facts" are improper. Without waiving these objections, Plaintiff Answers as follows: Plaintiff has developed expertise in Artificial Intelligence ("AI"), having served as VP of AI Product Management at Twitter as well as managing components of Meta's AI infrastructure in his time there. Plaintiff brought new AI talent into Mozilla with the acquisition of Fakespot as well as a smaller company and personally recruiting employees with deep AI expertise. Plaintiff helped the Mozilla Developer Network (MDN) team to incubate their Gen AI based product capabilities and also engaged in external public relations to reduce pressure when the AI system was shown to occasionally produce errors. Plaintiff worked with personnel on product scenarios and implementation details for both Fakespot Chat and Orbit, including various approaches to providing personal assistant capabilities while also providing very strong privacy assurances (including a deep dive session at Plaintiff's home in September 2023). Plaintiff worked with team members on potential approaches to Gen AI for Firefox customers, and personally advocated in detail for a customer experience for chat over web history and open tabs. Plaintiff worked with the Infra team to begin standardizing our approaches to Gen AI infrastructure (e.g., model hosting, lowering inferencing COGS, and designing for

customer privacy). Discovery is continuing and Plaintiff reserves the right to supplement this answer as new information is discovered.

**SUPPLEMENTAL ANSWER**: See also Expert Witness Disclosure.

**INTERROGATORY NO. 14:**

Identify all facts that support your assertion that Mozilla's layoffs were "primarily motivated by a desire to increase profit margins at Mozilla, which was already operating at a profit," as alleged in Paragraph 59 of your Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory as vague and undefined. Plaintiff further objects to this Interrogatory to the extent that this information is within Defendants' possession, custody, and control. Plaintiff further objects that this request seeks a dress rehearsal for trial, and requests seeking "all facts" are improper. Without waiving these objections, Plaintiff Answers as follows: Plaintiff's organization was operating below headcount budget at the time he went on leave. At the end of 2023, Mozilla Corp. banked profit after accounting for all expenses, including significant royalties paid to the Foundation, adding to its approximately $1 billion in holdings. Discovery is continuing and Plaintiff reserves the right to supplement this answer as new information is discovered.

**INTERROGATORY NO. 15:**

Identify all facts to support your assertion that former direct reports "expressed deep concerns about the leadership and oversight they received in his absence from Ms. Vasudevan and Ms. O'Brien, including being frozen out of conversations and decisions relating to their products, abrupt changes to strategy, and inappropriate or abusive interactions," as alleged in paragraph 66 of your Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory as vague and undefined. Plaintiff further objects to this Interrogatory to the extent that this information is within Defendants' possession, custody, and control. Plaintiff further objects that this request seeks a dress rehearsal for trial, and requests

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 16

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

seeking "all facts" are improper. Without waiving these objections, Plaintiff Answers as follows: Upon his return from medical leave, Mozilla Social team members informed Plaintiff that Lindsey O'Brien and Imo Udom provided little or no oversight to the project. Without guidance, the team was unclear what to prioritize or how to move forward. At one meeting, with several employees in attendance, O'Brien repeatedly asked Leyla Samiee, who was in charge of the project, "how old are you?" with Samiee each time refusing to answer. LaVonne Copps, who was present at the meeting, reported the incident to Human Resources. Following this interaction, O'Brien ceased communicating with Samiee. Upon return from medical leave, Sally Richardson and other members of the Privacy, Experimentation, and Identity (PXI) team described interacting very little with Suba Vasudevan, and receiving poor oversight and guidance from her. Discovery is continuing and Plaintiff reserves the right to supplement this answer as new information is discovered.

**INTERROGATORY NO. 16:**

Identify all facts to support your assertion that Ms. Vasudevan and Ms. O'Brien "did not execute on decisions that were made prior to his leave, such as the dismissal of low-performing leaders, hiring new leaders for key roles, and shipping product releases to the public."

