**EXHIBIT F**

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>        Plaintiff,<br><br>    v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community,<br><br>        Defendants. | Case No.: 2:24-CV-01032-RAJ<br><br>PLAINTIFF'S SECOND REQUEST FOR ADMISSION TO DEFENDANT MOZILLA CORPORATION |

TO:        MOZILLA CORPORATION

AND TO:    ANTHONY TODARO, DANIELLE IGBOKWE, DAVID FARKAS AND MANDY CHAN, DLA PIPER LLP (US), Counsel of Record.

    Pursuant to FRCP 36, Plaintiff Steve Teixeira ("Plaintiff") propounds the following Second Set of Request for Admission ("Requests") on Defendant Mozilla Corporation ("Defendant").

    Request is hereby made, pursuant to FRCP 26, 36 and 37, to admit the truth of certain matters set forth below. After you sign them below, you are to serve a copy of your responses on

the undersigned attorney at the offices of Stokes Lawrence, P.S. 1420 5th Avenue, Suite 3000, Seattle, Washington, 98101, not more than thirty (30) days after they are served on you.

FRCP 36 provides that each matter for which admission is requested is admitted unless, within thirty (30) days after service of this request, the party to whom this request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, and signed by the party or by her attorney. If objection is made, you must state the reasons therefor. If you cannot truthfully admit or deny the matter, you must set forth in detail the reasons why you cannot so admit or deny.

FRCP 37(c) provides that if a party fails to admit the truth of any matters requested under FRCP 36, and if the party requesting admissions thereafter proves the truth of the matter, the Court may award to the requesting party the reasonable expenses it incurs in making that proof, including reasonable attorneys' fees.

**DEFINITIONS**

1. Each of the terms "PLAINTIFF," and "Teixeira," refers to Plaintiff Steve Teixeira and his spouse, domestic partner, co-habitant, children, parents or other family members or relatives, and his agents, attorneys, and others persons acting on his behalf.

2. Each of the terms "DEFENDANT," "MOZILLA," "YOU" and "YOUR" refers to Defendant Mozilla Corporation aka M.F. Technologies including any officers, directors, partners, associates, employees, staff members, agents, representatives, divisions, parents, subsidiaries, predecessors in interest, affiliated corporations, or any other related entities of Mozilla Corporation.

3. "PERSON" includes any natural person, firm, association, partnership, joint venture, corporation, and any other form of legal entity.

4.      "DOCUMENT" shall have the broadest possible meaning afforded under the Civil Rule and shall include, without limitation, all written, graphic, printed, or recorded matter of any kind as defined in FRCP 34 and ER 1001 specifically including electronically stored information intact with its metadata, and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, that is in your possession, custody, or control and that is kept by electronic, photographic, mechanical, or other means. Without limitation, the term DOCUMENT includes both hard copy documents, such as letters, memoranda, agreements, contracts, agendas, minutes, reports, brochures, paper copies of email, financial statements, invoices, bills, purchase orders, blue prints, photographs, drawings and other paper or tangible documents, as well as electronically stored information, such as e-mail, instant messaging, recorded voice mail, other sound recordings, electronic documents whether in Word, .pdf or some other format, power point presentations, spreadsheets whether in .xls or some other format, drawings whether in Visio or some other format, pictures whether in .jpeg or some other format, shared network files and databases, and other information or data stored electronically on magnetic or optical storage media, hard drives, CDs, DVDs, flash drives, floppy disks or other type of portable storage devices, whether stored as an active file or backup file, in its native format. For purposes of these discovery requests, any document that contains a note, comment, addition, deletion, modification, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification and production.

5.      "COMMUNICATION" means any disclosure, transfer or exchange of information between two parties, whether oral or written, including without limitation, any correspondence, letter, memorandum, note, card, fax, e-mail, instant message, slack, blog or

PLAINTIFF'S SECOND REQUEST FOR ADMISSION TO
DEFENDANT MOZILLA CORPORATION - 3

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

online post, text message, voice mail (whether or not transcribed), telephone conversation, meeting or conference, and any document evidencing such communication, whether in hard copy or electronic form.

  6. "IDENTIFY," with respect to any document, shall mean to state the date and type of document (e.g., letter, memorandum, report, etc.), the title and description of the subject matter of the document, the author of the document, all recipients and all persons to whom the document has been disclosed or transmitted, the present location and custodian of the document, any production or other identifying number of the document, and other identifying characteristics.

  7. "IDENTIFY," with respect to a person, shall mean to state his or her full name, present or last-known residence address and phone numbers, present or last known employer, and business address and phone numbers.

