HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>Plaintiff,<br><br>v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.<br><br>Defendants. | Case No. 2:24-cv-1032-RAJ<br><br>**MOZILLA DEFENDANTS' MOTION TO CONTINUE TRIAL AND RELATED DEADLINES**<br><br>NOTE FOR MOTION CALENDAR: **OCTOBER 1, 2025** |



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 4

II. FACTUAL & PROCEDURAL BACKGROUND .......... 5

A. Plaintiff's prior representations regarding damages were both incomplete and misleading. .......... 5

B. The Court's discovery order led to Plaintiff's immediate reversal of his position on damages and his first-ever disclosure of having apparently suffered a psychiatric injury. .......... 7

C. The revelation has a meaningful impact on discovery and case preparation. .......... 8

III. Legal Standard .......... 8

A. The Rule 16 standard for continuance is met here. .......... 8

IV. ARGUMENT .......... 8

A. The degree of prejudice to Defendants without modification is substantial. .......... 9

B. The degree of prejudice to Plaintiff from modification is of his own making. .......... 11

C. A continuance furthers the ends of justice and supports the orderly and efficient conduct of the case. .......... 11

D. There is a clear absence of willfulness, bad faith, or inexcusable neglect by Defendants. .......... 12

V. CONCLUSION .......... 12



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

## TABLE OF AUTHORITIES


Page

**Cases**

*Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880 (9th Cir. 1994) .......... 10

*Elliott v. Google, Inc.*, 860 F.3d 1151 (9th Cir. 2017) .......... 10

*Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. C13-543, 2016 WL 4703758, at *2, *5 (W.D. Wash. Sept. 7, 2016) .......... 10

*Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019) .......... 10

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1991) .......... 8

*Silvia v. MCI Commc'ns Servs., Inc.*, 787 F. App'x 399 (9th Cir. 2019) .......... 10

*United States v. First Nat'l Bank of Circle*, 652 F.2d 882 (9th Cir. 1981) .......... 4, 8

**Other Authorities**

Fed. Rule Civ. Proc. 16 .......... 8

Fed. Rule Civ. Proc. 26 .......... 10

Fed. Rule Civ. Proc. 30(b)(6) .......... 10

Fed. Rule Civ. Proc. 35 .......... 9

Fed. Rule Civ. Proc. 37 .......... 10




DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

## I. INTRODUCTION

Good cause exists to continue the current January 26, 2026 trial date and related pre-trial deadlines by approximately nine months. Whether or not the Court grants Plaintiff's pending Motion for Leave to File a Second Amended Complaint, Plaintiff has—*for the very first time*—placed a claimed psychiatric injury squarely at issue. This revelation, made only hours after the Court ordered production of Plaintiff's medical records, fundamentally alters the scope of this litigation and requires extensive additional discovery that cannot be completed under the current case schedule. Defendants[1] do not yet possess a *single page* of Plaintiff's psychiatric or broader medical records, have not been able to depose Plaintiff on the newly asserted condition (and Plaintiff refused to answer *any* questions related to his mental health treatment in his previous deposition), and have had no opportunity to identify, retain, or prepare medical experts to evaluate Plaintiff's asserted harm.

Importantly, even if this Court denies Plaintiff's request to amend his complaint to add a psychiatric injury (*see* ECF Nos. 68 and 73), Defendants still need and request a discovery and trial continuance. After all, the very reason the Court ordered production of the broader medical and mental health records was because of the need for Defendants to evaluate if those conditions (and any associated triggers) are or were the cause of the injuries Plaintiff now claims to suffer. Under these circumstances, all four factors the Ninth Circuit outlined in *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981) overwhelmingly support a continuance to permit orderly, non-prejudicial discovery and trial preparation.

The undersigned defendants (the "Mozilla Defendants") therefore respectfully request that the Court continue the trial date by approximately nine months and adjust all related deadlines accordingly.

---

[1] This Motion is made by defendants Mozilla Corporation, Dani Chehak and Laura Chambers (collectively, "Defendants" or the "Mozilla Defendants").



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. Plaintiff's prior representations regarding damages were both incomplete and misleading.

