HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA, | CASE NO. 2:24-cv-01032-RAJ |
| Plaintiff, | ORDER |
| v. | |
| MOZILLA CORPORATION a.k.a. M.F. TECHNOLOGIES, a California Corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community; and DANI CHEHAK and her marital community; | |
| Defendants. | |

## I. INTRODUCTION

THIS MATTER comes before the Court on two Joint Discovery Motions filed by Defendants Mozilla Corporation a.k.a. M.F. Technologies ("Mozilla"), Winifred Mitchell Baker ("Baker"), Laura Chambers ("Chambers"), Dani Chehak ("Chehak") (collectively, "Defendants") and Plaintiff Steve Teixeira ("Plaintiff"). Dkt. ## 29; 44. Plaintiff also filed an additional Motion to Compel Discovery Requests. Dkt. # 48.

ORDER – 1

The Court adjudicated all outstanding discovery issues during a telephone conference held on August 26, 2025. Dkt. # 67. This Order will serve as a memorialization of the specific rulings made therein.

## II.    BACKGROUND

This is an employment discrimination and retaliation case concerning the actions of Defendants following Plaintiff's cancer diagnosis. Although the matters concerning discovery are more pertinent than the underlying facts of this case, the Court will outline them briefly and as alleged in Plaintiff's First Amended Complaint. Plaintiff was formerly the Chief Product Officer of Mozilla and on the trajectory to become the company's next CEO. Dkt. # 28 at 1. In October 2023, Plaintiff received a medical diagnosis confirming the presence of ocular melanoma, prompting him to take a ninety-day medical leave for treatment. *Id*. Upon his return, Mozilla "campaigned to demote or terminate [Plaintiff] [,] citing groundless concerns and assumptions about his capabilities as an individual living with cancer." *Id*. Interim Chief Executive Officer Chambers and Chief People Officer Chehak "were clear" with Plaintiff that due to his diagnosis, he could not continue as Chief Product Officer or in any capacity as a Mozilla employee beyond 2024. *Id*. After voicing his opposition to this news, Mozilla placed him on indefinite administrative leave. *Id.* at 1–2. Plaintiff's First Amended Complaint asserts eight employment discrimination and retaliation-based causes of action against Defendants. *Id.* at 15–21.

## III.   LEGAL STANDARD

The discovery rules are to be accorded "broad and liberal treatment" because "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1957). Information is discoverable so long as it is "reasonably calculated to lead to the discovery of admissible evidence." Rule 26, *Comm. Notes on Rules – 2000 Amendment*.

The Western District of Washington provides a model agreement regarding discovery and electronically stored information ("ESI"). *Model Agreement re: Discovery*

ORDER – 2

*of ESI* (Mar. 12, 2015), https://www.wawd.uscourts.gov/news/model-agreement-re-discovery-esi ("Model Agreement"). The purpose of the Model Agreement is to encourage cooperation regarding the search of ESI and "further the application of the proportionality standard in discovery." *Id*. "The model order is the model for a reason – it was drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential materials." *Kater v. Churchill Downs, Inc.*, No. 2:15-cv-00612-RBL, 2020 WL 13490764, at *2 (W.D. Wash. May 5, 2020) (internal quotation marks omitted).

### IV.  DISCUSSION

**A.     Dkt. # 29 – Interrogatories Nos. 2 and 3**

Interrogatory No. 2 asks Defendants to "[i]dentify individuals who have taken a leave of absence in the last ten years and were eligible for a bonus award pursuant to an Executive Individual Achievement Plan or other bonus plan then in effect. For each individual, state the reason for leave and the percentage of bonus award that individual received for the year(s) in which the individual took leave." Dkt. # 29 at 6.

After hearing from the parties and reminding them of the dangers of "scorched earth discovery," there was a resolution that more narrowly tailored this initial request. First, Interrogatory No. 2 will only reflect a five-year time frame commensurate with the case law to reflect the three years prior to Plaintiff's termination and the two years subsequent to his termination. Counsel for Mozilla represented that there was an agreement with Plaintiff's counsel to narrow this interrogatory to leaves relating to health conditions only. The comparator group will be the eight to ten C-Suite individuals. There will be a number in lieu of a name for the person for privacy purposes.

Interrogatory No. 3 asks Defendants to "[i]dentify individuals who have taken a leave of absence for their own health condition in the last five years, the date(s) of leave, and the starting and ending dates of employment." *Id.* at 7.

The Court found that the same restrictions stated above also apply to Interrogatory

ORDER – 3

1   No. 3. The information will come from the C-Suite group only, and their names will be
2   anonymized.

3   **B.    Dkt. # 29 – Request for Product No. 2**

4   Plaintiff's Request for Production No. 2 seeks "[a]ll documents from January 2022
5   to the present related to or regarding the hiring, transition, succession, or removal of
6   individuals as Mozilla CEO, including but not limited to correspondence with members of
7   the Mozilla [sic] and Mozilla Foundation boards of directors." *Id.* at 13.

