Exhibit 1

| | |
|---|---|
| **From:** | Amy K. Alexander |
| **To:** | Todaro, Anthony; Chan, Mandy |
| **Cc:** | Rick Redmond; Daniel M. Weiskopf; Sarah Armon; Anna Armitage; Laura Smith; Mathew Harrington; Maricarmen Perez-Vargas |
| **Subject:** | RE: Teixeira/Mozilla - follow up to today"s meet and confer |
| **Date:** | Friday, September 12, 2025 4:19:56 PM |

Hello Anthony, Mandy, and Rick,

With respect to the court's order on RFP 8-10, we have produced all of Mr. Teixeira's oncology medical records, all of his social work records, and Mr. Teixeira's therapy medical records from 9/7/2023-10/10/2024. We anticipate producing additional therapy records from 10/3/2021-9/6/2023, and 10/10/2024-present in the coming days. We believe these are all the medical records that relate to Mr. Teixeira's emotional distress, and disability, and are responsive to RFP 8-10 (though we continue to believe these are shielded from discovery under RCW 49.60.510, we understand the Judge's order to require their production).

We wanted to confer regarding the meaning of RFPs 8-10, and that was our goal when we sought to confer during the conference this past Wednesday. I also followed up on Wednesday with an email with specific questions but have not heard back. For the avoidance of doubt, and to be perfectly clear, we are proceeding based on our understanding of RFPs 8-10, which is as follows:

- RFP 8 requests medical records that refer to Mr. Teixeira's treatment for his alleged emotional distress, which we understand to mean his alleged emotional distress arising out of his claims and alleged damages. We think an appropriate and generous timeframe is October 3, 2023-present, and have applied that time frame.
- RFP 10 requests all medical records from March 1, 2024 to May 23, 2024 that relate to Mr. Teixeira's ability to return to work following cancer treatment.
- RFP 9 requests all medical records from August 1, 2019-August 1, 2021. In Mozilla's February 4, 2025 letter, you wrote, re RFP 9: "Defendants will agree to limit this request to all medical records all medical records [sic] from two years prior to his diagnosis." Accordingly, we are applying the time period of October 3, 2021-October 3, 2023 to RFP 9. In this time period, the Court was clear that we must produce all medical records that could relate to Mr. Teixeira's emotional distress. We believe that we have done that, following the production of additional therapy records noted above. We have yet to gather the full swath of non-oncology and non-therapy medical records that we do not believe bear on emotional distress or ability to return to work (RFP 10). These may include:
    - Primary care records
    - Lab testing results
    - Cognitive evaluation/neuropsych records
    - Pharmacy records
    - Cardiology records
    - Dental records
    - Dermatology records

- Endocrinology records
- Gastroenterology records
- Vaccination records
- Ophthalmology records
- Audiology/ENT records
- Sports medicine records
- Sleep medicine records

We had wanted to confer about these categories on Wednesday. Until Mozilla informs us it believes otherwise, we do not interpret these categories to be responsive to RFP 9 or 10. We also will assert at trial that at least all non-oncology and non-therapy records remain privileged and irrelevant under RCW 49.60.510.

To be clear, to the extent that Plaintiff elects to not introduce therapy records at trial, or rely on testimony of a health care provider or expert witness for general damages, therapy records would not be relevant and Plaintiff would not waive privilege over these records under RCW 49.60.510.

Finally, I'm following up on my request below to confer on Plaintiff's ROG 8, 9, 10, and 12, and RFP 11 and 21. The Court ordered the parties to confer on these. Once again, please provide dates that you are available to confer.

