THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>    Plaintiff,<br>v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community,<br><br>    Defendants. | Case No.: 2:24-CV-01032-RAJ<br><br>PLAINTIFF'S RESPONSE TO MOZILLA DEFENDANTS' MOTION TO CONTINUE TRIAL AND RELATED DATES<br><br>Note for Motion Calendar:<br>October 1, 2025 |

## I. INTRODUCTION

Mozilla Corporation ("Mozilla") and Individual Defendants Dani Chehak and Laura Chambers (collectively, "Mozilla Defendants") seek an exorbitant continuance of *nine months*, the second they have requested in this case, to address a problem of their own creation. As is described in detail in Plaintiff Teixeira's Reply on his Motion for Leave to Amend (ECF No. 79), Teixeira sought to *avoid* expanding the scope of this case and creating additional complication, so when first crafting his complaint he elected not to seek damages for psychiatric injury he had experienced. He relied on a good faith interpretation of RCW 49.60.510, a relatively new

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Washington statute under which the legislature decided to allow a plaintiff who seeks only garden variety emotional distress damages to maintain the privilege of certain health care records where plaintiffs do not put "a specific diagnosed physical or psychiatric injury" at issue. Teixeira intentionally left damages on the table, *benefitting Defendants*, to protect his private, non-oncology healthcare information and design the scope of this case. This was Teixeira's prerogative. *Cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987) (the plaintiff is "master of the complaint").

Defendants nonetheless doggedly pursued Teixeira's privileged, and previously irrelevant, healthcare records, and the Court compelled their production on August 26, 2025. ECF No. 78. *All of the work Mozilla Defendants complain is now "necessary" was created only because they insisted on expanding the scope of this case to encompass psychiatric injury, not just emotional distress.*

Teixeira does not disagree that Mozilla Defendants' actions have created a need for additional time in the case schedule and discovery. For this reason, Teixeira offered to stipulate to a three-month continuance to resolve this Motion and Teixeira's Motion to Amend his Complaint at ECF No. 68. Mozilla Defendants have received a substantial number of the expansive medical records that they request, have been informed of Teixeira's additional witnesses, and will receive the rest of the medical records they seek – *ten years* of Teixeira's healthcare records, irrespective of their relationship to his claimed damages – by October 3, 2025. Mozilla Defendants filed this Motion without fully providing time to hear Teixeira's position to meaningfully confer as required by this Court's Chambers Procedures.

Mozilla Defendants appear to have expanded the scope of this case so that they would have an excuse to create further delay. Teixeira is in good health, but continues to live with cancer.

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 2

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

While Teixeira is amenable to a continuance and agrees Mozilla Defendants have succeeded in making one necessary, nine months is too long when this case has already been continued once. Teixeira respectfully asks the Court to enter a continuance of three months, setting trial for the end of April 2026.

## II.  FACTUAL BACKGROUND

This is Mozilla Defendants' second motion for a continuance. ECF No. 40. Mozilla Defendants previously argued a "modest" continuance was necessary "to complete written discovery, document production, conduct depositions, resolve pending discovery motions, and prepare dispositive motions." ECF No. 40 at 2, 8. Notably, in Mozilla Defendants' first continuance request, they cited their then-imminent motion to compel Teixeira's non-oncology healthcare records as a reason for needing a continuance at that time. ECF No. 40 at 7.

The Court granted Mozilla Defendants' first motion to continue deadlines, continued trial for four months (from October 2025, to January 26, 2026), reopened discovery, and extended the new cutoff by four months (from June 9, 2025 to September 29, 2025). ECF Nos. 64 & 65. These Orders came at the end of June 2025. Thus, Mozilla Defendants are now seeking a second continuance based on the same justification.

In the almost three months since obtaining their continuance, Mozilla Defendants have done relatively little to advance discovery. Before filing this second Motion to continue deadlines, they issued limited additional interrogatories, requests for production, and requests for admission, largely exploring damages, and noted the deposition of Plaintiff's wife. Declaration of Maricarmen C. Perez-Vargas ("Perez-Vargas Decl.) ¶ 6, Exs. 1-3. Mozilla Defendants have made one document production, partially addressing the Court's August 26, 2025 order compelling Mozilla

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 3

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Defendants to produce summaries of the T.K. Law report. Perez-Vargas Decl. ¶ 6.[1] One month after the Court's orders, Mozilla Defendants have produced no additional information or documents in response to the Court's order compelling discovery, nor provided a date by which they intend to comply.

