Exhibit 1

THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10  STEVE TEIXEIRA,

Plaintiff,

11      v.

12  MOZILLA CORPORATION a.k.a. M.F.
Technologies, a California corporation;
13  MOZILLA FOUNDATION, a California public
benefit corporation; LAURA CHAMBERS and
14  her marital community; WINIFRED MITCHELL
BAKER and her marital community, and DANI
15  CHEHAK and her marital community.

Defendants.

Case No. 2:24-cv-01032-RAJ

**DEFENDANT LAURA
CHAMBERS' SECOND SET OF
INTERROGATORIES TO
PLAINTIFF**

18      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Laura Chambers

19  requires that, within thirty (30) days of service of these interrogatories, Plaintiff Steve Teixeira

20  respond to each interrogatory set forth below to counsel for Mozilla Corporation, DLA Piper LLP

21  (US), Attn: Anthony Todaro, 701 Fifth Avenue, Suite 6900, Seattle, Washington 98104-7029,

22  anthony.todaro@dlapiper.com.  These interrogatories are deemed continuing under Rule 26 of the

23  Federal Rules of Civil Procedure, and the responses are to be supplemented promptly upon

24  acquisition of further or additional information.

25  ///

26  ///

**DEFINITIONS AND INSTRUCTIONS**

**A.    Definitions**

The following definitions apply to each of the following requests and shall be deemed incorporated therein:

1.    The terms "you," "your," "yourself," and "Plaintiff" refer to Plaintiff Steve Teixeira.

2.    The term "You" refers to Plaintiff Steve Teixeira and anyone acting on your behalf.

3.    The term "Defendant" refers to Defendant Laura Chambers.

4.    The term "Defendants" refers to Mozilla Corporation, Mozilla Foundation, Laura Chambers, and Dani Chehak.

5.    The term "Complaint" refers to the Amended Complaint you filed in the Superior Court of Washington for King County, Case No. 24-2-14056-5 SEA on or about April 8, 2025.

6.    The terms "referring," "relating to," and "concerning" include in whole or in part directly or indirectly, analyzing, containing, supporting, concerned with, connected with, dealing with, constituting, describing, relevant to or pertaining to the identified person, document or subject matter.

7.    The terms "communicate" and "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, electronic mail, electronic message, personal delivery, social media, or otherwise without limitation.

8.    The terms "person" and "persons" includes any natural person, individual, corporation, proprietorship, partnership, association, joint venture, limited liability company, trust, company, firm, or other form of legal entity, organization, or arrangement.

9.    The terms "document" and "documents" are to be construed broadly and are defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a)

of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. "Document" or "documents" includes, without limitation, any medium upon or by which information is or can be recorded, including but not limited to papers, books, letters, labels (and other identifying markings), e-mails, electronically-stored information, facsimile transmissions, notes, drafts, diaries, reports, analyses, studies, invoices, promotional literature, sales literature, profit projections, computer generated information, audits, checks, bank statements, calendars, records, correspondence, memoranda, notebooks, photographs, pictures, diagrams, graphs, charts, drawings and sketches, non-written material such as videotapes, audiotapes, tape recordings, CDs, and electronic and computer data compilations, translated, if indicated, into a reasonably usable format.

10.    The word "all" includes "any"; the word "any" includes "all."

11.    The use of the terms "and," "or," and "and/or" should be construed conjunctively and disjunctively for the broadest possible meaning.

12.    "Identify" when used in reference to a natural person, means to state to the fullest extent possible: (a) his or her full name; (b) any aliases used by that person; (c) present or last known home and business telephone numbers; (d) present or last known address; (e) electronic mail address; (f) employer; and (g) position of employment.

13.    "Identify" when used in reference to an entity other than a natural person, means to state to the fullest extent possible: (a) its full name; (b) telephone number; (c) the nature of its organization, including the name of the state under which same was organized; (d) its physical address(es); (e) its electronic mail address; and (f) the address of its principal place of business.

**B.    Instructions**

1.    Whenever appropriate to bring within the scope of these interrogatories, information would lead to the discovery of relevant evidence, the singular form of a word shall also mean the plural.

///

2.      All references to "document" or "documents" are to those (a) in your possession, custody or control, or (b) under your control, though located elsewhere, including documents in the possession, custody or control of your attorneys, accountants, representatives, officers, employees, agents, or investigators.

3.      In the event that you object to any interrogatory or any part thereof, you are requested to respond to all parts of such request to which such objection does not apply.

4.      Defendant requests that you produce the documents requested below consistent with any order entered in the above-captioned action governing the production of electronically-stored information.

