Exhibit 5

Exhibit 5

| | |
|---|---|
| **From:** | Amy K. Alexander |
| **To:** | Chan, Mandy; Todaro, Anthony |
| **Cc:** | Rick Redmond; Daniel M. Weiskopf; Sarah Armon; Anna Armitage; Laura Smith; Mathew Harrington; Maricarmen Perez-Vargas |
| **Subject:** | RE: Teixeira/Mozilla - follow up to today"s meet and confer |
| **Date:** | Tuesday, September 16, 2025 4:40:17 PM |

Mandy,

I'm writing to confirm what we discussed during our conference today.

- You relayed that Mozilla Corporation declines Plaintiff's offer to stipulate to a three month continuance in order to moot Mozilla's current Motion to Continue, and in exchange for Mozilla's agreement to the amendments Plaintiff seeks to make to his complaint. Plaintiff invited Mozilla to make a counter offer and continue to try to find resolution in the interest of judicial economy.
- We attempted to address some housekeeping items (confidentiality designations on depositions, update on the date of production for items compelled by the court, and more), but you repeatedly and emphatically objected to discussing any items that were not on the "agenda." While we hope that the parties can maintain a collegial and productive relationship where counsel occasionally discuss updates or other issues in real time, we now understand your preference to address these matters by email only.
    - To this end, by the end of the week:
        - Please provide an update on the date by which we can expect production on Plaintiff's RFPs compelled by the Court.
        - Please provide an update on Mozilla's progress in making appropriate and limited confidentiality designations for deposition transcripts (they are currently designated confidential in their entirety).
        - Please provide an update on Mozilla's search for additional TK Law summary reports, as the one produced is not the non-privileged summary distributed to the steering committee.
- You represented that the TK Law document produced at MC_0015064 does not contain redactions, despite the word "[REDACTED]" appearing in the title of the document.
- Regarding Plaintiff's discovery requests:
    - The parties agreed that Mozilla will produce responsive information to ROGS 8-9 from five years prior to the date of filing, anonymized, and limited to members of the Steering Committee.
    - The parties agreed that information responsive to ROG 10 could be anonymized.
    - The parties agreed Mozilla would provide information responsive to ROG 12 from five years prior to filing, limited to complaints among members of the Steering Committee (complainant or accused), and that Mozilla could anonymize complainants (but not the accused) from these responses.

- Mozilla offered to provide anonymized information in response to RFP 11, but Plaintiff insisted it would produce only the evaluations of the individuals identified in response to ROG 8 (now limited to Mozilla steering committee members who separated after taking a leave of absence in the last five years). We stated that these two requests are not connected. Rather, the issue is whether similarly situated members of the SC were given negative feedback and faced similar financial and employment consequences as my client, a disabled person. Mozilla asserted that it would not agree. Accordingly, the parties are at an impasse as to RFP 11.
- Plaintiff offered to limit RFP 21 (complaints of discrimination) to five years prior to filing, and allow Mozilla to anonymize responsive documents. Mozilla will not agree to produce responsive documents outside of the Steering Committee as to this request. Plaintiff explained that this was insufficient, as the request aims to investigate whether Mozilla has an effective method for fielding complaints of discrimination, as Plaintiff was placed on involuntary leave immediately after complaining of discrimination. Mozilla asserted that it would not agree to respond to the request as written. Accordingly, the parties are at an impasse as to RFP 21.

As we explained in the conference, we are attempted to comply in good faith with the Court's orders, but do not understand what Mozilla is requesting with its RFP 8 to Plaintiff and how it harmonizes with the Court's orders. The RFP requests "[a]ll medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records." When we asked Mr. Todaro on Wednesday whether Mozilla was open to limiting the types of physical health records, and clarifying the date range sought, he indicated an openness to such a discussion. However, Mozilla has since represented this means "all records that relate to any emotional distress [since September 12, 2015] and all records of conditions that could affect Plaintiff's emotional health, including but not limited to any psychiatric or psychological conditions that pre-date the defendants' alleged actions and which were exacerbated by the defendants' alleged actions." Despite the fact that Mozilla's harm of Mr. Teixeira started only in 2023, we understand Mozilla's position to be that, in addition to ten years of mental health records, Mr. Teixeira must produce all physical health records since September 12, 2015. Your rational is that physical health conditions (an ulcer, as you suggested} could potentially have affected Mr. Teixeira's emotional health in some way at some point before his employment with Mozilla.

