Exhibit 6



DLA Piper LLP (US)
701 Fifth Avenue
Suite 6900
Seattle, Washington 98104-7029
www.dlapiper.com

Anthony Todaro
anthony.todaro@us.dlapiper.com
T  206.839.4830
F  206.494.1802

September 19, 2025
VIA E-MAIL

Matthew Harrington
Amy Alexander
Maricarmen Perez-Vargas
Stokes Lawrence
1420 Fifth Ave, Ste 3000
Seattle, WA 98101

**Re:** *Steve Teixeira v. Mozilla Corporation, et al.* **– Plaintiff's Discovery Responses**

Dear Mat, Amy, and Maricarmen:

We write to address deficiencies in Plaintiff's recent responses to my clients' discovery requests and to follow up on outstanding discovery ordered by the Court at the August 26, 2025 hearing.

<u>Plaintiff's September 10, 2025 Discovery Responses</u>

**Mozilla Corporation's Request for Admission No. 26:** RFA 26 requests that Plaintiff "[a]dmit that, as an at will employee, Mozilla Corporation was entitled to terminate your employment for any non-discriminatory reason."

Plaintiff denied on the grounds that the RFA improperly seeks a legal conclusion.

Plaintiff's objection is improper. Under FRCP 36(a)(1)(A), a party may serve RFAs relating to "the application of law to fact, or opinions about either." See also *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 n.4 (9th Cir. 1994) (citing FRCP 36, Advisory Committee Notes on 1970 Amendment). RFA 26 asks Plaintiff to admit a legal principle as applied to the facts of his employment. Plaintiff's refusal to admit or deny on this basis is not justified. We note that, under FRCP 37(c)(2), a party who fails to admit an RFA risks an award of expenses, including attorney's fees, incurred by the other side in proving the matter at trial.

Please supplement Plaintiff's response to RFA 26 by no later than September 29, 2025.

**Mozilla Corporation's Request for Production No. 25:** RFP 25 requests "[a]ll documents reflecting your retention of Stokes Lawrence, P.S. to represent you in your claims against Mozilla Corporation, Laura Chambers, and/or Dani Chehak, including but not limited to engagement letters, fee agreements, fee statements, billing records, invoices, receipts, and proof of payment."



*Via E-Mail*

Matthew Harrington, Amy Alexander, Maricarmen Perez-Vargas
September 19, 2025
Page Two

Plaintiff objected to this RFP as overbroad, harassing, and untethered from the issues in the litigation, and stated, "To the extent that attorney fees will be requested and awarded, Plaintiff will disclose such billing entries sufficient to prove fees incurred and paid."

Plaintiff's objections are unfounded. Plaintiff has requested attorney's fees as relief in this action, making the requested documents directly relevant. The Federal Rules of Civil Procedure do not permit a party to withhold relevant documents until after a court has awarded fees. Discovery is not limited to evidence admissible at trial but includes information relevant to any party's claim or defense, including the basis for a claim for attorney's fees. The condition that such documents will be produced only "if awarded" is improper under FRCP 26(b)(1), which entitles parties to discovery of relevant, nonprivileged information during the discovery period. We are entitled to these records now, not only if fees are awarded.

Nevertheless, we agree to limit this RFP to only fee statements and/or invoices. Please produce all responsive documents by no later than September 29, 2025.

**Laura Chambers' Interrogatory No. 17:** ROG 17 requests that Plaintiff "[i]dentify all facts that support your assertion that you would have remained employed at Mozilla Corporation for ten years but for the adverse employment actions you allege in this case."

Plaintiff objected that the interrogatory calls for or assumes a legal conclusion regarding the availability of front pay damages and that facts related to 10 years of employment are not relevant.

ROG 17 asks Plaintiff to identify "facts" – not legal conclusion – which in any event are a permissible topic for an interrogatory. Plaintiff seeks relief based on a ten-year period of lost employment. Defendants are entitled to discover the factual basis for that claim and to test the reasonableness of this damages theory. Courts routinely allow discovery into the factual basis for damages claims, and Plaintiff is required to provide a substantive response identifying those facts.

Please supplement Plaintiff's response to ROG 17 by no later than September 29, 2025.

<u>Outstanding Discovery Ordered by the Court (August 26, 2025 Hearing)</u>

**Mozilla Corporation's Request for Production No. 8:** RFP 8 seeks "[a]ll medical records that refer to treatment for your alleged emotional distress, including psychiatric, psychological, or counseling records."

