# EXHIBIT E



Amy K. Alexander
(206) 892-2161
Amy.Alexander@stokeslaw.com

September 25, 2025

VIA EMAIL

Anthony Todaro
Mandy Chan
DLP Piper LLP
701 Fifth Avenue, Suite 3900
Seattle, WA 98104
anthony.todaro@us.dlapiper.com
mandy.chan@us.dlapiper.com

      Re:    *Steve Teixeira v. Mozilla Corporation, et al.*
             United States District Court of Western District of Washington
             No. 2:24-cv-01032-RAJ
             Discovery Matters

Dear Anthony and Mandy:

I write to follow up on Mozilla's unproduced discovery compelled by the Court at the August 26, 2025 hearing, clarify the status of certain deposition transcripts provisionally deemed confidential, and to demand supplementation of discovery responses.

## A.      Items under Order to Compel (August 26, 2025)

### 1.  Interrogatories No. 2 and 3, and RFP 2

Plaintiff has received no responses to Interrogatories No. 2 and 3, and RFP 2, as modified at the August 26, 2025 hearing and in the Court's September 15, 2025 Order. I requested information about the status of Defendants' production on September 16, 2025, but Mozilla has not yet provided any responsive information or documents, or even provided a date by which it expects to provide this information.

Discovery closes on September 29, 2025. Plaintiff demands that Mozilla produce complete responses to Interrogatories No. 2 and 3, and RFP 2, by October 1, 2025.

1420 Fifth Avenue, Suite 3000 | Seattle, Washington 98101-2393 | 206.626.6000
120 N. Naches Avenue | Yakima, Washington 98901-2757 | 509.853.3000
www.stokeslaw.com

Anthony Todaro
Mandy Chan
September 25, 2025
Page 2

## 2. RFP 3 - TK Law Summary Reports

Plaintiff has not received a complete response to this request. Mozilla Corporation produced one summary, which was not the non-privileged summary distributed to the Steering Committee. On September 16, 2025, we requested information about Mozilla's efforts to locate all documents responsive to RFP 3. Mozilla has not provided any information about its efforts to make a complete production in response to the Court's order compelling response to RFP 3.

Please provide an update on Mozilla's search for additional TK Law summary reports. Please also consider this a reminder to supplement your response to RFP 26, requesting all non-privileged reports, summaries, follow ups, tracking documents, or excerpts related to the report.

## 3. ESI Search Terms – Individual Defendant Personal Accounts

Plaintiff provided updated search terms for the individual defendants' personal accounts, per the Court's order, on September 11, 2025. Please complete production by October 1, 2025. The Court allowed defendant Baker to produce responsive documents following the Mozilla Defendants, so Mozilla's continued delay is significantly impacting the timely completion of discovery in this matter.

### B. Docket 48 Requests

#### 1. Interrogatories No. 8-10; 12

The Court ordered that the parties confer on Plaintiff's Interrogatories No. 8-10 and 12. We attempted to confer on this matter on September 10, 2025, but Mozilla Corporation was not prepared to discuss it. We conferred instead on September 16, 2025, and came to agreement on the Interrogatories, which is memorialized in my September 16, 2025 email:

Regarding Plaintiff's discovery requests:
- o The parties agreed that Mozilla will produce responsive information to ROGS 8-9 from five years prior to the date of filing, anonymized, and limited to members of the Steering Committee.
- o The parties agreed that information responsive to ROG 10 could be anonymized.
- o The parties agreed Mozilla would provide information responsive to ROG 12 from five years prior to filing, limited to complaints among members of the Steering Committee (complainant or accused), and that Mozilla could anonymize complainants (but not the accused) from these responses.

Please supplement Mozilla Corp's responses by October 1, 2025.

### 2. RFP 11 and 21

The Court also ordered that the parties confer on RFP 11 and 21, and instructed the parties to utilize the LCR 37 process to resolve any disputes. The parties were not able to come to agreement on RFP 11 or 21.

