# EXHIBIT A

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE TEIXEIRA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MOZILLA CORPORATION a.k.a. M.F. Technologies, a California corporation; MOZILLA FOUNDATION, a California public benefit corporation; LAURA CHAMBERS and her marital community; WINIFRED MITCHELL BAKER and her marital community, and DANI CHEHAK and her marital community.<br><br>　　　　　　　　Defendants. | Case No. 2:24-cv-1032-RAJ<br><br>**MOZILLA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL AND RELATED DEADLINES**<br><br>NOTE FOR MOTION CALENDAR:<br>**WEDNESDAY, OCTOBER 1, 2025** |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......................................................................................................... 4

    A. Plaintiff's tactical decisions—not Mozilla's—created the need for additional time. ................................................................................................................................ 5

    B. Mozilla will be prejudiced absent a continuance. ................................................... 7

    C. Plaintiff identifies no cognizable prejudice from the requested continuance. ........ 8

    D. Mozilla's filing timeline was appropriate and necessary. ....................................... 9

II. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. International Ass'n of Machinists*,
   781 F.2d 1393 (9th Cir.), cert. denied, 479 U.S. 816 (1986) ....................................................... 7

*Carter-Mixon v. City of Tacoma*,
   No. C21-05692-LK, 2022 WL 4366184 (W.D. Wash. Sept. 20, 2022) ..................................... 5

*Lane v Grant County*,
   2013 WL 5306986 (E.D. Wash. Sept. 20, 2013), aff'd, 610 Fed. Appx. 698
   (9th Cir. 2015) ............................................................................................................................ 5

*Looksmart Grp., Inc. v. Microsoft Corp.*,
   386 F. Supp. 3d 1222 (N.D. Cal. 2019) ..................................................................................... 7

*Oyarzo v. Tuolumne Fire Dist.*,
   2013 WL 3815888 (E.D. Cal. July 22, 2013) ............................................................................ 5

*Pineda v. City & Cnty. Of San Francisco*,
   280 F.R.D. 517 (N.D. Cal. 2012) ............................................................................................... 8

*Vaughn v. Cohen*,
   2025 WL 82226 (W.D. Wash. Jan. 13, 2025) ............................................................................ 7

**Other Authorities**

Rule 26(a)(2)(c) ................................................................................................................................. 6

Rule 35 ......................................................................................................................................... 5, 8

## I. INTRODUCTION

Plaintiff's opposition does not rebut—and in many respects confirms—the central point of Defendants Mozilla Corporation, Dani Chehak, and Laura Chambers' ("Mozilla") motion: after Plaintiff's late-breaking decision to put a "specific diagnosed psychiatric injury" at issue, the present schedule no longer affords the parties, or the Court, a fair or orderly path to trial. Plaintiff devotes most of his brief to attacking Mozilla's motives, yet he concedes that additional discovery is now necessary and that some continuance is appropriate. The only dispute is length, but Plaintiff offers no argument in support of limiting Mozilla's requested continuance.

Plaintiff's opposition only underscores the need for a nine-month continuance. Although, Plaintiff has known of his "psychiatric injury" since this case began, he waited until well after all relevant deadlines—and two weeks before the close of fact discovery—to inject this entirely new damages claim into this case. Yet Plaintiff insists he has been "diligent" and has done "nothing wrong." ECF No. 79 at 1-2. Even more incredibly, Plaintiff blames Mozilla for "expand[ing] the scope of this case" merely by seeking documents that the court has expressly acknowledged are directly relevant to various issues and discoverable.

Whether or not the Court grants Plaintiff's Motion to add "psychiatric harm"—which for all of the reasons in Defendants' opposition to that Motion it should not—Defendants need a continuance to: (i) evaluate Plaintiff's voluminous medical records production, which Plaintiff represented was complete—at 4:22 p.m.—the day this Reply was due; (ii) receive documents from and depose Plaintiff's newly disclosed treating provider experts; (iii) search for and retain experts to evaluate and opine on Plaintiff's medical and psychiatric condition and prepare reports; (iv) conduct a further deposition of Plaintiff regarding the newly disclosed information and documents (the earliest date he offered was October 29); and (v) notice and conduct a Rule 35 Independent Medical Evaluation of Plaintiff (which Plaintiff will likely oppose).

The volume and complexity of new medical evidence, the need for expert analysis, and the

sequential nature of required discovery make Plaintiff's three-month proposal unworkable.[1] Good cause exists to extend the schedule by the requested nine months.