**ANSWER**: Plaintiff objects to this Interrogatory as vague and undefined. Plaintiff further objects to this Interrogatory to the extent that this information is within Defendants' possession, custody, and control. Plaintiff further objects that this request seeks a dress rehearsal for trial, and requests seeking "all facts" are improper. Without waiving these objections, Plaintiff Answers as follows: Plaintiff and Vasudevan agreed to hire a new VP of Data Science. Candidates were identified well in advance of Plaintiff's leave, and one candidate appeared particularly strong. However, this candidate was not hired until after Plaintiff's return from leave. Similarly, there was an agreement that the current VP of Infra needed to be managed out, with Plaintiff already delivering to him a review that detailed his poor job performance. Again, Vasudevan didn't execute on this plan and instead Plaintiff had to terminate the VP of Infra after his return from medical leave. Plaintiff also

left O'Brien and Udom with the guidance that it was important for Pocket/Social to ship frequently in order to learn from customers and iterate rapidly. However, this guidance was never communicated or promulgated, and indeed the team did not ship anything material while Plaintiff was on leave. Discovery is continuing and Plaintiff reserves the right to supplement this answer as new information is discovered.

**INTERROGATORY NO. 17:**

Identify all persons who supplied information or otherwise participated in answering any of these Interrogatories.

**ANSWER:** Steve Teixeira, Helen Teixeira.

**INTERROGATORY NO. 18:**

Identify any documents referred to in your answers to these Interrogatories or relied upon to prepare your answers to these Interrogatories.

**ANSWER:** Plaintiff objects to this interrogatory as compound. Without waiving this objection, Plaintiff Answers as follows: Plaintiff referred to his own notes and certain LinkedIn messages in preparing these responses.

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 18

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**ATTORNEY'S CR 26 CERTIFICATION**

The undersigned attorney certifies pursuant to Civil Rule 26(g) that he or she has read each response and objection to these discovery requests, and that to the best of his or her knowledge, information, and belief formed after a reasonable inquiry, each is (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

DATED this 11th day of June, 2025.

STOKES LAWRENCE, P.S.

By: */s/Maricarmen Perez-Vargas*
    Amy Alexander (WSBA #44242)
    Mathew Harrington (WSBA #33276)
    Maricarmen Perez-Vargas (WSBA # 54344)
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Telephone:  (206) 626-6000
    Fax:  (206) 464-1496
    Amy.alexander@stokeslaw.com
    Mathew.Harrington@stokeslaw.com
    Maricarmen.Perez-Vargas@stokeslaw.com
    Attorneys for Plaintiff Steve Teixeira

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 19

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**PLAINTIFF STEVE TEIXEIRA'S CERTIFICATION OF FIRST SUPPLEMENTAL ANSWERS TO INTERROGATORIES**

I, Steve Teixeira, declare:

I am the Plaintiff in the above-entitled lawsuit to whom these interrogatories are addressed. I have read the foregoing answers to interrogatories, know the contents thereof, and believe the same to be true.

Dated this ___ day of June, 2025

_____

Steve Teixeira

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 20

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11th, 2025, I caused the foregoing *Supplemental Answers to Defendant Mozilla Corporation's First Set of Interrogatories* to be:

☒    Via e-mail to the following:

*Counsel for Mozilla Foundation*

Darren A. Feider
Amanda V. Masters
Sebris Busto James
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
dfeider@sbj.law
amasters@sbj.law

*Counsel for Defendants Mozilla Corporation, Laura Chambers and Dani Chehak*

Anthony Todaro
Alexandria Cates
Danielle Igbokew
DLA Piper LLP
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Anthony.todaro@us.dlapiper.com
Alexandria.cates@us.dlapiper.com
Danielle.igbokwe@us.dlapiper.com
todd.mobley@us.dlapiper.com
robert.mcfadden@us.dlapiper.com
jacey.brittle@us.dlapiper.com

David Farkas, Admitted Pro Hac Vice
DLA Piper LLP
2000 Avenue of the Stars, Suite 400, North Tower
Los Angeles, CA 90067
David.farkas@us.dlapiper.com

Mandy Chan, Admitted Pro Hac Vice
DLA Piper LLP
555 Mission Street, suite 2400
San Francisco, CA 94105
mandy.chan@us.dlapiper.com

DEFENDANT MOZILLA CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF AND first SUPPLEMENTAL ANSWERS
THERETO - 21

1

*Counsel for Defendant Winifred Mitchell Baker*

2

Daniel M. Weiskopf
Richard W. Redmond

3

McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700

4

Seattle, Washington 98101
dweiskopf@mcnaul.com

5

rredmond@mcnaul.com
tdo@mcnaul.com

6

jhickman@mcnaul.com
mmonkress@mcnaul.com

7

8

9

*/s/Laura Smith*
Laura Smith, Practice Assistant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000