  8. "IDENTIFY," with respect to a business, legal or governmental entity, or association, shall mean to state the name, address, and telephone number of the business, legal entity, governmental entity, or association, including an identification of the office, section, branch, or other subdivision most relevant to the response.

  9. The singular number and the masculine gender shall embrace the plural, the feminine, or the neuter, as the context may make appropriate.

## REQUESTS FOR ADMISSION

<u>REQUEST FOR ADMISISON NO. 8:</u> ADMIT Mozilla did not offer Plaintiff a 2024 Long Term Incentive Plan Agreement because Mozilla did not anticipate retaining Plaintiff as of February 2024.

<u>ANSWER TO REQUEST FOR ADMISSION NO. 8:</u>

PLAINTIFF'S SECOND REQUEST FOR ADMISSION TO DEFENDANT MOZILLA CORPORATION - 4

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  REQUEST FOR ADMISISON NO. 9: ADMIT that, prior to filing, Mozilla disclosed or caused

2  to be disclosed Plaintiff's complaint on a public internet site.

3  ANSWER TO REQUEST FOR ADMISSION NO. 9:

6      DATED this 29th day of August 2025.

7                                       STOKES LAWRENCE, P.S.

9                             By: */s/Maricarmen Pereza-Vargas*
                               Amy Alexander (WSBA #44242)
                               Mathew Harrington (WSBA #33276)
                               Maricarmen Perez-Vargas (WSBA # 54344)
                               1420 Fifth Avenue, Suite 3000
                               Seattle, WA 98101-2393
                               Telephone:  (206) 626-6000
                               Fax:  (206) 464-1496
                               Amy.alexander@stokeslaw.com
                               Mathew.harrington@stokeslaw.com
                               Maricarmen.perez-vargas@stokeslaw.com
                               Attorneys for Plaintiff Steve Teixeira

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August 2025, I caused the foregoing *Plaintiff's Second Set of Requests for Admission to Defendant Mozilla Corporation* to be:

☒     e-mailed to the following:

| *Counsel for Mozilla Foundation* | *Counsel for Defendants Mozilla Corporation, Laura Chambers and Dani Chehak* |
|---|---|
| Darren A. Feider<br>Beth Touschner<br>Sebris Busto James<br>15375 SE 30th Pl., STE 310<br>Bellevue, Washington 98007<br>dfeider@sbj.law<br>btouschner@sbj.law<br>kmarchenko@sbj.law<br>epruzinsky@sbj.law<br>legalassistant@sbjlaw.com | Anthony Todaro<br>Danielle Igbokew<br>DLA Piper LLP<br>701 Fifth Avenue, Suite 6900<br>Seattle, WA 98104-7029<br>Anthony.todaro@us.dlapiper.com<br>Danielle.igbokwe@us.dlapiper.com<br>todd.mobley@us.dlapiper.com<br>robert.mcfadden@us.dlapiper.com<br>jacey.brittle@us.dlapiper.com |
| *Counsel for Defendant Winifred Mitchell Baker*<br><br>Daniel M. Weiskopf<br>Richard W. Redmond<br>McNaul Ebel Nawrot & Helgren PLLC<br>600 University Street, Suite 2700<br>Seattle, Washington 98101<br>dweiskopf@mcnaul.com<br>rredmond@mcnaul.com<br>tdo@mcnaul.com<br>jhickman@mcnaul.com<br>mmonkress@mcnaul.com | David Farkas, Admitted Pro Hac Vice<br>DLA Piper LLP<br>2000 Avenue of the Stars, Suite 400, North Tower<br>Los Angeles, CA 90067<br>David.farkas@us.dlapiper.com<br><br>Mandy Chan, Admitted Pro Hac Vice<br>DLA Piper LLP<br>555 Mission Street, suite 2400<br>San Francisco, CA 94105<br>mandy.chan@us.dlapiper.com |

*/s/Laura Smith*
Laura Smith, Practice Assistant

PLAINTIFF'S SECOND REQUEST FOR ADMISSION TO DEFENDANT MOZILLA CORPORATION - 6

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community,<br><br>　　　　Defendants. | Case No.: 2:24-CV-01032-RAJ<br><br>PLAINTIFF'S FOURTH SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MOZILLA CORPORATION |

TO:　　　　MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation.

AND TO:　　ANTHONY TODARO, DANIELLE IGBOKWE, DAVID FARKAS AND

　　　　　　MANDY CHAN, DLA PIPER LLP (US), Counsel of Record.