Throughout this case, which has been pending for over a year, Plaintiff consistently maintained that he was seeking only "garden variety" emotional distress damages. When Defendants sought discovery of Plaintiff's medical records, Plaintiff vehemently resisted, agreeing only to produce oncology records and arguing that any non-oncology records were irrelevant because he was *not* claiming medical or psychiatric harm. ECF No. 74, Ex. C.[2]

In objecting to Defendants' discovery requests seeking information regarding damages, medical records, and other issues, Plaintiff made "*vociferous assurances* that he is not seeking to introduce evidence that Mozilla caused or worsened a diagnosis of, for example, Generalized Anxiety Disorder or a related clinical diagnosis." ECF No. 44 (emphasis added). Plaintiff further emphasized "repeatedly that he is not waiving psychotherapist-patient privilege, that he is not alleging a specific diagnosable condition caused or worsened by Mozilla's treatment, and that he does not intend to introduce records regarding the same at trial." *Id*.

Plaintiff's initial and supplemental responses to Defendants' Interrogatory No. 7 distills the prejudicial effect of Plaintiff's prior refusal to comply with discovery. That interrogatory requested that: "For each item or category of damage you claim to have ***suffered*** because of action or inaction on behalf of Defendants, describe in detail the nature and amount of the damages sought and how the damages were calculated." ECF No. 74, Ex. D(emphasis added). This Interrogatory clearly asks the Plaintiff to do two things: (i) identify all damages suffered, and (ii) identify what damages are being sought with respect to each injury suffered. Plaintiff's initial response contained mostly objections, followed by this evasive and nondescriptive response: "The categories of damages that will be sought include: general damages, economic damages, statutory damages,

[2] In the interest of judicial economy and because the evidence supporting this Motion overlaps significantly with the evidence set forth in Defendants' opposition to Plaintiff's motion for leave to file a second amended complaint, Defendants refer to the Declaration of Anthony Todaro filed in connection with their opposition to that motion, including the exhibits attached thereto.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

including liquidated damages, where applicable. In addition to damages, Plaintiff seeks a declaratory judgment; attorney fees and costs; and prejudgment interest." *Id*. In short, Plaintiff never disclosed that he had in fact apparently suffered a psychiatric injury allegedly as a result of Defendants' conduct. In addition, Plaintiff made clear that his claimed injuries were general ("garden variety") in character and did not involve the now-claimed "psychiatric injury" which, by its nature, can only be supported and proven through expert medical testimony from a qualified medical doctor.

After much meeting and conferring, Plaintiff provided the following supplemental response:

> Plaintiff seeks the following categories of damages, in addition to such other and further relief as the Court may deem just and proper:
>
> - Lost future wages in the amount of approximately $35,041,570.00 plus merit and cost of living increases, which accounts for Plaintiff's salary, LTIP, and other bonuses over ten years;
> - Lost wages in the amount of approximately $117,361.12 for Plaintiff's 2023 Executive Bonus;
> - Willfully withheld wages in the amount of approximately $2,762,499 for Plaintiff's 2024 LTIP compensation;
> - Approximately $568,240.12 in increased insurance costs over ten years;
> - Lost benefits and retirement contributions over ten years;
> - *Emotional distress damages* in an amount to be determined at trial;
> - Prejudgment interest on willfully withheld 2024 LTIP compensation and other amounts as permitted by law;
> - Double damages on willfully withheld LTIP compensation; and
> - Attorneys'fees and costs, which continue to accrue.

*Id*. (emphasis added).



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

At no point did Plaintiff indicate that he ***suffered*** any psychiatric injury (indeed, even his reference to emotional distress damages was devoid of any specific facts or detail). Nonetheless, Defendants sought discovery regarding Plaintiff's medical history, as those records would be relevant to a variety of issues in the case, including causation and Plaintiff's ability to return to work, among other things. Plaintiff steadfastly refused to provide any such discovery, and, notwithstanding this Court's order from August 26, 2025, Plaintiff still has not produced a single page of his medical records associated with the apparent "psychiatric injury" he now claims to have suffered as a result of Defendants' actions.

**B. The Court's discovery order led to Plaintiff's immediate reversal of his position on damages and his first-ever disclosure of having apparently suffered a psychiatric injury.**

Unable to reach resolution, on May 5, 2025 the parties submitted a Joint LCR 37 Motion. ECF No. 44. On August 26, 2025, the Court ordered Plaintiff to produce his medical records without limitation, correctly noting that medical records were directly relevant to—among other things—whether Plaintiff's termination had any causal relationship with his purported emotional harm. ECF No. 67.