8   To start, counsel for Plaintiff conceded to a narrower time period from December 1,
9   2023, to the end of February 2024, and the specific documents requested would discuss the
10  reasons for removing Baker as CEO, the terms of her removal as CEO, and the reasons for
11  selecting Chambers as CEO. Counsel for Mozilla and the Court agreed to this modification
12  based on the existing ESI that the parties had already negotiated. Additionally, counsel for
13  Baker and the Court concurred on a protracted discovery in which he would get the benefit
14  of what was produced and then conduct his own comparative analysis of the production
15  against his client.

16  **C.    Dkt. # 29 – Request for Production No. 3**

17  Plaintiff's Request for Production No. 3 calls for the production of "all reports,
18  memoranda, and assessments from Tiangay Kemokai Law, P.C. to Mozilla from January
19  1, 2023[,] to the present." *Id.* at 17.

20  Counsel for Plaintiff clarified there are two documents in question. The first is the
21  law report itself. The Court found that Mozilla has treated this report as a confidential
22  attorney-client protected document, as a lawyer drafted it. It was completed as the result
23  of a request for legal advice on the operation of the business. Accordingly, the report is
24  not subject to production. Conversely, the summary of the report, which is a separate
25  document, is not protected. A lawyer did not prepare the summary, and it appears there
26  was wide dissemination of the summary to other individuals outside of the executive
27  department. Mozilla must produce the summary of the report.

28  ORDER – 4

#### D.      Dkt. # 29 – ESI Clarification

The Court also discussed the disputes regarding the individual Defendants' search methodologies. Counsel for Plaintiff took umbrage with the individual Defendants wanting to exclude their personal email communications from the search terms. She then agreed to look at her list of previously agreed search terms and strike those that would not be likely to result in hits on personal accounts. The Court ruled that Baker's email account containing the word "remix" is not subject to disclosure because it was created specifically to communicate with counsel. Moreover, her email account that she no longer has access to and used prior to Plaintiff's employment has no relevance to the instant matter. Counsel, not Baker herself, will search the email address ending in "dadubadu.com" using the modified search terms suggested by Plaintiff's counsel. Finally, the Court ruled that the cell phone data is satisfactory, as it was collected by a neutral party as opposed to an individual.

#### E.      Dkt. # 29 – Request for Production No. 9

Plaintiff's Request for Production No. 9 calls for the production of "all Communications to or from Defendant Winifred Mitchell Baker from January 1, 2015[,] to the present containing the search term 'cancer.'" *Id.* at 26.

The Court summarily found that the request was overbroad. However, counsel can still negotiate to see if they can come up with modified terms for narrowing the scope of the search. The scope of the search, particularly in light of the family history, could lead to irrelevant emails such as information about a new form of cancer treatment that would be pulled into the response, which is unreasonable.

#### F.      Dkt. # 44 – Request for Production Nos. 8, 9, and 10

Defendants requested a variety of medical records from Plaintiff, and the Court focused exclusively on the request for "all medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records." Dkt. # 44 at 6.

ORDER – 5

1  While conversing with the parties, the Court learned that during a deposition, Plaintiff received instructions on numerous occasions not to answer questions regarding this information.  However, it was Plaintiff who alleged that he suffers from emotional distress and brain fog.  The Court ruled that it is a red flag if counsel instructs a witness not to answer a question through the course of a deposition, particularly when the deposition was taken without the benefit of the medical records being sought.  It was also a concern that there was an insufficient stipulation to the cancer diagnosis.  There could be other conditions affecting Plaintiff's emotional health, such as diabetes, high blood pressure, or any variety or sundry of health-related issues that affect his emotional distress, even if it is garden-variety emotional distress.  Accordingly, the request for medical records was granted.

**G.    Dkt. # 48 – Various Interrogatories and Requests for Production**

The Court concluded the hearing by asking the parties about the status of Plaintiff's Second Motion to Compel Discovery Requests to Mozilla Corporation and Individual Defendants.  Counsel for Mozilla represented to the Court that the prior rulings covered everything.  He then stated that he and counsel for Plaintiff would likely be able to work through anything else that is remaining based on the language in those rulings.  The Court construes the requests contained in this pleading as moot.  If issues remain, the parties can move the Court, and the Court will conduct another telephone conference to resolve any disputes.

///
///
///
///
///
///
///

ORDER – 6

## V. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** LCR 37 Joint Submission Regarding Plaintiff's Discovery Requests to Mozilla Corporation and Individual Defendants. Dkt. # 29. The Court **GRANTS** Joint LCR 37 Motion Regarding Mozilla Corporation's Discovery Requests to Plaintiff. Dkt. # 44. The Court **DENIES AS MOOT** Plaintiff's Second Motion to Compel Discovery Requests to Mozilla Corporation and Individual Defendants. Dkt. # 48.

Dated this 15th day of September, 2025.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7