Sincerely,

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**

1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Amy K. Alexander
**Sent:** Thursday, September 11, 2025 8:49 AM
**To:** Todaro, Anthony <anthony.todaro@us.dlapiper.com>; Chan, Mandy <mandy.chan@us.dlapiper.com>
**Cc:** Rick Redmond <rredmond@mcnaul.com>; Beth Touschner <btouschner@sbj.law>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** RE: Teixeira/Mozilla - follow up to today's meet and confer

Hello,

I'm following up to correct the list of terms I provided below for individual defendants' personal accounts. The list I sent reflected the most recently disputed terms (and resolutions regarding the same) between the parties, but inadvertently omitted previously agreed to terms. The full list is below. Terms that are stricken do not need to be applied to personal email accounts. Please let me know if you have any questions.

| Term | Date Range |
| --- | --- |
| ~~Promot* w/3 (President or CEO)~~ | ~~8/1/2022 - Present~~ |
| CEO w/10 President | 8/1/2022 - Present |
| ~~CEO w/3 transition~~ | ~~8/1/2022 - Present~~ |
| CEO w/5 Steve* | 8/1/2022 - Present |
| Potential w/4 succession | 8/1/2022 - Present |
| Replac* w/5 CEO | 8/1/2022 - Present |
| Succession /4 plan* | 8/1/2022 - Present |
| ~~"SVP New Products"~~ | ~~8/1/2022 - Present~~ |
| ~~"SVP Technology"~~ | ~~8/1/2022 - Present~~ |
| Feedback AND Steve* | 8/1/2022 - Present |
| "Performance Review" AND Steve* | 8/1/2022 - Present |
| Steve* w/20 perform* | 8/1/2022 - Present |
| Steve AND title AND Change | 10/1/2023 - Present |
| Steve* AND absence* | 10/1/2023 - Present |
| Steve* AND Employ* AND role | 10/1/2023 - Present |
| Steve* AND Leave | 10/1/2023 - Present |
| Steve* AND Terminat* | 10/1/2023 - Present |
| Steve* AND Farewell | 10/1/2023 - Present |
| CEO w/10 hire* | 1/1/2022 - Present |
| CEO AND Succession | 1/1/2022 - Present |
| Steve* AND Eval* | None |
|  |  |

| | |
|---|---|
| Steve* AND Cancer | 9/1/2023 - Present |
| Steve* AND diagnos* | 9/1/2023 - Present |
| Steve* AND "artificial intelligence" | 1/1/2022 - Present |
| Steve* AND melanoma | 9/1/2023 - Present |
| Steve* AND treat* | 9/1/2023 - Present |
| Steve* AND surgery | 9/1/2023 - Present |
| Steve w/10 performance | 8/1/2023 - present |
| Steve* AND FMLA | 9/1/2023 - Present |
| Steve* AND "Caring Bridge" | 9/1/2023 - Present |
| Steve* AND caringbridge | 9/1/2023 - Present |
| Steve* AND (promot* OR President OR CEO) | 8/1/2022 - Present |
| Steve* AND officer AND chief | 8/1/2022 - Present |
| Steve* AND eye | 8/1/2022 - Present |
| Steve* AND narrative | 8/1/2022 - Present |
| Steve* AND layoff* | 8/1/2022 - Present |
| ~~Steve* AND RIF~~ | ~~8/1/2022 - Present~~ |
| Steve* AND termin* | 8/1/2022 - Present |
| Steve* AND "generative ai" | 8/1/2022 - Present |
| Steve* AND "gen ai" | 8/1/2022 - Present |
| Steve* AND discriminat* | 8/1/2022 - Present |
| Steve* AND complain* | 8/1/2022 - Present |
| Steve* AND demot* | 8/1/2022 - Present |
| Steve* AND bonus | 8/1/2022 - Present |
| Steve* AND LTIP | 8/1/2022 - Present |
| ~~Steve* AND IAP~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND blueprint~~ | ~~6/1/2023 - Present~~ |
| ~~Lindsey AND Social~~ | ~~10/1/2023 - Present~~ |
| ~~Lindsey AND Leyla AND Steve*~~ | ~~10/1/2023 - Present~~ |
| | |

| | |
|---|---|
| ~~Steve* AND reentry~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND Dani AND LaVonne~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND Dani AND Hannah~~ | ~~8/1/2022 - Present~~ |
| Steve* AND Mitchell AND Bellevue | 8/1/2022 - Present |
| ~~Steve* AND Dani AND direct*~~ | ~~8/1/2022 - Present~~ |
| Steve* AND Dani AND Fireside | 8/1/2022 - Present |
| Steve* AND Laura AND fireside | 8/1/2022 - Present |
| Steve* AND pancreas | 9/1/2023 - Present |
| Steve* AND liver | 9/1/2023 - Present |
| Steve* AND metastat* | 9/1/2023 - Present |
| Steve* AND resign* | 9/1/2023 - Present |
| Steve* AND quit* | 9/1/2023 - Present |