On September 10, 2025, Mozilla Defendants requested a discovery conference to discuss a potential continuance, but their subsequent actions make it clear they intended to move for relief without affording Teixeira's counsel a reasonable opportunity to confer as required by Chambers Procedures. ECF No. 74 ¶ 21. Counsel for Mozilla Defendants admits "Plaintiff's counsel requested a number of days to present the issue to their client. I indicated to please get back to me *today*, as we intended to file, but that I would agree to strike the motion should [Teixeira]" agree to a continuance. *Id.* (emphasis added). Mozilla Defendants filed same day.[2]

Two days later, Teixeira *did* in fact propose a compromise in the form of a limited continuance. Counsel for Plaintiff relayed that Teixeira would stipulate to a three-month continuance to resolve Mozilla Defendants' Motion to Continue and Teixeira's Motion for Leave to Amend his Complaint. ECF No. 80 ¶ 2. Counsel for Mozilla Defendants declined this offer and declined to negotiate and discuss the needs of the case. ECF No. 80 ¶¶ 3-5.

---

[1] After the discovery cutoff deadline for serving discovery requests, Mozilla Defendants served on September 19 additional discovery requests. Perez-Vargas Decl. ¶ 7, Ex. 4. Despite the fact that these requests are untimely under the current case schedule, Teixeira is working to produce responsive medical records in the interest of cooperation in discovery, efficiency, the fact that both sides favor some form of continuance, and in light of recent rulings. Perez-Vargas Decl. ¶ 8; ECF No. 78. These untimely requests include requests for medical records from "all medical providers you have consulted with or sought treatment from in the past 10 years." Perez-Vargas Decl. Ex. 4 (Chambers' Interrogatory No. 32 and Mozilla Corporation's Request for Production No. 30).

[2] Counsel for Teixeira did respond to counsel for Mozilla Defendants the same day, initially proposing adjusting various deadlines rather than a continuance. ECF No. 80-1 at 7. However, this proposal did not benefit from a full opportunity to discuss the issue with the Plaintiff himself, as counsel for Mozilla Defendants had demanded an answer the same day.

## III.  ARGUMENT

### A.  Legal Standard

A scheduling order may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The moving party must demonstrate diligence by showing:

> (1) that [the moving party] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the moving party's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the moving party] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [they] could not comply with the order.

*United States v. Valley's Best Hospice, Inc.*, 2025 WL 2043301, at *3 (C.D. Cal. June 4, 2025).

Where a party's own neglect and delay creates the perceived need for a continuance, the motion should not be granted, because case schedules should only be modified "if [they] cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee's Notes; *Virtru Corp. v. Microsoft Corp.*, 2025 WL 1070520, at *1 (W.D. Wash. Apr. 9, 2025). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5).

A court considers the following factors when determining whether a continuance is justified: (1) the degree of prejudice to the moving party without modification; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the party of the moving party, if any. *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 5

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**B.    Mozilla will suffer no prejudice because Teixeira agrees to continue the case schedule.**

Teixeira agrees a continuance is necessary, and has attempted to engage in discussions with Mozilla Defendants regarding the same. Mozilla Defendants have not actively engaged with these attempts, preferring instead to pursue this motion. ECF No. 80 ¶¶ 2-5. In any event, there is no need for a nine-month continuance.

Mozilla Defendants admit that many of the tasks for which they need additional time can be performed within approximately six months. ECF No. 75 at 9-10 (analyze medical records within 60 days, depose medical providers and experts within 90 days, retain additional experts within 60 days after that, allow for depositions of all experts within 30-60 days after that). But Mozilla Defendants misrepresent the information they already have – Teixeira has disclosed his medical providers, has produced a substantial number of responsive medical records, and anticipates completing production within one week of records responsive to Mozilla Defendants' newly-served request for *ten years of all mental and physical health records* (without limitation

or relation to the medical conditions at issue in this case).³ ECF No. 80 Exs. 1 & 2. At the time Mozilla Defendants filed this Motion, they were aware that Teixeira would be producing additional medical records the next day, ECF No. 79 at 5 n.2, which perhaps explains why Mozilla Defendants were in a rush to file this Motion.

Importantly, the main source of Mozilla Defendants' argued prejudice, Teixeira's recent attempt to plead psychiatric injury, is an issue of Mozilla Defendants' own making. As explained in detail in Teixeira's Reply on his Motion for Leave to Amend his Complaint to include, among other amendments, psychiatric injury, Teixeira seeks only the amendment *in response* to Mozilla Defendants' successful bid to pry into his personal and privileged medical records. ECF No. 79.