5.      Each request set forth should be construed independently, and not in reference to any other request for purposes of limitation, unless otherwise expressly stated.

## **INTERROGATORIES**

**Interrogatory No. 14:**

State with itemized detail the amount you are claiming in "[l]ost future wages in the amount of approximately $35,041,570 plus merit and costs of living increases, which accounts for Plaintiff's salary, LTIP, and other bonuses over ten years," as set forth in your Supplemental Answer to Mozilla Corporation's Interrogatory No. 7.

**Interrogatory No. 15:**

State with itemized detail how you calculated "[a]pproximately $568,240.12 in increased insurance costs over ten years," as set forth in your Supplemental Answer to Mozilla Corporation's Interrogatory No. 7.

**Interrogatory No. 16:**

State with itemized detail the amount you are claiming in "[l]ost benefits and retirement contributions over ten years," as set forth in your Supplemental Answer to Mozilla Corporation's Interrogatory No. 7.

///

**Interrogatory No. 17:**

Identify all facts that support your assertion that you would have remained employed at Mozilla Corporation for ten years but for the adverse employment actions you allege in this case.

**Interrogatory No. 18:**

State with itemized detail the amount you are claiming in "emotional distress damages," as set forth in your Supplemental Answer to Mozilla Corporation's Interrogatory No. 7.

**Interrogatory No. 19:**

State with itemized detail the amount you are claiming in "[d]rastically reduced future income potential due to termination and reputational damages," as set forth in your Answer to Mozilla Corporation's Interrogatory No. 11.

**Interrogatory No. 20:**

If you did not seek reasonable accommodations, as described in Title I of the Americans with Disabilities Act, in relation to your cancer diagnosis and treatment, state all reasons underlying that decision.

**Interrogatory No. 21:**

Identify the date on which you retained Stokes Lawrence, P.S. to represent you in connection with the employment discrimination claims you allege in this case.

Dated this 11th day of August, 2025.

DLA PIPER LLP (US)

*s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: anthony.todaro@us.dlapiper.com

*Attorneys for Defendants MOZILLA*
*CORPORATION a.k.a M.F. TECHNOLOGIES,*
*LAURA CHAMBERS, and DANI CHEHAK*

1

**CERTIFICATE OF SERVICE**

2
    I hereby certify that on August 11, 2025, I caused a true and correct copy of the foregoing

3
document to be served on the parties listed below in the manner indicated:

4

| | |
|---|---|
| Mathew L. Harrington<br>Amy K. Alexander<br>Maricarmen Perez-Vargas<br>STOKES LAWRENCE, P.S.<br>1420 5th Avenue, 30th Floor<br>Seattle, WA 98101<br>E-mail: mathew.harrington@stokeslaw.com<br>        amy.alexander@stokeslaw.com<br>        maricarmen.perez-<br>        vargas@stokeslaw.com<br>        sarah.armon@stokeslaw.com<br>        anna.armitage@stokeslaw.com<br>        laura.smith@stokeslaw.com<br><br>*Attorneys for Plaintiff Steve Teixeira* | ☐  Via Hand Delivery<br><br>☐  Via U.S. Mail<br><br>☒  Via E-mail<br><br>☐  Via the Court's<br>    E-Service Device |
| Darren Feider<br>Beth Touschner<br>SEBRIS BUSTO JAMES P.S.<br>15375 SE 30th Pl., Suite 310<br>Bellevue, Washington 98007<br>E-mail: dfeider@sbj.law<br>        legalassistant@sbj.law<br>        kmarchenko@sbj.law<br>        btouschner@sbj.law<br><br>*Attorneys for Defendant Mozilla<br>Foundation* | ☐  Via Hand Delivery<br><br>☐  Via U.S. Mail<br><br>☒  Via E-mail<br><br>☐  Via the Court's<br>    E-Service Device |
| Daniel M. Weiskopf<br>MCNAUL EBEL NAWROT & HELGREN<br>PLLC<br>600 University Street, Suite 2700<br>Seattle, WA 98101<br>E-mail: dweiskopf@mcnaul.com<br>        tdo@mcnaul.com<br>        rredmond@mcnaul.com<br>        mmonkress@mcnaul.com<br>        jhickman@mcnaul.com<br><br>*Attorneys for Defendant Winifred Mitchell<br>Baker* | ☐  Via Hand Delivery<br><br>☐  Via U.S. Mail<br><br>☒  Via E-mail<br><br>☐  Via the Court's<br>    E-Service Device |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1    I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct.

3    Dated this 11th day of August, 2025.

4                                        *s/ Debbie Blum*
                                   Debbie Blum, Legal Administrative Assistant
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26