If our understanding is incorrect, please clarify what Mozilla seeks. If it is correct, we would like to continue to confer (you were not available to extend the call past 30 minutes to allow for discussion of Plaintiff's position on this, and it is challenging to find a compromise when we are unclear as to the meaning of the request). We believe these requested records are not relevant, overbroad, privileged, and that records earlier than October 2021 are protected under RCW 49.60.510. Note that under RFP 9 and 10, Mr. Teixeira is in the process of gathering all medical records since October 2021. The issue here is mental health and medical records from 2015 to 2021, which was well before Mr. Teixeira started working at Mozilla in August of 2022, and before he could have possibly been harmed by Mozilla.

Case 2:24-cv-01032-RAJ    Document 82-5    Filed 09/25/25    Page 4 of 14

Regards,

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Amy K. Alexander
**Sent:** Monday, September 15, 2025 7:47 PM
**To:** Chan, Mandy <Mandy.Chan@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Rick Redmond <rredmond@mcnaul.com>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** RE: Teixeira/Mozilla - follow up to today's meet and confer

Hello Mandy and Anthony,

I'd also like to confer tomorrow regarding the TK Law document produced at MC_0015064. The Court compelled production of this document, ruling that it was not privileged, yet the document is noted as containing redactions. Please be prepared to discuss Mozilla's basis for these redactions.

Sincerely,

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Amy K. Alexander
**Sent:** Monday, September 15, 2025 2:22 PM
**To:** 'Chan, Mandy' <Mandy.Chan@us.dlapiper.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>

**Cc:** Rick Redmond <rredmond@mcnaul.com>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** RE: Teixeira/Mozilla - follow up to today's meet and confer

Mandy,

We are attempting to comply with the Court's orders in good faith, but I am increasingly concerned that Mozilla is staking out an unreasonable discovery position with respect to RFP 8 in furtherance of its bid for an exorbitant nine month continuance in a case where the Plaintiff is living with cancer. Mozilla's insistence on my client's dental records (for example) demonstrates that it is pursuing the exact scorched-earth discovery tactics that the Court disapproved.

Mozilla is retroactively interpreting RFP 8 regarding alleged emotional distress records to a request for production of ten years of personal therapy records. RCW 49.60.510 continues to provide that a defendant is entitled to medical records from the two years immediately preceding the first alleged unlawful act "unless the court finds exceptional circumstances to order a longer period of time." In my review of the transcript and the Court's order, there was no finding of exceptional circumstances supporting a longer period of time.

We would like to meet and confer regarding RFP 8, as we attempted to do last Wednesday. Let's discuss Plaintiff's ROG 8, 9, 10, and 12, and RFP 11 and 21, and Mozilla's RFP 8 at 1pm tomorrow.

Sincerely,

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Chan, Mandy <Mandy.Chan@us.dlapiper.com>
**Sent:** Friday, September 12, 2025 5:50 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Rick Redmond <rredmond@mcnaul.com>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** RE: Teixeira/Mozilla - follow up to today's meet and confer

**External sender** <mandy.chan@us.dlapiper.com>
Make sure you trust this sender before taking any actions.

Amy,

In response to your request regarding timing of our clients' supplemental responses and productions following the August 26, 2025 discovery hearing:

- For RFP 6, you should receive a production later today.
- For ROGs 2-3, our client is collecting this information and we aim to supplement responses in the next couple weeks.
- For the RFPs relating to the individual defendants' email search methods, we will review the revised search terms you provided yesterday and will advise as to when we anticipate producing documents.
- For RFP 2, we are running searches and will advise as to when we anticipate producing documents.

In response to your request to limit the scope of our clients' requests regarding medical records, as you are aware the court ordered the production of all medical records without limitation on the grounds that "I don't know what other factors that might be coming into play that could be contributing to his emotional distress, other than just the diagnosis of cancer" and "[t]here may be other conditions affecting the plaintiff's emotional health. And, again, that could be anything from diabetes, high blood pressure, lab reports regarding other illnesses, any variety or sundry of other health-related issues that affect his emotional distress, even if it's garden-variety emotional distress. So I'm going to find that the request for the medical records should be granted and should be abided by." Tr. 40:12-14; 47:3-9.