As explained in our September 12, 2025 email and again on our September 16, 2025 meet and confer call, the Court's order that Plaintiff produce all medical records was clear.  The Court stated: "I



V<small>IA</small> E-M<small>AIL</small>

Matthew Harrington, Amy Alexander, Maricarmen Perez-Vargas
September 19, 2025
Page Three

don't know what other factors that might be coming into play that could be contributing to his emotional distress, other than just the diagnosis of cancer" and "[t]here may be other conditions affecting the plaintiff's emotional health. And, again, that could be anything from diabetes, high blood pressure, lab reports regarding other illnesses, any variety or sundry of other health-related issues that affect his emotional distress, even if it's garden-variety emotional distress. So I'm going to find that the request for the medical records should be granted and should be abided by." (Tr. 40:12-14; 47:3-9.)  When Ms. Alexander asked the Court to clarify "All medical records including medical records that would be covered under the psychotherapist-patient, counselor-patient privilege or medical records, like, related to physical health," the Court affirmed: "Just to clarify, that's included in the Court's order.") (Tr. 47:14-17.)

      While we will agree to limit the request to ten years, from September 12, 2015 to September 12, 2025, in line with the Court's order, documents responsive to RFP 8 include all medical records related to Plaintiff's emotional distress attributable to the defendants' alleged actions. This includes medical records for treatment of mental health conditions that pre-date the defendants' alleged actions and which were allegedly exacerbated by the defendants' alleged actions. It also includes non-mental health records, if those records relate to Plaintiff's emotional distress. Because we do not know what medical treatment Plaintiff has received related to his emotional distress, reputational damage, humiliation, anxiety, and stress allegedly attributable to the defendants, we decline your request limit this RFP to certain medical specialties. To reference your examples of colonoscopy records, if Plaintiff was under such emotional distress due to the defendants' alleged actions that he developed an ulcer necessitating a colonoscopy, then such medical records are responsive to RFP 8. As to your other example of dental records, if those dental records are for stress-related teeth grinding attributed to the defendants' alleged actions, then such medical records also would be responsive.

      Please produce all responsive documents by no later than September 29, 2025.

      **Mozilla Corporation's RFPs 9 and 10:** RFP 9 and 10 seek "[a]ll medical records from August 1, 2019 to August 1, 2022" and "[a]ll medical records from March 1, 2024 to May 23, 2024 that relate to your ability to return to work following your cancer treatment."

      As explained in our September 12, 2025 email, in line with the Court's order, we do not agree to any limitations on RFP 9 or 10.

      Please produce all responsive documents by no later than September 29, 2025.

//

//



VIA E-MAIL

Matthew Harrington, Amy Alexander, Maricarmen Perez-Vargas
September 19, 2025
Page Four

<u>Plaintiff's Duty to Supplement Discovery Responses</u>

Plaintiff has an ongoing duty under FRCP 26(e) to supplement his responses to all of my clients' previous discovery requests if he learns that any response is incomplete or incorrect in any material respect. This duty includes, but is not limited to, supplementing information regarding Plaintiff's efforts to find alternative employment or otherwise mitigate his damages.

Please review and supplement all prior discovery responses by no later than September 29, 2025.

<u>Additional Discovery Required</u>

In light of the Court's order regarding Plaintiff's medical records, Plaintiff's recent service of supplemental initial disclosures and a second supplemental expert witness disclosure to include Dr. Catherine Kuniyoshi MD and Vickie Yang, MSW, and Plaintiff's pending motion for leave to file an amended complaint to add new causes of action and claims of psychiatric injury, it is clear that further discovery is necessary. We also require additional time and opportunity to explore Plaintiff's claims of emotional distress, especially since Plaintiff was instructed by counsel not to answer questions about his medical records at his earlier deposition. Accordingly, concurrent with this letter, we are serving a new set of discovery requests and a renewed deposition notice for Plaintiff.

We are amenable to taking Mr. Teixeira's deposition shortly after the discovery cutoff if necessary. Please provide some dates so that we can schedule the deposition for a mutually agreeable date.

<u>Helen Teixeira Deposition</u>

Finally, we again request Helen Teixeira's availability so that her deposition, which was scheduled for September 19, 2025 but taken off calendar due to a health issue, may be rescheduled as soon as possible.

Kind regards,

Anthony Todaro