Anthony Todaro
Mandy Chan
September 25, 2025
Page 3

With respect to RFP 11 (requesting certain Steering Committee performance evaluations for Mr. Teixeira's contemporaries), Mozilla refused to provide any performance evaluations except those for any Steering Committee members who separated from employment after a leave of absence, and are responsive to Interrogatory No. 8. We explained that this was insufficient and missed the point of RFP 11: Mozilla Corporation has placed Mr. Teixeira's performance at issue in a year when Mozilla's performance as a company was poor. We are entitled to discovery whether any other executives or steering committee members were deemed to share responsibility for Mozilla's performance, and if so, whether they suffered similar financial consequences or adverse actions as Plaintiff.

With respect to RFP 21 (requesting disability discrimination complaints), Plaintiff offered to limit this request to five years, and allow anonymization of complainants. Mozilla refused to provide any complaints except by members of the Steering Committee. We explained that this was insufficient. Mozilla Corporation's discriminatory practices as to all employees is relevant to its discriminatory practices towards executives like Mr. Teixeira.

Mozilla Corporation agreed on September 16 that we have completed our meet and confer obligations on RFP 11 and 21. We will move forward with the LCR 37 process.

## C.    Confidential Deposition Transcripts

Mozilla Corporation "preliminarily" designated various deposition transcripts as confidential in their entirety during the depositions. Chambers Deposition 300:14-18; Lisbonne Deposition 132:7-10. Mozilla has not followed up on any of these preliminary designations with specific designations.[1] Mozilla Corporation marked the entirety of Hugh Molotsi's deposition confidential. Molotsi Deposition 144:13-14. This violates the Protective Order entered by the court, which provides that "Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified…expose the designating party to sanctions."

We have notified Mozilla Corporation multiple times that it appears to maintain overbroad confidentiality designations over deposition transcripts. We have requested multiple times that Mozilla Corporation actually make confidentiality designations under the definition on the Protective Order. Mozilla has refused to do so in violation of the Protective Order.

The Protective Order provides that the parties must, within fifteen days after receiving the transcript of the deposition, designate portions of the transcript as confidential. Mozilla Corporation failed to designate certain portions of Ms. Chambers' or Mr. Lisbonne's transcripts as confidential following its "preliminary" designation. Plaintiff considers the "preliminary"

---

[1] We note that Mr. Todaro indicated that the "portion of testimony" related to Exhibit 121 during Mozilla Corporation's 30(b)(6) deposition should be labeled confidential (Mozilla Deposition (Chehak) 134:13-19), and a portion of Ms. Chehak's deposition was labeled confidential in real time during her deposition. Chehak Deposition at 277:25-279:22.

Anthony Todaro
Mandy Chan
September 25, 2025
Page 4

designation to have expired following fifteen days after receipt of the transcripts, and will no longer seek to file these transcripts under seal. Because Mozilla did not address confidentiality as to any of the other witnesses, Plaintiff will not file any deposition transcripts under seal, except those specific designations noted in real time during Ms. Chehak's and Mozilla Corporation's depositions (Chehak Deposition at 277:25-279:22; Mozilla Deposition (Chehak) 134:13-19).

Further, Mozilla Corporation is placed on notice under Paragraph 5.1 of the Protective Order that Mr. Molotsi's full deposition does not qualify for protection under the confidential designation.

### D.        Defendants' Duty to Supplement Discovery Responses

Defendants have an ongoing duty under FRCP 26(e) to supplement their responses to all of Plaintiff's discovery requests if they learn that any response is incomplete or incorrect in any material respect. This includes, but is not limited to, supplementing information regarding Plaintiff's performance, communications mentioning Plaintiff, compensation information, documents referring to Plaintiff's health, and use of PTO.

We would like to meet and confer on October 2, 2025 at 9:00 am to discuss Mozilla's failure to comply with the Court's order compelling discovery. If Mozilla complies with the Court's order by the close of discovery, we will cancel the meeting.

Sincerely,

STOKES LAWRENCE, P.S.