### A. Plaintiff's tactical decisions—not Mozilla's—created the need for additional time.

A central throughline in Plaintiff's opposition is his contention that Mozilla "expanded the scope of this case" by "doggedly pursu[ing]" relevant discovery. ECF No. 81 at 2:8-12; *see also* ECF No. 79 at 4:22-23, 5:1-2; ECF No. 81 throughout ("Mozilla, not Teixeira, has expanded the scope of this case" and "placed his psychiatric harm at issue"). This is a baffling reversal of the responsibility for the current state of affairs. Mozilla was at all times entitled to seek relevant discovery. And despite Plaintiff's continued insistence that the records were "previously irrelevant," (*Id.* at 2:8-9) the Court *already determined* that Plaintiff's medical records were relevant and discoverable. ECF No. 78. The records are relevant to, among other things, the issue of causation (i.e., whether Plaintiff's non-economic damages were caused by Mozilla's alleged conduct) as well as to Plaintiff's approximately *$30 million* claim to front pay damages.[2] Plaintiff's repeated contention that Mozilla caused the need for the requested continuance does not make it so. Instead, it was Plaintiff who ignored the Court's scheduling orders, resisted legitimate discovery, was instructed repeatedly not to answer questions at deposition, and failed to disclose his "psychiatric injury" in response to Mozilla's discovery.

Specifically, Plaintiff vehemently opposed the prior motion for continuance, accusing

---

[1] Plaintiff conditioned his three-month proposal on Mozilla withdrawing its opposition to Plaintiff's motion for leave to amend—an obvious nonstarter.

[2] *See, e.g., Carter-Mixon v. City of Tacoma*, No. C21-05692-LK, 2022 WL 4366184, at *4 (W.D. Wash. Sept. 20, 2022) ("Plaintiffs have placed Mr. Ellis's mental health history at issue by asserting damages [] and more than 'garden variety' emotional distress…"); *Oyarzo v. Tuolumne Fire Dist.*, 2013 WL 3815888, *6 (E.D. Cal. July 22, 2013) (by claiming future lost wages, plaintiff put ability to work in future at issue waiving any privilege in medical records; protective order sufficient to address any privacy concerns); *Lane v Grant County*, 2013 WL 5306986, *8 (E.D. Wash. Sept. 20, 2013) (courts considering front pay consider factors including employee's work and life expectancy, age, and physical condition), aff'd, 610 Fed. Appx. 698 (9th Cir. 2015).

Defendants—as he does here once again—of bad faith and gamesmanship (an accusation the Court noted was unfounded, *see* ECF No. 65 at 6 n. 2), while knowing that his medical records were the subject of a pending motion and that he intended to seek to amend his complaint if ordered to produce them. *Nowhere* in Plaintiff's May 12, 2025, opposition to Defendants initial motion to continue—in which Plaintiff refused even a mere three-month continuance—did Plaintiff even mention any intent to amend the complaint if the Court ordered him to produce his medical records. ECF No. 53.

Plaintiff did not disclose his "psychiatric injury" in response to Mozilla's Interrogatory No. 7, which sought all damages Plaintiff "suffered." *See* ECF No. 75 at 5:16-7:8. Plaintiff tellingly *does not even acknowledge* this discovery violation in his opposition.

Plaintiff even sandbagged Mozilla with late designation of experts. The expert disclosure deadline passed on April 9. ECF Nos. 16 & 65. The Court ordered Plaintiff to produce his medical records on August 27. ECF No. 67. On September 12, Plaintiff served a "Second Supplemental Expert Witness Disclosure" identifying a treating psychiatrist and a social worker as experts but failing to describe the opinions they intend to provide under Rule 26(a)(2)(c). Chan Decl., ¶ 3 Ex. A. Mozilla served objections to Plaintiff's supplemental expert disclosure on September 18. *Id*. ¶ 4, Ex. B.

Finally, Plaintiff argues that it was his "prerogative" to make the strategic decision to not claim psychiatric harm in his initial complaint. ECF No. 81 at 2:3-7. That is true, but Plaintiff must also live with his own tactical decisions. He *chose* to seek non-economic damages, front pay damages, and *not to seek* recovery for "psychiatric harm." He chose to withhold mention of his psychiatric harm throughout discovery, incorrectly assuming this would prevent disclosure of his medical records. Plaintiff cannot disclaim responsibility for consequences of his own "strategic choices."[3] *See Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1232 (N.D. Cal.

---

[3] Plaintiff cites to *Vaughn v. Cohen*, 2025 WL 82226, at *2 (W.D. Wash. Jan. 13, 2025) arguing the Court should consider Mozilla's medical records discovery in evaluating whether to grant a continuance. ECF No. 81 at 8:18-23. But *Vaughn* is inapposite; there the plaintiff sought

2019) ("A party that plays fast and loose with its damages theories risks having its whole theory struck . . ."); *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir.) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

### B.  Mozilla will be prejudiced absent a continuance.

There is no dispute that Mozilla will be prejudiced without a continuance. As of the date of this filing, the discovery deadline has passed and dispositive and expert-related motions are due in less than a month on October 28, 2025. *See* ECF No. 65. Plaintiff does not oppose a continuance, he only disputes its length. ECF No. 81. Plaintiff essentially concedes that *at least* a six-month continuance is warranted, and the evidence demonstrates that nine months is needed in the interest of justice. *Id*. at 6:6-8.[4] *First*, at 4:22pm today, Plaintiff stated their production was completed on September 30. Contrary to Plaintiff's claims, at the time of filing, Mozilla did not have a complete list of Plaintiff's medical providers or medical records. Chan Decl. ¶¶ 5. Plaintiff had not completed his production and was pressing Mozilla to limit the scope of its request. *Id*. Subsequently, on September 24, 2025, Plaintiff agreed to produce the requested documents "in tranches," and on the date of this filing, purported to complete his production. *Id. ¶¶* 9, 10. Mozilla needs time to review these records.