　　Pursuant to FRCP 26, 33 and 34 and applicable local rules, Plaintiff Steve Teixeira ("Plaintiff") requests that Defendant Mozilla Corporation respond to the following interrogatories and requests for production of documents fully, under oath, within thirty (30) days of the date of their service on you and your attorneys.

**INSTRUCTIONS**

1. <u>Production of Documents</u>: Plaintiff requests that all responsive documents and electronically stored information be produced at the law offices of Stokes Lawrence, P.S., 1420 Fifth Avenue, Suite 3000, Seattle, WA 98101-2393, within thirty (30) days after service, or at such other place and time as counsel may agree.

2. <u>Incomplete Answers</u>: If you are unable after reasonable diligence to answer fully any interrogatory, provide what information you have to the fullest extent possible, identify why you cannot provide a more complete answer, state what knowledge or information you may have concerning the unanswered portions of the interrogatory, and identify every individual whom you believe may have responsive information.

3. <u>Electronically Stored Information</u>: For any document generated, maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata. Please produce all documents generated, maintained or stored electronically in native electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed and/or by providing a valid password. If you are relying on FRCP 26(b)(1) and/or claiming that the information sought is stored on a system or in a format that is no longer accessible without undue burden and cost, then describe the information as such, produce it in an accessible format, and describe in what way it was reformatted so as to be accessible.

4. <u>No Responsive Documents</u>: If you determine that no responsive documents exist in response to any particular request for production, please so indicate in your written response to that request.

5. <u>Missing Documents</u>: If any document responsive to any particular request for production is no longer in your possession, custody or control, and cannot be located by you, or

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 2

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

is known or believed to be disposed of since the commencement of this action, for whatever reason, please state the date and type of document, title and description of the subject matter of the document, the author of the document, all recipients and all persons to whom it had been disclosed or transmitted, the disposition of the document, and the circumstances under which the document was destroyed, discarded or lost, or identify the person presently having custody, possession or control of the document.

6. <u>Privileged Information or Documents</u>: If you refuse to answer any interrogatory, in whole or in part, or refuse to produce any document requested herein, describe the basis for your refusal to answer or produce, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of your refusal. Please also provide an index of any documents withheld, in whole or in part, on the basis of any privilege. The description of any privileged document withheld or redacted shall include the date and type of document, the title and description of the subject matter of the document, the author of the document, all recipients and all persons to whom it has been disclosed or transmitted, and the identification, nature and basis of the privilege claimed.

7. <u>Waiver of Objections</u>: If adequate answers and responses are not received or responsive documents not produced to Plaintiff within thirty (30) days after these requests are served upon you, Plaintiff will deem all objections to be waived, may seek a motion to compel pursuant to FCRP 26, 33 and 34, and may at that time request sanctions be imposed for the costs of such motion, and may seek to exclude at the time of trial or in connection with any motion any information or documents not timely produced.

8. <u>Continuing Requests/Supplementation</u>: Pursuant to Rule 26(e)(1), these discovery requests are to be treated as continuing and require timely supplementation as

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 3

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

additional information and documents become available to you. If information or documents are not available within the time limits of the civil rules, you must answer each request as fully as possible within the time limit and furnish additional information and documents if and when they become available. If additional information or documents are discovered between the time of your responses and the time of trial, these discovery requests are directed to that information and those documents. If such information or documents are not timely provided, Plaintiff will move at the time of trial to exclude from evidence any information or documents requested but not furnished.

**DEFINITIONS**

1. Each of the terms "PLAINTIFF," and "Teixeira," refers to Plaintiff Steve Teixeira and his spouse, domestic partner, co-habitant, children, parents or other family members or relatives, and his agents, attorneys, and others persons acting on his behalf.

2. Each of the terms "DEFENDANT," "MOZILLA," "YOU" and "YOUR" refers to Defendant Mozilla Corporation aka M.F. Technologies including any officers, directors, partners, associates, employees, staff members, agents, representatives, divisions, parents, subsidiaries, predecessors in interest, affiliated corporations, or any other related entities of Mozilla Corporation.

3. "PERSON" includes any natural person, firm, association, partnership, joint venture, corporation, and any other form of legal entity.