Just *hours* after the hearing, Plaintiff's counsel notified Defendants' counsel that Plaintiff indeed has psychiatric harm that he attributes to his termination and intends to amend his complaint to include claims for psychiatric damages. ECF No. 74 at ¶13, Ex. E. This dramatic revelation came only after the Court rejected Plaintiff's position that his medical records were irrelevant. Moreover, this was the very first time that Defendants were informed that Plaintiff indeed has some sort of diagnosed psychiatric injury, though the details of this purported diagnosis remain hidden.[3]

[3] Notwithstanding the Court's statements at the August 26, 2025 hearing that discovery requests seeking "all" documents are disfavored, only three days after that hearing Plaintiff served Defendants with a new round of discovery, including two requests for admission, two interrogatories, and eleven requests for production—eight of which seek "all" documents. ECF No. 74 at 14, Ex. F. Defendants will require additional time to address these broad and burdensome requests, which serves as a further, independent reason that the current trial date and related deadlines should be continued.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

**C. The revelation has a meaningful impact on discovery and case preparation.**

Defendants have *zero* information about Plaintiff's purported psychiatric harm. The medical records ordered by the Court have not yet been produced. Plaintiff has now indicated that he will seek to name additional expert witnesses and/or call treating providers to testify at trial. Discovery closes on September 29, 2025, mere weeks from this filing. ECF No. 65. Dispositive motions are due on October 28, 2025, and trial is set for January 26, 2026. *Id*. These deadlines cannot be met given the fundamental and dramatic change in the case's scope.

## III. Legal Standard

**A. The Rule 16 standard for continuance is met here.**

Federal Rule of Civil Procedure 16 governs modification of a court's scheduling order. Rule 16's good cause standard generally considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1991). Establishing good cause generally requires that the scheduling order cannot reasonably be adhered to despite the diligence of the party seeking the extension.

In the Ninth Circuit, courts consider four factors when determining whether a scheduling order should be modified: (1) the degree of prejudice to the moving party without modification; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party, if any. *First Nat'l Bank of Circle*, 652 F.2d at 887.

"When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed." *Id.*

## IV. ARGUMENT

All four factors discussed in *First National Bank of Circle* militate in favor of a continuance, particularly when taking into account that the medical records discovery was refused



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

by plaintiff (and just recently ordered by this Court) and Plaintiff has now—following the Court's order by mere hours—elected to dramatically alter his claimed damages to include a psychiatric injury determinable only through the expert testimony of medical doctors, *i.e.,* no longer "garden variety" in character.

**A. The degree of prejudice to Defendants without modification is substantial.**

Defendants will face substantial prejudice without a meaningful continuance. The revelation that Plaintiff claims psychiatric injury fundamentally changes the nature of this case and requires extensive additional discovery that cannot be completed under the current schedule. Defendants have not had the benefit of ***any*** discovery beyond limited oncology records Plaintiff produced. And Plaintiff refused to testify and was instructed not to answer questions at his deposition relating to his medical condition, including any psychiatric harm. ECF No. 74 at ¶ 9. Defendants do not even know who Plaintiff's medical providers are, much less have Defendants had a chance to depose them and retain medical experts of their own. *Id*. Indeed, under the current schedule, Defendants will have no opportunity to conduct any discovery whatsoever to explore Plaintiff's relevant medical history much less his newly disclosed "psychiatric injury."

Defendants now need to:

- Review and analyze Plaintiff's medical and psychiatric records once produced (estimated 30-60 days);
- Depose Plaintiff's medical providers and experts (estimated 60-90 days for scheduling and completion);
- Conduct additional deposition examination of Plaintiff regarding his psychiatric claims;
- Retain expert witnesses to evaluate and potentially challenge Plaintiff's psychiatric claims with those experts having had benefit of the records and the treating physician depositions (estimated 60 days after the completion of the above);
- Potentially conduct a Rule 35 medical examination of Plaintiff;
- Allow time for expert review and opinion formation following said examination (estimated



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

30 days after CR 35 exam completion); and

- Allow for all experts, including defense experts, to be deposed (additional 30-60 days).

Under the current schedule, there is insufficient time to complete this extensive additional discovery, obtain certified transcripts, and incorporate findings into dispositive motions.

Moreover, even if Plaintiff's motion for leave to amend his complaint to add psychiatric harm is denied, the fact remains that Plaintiff has now finally disclosed, *for the very first time*, that he suffered some sort of psychiatric injury he attributes to Defendants' conduct. Defendants are entitled to conduct discovery as to the nature of the purported psychiatric injury, the clinical diagnoses Plaintiff received, and other facts relating to Plaintiff's recent revelation, as such information is clearly relevant to causation of even the "garden variety" sort of mental distress that Plaintiff had previously claimed. *See* ECF 72 (Tr. Of August 25, 2025 Hearing), at 39:25-40-15, 46:17-47:9.