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**

1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Amy K. Alexander
**Sent:** Wednesday, September 10, 2025 3:00 PM
**To:** Todaro, Anthony <anthony.todaro@us.dlapiper.com>; Chan, Mandy <mandy.chan@us.dlapiper.com>
**Cc:** Rick Redmond <rredmond@mcnaul.com>; Beth Touschner <btouschner@sbj.law>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** Teixeira/Mozilla - follow up to today's meet and confer

Hello Anthony, Mandy, and Rick,

Thanks for your time today.

We anticipate producing medical records responsive to RFP 8, 9, and 10 by September 12.

I mentioned on the call today the possibility of adjusting certain deadlines as an alternative to your proposed 6-9 month continuance. Here's our proposal: All parties would disclose additional witnesses and expert witnesses by September 26, 2025, with reports and other disclosures by report-writing experts by October 3. Additionally disclosed witnesses may be deposed past the discovery cutoff (September 29), but before October 10. We are comfortable with our ability to file any Daubert motion before the cutoff on October 28, and given that these matters relate to damages, we do not anticipate this affecting summary judgment motions.

Please note that it remains our position that under applicable law, therapy records are inadmissible and privileged if Mr. Teixeira does not seek to introduce them or call a treating provider or expert witness to testify about them. RCW 49.60.510.

The Court ordered that the parties confer about Plaintiff's ROG 8, 9, 10, and 12, and RFP 11 and 21 and come to agreement consistent with the Court's orders compelling other comparator evidence. We discussed Plaintiff's position with respect to ROG 8, 9, 10, and 12, and RFP 11 and 21.

- ROG 8: Mozilla is compelled to respond, but may anonymize data, and provide data for the five years prior to filing.
- ROG 9: Mozilla is compelled to respond, but may anonymize, and provide data for the five years prior to filing.
- ROG 10: Mozilla is compelled to respond to the ROG as written.
- ROG 12: Mozilla is compelled to respond to the ROG as written, but may anonymize the identity of complainants. As previously clarified, this should reference ROG 11, not ROG 10.
- RFP 11: Mozilla is compelled to respond as written.
- RFP 21: Mozilla is compelled to respond as written, but may redact the name of the complainant, and provide data for the five years prior to filing.

**Please provide dates that you are available to confer, or confirm in writing by Friday that Mozilla will respond and produce consistent with these guidelines.**

A few other items:
- You told us that you would have a date by which you anticipated supplementing Defendants' production by Friday.
- We asked to clarify the date range, consistent with RFP 8, 9, 10, for which Defendant is seeking medical records. You were unable to clarify at the meeting, and we will go ahead and produce records consistent with our reading of RFP 8, 9, 10 and the Court's order

- compelling responses to those.
- We also asked Mozilla to clarify whether it would exclude from production non-oncology and non-mental health records, as those are clearly irrelevant to the case, privileged under RCW 49.60.510, and burdensome to collect and produce. These might include items like routine wellness exams and blood panels, colonoscopy records, and reproductive healthcare records.

Please see the following modifications for search terms, which the court ordered be applied by counsel to data in each individual defendants' personal accounts.

- CEO w/10 hire*
- CEO AND Succession
- Steve* AND artificial intelligence
- Steve* AND Eval*
- Steve AND title AND change
- Steve* AND employ* AND role
- Steve* AND Leave
- ~~Lindsey AND Social~~
- ~~Leyla AND Lindsey AND Steve*~~
- Steve w/10 performance
- Steve* AND (promot* OR President OR CEO)
- Steve* AND officer AND chief
- Steve* AND eye
- Steve* AND narrative
- Steve* AND layoff*
- Steve* AND termin*
- Steve* AND "generative ai"
- Steve* AND bonus
- ~~Steve* AND Dani AND LaVonne~~
- ~~Steve* AND Dani AND Hannah~~
- ~~Steve* AND Dani AND direct*~~
- Steve* AND treat*
- Steve* AND quit*

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the*

*sender and then delete it.*