---

³ Teixeira's counsel worked diligently to clarify the scope of Mozilla Corporation's discovery requests related to medical records, as the Court instructed the parties to do during its August 26, 2025 discovery hearing. *See* ECF No. 78 at 6. Specifically, while Mozilla Corporation's RFP 8 to Teixeira requested "[a]ll medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records," Mozilla Corporation's counsel later indicated it interpreted this request to encompass *all* records of psychological *and physical* health dating back to September 12, 2015. Perez-Vargas Decl. Ex. 5. Given the stunning breadth of the expansion, Teixeira's counsel first asked Mozilla Corporation's counsel for clarification during a September 10 discovery conference. *Id.* Mozilla Corporation did not state a clear position until September 19, at which time it stated that it expected *all* medical records of conditions contributing to or affected by Teixeira's emotional health for the past ten years. Perez-Vargas Decl. Ex. 6. The same day, Mozilla Defendants served discovery requests for ten years of mental and physical health records, regardless of their relation to Teixeira's cancer or emotional health, making clear Mozilla Defendants' scorched-earth approach to discovery. This overbroad request is demonstrative of Mozilla's gamesmanship, as Mozilla seeks a continuance to review the thousands of pages of detailed medical records that it has unnecessarily and invasively requested. Teixeira is complying with this expansive request, but Mozilla Corporation's initial reluctance to clarify the scope of the Court's compelled requests, and subsequent service of an unlimited request for medical records has resulted in multiple burdensome requests to healthcare providers. As of the filing of this motion, Teixeira has produced his mental healthcare records from 2021 to the present, and his oncology records (which are all that is discoverable under RCW 49.60.510(2)(a) (stating that even where a plaintiff seeks psychiatric damage, only the two years preceding the first alleged unlawful act are discoverable)), and is working to produce the remaining responsive records. Perez-Vargas Decl. Ex. 7. Teixeira has offered deposition dates for Helen (Teixeira's wife) and Steve Teixeira (to be deposed for the second time) in October 2025 to allow Mozilla Defendants time to review the records prior to the depositions. Perez-Vargas Decl. Ex. 7.

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 7

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  Teixeira's initial complaint had left damages for psychiatric injury off the table, benefiting Mozilla
2  Defendants, and relying on a good faith interpretation of RCW 49.60.510, which says "a claimant
3  does not place his or her health at issue or waive any health care privilege . . ." by requesting
4  garden variety emotional distress damages. *Magney v. Truc Pham*, 195 Wash. 2d 795, 821 (2020)
5  (McCloud, J., concurring in part) ("Under [RCW 49.60.510], a privilege holder who brings a
6  WLAD claim does not waive privilege simply by requesting . . . emotional distress."). Teixeira
7  warned Mozilla Defendants, as far back as *April 9, 2025*, that if they succeeded in obtaining his
8  privileged healthcare records despite the fact that they were irrelevant and protected, Teixeira
9  would pursue different theories. *See* ECF No. 74-3 ("[I]n the very unlikely even that Mozilla
10 Corporation successfully obtains Mr. Teixeira's medical records . . . Mr. Teixeira reserves the right
11 to name additional expert witnesses and/or call his treating providers to testify.").

12     Mozilla Defendants are correct that Teixeira chose not to disclose information that he in
13 good faith believed was privileged, protected by statute (RCW 49.60.510), and that he did not
14 intend to use to support his damages request. His counsel appropriately instructed him not to
15 answer related questions at deposition in light of the privilege and the pending discovery motion
16 to resolve the disputed issue. Teixeira sought to avoid the inquiry Mozilla Defendants claim is now
17 necessary, and his request for damages related to psychiatric injury is a direct result of Mozilla
18 Defendants' extensive efforts to place his mental health diagnoses at issue. The Court should
19 consider Mozilla Defendants' role in expanding the scope of the case in determining an appropriate
20 continuance. *See Vaughn v. Cohen*, 2025 WL 82226, at *2 (W.D. Wash. Jan. 13, 2025)
21 (consequences of a party's "strategic choices" in conduct of litigation do not justify the
22 continuance of deadlines). There is no question that Teixeira would not have pursued this theory
23 but for Defendants' prying.

24

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 8

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

The authorities Mozilla Defendants cite involve situations where a plaintiff delayed in making damages disclosures. Unlike here, those cases did not involve a defendant actively placing at issue damages a plaintiff had not been seeking.