Accordingly:

- For RFP 8, we agree to limit the request to 10 years from today, *i.e.* September 12, 2015 to September 12, 2025. Please note RFP 8 contemplates the production of all records that relate to any emotional distress within that timeframe and all records of conditions that could affect Plaintiff's emotional health, including but not limited to any psychiatric or psychological conditions that pre-date the defendants' alleged actions and which were exacerbated by the defendants' alleged actions.
- We do not agree to any limitations on RFP 9 or 10.

Regarding Plaintiff's ROG 8, 9, 10, and 12, and RFP 11 and 21, we are available to meet and confer on Tuesday, September 12, at 9:30, 12:30, or 1.

Best,
Mandy

**Mandy Chan-Lucero**
Associate

T  +1 415 836 2589
F  +1 415 659 7499
mandy.chan@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Friday, September 12, 2025 4:20 PM
**To:** Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Chan, Mandy <Mandy.Chan@us.dlapiper.com>
**Cc:** Rick Redmond <rredmond@mcnaul.com>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** RE: Teixeira/Mozilla - follow up to today's meet and confer

⚠ EXTERNAL MESSAGE

Hello Anthony, Mandy, and Rick,

With respect to the court's order on RFP 8-10, we have produced all of Mr. Teixeira's oncology medical records, all of his social work records, and Mr. Teixeira's therapy medical records from 9/7/2023-10/10/2024. We anticipate producing additional therapy records from 10/3/2021-9/6/2023, and 10/10/2024-present in the coming days. We believe these are all the medical records that relate to Mr. Teixeira's emotional distress, and disability, and are responsive to RFP 8-10 (though we continue to believe these are shielded from discovery under RCW 49.60.510, we understand the Judge's order to require their production).

We wanted to confer regarding the meaning of RFPs 8-10, and that was our goal when we sought to confer during the conference this past Wednesday. I also followed up on Wednesday with an email with specific questions but have not heard back. For the avoidance of doubt, and to be perfectly clear, we are proceeding based on our understanding of RFPs 8-10, which is as follows:

- RFP 8 requests medical records that refer to Mr. Teixeira's treatment for his alleged emotional distress, which we understand to mean his alleged emotional distress arising out of his claims and alleged damages. We think an appropriate and generous timeframe is October 3, 2023-present, and have applied that time frame.
- RFP 10 requests all medical records from March 1, 2024 to May 23, 2024 that relate to Mr.

Teixeira's ability to return to work following cancer treatment.

- RFP 9 requests all medical records from August 1, 2019-August 1, 2021. In Mozilla's February 4, 2025 letter, you wrote, re RFP 9: "Defendants will agree to limit this request to all medical records all medical records [sic] from two years prior to his diagnosis." Accordingly, we are applying the time period of October 3, 2021-October 3, 2023 to RFP 9. In this time period, the Court was clear that we must produce all medical records that could relate to Mr. Teixeira's emotional distress. We believe that we have done that, following the production of additional therapy records noted above. We have yet to gather the full swath of non-oncology and non-therapy medical records that we do not believe bear on emotional distress or ability to return to work (RFP 10). These may include:
    - Primary care records
    - Lab testing results
    - Cognitive evaluation/neuropsych records
    - Pharmacy records
    - Cardiology records
    - Dental records
    - Dermatology records
    - Endocrinology records
    - Gastroenterology records
    - Vaccination records
    - Ophthalmology records
    - Audiology/ENT records
    - Sports medicine records
    - Sleep medicine records

We had wanted to confer about these categories on Wednesday. Until Mozilla informs us it believes otherwise, we do not interpret these categories to be responsive to RFP 9 or 10. We also will assert at trial that at least all non-oncology and non-therapy records remain privileged and irrelevant under RCW 49.60.510.

To be clear, to the extent that Plaintiff elects to not introduce therapy records at trial, or rely on testimony of a health care provider or expert witness for general damages, therapy records would not be relevant and Plaintiff would not waive privilege over these records under RCW 49.60.510.

Finally, I'm following up on my request below to confer on Plaintiff's ROG 8, 9, 10, and 12, and RFP 11 and 21. The Court ordered the parties to confer on these. Once again, please provide dates that you are available to confer.