Amy K. Alexander

cc: Daniel M. Weiskopf

| | |
|---|---|
| **From:** | Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com> |
| **Sent:** | Monday, September 29, 2025 4:59 PM |
| **To:** | Todaro, Anthony; Beth Touschner; Dan Weiskopf; Igbokwe, Danielle; Darren Feider; Farkas, David; Bittle, Jacey; Jennifer Hickman; Katie Marchenko; Laura Smith; Makenna Holleque; Chan, Mandy; Maricarmen Perez-Vargas; Matt Monkress; Rick Redmond; McFadden, Robert; Thao Do; Mobley, Todd |
| **Cc:** | Mathew Harrington; Amy K. Alexander; Sarah Armon; Anna Armitage |
| **Subject:** | Teixeira v. Mozilla Corporation et al.: Teixeira discovery supplementation |
| **Attachments:** | 2029.09.29 Plaintiff's Second Supplemental Initial Disclosures.pdf; 2025.09.29 Plaintiff's 3rd Supplemental Answers to Mozilla Corp's 1st ROG.pdf; 2025.09.29 Plaintiff's 1st Supplemental Responses to Mozilla Corp's 1st RFP.pdf; 2025.09.29 Plaintiff's 2nd Supplemental Answers to Chambers' 1st ROG.pdf; 2025.09.29 Plaintiff's 1st Supplemental Answers to Chambers' 2nd ROG.pdf |

⚠️ EXTERNAL MESSAGE

Hello Anthony and Mandy,

Attached please find Mr. Teixeira's supplemented discovery responses. Additional documents and Mr. Teixeira's verification will follow in the coming days.

With respect to your correspondence dated September 19, 2025:

As to Mozilla Corporation's RFP 25, we disagree that Stokes Lawrence's fee statements and/or invoices are discoverable. While Mr. Teixeira has included attorneys' fees in his prayer for relief, as supported by the statutes under which he brings his claims, his prayer for relief is neither a claim nor a defense, and our invoices and fees are not relevant to any claim or defense in this matter. Were Mr. Teixeira to be awarded his fees, the amounts would be determined by the judge, not the jury, following the award. If you have authority that supports your position that attorney invoices and fees become discoverable merely because a party includes attorneys' fees and costs in a prayer for relief, we're happy to consider it. We otherwise do not believe these documents are discoverable.

We also disagree that Mozilla Corporation's RFA 26 constitutes the application of law to fact. It seeks a pure legal conclusion about the legality of Mr. Teixeira's termination, "a legal conclusion upon a subject of critical issue in this lawsuit." *Minnesota Min. & Mfg. Co. v. Norton Co.*, 36 F.R.D. 1, 3 (N.D. Ohio 1964). It is improper and Mr. Teixeira stands by his response.

Regards,

**Maricarmen Perez-Vargas**
Attorney

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2125  |  Office: 206.626.6000
Maricarmen.Perez-Vargas@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

| | |
|---|---|
| **From:** | Chan, Mandy |
| **Sent:** | Wednesday, October 1, 2025 2:15 PM |
| **To:** | Anna Armitage; Todaro, Anthony |
| **Cc:** | Dan Weiskopf; Igbokwe, Danielle; Farkas, David; Mobley, Todd; McFadden, Robert; Bittle, Jacey; Amy K. Alexander; Maricarmen Perez-Vargas; Mathew Harrington; Sarah Armon; Laura Smith |
| **Subject:** | RE: Teixeira v. Mozilla Corporation, et al. - Discovery Matters |
| **Attachments:** | 2025.10.01 - Chan Letter re Outstanding Discovery.pdf |

Amy, Mat, and Maricarmen,

We are not available to meet and confer tomorrow at 9 am. The attached letter and forthcoming production and supplemental discovery responses address the issues raised in your September 25, 2025 letter.

Thanks,
Mandy

## Mandy Chan-Lucero
Associate

T  +1 415 836 2589
F  +1 415 659 7499
mandy.chan@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Anna Armitage <Anna.Armitage@stokeslaw.com>
**Sent:** Thursday, September 25, 2025 2:40 PM
**To:** Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Chan, Mandy <Mandy.Chan@us.dlapiper.com>
**Cc:** Dan Weiskopf <dweiskopf@mcnaul.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>; Farkas, David <David.Farkas@us.dlapiper.com>; Mobley, Todd <todd.mobley@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Subject:** Teixeira v. Mozilla Corporation, et al. - Discovery Matters

⚠️ EXTERNAL MESSAGE

Good afternoon,

Please see the attached correspondence from attorney Amy Alexander.