*Second*, as discussed above, Plaintiff's late supplemental expert disclosure identified two treating providers but did not disclose their opinions. *See Pineda v. City & Cnty. Of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (excluding treating experts' where plaintiff's untimely

---

continuance eleven days before the discovery cutoff, after failing to diligently seek discovery. Here, Mozilla diligently pursued sought Plaintiff's medical records, was forced to move to compel, and was met with a previously undisclosed purported "psychiatric injury." The court's observation in *Vaughn* that a party's strategic choices can be considered in evaluating the propriety of a continuance works *against* Plaintiff rather than in his favor.

[4] If the Court ultimately denies Plaintiff's motion to add his alleged "psychiatric injury," a continuance of fewer than nine months may be adequate. Defendants also request, only if feasible with the Court's schedule, that trial not be scheduled during their lead counsel's pre-planned travel in July–August 2026.

disclosure did not contain a summary of facts and opinions). Mozilla needs time to obtain documents from those providers, via subpoena, and to depose them as to the nature and substance of their opinions.

*Third*, Mozilla requested a further deposition of Plaintiff to address mental health issues and the recently produced documents (which Plaintiff was previously instructed not to discuss at deposition), but on September 24, Defendants were informed that Plaintiff is unavailable for deposition until October 29. Chan Decl. ¶ 10.

*Fourth*, Mozilla will seek to conduct a Rule 35 Independent Medical Examination of Plaintiff. Mozilla noted its intent to seek such an examination in its motion, and Plaintiff's silence on this point suggests he may oppose, given this case's history.

*Fifth*, Mozilla will need to search for, identify, and retain its own experts in light of Plaintiff's belated production of documents and identification of new experts and those experts will need time to review medical records, the transcript of Plaintiff's deposition (which will not be available until after October 29) and develop and exchange reports.

Most, if not all, of these tasks need to be conducted sequentially. Thus, by Plaintiff's own timetable, as confirmed on September 24, a three-month continuance is insufficient; nine months is necessary. This would prevent any further continuance requests and would place trial just over two years from the date of filing, which is reasonable for a case of this complexity with over $30 million in damages sought, numerous witnesses, and issues.

### C. Plaintiff identifies no cognizable prejudice.

Any prejudice to Plaintiff is of his own making. He made the tactical choice to include non-economic damages and a massive front pay claim for $30 million, resolutely oppose any efforts to uncover his medical and psychiatric history—centrally relevant to those claims—and withhold disclosing his apparent "psychiatric injury" until two weeks before the close of the discovery cutoff. He cannot claim prejudice when Mozilla has not had an opportunity to conduct discovery on these issues. Additionally, while Plaintiff obliquely references that he continues to

live with cancer, he has not invoked Washington's statutory preference for expedited trial of terminally ill plaintiffs, nor shown that his medical condition renders a continuance unfair or identified any prejudice that would result from a continuance.

**D.      Mozilla's filing timeline was appropriate and necessary.**

Plaintiff spends nearly his entire opposition casting baseless aspersions on Mozilla's motives. However, as discussed above, Plaintiff inverts the responsibility for the current need for continuance.

Plaintiff attempts to make much of the fact that Mozilla filed its motion shortly after meeting and conferring with Plaintiff and without having Plaintiff's compromise offer of a three-month continuance predicated on Mozilla dropping its opposition to Plaintiff's motion for leave to amend in hand. ECF No. 81 at 11:10-11. Plaintiff argues—at length—that this demonstrates so-called "gamesmanship" and that Mozilla seeks delay for its own sake. In fact, Mozilla filed its motion promptly, mindful of the Court's directive to seek extensions well in advance of deadlines. Mozilla also stated it would continue to meet and confer and withdraw the motion if a compromise was reached. Plaintiff's proposal—requiring Mozilla to withdraw its opposition to Plaintiff's motion to amend—was a nonstarter. Mozilla communicated its position and willingness to consider other offers, but Plaintiff never made one that did not require Mozilla to acquiesce to an untimely, case-expanding amendment.

## II.      CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that a continuance of approximately nine months should be ordered to allow for orderly completion of discovery and ensure all parties can adequately prepare for trial.

Respectfully submitted this 1st day of October, 2025.
DLA PIPER LLP (US)

*By: Anthony Todaro*
Anthony Todaro, WSBA No. 30391
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029

E-mail:  anthony.todaro@us.dlapiper.com

*Attorneys for Defendants MOZILLA CORPORATION, LAURA CHAMBERS, and DANI CHEHAK*

I certify that this memorandum contains
2,098 words, in compliance with the Local Civil Rules

## CERTIFICATE OF SERVICE

I hereby certify that on October 1st, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 1st day of October, 2025.

*s/ Jenelle Barrett*
Jenelle Barrett, Legal Executive Assistant