4. "DOCUMENT" shall have the broadest possible meaning afforded under the Civil Rule and shall include, without limitation, all written, graphic, printed, or recorded matter of any kind as defined in FCRP 34 and ER 1001 specifically including electronically stored information intact with its metadata, and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, that is in your possession,

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 4

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

custody, or control and that is kept by electronic, photographic, mechanical, or other means. Without limitation, the term DOCUMENT includes both hard copy documents, such as letters, memoranda, agreements, contracts, agendas, minutes, reports, brochures, paper copies of email, financial statements, invoices, bills, purchase orders, blue prints, photographs, drawings and other paper or tangible documents, as well as electronically stored information, such as e-mail, instant messaging, recorded voice mail, other sound recordings, electronic documents whether in Word, .pdf or some other format, power point presentations, spreadsheets whether in .xls or some other format, drawings whether in Visio or some other format, pictures whether in .jpeg or some other format, shared network files and databases, and other information or data stored electronically on magnetic or optical storage media, hard drives, CDs, DVDs, flash drives, floppy disks or other type of portable storage devices, whether stored as an active file or backup file, in its native format. For purposes of these discovery requests, any document that contains a note, comment, addition, deletion, modification, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification and production.

5. "COMMUNICATION" means any disclosure, transfer or exchange of information between two parties, whether oral or written, including without limitation, any correspondence, letter, memorandum, note, card, fax, e-mail, instant message, slack, blog or online post, text message, voice mail (whether or not transcribed), telephone conversation, meeting or conference, and any document evidencing such communication, whether in hard copy or electronic form.

6. "IDENTIFY," with respect to any document, shall mean to state the date and type of document (e.g., letter, memorandum, report, etc.), the title and description of the subject

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 5

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

matter of the document, the author of the document, all recipients and all persons to whom the document has been disclosed or transmitted, the present location and custodian of the document, any production or other identifying number of the document, and other identifying characteristics.

7. "IDENTIFY," with respect to a person, shall mean to state his or her full name, present or last-known residence address and phone numbers, present or last known employer, and business address and phone numbers.

8. "IDENTIFY," with respect to a business, legal or governmental entity, or association, shall mean to state the name, address, and telephone number of the business, legal entity, governmental entity, or association, including an identification of the office, section, branch, or other subdivision most relevant to the response.

9. The singular number and the masculine gender shall embrace the plural, the feminine, or the neuter, as the context may make appropriate.

**INTERROGATORIES**

INTERROGATORY NO. 22: Do YOU have notes from the meeting between Mitchell Baker and Plaintiff that took place at Plaintiff's home in Redmond on September 11, 2023?

ANSWER TO INTERROGATORY NO. 22:

INTERROGATORY NO. 23: Describe in detail why Plaintiff was not offered a Long Term Incentive Plan Agreement in 2024.

ANSWER TO INTERROGATORY NO. 23:

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 6

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 42: PRODUCE raw data for employee surveys Mozilla conducted from 2021 through the present.

RESPONSE TO REQUEST NO. 42:

REQUEST FOR PRODUCTION NO. 43: PRODUCE all slide decks and notes for fortnightly and/or fortnightlier meetings from July 1, 2022 through December 31, 2024.

RESPONSE TO REQUEST NO. 43:

REQUEST FOR PRODUCTION NO. 44: PRODUCE the attachment to the email dated December 9, 2023 from Mitchell Baker in MC_1065.

RESPONSE TO REQUEST NO. 44:

REQUEST FOR PRODUCTION NO. 45: PRODUCE all semi-annual reviews for individuals hired by Plaintiff.

RESPONSE TO REQUEST NO. 45:

REQUEST FOR PRODUCTION NO. 46: PRODUCE all offer, hiring, and onboarding documentation YOU provided to Plaintiff as part of his hiring and onboarding process.

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 7

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  RESPONSE TO REQUEST NO. 46:

4  REQUEST FOR PRODUCTION NO. 47: PRODUCE all documents and communications associated with Plaintiff's 2024 Long Term Incentive Plan Agreement and target, including draft agreements.

7  RESPONSE TO REQUEST NO. 47:

10  REQUEST FOR PRODUCTION NO. 48: PRODUCE all documents reflecting monthly active users and revenue for Pocket from January 2023 to October 2023.

12  RESPONSE TO REQUEST NO. 48:

15  REQUEST FOR PRODUCTION NO. 49: PRODUCE all documents and communications relating to the public disclosure of the instant lawsuit.

17  RESPONSE TO REQUEST NO. 49:

20  REQUEST FOR PRODUCTION NO. 50: PRODUCE all job performance documentation, including review ratings, reviews, promotion documents, individual achievement multipliers, and performance improvement plans for all of Plaintiff's direct reports between August 2022 and the present.