Under similar circumstances, courts in the Ninth Circuit have sanctioned parties for failure to timely disclose damages theories. In *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, for example, the district court did not permit Ingenco "to rely upon any computation or evidence of their [damages claims] beyond that provided in their initial disclosures" for failing to produce these damages theories until the day before discovery cutoff at a Rule 30(b)(6) deposition. No. C13-543, 2016 WL 4703758, at *2, *5 (W.D. Wash. Sept. 7, 2016). The Ninth Circuit affirmed this exclusion, explaining that because Ingenco failed to respond to Ace's interrogatory requesting this damages information, and because Rule 26(a)(1)(A)(iii) requires timely disclosure of damages information, the district court properly excluded the damages information under Rule 37. *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019); *see also Elliott v. Google, Inc.*, 860 F.3d 1151, 1161 (9th Cir. 2017) (affirming the district court's exclusion of evidence where the evidence was not properly disclosed during fact discovery); *Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 886 n.3 (9th Cir. 1994) (explaining that "the district court was within its discretion by precluding expert testimony as a sanction for the [ ] failure to seasonably



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

supplement its interrogatory responses"); *Silvia v. MCI Commc'ns Servs., Inc.*, 787 F. App'x 399, 400 (9th Cir. 2019) (affirming the district court's exclusion of Silvia's damages theory for failing to timely supplement or correct her disclosures and discovery responses under Rule 26(e)(1)(A)).

The Mozilla Defendants are not seeking sanctions here, though, as noted below, Plaintiff is certainly without basis to claim any prejudice or harm where the present situation—and the concealment of facts surrounding the apparent existence of a psychiatric injury—was undoubtedly always known to Plaintiff and was nevertheless actively concealed from Defendants.

**B. The degree of prejudice to Plaintiff from modification is of his own making.**

Any prejudice to Plaintiff from a continuance is minimal and largely of his own making. Plaintiff could have avoided this situation by accurately representing the scope of his injuries from the outset. Instead, Plaintiff strategically concealed his psychiatric injury until forced to produce medical records. Plaintiff cannot claim prejudice from delay when he is the party seeking to dramatically expand the case's scope after over a year of litigation and where he was less-than-forthcoming in his answers to written discovery.

**C. A continuance furthers the ends of justice and supports the orderly and efficient conduct of the case.**

Granting a continuance will promote the orderly and efficient conduct of the case by allowing sufficient time for proper discovery regarding Plaintiff's newly revealed claims. Proceeding under the current schedule would:

- Force rushed and incomplete discovery
- Risk inadequate preparation for dispositive motions
- Undermine the quality of trial preparation

A single, reasonable continuance now is preferable to multiple emergency requests later. Indeed, the requested continuance, roughly nine months, will have the case ready for trial approximately two years after it was first filed—hardly an uncommon amount of time for a case of this significance.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

**D. There is a clear absence of willfulness, bad faith, or inexcusable neglect by Defendants.**

Defendants have acted diligently throughout this litigation. The need for a continuance arises entirely from Plaintiff's concealment of his psychiatric injury claims until hours after an adverse discovery ruling and Plaintiff's refusal to provide records (or answer deposition questions) to begin with. Defendants could not have anticipated or prepared for claims that Plaintiff repeatedly disclaimed. In fact, Defendants did all that they could do given Plaintiff's intransigence and failure to respond to legitimate discovery requests. This situation results from Plaintiff's strategic decision to withhold material information about the scope of his injuries, not from any lack of diligence by Defendants.

## V. CONCLUSION

The Court should grant Defendants' motion to continue the trial date and related deadlines. Plaintiff's strategic concealment of psychiatric injury claims—revealed only hours after an adverse discovery ruling—has fundamentally altered this case's scope and necessitates substantial additional discovery. All four factors in *First National Bank of Circle* support a continuance, and proceeding under the current schedule would cause substantial prejudice to Defendants while providing minimal benefit to Plaintiff.

A continuance of approximately nine months will allow for orderly completion of discovery and ensure all parties can adequately prepare for trial.

Respectfully submitted this 10th day of September, 2025.

DLA PIPER LLP (US)

*By: s / Anthony Todaro*
Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
E-mail: anthony.todaro@us.dlapiper.com

*Attorneys for Defendants MOZILLA CORPORATION, LAURA CHAMBERS, and DANI CHEHAK*

I certify that this memorandum contains 3076 words, in compliance with the Local Civil Rules

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 10th day of September, 2025.

*s/ Jenelle Barrett*
Jenelle Barrett, Legal Executive Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800