C.  **While a continuance is needed, nine months is excessive and will prejudice Teixeira.**

While Teixeira agrees a continuance is warranted, nine months when this case has already been continued once is excessive. Multiple continuances are disfavored by courts. *See, e.g.*, *Moba v. Total Transp. Servs. Inc.*, 16 F. Supp. 3d 1257, 1263 (W.D. Wash. 2014) (multiple requests for extensions "suggest[] [counsel] cannot adequately manage [their] caseload" and failure to diligently pursue discovery); *White v. Ethicon, Inc.*, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022) (multiple requests for continuances show a lack of diligence); *Ewalan v. Schreiber*, 2024 WL 1283294, at *3 (W.D. Wash. Mar. 26, 2024) (second request for continuation of trial date shows lack of diligence).

First, Mozilla Defendants were aware of the work they now contemplate needing to do when they sought their first continuance. ECF No. 40 at 7. Indeed, Mozilla Defendants argue that they need a continuance *whether Teixeira is permitted to amend his Complaint to include psychiatric injury or not*, showing that the need for a *nine-month* continuance was not created by Teixeira's attempt to amend his pleadings, but rather, by Mozilla Defendants' actions in pursuing previously irrelevant healthcare records. ECF No. 75 at 4 ("Importantly, even if this Court denies Plaintiff's request to amend his complaint to add a psychiatric injury . . . Defendants still need and request a discovery and trial continuance."). The reasons Mozilla Defendants seek a continuance were known to them at the time they sought their initial "modest" continuance, showing a lack of diligence in seeking yet another continuance. *United States v. Valley's Best Hospice, Inc.*, 2025 WL 2043301, at *3 (C.D. Cal. June 4, 2025).

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 9

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Second, such delay is substantially prejudicial to Teixeira, an individual living with cancer. Teixeira's original trial date was October 6, 2025. ECF No. 16. The Court granted Mozilla Defendants' first motion to continue deadlines and continued trial four months (from October, 2025 to January 26, 2026), and reopened discovery and extended the new cutoff by four months (from June 9, 2025 to September 29, 2025). ECF Nos. 64 & 65. An additional nine months will put trial at the end of October 2026, more than a year after the original trial date. The passage of time only benefits Mozilla Defendants while prejudicing Teixeira, the witnesses involved (whose memories of these events will fade), and the efficient use of the Court's resources. *See White*, 2022 WL 596407 at *2 ("The public and the Court has a strong interest in expeditious resolution of litigation, and [counsel's] behavior here has served only to delay the procedure of this case.").

While a continuance is an unfortunate necessity, a continuance of three months would be more than reasonable under the circumstances.

**D.    Mozilla Defendants seek delay for the sake of delay**

Mozilla Defendants' actions suggest that they seek to create issues to justify delay. Their conduct in bringing this motion demonstrates a failure to work with Teixeira in good faith to assess the actual needs of the case, and their request constitutes undue delay at best, willful delay at worst.

First, as argued in Teixeira's Reply on his Motion for Leave to Amend his Complaint and above, Mozilla Defendants intentionally put Teixeira's diagnosed mental health conditions at issue, expanding the scope of this case, when he had elected to forego any damages arising from specific mental health injuries. ECF No. 79.

Second, Mozilla Defendants' actions in filing the instant motion without permitting Teixeira's counsel an opportunity to confer with their client violates Chambers Procedures. This Court's Chambers' rules state:

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 10

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

> For all cases, except applications for temporary restraining orders, counsel contemplating the filing of <u>any</u> motion shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the substance of the contemplated motion *and any potential resolution*. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that discussions of the substance of contemplated motions are to take place, if at all possible, in person. *All* motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

https://www.wawd.uscourts.gov/sites/wawd/files/General%20Motions%20Practice%20%28Civil%29.pdf (last accessed September 23, 2025) (emphasis in original).

Mozilla Defendants' conference with Teixeira in this instance was cursory at best, and did not amount to the kind of conference required. Counsel for Mozilla Defendants admits meeting with counsel for Teixeira on September 10, 2025, the same day Mozilla Defendants filed their motion, to request an extension of nine months. "Plaintiff's counsel requested a number of days to present the issue to their client. I indicated to please get back to me today, as we intended to file, but that I would agree to strike the motion should [Teixeira] overrule his counsel and indicate agreement to a continuance." ECF No. 74 ¶ 21. This inclination to move immediately but strike later if conference turns out to be successful gets the mandatory Chambers Procedures backwards.