Sincerely,

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**

1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.892.2161 | Office: 206.626.6000
Amy.Alexander@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Amy K. Alexander
**Sent:** Thursday, September 11, 2025 8:49 AM
**To:** Todaro, Anthony <anthony.todaro@us.dlapiper.com>; Chan, Mandy <mandy.chan@us.dlapiper.com>
**Cc:** Rick Redmond <rredmond@mcnaul.com>; Beth Touschner <btouschner@sbj.law>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** RE: Teixeira/Mozilla - follow up to today's meet and confer

Hello,

I'm following up to correct the list of terms I provided below for individual defendants' personal accounts. The list I sent reflected the most recently disputed terms (and resolutions regarding the same) between the parties, but inadvertently omitted previously agreed to terms. The full list is below. Terms that are stricken do not need to be applied to personal email accounts. Please let me know if you have any questions.

| Term | Date Range |
|---|---|
| ~~Promot* w/3 (President or CEO)~~ | ~~8/1/2022 - Present~~ |
| CEO w/10 President | 8/1/2022 - Present |
| ~~CEO w/3 transition~~ | ~~8/1/2022 - Present~~ |
| CEO w/5 Steve* | 8/1/2022 - Present |
| Potential w/4 succession | 8/1/2022 - Present |
| Replac* w/5 CEO | 8/1/2022 - Present |
| Succession /4 plan* | 8/1/2022 - Present |
| ~~"SVP New Products"~~ | ~~8/1/2022 - Present~~ |
| ~~"SVP Technology"~~ | ~~8/1/2022 - Present~~ |
| Feedback AND Steve* | 8/1/2022 - Present |
| | |

| | |
|---|---|
| "Performance Review" AND Steve* | 8/1/2022 - Present |
| Steve* w/20 perform* | 8/1/2022 - Present |
| Steve AND title AND Change | 10/1/2023 - Present |
| Steve* AND absence* | 10/1/2023 - Present |
| Steve* AND Employ* AND role | 10/1/2023 - Present |
| Steve* AND Leave | 10/1/2023 - Present |
| Steve* AND Terminat* | 10/1/2023 - Present |
| Steve* AND Farewell | 10/1/2023 - Present |
| CEO w/10 hire* | 1/1/2022 - Present |
| CEO AND Succession | 1/1/2022 - Present |
| Steve* AND Eval* | None |
| Steve* AND Cancer | 9/1/2023 - Present |
| Steve* AND diagnos* | 9/1/2023 - Present |
| Steve* AND "artificial intelligence" | 1/1/2022 - Present |
| Steve* AND melanoma | 9/1/2023 - Present |
| Steve* AND treat* | 9/1/2023 - Present |
| Steve* AND surgery | 9/1/2023 - Present |
| Steve w/10 performance | 8/1/2023 - present |
| Steve* AND FMLA | 9/1/2023 - Present |
| Steve* AND "Caring Bridge" | 9/1/2023 - Present |
| Steve* AND caringbridge | 9/1/2023 - Present |
| Steve* AND (promot* OR President OR CEO) | 8/1/2022 - Present |
| Steve* AND officer AND chief | 8/1/2022 - Present |
| Steve* AND eye | 8/1/2022 - Present |
| Steve* AND narrative | 8/1/2022 - Present |
| Steve* AND layoff* | 8/1/2022 - Present |
| ~~Steve* AND RIF~~ | ~~8/1/2022 - Present~~ |
| Steve* AND termin* | 8/1/2022 - Present |

| | |
|---|---|
| Steve* AND "generative ai" | 8/1/2022 - Present |
| Steve* AND "gen ai" | 8/1/2022 - Present |
| Steve* AND discriminat* | 8/1/2022 - Present |
| Steve* AND complain* | 8/1/2022 - Present |
| Steve* AND demot* | 8/1/2022 - Present |
| Steve* AND bonus | 8/1/2022 - Present |
| Steve* AND LTIP | 8/1/2022 - Present |
| ~~Steve* AND IAP~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND blueprint~~ | ~~6/1/2023 - Present~~ |
| ~~Lindsey AND Social~~ | ~~10/1/2023 - Present~~ |
| ~~Lindsey AND Leyla AND Steve*~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND reentry~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND Dani AND LaVonne~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND Dani AND Hannah~~ | ~~8/1/2022 - Present~~ |
| Steve* AND Mitchell AND Bellevue | 8/1/2022 - Present |
| ~~Steve* AND Dani AND direct*~~ | ~~8/1/2022 - Present~~ |
| Steve* AND Dani AND Fireside | 8/1/2022 - Present |
| Steve* AND Laura AND fireside | 8/1/2022 - Present |
| Steve* AND pancreas | 9/1/2023 - Present |
| Steve* AND liver | 9/1/2023 - Present |
| Steve* AND metastat* | 9/1/2023 - Present |
| Steve* AND resign* | 9/1/2023 - Present |
| Steve* AND quit* | 9/1/2023 - Present |