Thank you,

**Anna Armitage**
Practice Assistant

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000 | Seattle, WA 98101-2393
Direct: 206.812.7475 | Office: 206.626.6000
Anna.Armitage@stokeslaw.com | stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

| From: | Amy K. Alexander <Amy.Alexander@stokeslaw.com> |
|-------|------------------------------------------------|
| Sent: | Wednesday, October 1, 2025 4:00 PM |
| To: | Chan, Mandy; Anna Armitage; Todaro, Anthony |
| Cc: | Dan Weiskopf; Igbokwe, Danielle; Farkas, David; Mobley, Todd; McFadden, Robert; Bittle, Jacey; Maricarmen Perez-Vargas; Mathew Harrington; Sarah Armon; Laura Smith |
| Subject: | RE: Teixeira v. Mozilla Corporation, et al. - Discovery Matters |

⚠ EXTERNAL MESSAGE

Hi Mandy,

Thanks for your message – I did not appreciate that you and Anthony were unavailable, only that you believed your letter obviated the need for a meeting. Is there another time tomorrow or on Monday next week that you are available to discuss the limited items I list below?

The Court has provided the parties clear instructions on RFP 2 based on the agreement it brokered at the hearing. The only thing left to do is for Mozilla to comply. However, Mozilla asked for a meet and confer on RFP 2 today, I am absolutely willing to do so in order to clear up any confusion Mozilla has about its obligations with respect to RFP 2, and I am asking for a meet and confer tomorrow or on Monday. Why would we wait several weeks to address this issue? It is ripe now.

With respect to search terms, Mozilla has stated that it is unreasonably burdensome to apply the term "CEO" yet has not provided a hit report, or any information about why that term or the others below are burdensome. Indeed, the term "CEO" doesn't even appear on Plaintiff's list except as narrowed in conjunction with other search terms, so the objection is not well taken. We see using "Steve" in conjunction with other search terms as a significant concession on the part of the Plaintiff, but are happy to agree to Mozilla's proposal, in addition to other critical and narrow search terms. Here is our updated proposal based on Mozilla's letter. Please let us know if you agree, or we can discuss at the meet and confer tomorrow or Monday.

| Term | Date Range |
|------|------------|
| ~~Promot* w/3 (President or CEO)~~ | ~~8/1/2022 - Present~~ |
| Steve | 8/1/2022-Present |
| Teixeira | 8/1/2022-Present |
| CEO w/10 President | 8/1/2022 - Present |
| ~~CEO w/3 transition~~ | ~~8/1/2022 - Present~~ |
| CEO w/5 Steve* | 8/1/2022 - Present |
| Potential w/4 succession | 8/1/2022 - Present |
| Replac* w/5 CEO | 8/1/2022 - Present |
| Succession /4 plan* | 8/1/2022 - Present |
| ~~"SVP New Products"~~ | ~~8/1/2022 - Present~~ |
| ~~"SVP Technology"~~ | ~~8/1/2022 - Present~~ |

| | |
|---|---|
| ~~Feedback AND Steve*~~ | ~~8/1/2022 - Present~~ |
| ~~"Performance Review" AND Steve* -~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* w/20 perform~~ | ~~8/1/2022 - Present~~ |
| ~~Steve AND title AND Change~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND absence~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND Employ* AND role~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND Leave~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND Terminat*~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND Farewell~~ | ~~10/1/2023 - Present~~ |
| CEO w/10 hire* | 1/1/2022 - Present |
| CEO AND Succession | 1/1/2022 - Present |
| ~~Steve* AND Eval*~~ | ~~None~~ |
| ~~Steve* AND Cancer~~ | ~~9/1/2023 - Present~~ |
| ~~Steve* AND diagnos*~~ | ~~9/1/2023 - Present~~ |
| ~~Steve* AND "artificial intelligence"~~ | ~~1/1/2022 - Present~~ |
| ~~Steve* AND melanoma~~ | ~~9/1/2023 - Present~~ |
| ~~Steve* AND treat*~~ | ~~9/1/2023 - Present~~ |
| ~~Steve* AND surgery~~ | ~~9/1/2023 - Present~~ |
| ~~Steve w/10 performance~~ | ~~8/1/2023 - present~~ |
| ~~Steve* AND FMLA~~ | ~~9/1/2023 - Present~~ |
| ~~Steve* AND "Caring Bridge"~~ | ~~9/1/2023 - Present~~ |
| ~~Steve* AND caringbridge~~ | ~~9/1/2023 - Present~~ |
| ~~Steve* AND (promot* OR President OR CEO)~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND officer AND chief~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND eye~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND narrative~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND layoff*~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND RIF~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND termin*~~ | 8/1/2022 - Present |
| ~~Steve* AND "generative ai"~~ | 8/1/2022 - Present |
| ~~Steve* AND "gen ai"~~ | 8/1/2022 - Present |