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 8

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

RESPONSE TO REQUEST NO. 50:

REQUEST FOR PRODUCTION NO. 51: PRODUCE all non-Firefox monthly active users and revenue by product between August 2022 and the present.

RESPONSE TO REQUEST NO. 51:

REQUEST FOR PRODUCTION NO. 52: PRODUCE the linked document in the email dated January 8, 2024 from Adam Fishman to Laura Chambers at MC_0013756-57.

RESPONSE TO REQUEST NO. 52:

DATED this 29th day of August, 2025

STOKES LAWRENCE, P.S.

By: */s/Maricarmen Perez-Vargas*
    Amy Alexander (WSBA #44242)
    Mathew Harrington (WSBA #33276)
    Maricarmen Perez-Vargas (WSBA #54344)
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Telephone: (206) 626-6000
    Fax: (206) 464-1496
    Amy.alexander@stokeslaw.com
    Mathew.harrington@stokeslaw.com
    Maricarmen.perez-vargas@stokeslaw.com
    Attorneys for Plaintiff Steve Teixeira

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 9

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# **CERTIFICATION**

The undersigned attorneys for Defendant Mozilla Corporation a.k.a M.F. Technologies have read the foregoing Fourth Set of Interrogatories and Requests for Production, and Defendant's answers and responses thereto, and states that they are in compliance with applicable Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington, this _____ day of _____, 2025.

 

Anthony Todaro, WSBA No 30391
Danielle Igbokwe, WSBA No. 62714
David Farkas, admitted pro hac vice
Mandy Chan, admitted pro hac vice
Attorneys for Defendants Mozilla Corporation,
Laura Chambers and Dani Chehak

PLAINTIFF'S FOURTH SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MOZILLA CORPORATION - 10

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**VERIFICATION**

STATE OF WASHINGTON    )
                       ) ss.
COUNTY OF              )

_____, being duly sworn, on oath says:

That he/she is the _____ named in the above-captioned matter; that he/she has read said interrogatories and requests for production and the responses thereto, knows the contents thereof and believes the same to be true and correct.

SUBSCRIBED and SWORN TO before me this _____ day of _____, _____.

[PRINT NAME] _____
NOTARY PUBLIC for the State of Washington, residing at _____

My appointment expires: _____

PLAINTIFF'S FOURTH SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MOZILLA CORPORATION - 11
60606-003

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2025, I caused the foregoing *Plaintiff's Fourth of Interrogatories and Requests for Production of Documents to Defendant Mozilla Corporation* to be:

☒  e-mailed to the following:

| *Counsel for Mozilla Foundation* | *Counsel for Defendants Mozilla Corporation, Laura Chambers and Dani Chehak* |
|---|---|
| Darren A. Feider<br>Beth Touschner<br>Sebris Busto James<br>15375 SE 30th Pl., STE 310<br>Bellevue, Washington 98007<br>dfeider@sbj.law<br>btouschner@sbj.law<br>kmarchenko@sbj.law<br>epruzinsky@sbj.law<br>legalassistant@sbjlaw.com | Anthony Todaro<br>Danielle Igbokew<br>DLA Piper LLP<br>701 Fifth Avenue, Suite 6900<br>Seattle, WA 98104-7029<br>Anthony.todaro@us.dlapiper.com<br>Danielle.igbokwe@us.dlapiper.com<br>todd.mobley@us.dlapiper.com<br>robert.mcfadden@us.dlapiper.com<br>jacey.brittle@us.dlapiper.com |
| *Counsel for Defendant Winifred Mitchell Baker*<br><br>Daniel M. Weiskopf<br>Richard W. Redmond<br>McNaul Ebel Nawrot & Helgren PLLC<br>600 University Street, Suite 2700<br>Seattle, Washington 98101<br>dweiskopf@mcnaul.com<br>rredmond@mcnaul.com<br>tdo@mcnaul.com<br>jhickman@mcnaul.com<br>mmonkress@mcnaul.com | David Farkas, Admitted Pro Hac Vice<br>DLA Piper LLP<br>2000 Avenue of the Stars, Suite 400, North Tower<br>Los Angeles, CA 90067<br>David.farkas@us.dlapiper.com<br><br>Mandy Chan, Admitted Pro Hac Vice<br>DLA Piper LLP<br>555 Mission Street, suite 2400<br>San Francisco, CA 94105<br>mandy.chan@us.dlapiper.com |

/s/Laura Smith
Laura Smith, Practice Assistant

PLAINTIFF'S FOURTH SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MOZILLA CORPORATION - 12
60606-003

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000