Teixeira did indeed agree to a continuance. On September 12, 2025, two days later, counsel for Teixeira relayed that Teixeira was amenable to a three-month continuance to resolve the instant motion so long as Defendants withdrew their opposition to Teixeira's Motion for Leave to Amend his complaint at ECF No. 68. On September 16, 2025, another lawyer for Mozilla Defendants eventually relayed, after being prompted, that Mozilla Defendants declined the proposed three-month continuance, and did not make a counteroffer when invited to do so. ECF No. 80 ¶¶ 2-5.

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 11

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1    Mozilla Defendants were likely in a hurry to file this Motion so they could represent that they had not received "a single page of treatment records," even though they were told they would begin to receive records the following day, and did so. ECF No. 73 at 11; ECF No. 80 Ex. 3. Mozilla Defendants' representations that they have only received "limited oncology records" and "do not even know who Plaintiff's medical providers are" are now inaccurate, and Mozilla Defendants knew they would be because they were told as much. ECF No. 73 at 11; ECF No. 80-1 at 6-7 (from counsel for Teixeira on September 10, 2025, "We anticipate producing medical records responsive to RFP 8, 9, and 10 by September 12.").

In fact, by September 12, 2025, Mozilla Defendants had already received supplemental witness disclosures identifying Teixeira's providers and substantial mental health records. ECF No. 80-2 at 16-18, ECF No. 80-1 at 2 ("With respect to the court's order on RFP 8-10, we have produced all of Mr. Teixeira's oncology medical records, all of his social work records, and Mr. Teixeira's therapy medical records from 9/7/2023-10/10/2024. We anticipate producing additional therapy records from 10/3/2021- 9/6/2023, and 10/10/2024-present in the coming days.").

As of the filing of this Opposition, Teixeira has produced his complete therapy medical records and social work records except for therapy records for the period between 2018 and October 2021, which he anticipates producing by October 3, 2025. Perez-Vargas Decl. Ex. 7. Teixeira anticipates completing his production of his medical records in his possession and control from the past ten years by October 3, 2025. *Id.* Teixeira has provided dates to be deposed for a second time, and for his wife to be deposed, in late October. *Id.* Much of what Mozilla Defendants claimed they needed, they already have, or will receive soon.

Mozilla Defendants appear to seek delay for the sake of delay, rather than devise a case schedule that will adequately address the outstanding issues. Mozilla Defendants' refusal to wait

even *two days* to bring the instant motion to allow the undersigned to consult with the Plaintiff suggests a strategic interest in delay rather than efficient management of this case. Mozilla Defendants' misrepresentation of the information they have and knew they would receive imminently also supports the conclusion that their request for nine months is not made due to a genuine belief that so much time is necessary. *See* ECF No. 79 at 5, n.2. They have not supported that their expansive request for nine months is necessary, and have not engaged in a good faith effort to determine what is. Their request for a nine-month continuance should be denied due to the gamesmanship that motivates it.

## IV.  CONCLUSION

While a short continuance is warranted, nine months is excessive, and benefits only Mozilla Defendants while prejudicing Teixeira. Mozilla Defendants created the issues they now claim, for a second time, they need more time to work through. But the reality is that Mozilla Defendants have already received much of the expansive information they claim they need, and will have all of Teixeira's medical records for the past ten years by the end of next week. Teixeira respectfully requests that the Court grant a more reasonable continuance of three months to account for this Court's ruling on discovery motions and the production additional records.

//

//

//

//

//

//

//

//

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 13

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

DATED this 25th day of September, 2025.

STOKES LAWRENCE, P.S.

By: */s/Maricarmen Perez-Vargas*
   Amy Alexander (WSBA #44242)
   Mathew Harrington (WSBA #33276)
   Maricarmen Perez-Vargas (WSBA # 54344)
   1420 Fifth Avenue, Suite 3000
   Seattle, WA 98101-2393
   Telephone: (206) 626-6000
   Fax: (206) 464-1496
   Amy.alexander@stokeslaw.com
   Mathew.Harrington@stokeslaw.com
   Maricarmen.Perez-Vargas@stokeslaw.com
   Attorneys for Plaintiff Steve Teixeira

I certify that this motion contains 3961 words, in compliance with the Local Civil Rules.

PLAINTIFF'S RESP. TO MOZILLA DEFENDANTS'
MOT. TO CONTINUE TRIAL AND RELATED DATES - 14

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000