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**

1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

---

**From:** Amy K. Alexander
**Sent:** Wednesday, September 10, 2025 3:00 PM
**To:** Todaro, Anthony <anthony.todaro@us.dlapiper.com>; Chan, Mandy <mandy.chan@us.dlapiper.com>
**Cc:** Rick Redmond <rredmond@mcnaul.com>; Beth Touschner <btouschner@sbj.law>; Daniel M. Weiskopf <dweiskopf@mcnaul.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>
**Subject:** Teixeira/Mozilla - follow up to today's meet and confer

Hello Anthony, Mandy, and Rick,

Thanks for your time today.

We anticipate producing medical records responsive to RFP 8, 9, and 10 by September 12.

I mentioned on the call today the possibility of adjusting certain deadlines as an alternative to your proposed 6-9 month continuance. Here's our proposal: All parties would disclose additional witnesses and expert witnesses by September 26, 2025, with reports and other disclosures by report-writing experts by October 3. Additionally disclosed witnesses may be deposed past the discovery cutoff (September 29), but before October 10. We are comfortable with our ability to file any Daubert motion before the cutoff on October 28, and given that these matters relate to damages, we do not anticipate this affecting summary judgment motions.

Please note that it remains our position that under applicable law, therapy records are inadmissible and privileged if Mr. Teixeira does not seek to introduce them or call a treating provider or expert witness to testify about them. RCW 49.60.510.

The Court ordered that the parties confer about Plaintiff's ROG 8, 9, 10, and 12, and RFP 11 and 21 and come to agreement consistent with the Court's orders compelling other comparator evidence. We discussed Plaintiff's position with respect to ROG 8, 9, 10, and 12, and RFP 11 and 21.

- ROG 8: Mozilla is compelled to respond, but may anonymize data, and provide data for the five years prior to filing.
- ROG 9: Mozilla is compelled to respond, but may anonymize, and provide data for the five years prior to filing.
- ROG 10: Mozilla is compelled to respond to the ROG as written.
- ROG 12: Mozilla is compelled to respond to the ROG as written, but may anonymize the

- identity of complainants. As previously clarified, this should reference ROG 11, not ROG 10.
- RFP 11: Mozilla is compelled to respond as written.
- RFP 21: Mozilla is compelled to respond as written, but may redact the name of the complainant, and provide data for the five years prior to filing.

**Please provide dates that you are available to confer, or confirm in writing by Friday that Mozilla will respond and produce consistent with these guidelines.**

A few other items:
- You told us that you would have a date by which you anticipated supplementing Defendants' production by Friday.
- We asked to clarify the date range, consistent with RFP 8, 9, 10, for which Defendant is seeking medical records. You were unable to clarify at the meeting, and we will go ahead and produce records consistent with our reading of RFP 8, 9, 10 and the Court's order compelling responses to those.
- We also asked Mozilla to clarify whether it would exclude from production non-oncology and non-mental health records, as those are clearly irrelevant to the case, privileged under RCW 49.60.510, and burdensome to collect and produce. These might include items like routine wellness exams and blood panels, colonoscopy records, and reproductive healthcare records.

Please see the following modifications for search terms, which the court ordered be applied by counsel to data in each individual defendants' personal accounts.

- CEO w/10 hire*
- CEO AND Succession
- Steve* AND artificial intelligence
- Steve* AND Eval*
- Steve AND title AND change
- Steve* AND employ* AND role
- Steve* AND Leave
- ~~Lindsey AND Social~~
- ~~Leyla AND Lindsey AND Steve*~~
- Steve w/10 performance
- Steve* AND (promot* OR President OR CEO)
- Steve* AND officer AND chief
- Steve* AND eye
- Steve* AND narrative
- Steve* AND layoff*

- Steve* AND termin*
- Steve* AND "generative ai"
- Steve* AND bonus
- ~~Steve* AND Dani AND LaVonne~~
- ~~Steve* AND Dani AND Hannah~~
- ~~Steve* AND Dani AND direct*~~
- Steve* AND treat*
- Steve* AND quit*

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**

1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
[Amy.Alexander@stokeslaw.com](mailto:Amy.Alexander@stokeslaw.com)  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to **postmaster@dlapiper.com**. Thank you.