| | |
|---|---|
| ~~Steve* AND discriminat*~~ | 8/1/2022 - Present |
| ~~Steve* AND complain*~~ | 8/1/2022 - Present |
| ~~Steve* AND demot*~~ | 8/1/2022 - Present |
| ~~Steve* AND bonus~~ | 8/1/2022 - Present |
| ~~Steve* AND LTIP~~ | 8/1/2022 - Present |
| ~~Steve* AND IAP~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND blueprint~~ | ~~6/1/2023 - Present~~ |
| ~~Lindsey AND Social~~ | ~~10/1/2023 - Present~~ |
| ~~Lindsey AND Leyla AND Steve*~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND reentry~~ | ~~10/1/2023 - Present~~ |
| ~~Steve* AND Dani AND LaVonne~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND Dani AND Hannah~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND Mitchell AND Bellevue~~ | 8/1/2022 - Present |
| ~~Steve* AND Dani AND direct*~~ | ~~8/1/2022 - Present~~ |
| ~~Steve* AND Dani AND Fireside~~ | 8/1/2022 - Present |
| ~~Steve* AND Laura AND fireside~~ | 8/1/2022 - Present |
| ~~Steve* AND pancreas~~ | 9/1/2023 - Present |
| ~~Steve* AND liver~~ | 9/1/2023 - Present |
| ~~Steve* AND metastat*~~ | 9/1/2023 - Present |
| ~~Steve* AND resign*~~ | 9/1/2023 - Present |
| ~~Steve* AND quit*~~ | 9/1/2023 - Present |

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Chan, Mandy <Mandy.Chan@us.dlapiper.com>
**Sent:** Wednesday, October 1, 2025 3:13 PM
**To:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Dan Weiskopf <dweiskopf@mcnaul.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>; Farkas, David <David.Farkas@us.dlapiper.com>; Mobley, Todd <todd.mobley@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; Maricarmen Perez-Vargas

<Maricarmen.Perez-Vargas@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Subject:** RE: Teixeira v. Mozilla Corporation, et al. - Discovery Matters

Amy,

Our clients are negotiating discovery with you in good faith. Sending a calendar invite for a unilaterally set time, then doing it again *for the exact same date and time* after we told you we are not available is entirely inappropriate, and we will note your kneejerk reaction (sent 45 minutes after receiving our letter) to the Court in any sanctions request your client makes. Our positions are stated in our letter. Rather than forcing a meet and confer *at a time that we already said we are unavailable*, we invite you to respond to the proposals in our letter with your client's counter-proposals. We also noted in our letter and my cover email that productions and supplemental discovery responses will be forthcoming "next week" and "in the next couple weeks" so your accusations that our client is not taking its discovery obligations seriously are completely false. We ask—yet again—that you maintain decorum and professionalism in your conduct with us. Once you have received our production and supplemental discovery responses, if Plaintiff would still like to meet and confer we can schedule a call at that time. Until then, we again invite you to respond to our letter with your client's counter-proposals if any.

Mandy

Mandy Chan-Lucero
Associate

T  +1 415 836 2589
F  +1 415 659 7499
mandy.chan@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Amy K. Alexander <Amy.Alexander@stokeslaw.com>
**Sent:** Wednesday, October 1, 2025 2:49 PM
**To:** Chan, Mandy <Mandy.Chan@us.dlapiper.com>; Anna Armitage <Anna.Armitage@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Dan Weiskopf <dweiskopf@mcnaul.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>; Farkas, David <David.Farkas@us.dlapiper.com>; Mobley, Todd <todd.mobley@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Subject:** RE: Teixeira v. Mozilla Corporation, et al. - Discovery Matters

⚠ EXTERNAL MESSAGE

Mandy,

We disagree that your letter addresses the concerns raised in our September 25, 2025 letter. I will re-send the calendar invitation for a meet and confer tomorrow morning to discuss:

- Mozilla's refusal to comply with the Court's order regarding **RFP 2**. Mozilla erroneously claims that the Court did not rule on RFP 2, and therefore is refusing to comply. The Court's ruling on RFP 2 is located at Dkt #78, page 7, lines 3-15. It memorialized the compromise that the Court took the time to broker between the parties at the August 26, 2025 meet and confer. Please be prepared to discuss how Mozilla will come into compliance the narrowed RFP 2 per the Court's order.

- We do not agree to Mozilla's proposal to disregard the carefully selected search terms that the Court instructed Mozilla to implement. Please be prepared to discuss why the search terms instructed by the Court are burdensome or unreasonable. To date, we have learned of no information that would lead us to believe that these searches are unreasonable or burdensome.
- Once again, please provide dates by which Mozilla will complete its production with respect to RFP 6, Rogs 8-10, 12.

It is increasingly evident that Mozilla is still not taking its discovery obligations seriously, or delaying compliance in service of its unreasonably long continuance request. Mozilla's obligations could not be more clear, yet more than a month has passed since the Court compelled Mozilla's responses and Mozilla still has not communicated when it will come into compliance with the Court's orders. Given the need to return to the Court to obtain compliance on multiple of Plaintiff's requests that are already compelled by the Court, we anticipate seeking fees or other sanctions with our motion.

**Amy K. Alexander** (she/her)
Attorney  |  Shareholder
**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.892.2161  |  Office: 206.626.6000
Amy.Alexander@stokeslaw.com  |  stokeslaw.com
*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

**From:** Chan, Mandy <Mandy.Chan@us.dlapiper.com>
**Sent:** Wednesday, October 1, 2025 2:15 PM
**To:** Anna Armitage <Anna.Armitage@stokeslaw.com>; Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>
**Cc:** Dan Weiskopf <dweiskopf@mcnaul.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>; Farkas, David <David.Farkas@us.dlapiper.com>; Mobley, Todd <todd.mobley@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Subject:** RE: Teixeira v. Mozilla Corporation, et al. - Discovery Matters

Amy, Mat, and Maricarmen,

We are not available to meet and confer tomorrow at 9 am. The attached letter and forthcoming production and supplemental discovery responses address the issues raised in your September 25, 2025 letter.

Thanks,
Mandy

**Mandy Chan-Lucero**
Associate

T  +1 415 836 2589
F  +1 415 659 7499
mandy.chan@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

**From:** Anna Armitage <Anna.Armitage@stokeslaw.com>
**Sent:** Thursday, September 25, 2025 2:40 PM
**To:** Todaro, Anthony <Anthony.Todaro@us.dlapiper.com>; Chan, Mandy <Mandy.Chan@us.dlapiper.com>
**Cc:** Dan Weiskopf <dweiskopf@mcnaul.com>; Igbokwe, Danielle <danielle.igbokwe@us.dlapiper.com>; Farkas, David <David.Farkas@us.dlapiper.com>; Mobley, Todd <todd.mobley@us.dlapiper.com>; McFadden, Robert <robert.mcfadden@us.dlapiper.com>; Bittle, Jacey <Jacey.Bittle@us.dlapiper.com>; Amy K. Alexander <Amy.Alexander@stokeslaw.com>; Maricarmen Perez-Vargas <Maricarmen.Perez-Vargas@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>
**Subject:** Teixeira v. Mozilla Corporation, et al. - Discovery Matters

 ⚠ **EXTERNAL MESSAGE**

Good afternoon,

Please see the attached correspondence from attorney Amy Alexander.

Thank you,

**Anna Armitage**
Practice Assistant

**Stokes Lawrence, P.S.**
1420 Fifth Avenue, Suite 3000  |  Seattle, WA 98101-2393
Direct: 206.812.7475  |  Office: 206.626.6000
Anna.Armitage@stokeslaw.com  |  stokeslaw.com

*This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.